# Exhibit 1

STATE OF ARKANSAS
PULASKI COUNTY CIRCUIT AND COUNTY CLERK

## CERTIFICATE OF AUTHENTICATION

STATE OF ARKANSAS)
COUNTY OF PULASKI)

I, Pat O'Brien, Clerk of the Circuit Court of Pulaski County, Arkansas, DO HEREBY CERTIFY that the attached 12 pages contain a true, complete and perfect transcript of the FINAL ORDER AND JUDGMENT as therein set forth, and the same appears on file and record in my office.

IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of said Court this __8__ day of __JAN__, 2010

Pat O'Brien
Clerk of the Circuit and County Court

_____
Circuit Clerk

STATE OF ARKANSAS)
COUNTY OF PULASKI)

I, Judge Jay Moody, Circuit Judge of the Third Judicial Circuit with the County and State aforesaid, DO HEREBY CERTIFY that Pat O'Brien, whose name is subscribed to the foregoing Certificate, is the Circuit and County Clerk duly elected, commissioned, qualified and acting under our laws as the legal custodian of the records of said Courts and that he is the proper officer to make said Certificate and that said Certificate is in due form of law and that his acts as such Clerk are entitled to full faith and credit.

IN TESTIMONY WHEREOF, I have hereunto set my hand as Judge of the Circuit Court of Pulaski County, State of Arkansas.

__1-8-10__                              _____
Date                                    Circuit Judge                BT

STATE OF ARKANSAS)
COUNTY OF PULASKI)

I, Pat O'Brien, Circuit Clerk within and for the County and State aforesaid, DO HEREBY CERTIFY that Judge Jay Moody, whose name is subscribed to the foregoing Certificate, is the Judge of the Third Judicial Circuit of Arkansas, of which Pulaski County is a part, and that her acts as such are entitled to full faith and credit that said Certificate is in due form of law.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the said Court of Pulaski County, Arkansas this  8  day of  Jan , 2010.

        Pat O'Brien
        Clerk of the Circuit and County Court

        _____
        Circuit Clerk

Division:3 Year 2009
Page:4119

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

### THIRD DIVISION

| | |
|---|---|
| EDISON RUNYAN; DWIGHT PIPES;<br>EARL L. PURIFOY; JOHN ROSS,<br>As The Legal Representative Of<br>ELIZABETH ROSS; MARY WEIDMAN;<br>DURAIN WEIDMAN; MARION HARRIS;<br>and VAN R. NOLAN, Each Individually,<br>And On Behalf Of All Others Similarly Situated | FILED 12/21/2009 9:20:54<br>Pat O'Brien Pulaski Circuit Clerk<br>CR2 By _____<br><br><br><br><br>PLAINTIFFS |
| V.   CASE NO. CV-09-2066-3 | |
| TRANSAMERICA LIFE INSURANCE<br>COMPANY; LIFE INVESTORS INSURANCE<br>COMPANY OF AMERICA; MONUMENTAL<br>LIFE INSURANCE COMPANY; and<br>AEGON USA, INC. | DEFENDANTS |

### FINAL ORDER AND JUDGMENT

This matter comes before the Court pursuant to the motion of the parties for final approval of the Class Action Settlement in this case. The Court having considered the Class Action Settlement Agreement ("Settlement Agreement") previously filed with the Court on April 20, 2009, and having held a hearing on November 9, 2009 after notice to the Settlement Class, and having considered the memoranda and other papers filed in this Action, the arguments and evidence presented, and all other proceedings herein; it is hereby

ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. <u>Settlement Agreement</u>. All capitalized terms defined in the Settlement Agreement are hereby incorporated by reference into this Final Order and Judgment ("Final Judgment") and all such terms will have the same meanings when used in this Final Judgment. The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as (a) shall be consistent in all material respects

with this Final Judgment and (b) do not limit the rights of Settlement Class members; otherwise, such amendments, modifications, and expansions shall only be effective after notice to and approval of the Court.

2.   <u>Final Approval</u>. The Court finds that the terms and provisions of the Settlement Agreement including all exhibits have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class members. The Court incorporates into this Final Judgment its Findings of Fact and Conclusions of Law entered separately. The Parties and Settlement Class members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions, and the 10-day automatic stay provided by Ark. R. Civ. P. 62(a) is hereby lifted.

3.   <u>Certification</u>. The prior provisional certification of the Settlement Class in the Court's Preliminary Approval Order pursuant to Arkansas Rule of Civil Procedure 23(b) is hereby confirmed and approved for purposes of the Settlement. The Settlement Class or Class is defined as:

> All persons in the United States: (i) who were an insured, covered person, or beneficiary under a Cancer Policy in force at any time from January 1, 2004 through April 23, 2009; or (ii) who were an insured, covered person, or beneficiary under a Non-Cancer Actual Charges Policy which was in force on April 23, 2009, or who submitted a claim for Actual Charges Benefits under a Non-Cancer Actual Charges Policy after the effective date of the 2006 Updated Claims Procedures; or (iii) the surviving spouse or legal representative of such persons defined in (i) or (ii).

The terms Cancer Policy, Non-Cancer Actual Charges Policy, and 2006 Updated Claims Procedures are defined in the Settlement Agreement and shall have the same meanings as used in this Final Judgment.

The Settlement Class does not include insureds or covered persons under critical illness

2

or critical disease policies written on the following policy forms: 1CGCI100, 1CGCI1WF, CC200300, CC200311, CCCI0200, CCCI02AG, CP500700, CP5NR7MD, TCGCI100, TCGCIJCP, TPCI01FL, TPCI0FFL, TPSDC1NY, TPSDC2NY; provided however, that such persons may be Settlement Class members if they own or are a covered person under a separate Cancer Policy or Non-Cancer Actual Charges Policy otherwise bringing them within the definition of the Settlement Class.

Excluded from the Settlement Class are the following:

(a) All persons who previously (A) entered into a written agreement with the Company releasing all claims relating to the meaning of "actual charges" under their Actual Charges Policy, or (B) entered into a written agreement with the Company surrendering their Actual Charges Policy and releasing all claims relating to their Actual Charges Policy;[1]

(b) All persons who, during the Class Period, were officers, directors, or employees of the Company; and

(c) All persons currently serving as judges or justices in the State courts of Arkansas and members of their immediate family.

The certification of the Settlement Class above is for purposes of effectuating the Settlement only and shall not constitute an admission by any of the Parties that the certification of a class would have been appropriate outside of the settlement context or absent the Settlement Agreement. If this Final Judgment is set aside for any reason, neither the Company nor any of its affiliates shall be deemed to have waived any of their defenses or objections to class certification outside of the settlement context, and the Company and its affiliates shall retain all of their objections and defenses to certification of any class for trial purposes, and no person shall offer the Settlement Agreement or the certification for settlement purposes in this Action as evidence

---

[1] The Company is defined as Transamerica Life, including Life Investors which merged into Transamerica Life effective October 2, 2008, and all of the predecessor companies of Transamerica Life or Life Investors that issued or administered a Cancer Policy or Actual Charges Policy within the Class Period.

in support of any motion to certify a class outside of the Settlement or in any other action or proceeding.

4. <u>Settlement Administrator</u>. The Court confirms the appointment of Epiq Systems, Inc. as Settlement Administrator to carry out the duties and responsibilities as set forth in the Settlement Agreement. Neither Plaintiffs, nor Defendants, nor the parties' counsel shall be liable for any act or omission of the Settlement Administrator.

5. <u>Notice Plan</u>. The Court makes the following findings regarding notice to the Settlement Class. The Court finds that the Notice Plan, including the distribution of the written Notice by mail, issuance of the Publication Notice, and creation of the Internet website, in accordance with the Settlement Agreement and this Court's Preliminary Approval Order: (i) constituted the best notice practicable under the circumstances to Settlement Class members, including individual notice to all members of the Class who could be identified through reasonable effort; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, how the Settlement would affect them, their right to exclude themselves from the Settlement, and their right to object to the Settlement and appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iv) fully satisfied the requirements of Arkansas Rule of Civil Procedure 23, the due process requirements of the United States Constitution, and other applicable law.

6. <u>Class Counsel</u>. The Court confirms the appointment of the following attorneys as Class Counsel having found that they are experienced in class action litigation and have fully and adequately represented the Plaintiffs and Class members in negotiating and implementing the Settlement and have satisfied the requirements of Ark. R. Civ. P. 23:

Scott E. Brady, Esq.
Philip Bohrer, Esq.
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809

Stan P. Baudin, Esq.
PENDLEY, BAUDIN & COFFIN, LLP
24110 Eden Street
Plaquemine, Louisiana 70764

7. <u>Class Representatives</u>. The Court finds that Plaintiffs Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross as legal representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R. Nolan (collectively, the "Plaintiffs" or "Representative Plaintiffs") have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and the Court confirms their appointment as adequate class representatives. Pursuant to the Settlement Agreement the Court awards the sum of $7,500 to each of the Representative Plaintiffs to compensate them for their time and effort in representing the Settlement Class. The foregoing awards shall be paid by the Company pursuant to the terms of the Settlement Agreement.

8. <u>Release</u>. All Settlement Class members who did not request exclusion from the Settlement Class in the time and manner provided in the Preliminary Approval Order are adjudged to be Settlement Class members and, together with their heirs, trustees, executors, administrators, principals, beneficiaries, assigns and successors, will be bound by this Final Judgment and by the Settlement Agreement. The following Release, which is also set forth in Section 13 of the Settlement Agreement, is expressly incorporated into this Final Judgment and is effective as of the date of this Final Judgment; and the Released Parties are forever released and discharged from any and all claims and liabilities as set forth below.

(a) <u>Release</u>. Except as expressly provided in subsection (b) below, effective on the date of this Final Judgment, all Representative Plaintiffs, and all Settlement Class members who have not properly and timely excluded themselves from the Class, on behalf of themselves and all representatives, heirs, successors, assigns, and any other persons claiming under or through them (collectively, the "Releasing Parties") do hereby expressly and irrevocably waive, release, and forever discharge the Company, Monumental Life, AEGON USA, LLC, and all of their respective current and former officers, directors, stockholders, subsidiaries, parent companies, affiliated companies, employees, agents, attorneys, predecessors, successors, heirs, and assigns (collectively the "Released Parties") from any and all claims, demands, complaints, disputes, causes of action, rights of action, suits, debts, liabilities, obligations, and damages of every nature whatsoever, whether based on federal, state, or local law, statute, ordinance, regulation, common law, private contract, agreement, or any other authority (collectively, "Claims"), whether known or unknown, asserted or unasserted, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to a Cancer Policy or an Actual Charges Policy (collectively, a "Policy" or the "Policies"), for the following:

(i) Any and all Claims asserted or which could have been asserted in the Litigation;

(ii) Any and all Claims relating to the marketing, sale, or purchase of a Policy, including but not limited to any Claims based upon or relating to any misrepresentations or omissions allegedly made in written materials or by an agent in connection with the sale of a Policy;

(iii) Any and all Claims relating to premiums or benefits under the Policies including but not limited to Claims relating to the amount of premiums paid or payable, the amount of benefits paid or payable, premium rate increases past, or in the future based in whole or in part on any fact, act, or omission that occurred on or before the date of the Preliminary Approval Order, the reasonableness of premiums in relation to benefits, refunds of premiums, or the calculation of benefits under any Policy;

(iv) Any and all Claims relating to any type of Actual Charges Benefits paid or payable under a Policy, or the meaning, definition, or interpretation of "actual charges" or "charges" under a Policy;

(v) Any and all Claims based on alleged misrepresentations, nondisclosure, or inadequate disclosure relating to the Policies, including any such Claims based on or relating to communications made or not made, or documents exchanged, relating to a Policy, or any communications with State Departments of Insurance or other regulatory agencies or government officials;

(vi) Any and all Claims relating to the Company's administration of the Policies including but not limited to the forms, processes, proof of loss requirements, or procedures used in connection with or relating to the processing of claims and payment of benefits under such Policies, or any changes to such forms, processes, proof of loss requirements, or procedures;

(vii) Any right to bring a representative or class action claim of any nature whatsoever relating to the Policies based in whole or in part on any fact, act, omission, event, or circumstance, whether known or unknown, in existence or which occurred at any time on or before the date of the Preliminary Approval Order; and

PULASKI SCANS

(viii) Any and all Claims for attorneys' fees, costs, or expenses.

The Representative Plaintiffs and Settlement Class members have acknowledged that they are aware that they may hereafter discover Claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, this Final Judgment finally and forever settles and releases all such matters and all Claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action). Except for the limited exceptions in subsection (b) below, this Release extinguishes all Claims of every nature regardless of whether the Claims are known at the time of the Settlement or this Final Judgment. All Settlement Class members have expressly waived and relinquished any and all rights conferred by California Civil Code § 1542 which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." All Settlement Class members further waive and relinquish any rights conferred by similar laws of any other states that would conflict with or restrict the ability of Settlement Class members to release claims unknown or unsuspected at the time of Settlement or this Final Judgment.

(b) <u>Scope and Exceptions to Release</u>. The Release in subsection (a) is intended to be a comprehensive general release relating to the Policies except for the limited exceptions expressly set forth in this subsection. Notwithstanding subsection (a) above, the Release will not operate to terminate or extinguish an otherwise active and in force Policy, or to waive any claims for future benefits under the Policy which may accrue as a result of medical treatment provided subsequent to the end of the Class Period, and any such Policy will continue

in full force and effect after the date of this Final Judgment, subject to the continued payment of premiums as they become due, and subject to all terms and conditions of the Policy and the Settlement. The Release will not extinguish any existing dispute between an individual Class member and the Company over whether an insured has submitted proper proof of a Positive Diagnosis of Cancer as defined under a Policy. The limited exceptions to the Release in this subsection shall be strictly construed. Notwithstanding any other provision of the Settlement Agreement or this Final Judgment, under no circumstances shall the Release be interpreted to allow any future claims challenging the Company's interpretation of "actual charges" or "charges," or any claims relating to future premium rate increases based in whole or in part on any fact, act, or omission that occurred on or before the date of the Preliminary Approval Order. The Parties have acknowledged that future premium increases are likely and the Company agrees that it will file any such premium rate increases with and obtain the approval of state regulators as required under state law. Nothing in this subsection (b) shall be interpreted to provide any Settlement Class member with any greater rights than those provided under the terms of the Policy, and all conditions, limitations, and exclusions under the Policy shall continue to apply with full force and effect.

9. <u>Injunction</u>. All Representative Plaintiffs and Settlement Class members who have not timely and properly opted out and excluded themselves from the Settlement are hereby permanently barred and enjoined:

(i) from filing, commencing, prosecuting, intervening in, or participating in (individually or in a representative capacity) any lawsuit, action, or proceeding in any jurisdiction asserting or based upon any claims or causes of action released in the Settlement and this Final Judgment; and

(ii) from organizing, soliciting, or encouraging any other Class members to participate in any such lawsuit, action, or proceeding.

The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Final Judgment.

10. <u>No Admissions</u>. The Settlement and the Settlement Agreement are the result of settlement and compromise negotiations, and neither the Settlement nor any proposals, negotiations, communications, actions taken, documents, or discussions relating to the Settlement shall constitute or be construed as an admission on the part of the Company or any Released Party of any wrongdoing or liability; and to the contrary, the Defendants have expressly denied any wrongdoing, liability, or fault of any kind. Neither the existence or terms of the Settlement Agreement nor any proposals, negotiations, communications, actions taken, documents, or discussions relating to the Settlement or the Settlement Agreement shall be introduced, offered, received in evidence, referred to, or otherwise used against the Company or any Released Party in any proceeding as proof of any fact or point of law, except in a proceeding to enforce the terms of the Settlement Agreement or this Final Judgment; provided, however, that this Final Judgment and the Settlement Agreement may be filed and used by the Company or a Released Party to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

11. <u>Fees and Expenses</u>. Class Counsel is hereby awarded a total sum of Three Million Five Hundred Thousand Dollars ($3,500,000.00) in attorneys' fees, costs and expenses. The Court finds this amount to be fair, reasonable, and adequate. The Company shall pay such fees, costs, and expenses to Class Counsel pursuant to the terms of the Settlement Agreement.

This award of fees and costs covers all attorneys' fees and costs owed to Class Counsel and all other legal counsel in the Litigation, if any, who are entitled to any part of the attorneys' fees or costs awarded by the Court to Class Counsel. The Company shall not be liable for any additional attorneys' fees or expenses.

12. <u>Settlement Obligations</u>. Other than as expressly set forth in the Settlement Agreement or this Final Judgment, neither the Company nor any Defendant shall have any further or additional financial or other obligations. All Settlement Class members and Class Counsel shall be responsible for any taxes that may be imposed as a result of their participation in the Settlement or payments received under the Settlement.

13. <u>Termination</u>. If the Settlement Agreement is terminated due to the occurrence of any of the events listed in Section 15 of the Settlement Agreement, including disapproval by any appellate court, the certification for settlement purposes and this Final Judgment shall be deemed vacated and shall have no force or effect, except that Paragraph 10 and the last paragraph of Paragraph 3 of this Final Judgment addressing the absence of admissions shall continue.

14. <u>Dismissal</u>. All claims asserted in the Complaint in this Action are hereby dismissed on the merits and with prejudice as to all Settlement Class members who did not request exclusion from the Settlement Class in the time and manner provided in the Preliminary Approval Order, without costs to any party.

15. <u>Jurisdiction</u>. The Court has subject matter jurisdiction over this Action and to approve the Settlement, and has personal jurisdiction over the parties to the Settlement Agreement and the Class members. AEGON USA, Inc. is a Released Party but not a contracting party to the Settlement Agreement, and nothing herein is deemed to create personal jurisdiction over AEGON USA, Inc. for any other purpose.

16. <u>Retention of Jurisdiction</u>. Without in any way affecting the finality of this Final Judgment, the Court expressly reserves and retains continuing and exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, including, without limitation, for the purposes of:

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class member; whether claims or causes of action allegedly related to this case are or are not barred or released by this Final Judgment);

(b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Judgment and the Settlement Agreement , or to ensure the fair and orderly administration of the Settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

17. <u>Final Judgment</u>. There being no just reason for delay, the Clerk is directed to enter this Final Order and Judgment forthwith.

IT IS SO ORDERED, this the 21 day of DEC , 2009.

_____
CIRCUIT COURT JUDGE JAMES "JAY" MOODY

STATE OF ARKANSAS } ss
COUNTY OF PULASKI

I, Pat O'Brien, County Clerk of the aforesaid County, do hereby certify that the foregoing instrument is a true and correct copy of the original.

___FINAL ORDER + JUDGMENT___

filed in this office on the __21__ day of __DEC__, 20__09__.
IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this office this __8__ day of __JAN__, 20__10__.

PAT O'BRIEN, Pulaski County Circuit County Clerk

BY _____
          Deputy Clerk

