# Exhibit C to
# Declaration of Markham R. Leventhal



IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

CIVIL DIVISION

EDISON RUNYAN; DWIGHT PIPES;
EARL L. PURIFOY; JOHN ROSS,                    CASE NO. CV-09-2066-3
As The Legal Representative Of
ELIZABETH ROSS; MARY WEIDMAN;
DURAIN WEIDMAN; MARION HARRIS;
and VAN R. NOLAN, Each Individually,
And On Behalf Of All Others Similarly Situated          **PLAINTIFFS**

**VERSUS**                                     FILED 04/20/2009 16:25:04
                                               Pat O'Brien Pulaski Circuit Clerk
                                               CR1 By ____
**TRANSAMERICA LIFE INSURANCE
COMPANY; LIFE INVESTORS INSURANCE
COMPANY OF AMERICA; MONUMENTAL
LIFE INSURANCE COMPANY; and
AEGON USA, INC.**                              **DEFENDANTS**
_____/

## JOINT MOTION FOR PRELIMINARY
## APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

Plaintiffs Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross as legal representative

of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R. Nolan,

individually and behalf of similarly situated persons, and Defendants Transamerica Life Insurance

Company, Life Investors Insurance Company of America, and Monumental Life Insurance

Company, through their undersigned counsel, jointly submit this Joint Motion for Preliminary

Approval of Proposed Class Action Settlement Agreement (the "Joint Motion").[1]  For the reasons

set forth in the accompanying memoranda of law filed in support of this Joint Motion, the parties

respectfully submit that probable cause exists to believe that the proposed class action settlement is

---

[1] A copy of the Proposed Class Action Settlement Agreement (hereinafter, "Settlement
Agreement") is attached hereto as Exhibit 1.

fair, reasonable, and adequate; and pursuant to Rule 23 of the Arkansas Rules of Civil Procedure, preliminary approval of the proposed settlement is appropriate.

WHEREFORE, the Court should enter an Order in the form submitted with the Settlement Agreement, granting this Joint Motion for Preliminary Approval, approving the Notice Plan, directing notice to the Settlement Class members, scheduling a Fairness Hearing to consider final approval of the Settlement, and providing such other relief as requested in the proposed order.

Dated April 28, 2009.

Respectfully submitted,

By: _____

Tom Thompson (ABA #77133)
Casey Castleberry (ABA #2003109)
MURPHY, THOMPSON, ARNOLD, SKINNER
   & CASTLEBERRY
Post Office Box 2595
Batesville, Arkansas 72503-2595
Telephone: (870) 793-3821
Facsimile: (870) 793-3815

Scott E. Brady (LSBA #24976)
Philip Bohrer (LSBA #14089)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Stan P. Baudin (LSBA#22937)
PENDLEY, BAUDIN & COFFIN, LLP
24110 Eden Street
Plaquemine, Louisiana 70764
Telephone: (225) 687-6396
Facsimile: (225) 687-6398

*Counsel for Plaintiffs*

By: _____

John K. Baker (ABA #97024)
Lyn Pruitt (ABA #84121425)
MITCHELL, WILLIAMS, SELIG, GATES &
   WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8800
Facsimile: (501) 688-8807

Markham R. Leventhal, Esq.
Julianna Thomas McCabe, Esq.
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

*Counsel for Defendants*

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

CIVIL DIVISION

| | |
|---|---|
| EDISON RUNYAN; DWIGHT PIPES; EARL L. PURIFOY; JOHN ROSS, as the legal representative of ELIZABETH ROSS; MARY WEIDMAN; DURAIN WEIDMAN; MARION HARRIS; and VAN R. NOLAN, each individually and on behalf of all others similarly situated | CASE NO. CV-09-2066-3 |
| | PLAINTIFFS |
| VERSUS | |
| TRANSAMERICA LIFE INSURANCE COMPANY; LIFE INVESTORS INSURANCE COMPANY OF AMERICA; MONUMENTAL LIFE INSURANCE COMPANY; and AEGON USA, INC. | DEFENDANTS |

---

CLASS ACTION SETTLEMENT AGREEMENT

---

**EXHIBIT**

1

# TABLE OF CONTENTS

**Page**

1.  DEFINITIONS ................................................................................................2

2.  SETTLEMENT CLASS ..................................................................................7

    (a)    Settlement Class ................................................................................7

    (b)    Conditional Certification for Settlement Purposes Only ..................8

    (c)    No Admissions ..................................................................................8

3.  SETTLEMENT BENEFITS ............................................................................9

    (a)    Monetary Benefits ............................................................................9

        (i)    Past Claimants ....................................................................9

            (1)    Past Claims ...............................................................9

            (2)    Monetary Benefits for Past Claimants ....................10

            (3)    Payment of Monetary Benefits ...............................10

        (ii)    Former Cancer Policyholders ...........................................10

        (iii)    Certain Deceased Former Cancer Policyholders ...............11

    (b)    Injunctive Relief ..............................................................................12

        (i)    Premium Rate Freeze .........................................................12

        (ii)    Actual Charges Benefits ....................................................12

        (iii)    Increase to Certain Lifetime Maximum Benefits ..............13

        (iv)    Proof of Loss .....................................................................13

        (v)    Provisional Claim Payments ..............................................13

        (vi)    Waiver of Claims Against Class Members .........................14

4.  PRELIMINARY APPROVAL ........................................................................14

5.  REQUESTS FOR EXCLUSION AND OBJECTIONS ...................................16

    (a)    Requests for Exclusion ...................................................................16

    (b)    Objections to Settlement .................................................................18

6.  NOTICE PLAN ..............................................................................................20

## TABLE OF CONTENTS
### (continued)

Page

(a)   Mail Notice ...................................................................................20

(b)   Publication Notice...........................................................................21

(c)   Internet Site ....................................................................................22

7.   CLAIM FORMS AND CLAIM REVIEW PROCESS.....................................22

(a)   Claim Form for Past Claimants.......................................................22

(b)   Claim Form for Former Cancer Policyholders ...............................22

(c)   Claim Form for Certain Deceased Former Cancer Policyholders .........................23

(d)   Claim Form Information ..................................................................24

(e)   Processing of Claim Forms .............................................................24

8.   TIMING OF CLAIM PAYMENTS..................................................................25

9.   COSTS OF NOTICE AND ADMINISTRATION ...........................................25

10.   ATTORNEYS' FEES AND EXPENSES .........................................................25

11.   CONFIDENTIALITY......................................................................................26

12.   INCENTIVE PAYMENTS...............................................................................26

13.   CLASS RELEASE AND INJUNCTION .........................................................26

(a)   Release ............................................................................................26

(b)   Scope and Exceptions to Release....................................................29

(c)   Notice of Release ............................................................................30

(d)   Injunction ........................................................................................30

14.   FINAL APPROVAL AND FINAL ORDER AND JUDGMENT ....................31

(a)   Final Order and Judgment...............................................................31

(b)   Dismissal of Litigation....................................................................33

15.   TERMINATION AND EFFECT OF TERMINATION....................................33

(a)   Termination......................................................................................33

(b)   Effect of Termination......................................................................33

## TABLE OF CONTENTS
### (continued)

**Page**

16. SETTLEMENT OBLIGATIONS ....................................................................34

17. PUBLIC COMMUNICATIONS .....................................................................34

18. GENERAL PROVISIONS ...........................................................................34

    (a)    Construction .................................................................................34

    (b)    Entire Agreement; Modifications ................................................35

    (c)    Waiver.........................................................................................35

    (d)    Cooperation.................................................................................35

    (e)    Binding Effect; Successors and Assigns.....................................35

    (f)    Third Parties ...............................................................................35

    (g)    Governing Law ...........................................................................36

    (h)    Authority to Execute ..................................................................36

    (i)    Headings and Captions ...............................................................36

    (j)    Counterparts................................................................................36

### EXHIBITS

EXHIBIT A:  Notice of Proposed Class Action Settlement

EXHIBIT B:  Claim Forms

EXHIBIT C:  Publication Notice

EXHIBIT D:  Order Granting Preliminary Approval to Class Action Settlement and Directing Notice to Settlement Class

EXHIBIT E:  Final Order and Judgment

## CLASS ACTION SETTLEMENT AGREEMENT

THIS CLASS ACTION SETTLEMENT AGREEMENT ("Agreement") is made by and between Transamerica Life Insurance Company ("Transamerica Life"), Monumental Life Insurance Company ("Monumental Life"), and Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross as the legal representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R. Nolan (the "Representative Plaintiffs").

WHEREAS, Transamerica Life, Life Investors Insurance Company of America ("Life Investors"), Monumental Life Insurance Company ("Monumental Life"), and AEGON USA, LLC (formerly known as AEGON USA, Inc.), are currently involved in certain Litigation (as defined below) brought by the Representative Plaintiffs asserting a variety of claims relating to cancer and specified disease or supplemental insurance policies issued and administered by Transamerica Life, Life Investors, Monumental Life, or their predecessor companies; and

WHEREAS, the companies involved in the Litigation vigorously deny any wrongdoing, liability, or fault, and maintain that the payment of claims under the policies, the correction of claims forms and procedures for the policies, and all actions taken by Transamerica Life and Life Investors with respect to the policies, have been proper, lawful, consistent with the terms of the policies, and appropriate in all respects; and

WHEREAS, the parties to the Litigation and their respective counsel, after extensive litigation, arm's length negotiation, and analysis, have agreed upon certain terms and conditions to settle and resolve the Litigation in a manner that is fair, reasonable, and reflects the best interests of the Settlement Class as a whole and avoids the expense, burden, and risks associated with protracted litigation.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, Transamerica Life for itself and as successor to Life Investors, Monumental Life, and the

Representative Plaintiffs, on behalf of themselves and the Settlement Class, hereby agree to the full and complete settlement of the Litigation, subject to Court approval, under the terms and conditions set forth herein.

1.   **DEFINITIONS.**  For purposes of this Agreement, the capitalized terms defined above and those defined in this Section or elsewhere in the Agreement shall have the meanings so designated when used throughout this Agreement.

(a)   "Action" shall mean the civil action encaptioned *Edison Runyan, et al. v. Transamerica Life Insurance Company, et al.*, Case No. CV-09-2066-3, in the Circuit Court of Pulaski County, Arkansas.

(b)   "Actual Charges" shall mean the amount of money that a healthcare provider (or other vendor) agrees to accept, or is obligated by agreement or operation of law to accept, as payment in full for the particular goods and services provided to the patient (or consumer).  The "Actual Charges" are equal to the actual amount of money legally owed to pay for the goods or services provided.

(c)   "Actual Charges Benefits" shall mean and refer to those benefits payable under an Actual Charges Policy which consist of or are measured by the "actual charges" or "charges" for specified goods or services.

(d)   "Actual Charges Policy" shall mean (i) any Cancer Policy which contains a provision to pay benefits based upon the "actual charges" or "charges" of goods or services; or (ii) any Non-Cancer Actual Charges Policy.  It is understood that "Actual Charges Policy" includes any policy issued in the future to a Settlement Class member pursuant to a conversion privilege in an Actual Charges Policy covered by the Settlement.

(e)   "Agreement" shall mean this Class Action Settlement Agreement together with all Exhibits referenced herein and attached hereto.

(f)      "Cancer Policy" shall mean (i) any supplemental cancer insurance policy (including any rider, endorsement, or policy amendment) issued or administered by the Company (regardless of whether it contains a provision that pays benefits based upon the "actual charges" of goods or services), and (ii) any supplemental cancer insurance policy issued by Monumental Life in the State of Michigan which contains a provision that pays benefits based upon the "actual charges" of goods or services.

(g)      "Claim Deadline" shall mean the date ninety (90) days after the Notice Date by which a Claim Form must be postmarked and properly mailed to the Settlement Administrator in order to be valid under this Agreement.

(h)      "Claim Form" shall mean the applicable Claim Form described in Section 7 of this Agreement, copies of which are attached as Exhibit B to this Agreement.

(i)      "Class" or "Settlement Class" shall mean the class of persons as defined in Section 2(a).

(j)      "Class Counsel" shall mean Philip Bohrer, Esq. and Scott E. Brady, Esq. of Bohrer Law Firm, LLC, Suite B, 8712 Jefferson Highway, Baton Rouge, Louisiana 70809; and Stan P. Baudin, Esq. of Pendley, Baudin & Coffin, L.L.P., 24110 Eden Street, Plaquemine, Louisiana 70764.

(k)      "Class Period" shall mean (i) for Cancer Policies, the period from January 1, 2004 through the date of the Preliminary Approval Order; and (ii) for Non-Cancer Actual Charges Policies, the period from January 1, 2006 through the date of the Preliminary Approval Order.

(l)      "Company" shall mean Transamerica Life, including Life Investors which merged into Transamerica Life effective October 2, 2008, and all of the predecessor companies of Transamerica Life or Life Investors that issued or administered a Cancer Policy or Actual

-3-

Charges Policy within the Class Period.

(m)     "Court" means the Circuit Court of Pulaski County, Arkansas where the Action is pending.

(n)     "Fairness Hearing" shall mean the fairness hearing scheduled by the Court pursuant to Rule 23 of the Arkansas Rules of Civil Procedure to consider final approval of the Settlement, the date of which will be set by the Court.

(o)     "Final Approval" and "Final Approval Date" means the date on which the Final Order and Judgment approving the Settlement becomes final and not subject to further appeal.  If no appeal has been taken from the Final Order and Judgment, Final Approval means the date on which the time to appeal therefrom has expired.  If any appeal has been taken from the Final Order and Judgment, Final Approval means the date on which all appeals therefrom, including petitions for rehearing, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Order and Judgment.

(p)     "Final Order and Judgment" shall mean the Final Order and Judgment entered by the Court in the form attached to this Agreement as Exhibit E.

(q)     "List Prices" shall mean the prices or dollar amounts created or maintained by a healthcare provider (or other vendor) for goods or services, including for example hospital "chargemaster" prices or "full rates," which generally exceed the actual amount legally owed and ultimately paid for the goods or services.

(r)     "Litigation" shall be defined as all actions involving cancer insurance policies filed by Class Counsel including the following currently pending cases:

(i)     *Runyan v. Transamerica Life Insurance Company*, Case No. CV-09-2066-3, in the Circuit Court of Pulaski County, Arkansas;

-4-

(ii)     *Pipes v. Life Investors Insurance Company of America*, Case No. 1:07-cv-00035, in the United States District Court for the Southern District of Arkansas;

(iii)     *Runyan v. Transamerica Life Insurance Company*, Case No. 6:08-cv-6034, in the United States District Court for the Western District of Arkansas;

(iv)     *Ross v. Life Investors Insurance Company of America*, Case No. 4:08-cv-00064, in the United States District Court for the Southern District of Mississippi;

(v)     *Weidman v. Life Investors Insurance Company of America*, Case No. 2:08-cv-12870, in the United States District Court for the Eastern District of Michigan;

(vi)     *Harris v. Transamerica Life Insurance Company*, Case No. 572027, in the Nineteenth District Court of the State of Louisiana, East Baton Rouge Parish, removed as Case No. 09-13-JVP-SCR, in the United States District Court for the Middle District of Louisiana; and

(vii)     *Nolan v. Life Investors Insurance Company of America*, Case No. 3:08-cv-00839, in the United States District Court for the Middle District of Louisiana.

(s)     "Non-Cancer Actual Charges Policy" shall mean any policy (including any rider, endorsement, or policy amendment), other than a Cancer Policy, issued or administered by the Company, or issued by Monumental Life in the State of Michigan, which contains a provision to pay benefits based upon the "actual charges" or "charges" of goods or services (including for example any such heart policy, intensive care policy, or other specified disease policy).

(t)     "Notice" shall mean the written notice to Settlement Class members provided for under Section 6 of this Agreement and the Preliminary Approval Order.

(u)     "Notice Date" shall mean the date printed on the Notice which shall correspond to the date on which the Notice is mailed to the majority of Settlement Class members.

(v)     "Parties" shall mean all of the parties to this Agreement, including the Representative Plaintiffs, the Settlement Class members, the Company, and Monumental Life.

(w)   "Policy" or "Policies" shall mean individually and collectively each and every Cancer Policy or Actual Charges Policy covered by this Agreement.

(x)   "Preliminary Approval Order" shall mean the Order attached to this Agreement as Exhibit D entered by the Court granting preliminary approval to the Settlement, approving the form of the class notice, and scheduling a Fairness Hearing to address final approval of the Settlement.

(y)   "Release" shall mean the release of Claims provided in Sections 13(a) and (b).

(z)   "Released Claims" shall mean the claims to be released in the Final Order and Judgment as defined in Sections 13(a) and (b).

(aa)   "Released Parties" include the various persons and entities to be released upon entry of the Final Order and Judgment as defined in Section 13(a).

(bb)   "Representative Plaintiffs" shall mean individually and collectively Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross as the legal representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R. Nolan.

(cc)   "Section" refers to a numbered Section of this Agreement.

(dd)   "Settlement" shall mean the settlement between Transamerica Life, Monumental Life, the Representative Plaintiffs, and members of the Settlement Class, as contemplated by this Agreement.

(ee)   "Settlement Administrator" shall mean the class action settlement administrator agreed upon by counsel for the Parties.

(ff)   "2006 Updated Claims Procedures" shall mean and refer to the effective date in 2006 when the Company implemented its updated claim forms and procedures for submitting proof of loss to support a claim for Actual Charges Benefits under an Actual Charges

Policy (April 1, 2006 or May 1, 2006 for most Class members).

2.      SETTLEMENT CLASS.

(a)    <u>Settlement Class</u>.   For purposes of this Agreement, the "Settlement Class" or "Class" shall be defined as including all persons in the United States: (i) who were an insured, covered person, or beneficiary under a Cancer Policy in force at any time within the Class Period; or (ii) who were an insured, covered person, or beneficiary under a Non-Cancer Actual Charges Policy which is in force at the time of the Preliminary Approval Order, or who submitted a claim for Actual Charges Benefits under a Non-Cancer Actual Charges Policy after the effective date of the 2006 Updated Claims Procedures; or (iii) the surviving spouse or legal representative of such persons defined in (i) or (ii).

The Class shall not include insureds or covered persons under critical illness or critical disease policies written on the following policy forms:   1CGCI100, 1CGCI1WF, CC200300, CC200311, CCCI0200, CCCI02AG, CP500700, CP5NR7MD, TCGCI100, TCGCIJCP, TPCI01FL, TPCI0FFL, TPSDC1NY, TPSDC2NY; provided however, that such persons may be Class members if they own or are a covered person under a separate Cancer Policy or Non-Cancer Actual Charges Policy otherwise bringing them within the definition of the Settlement Class. Excluded from the Class shall be the following:

(i)     All persons who previously (A) entered into a written agreement with the Company releasing all claims relating to the meaning of "actual charges" under their Actual Charges Policy, or (B) entered into a written agreement with the Company surrendering their Actual Charges Policy and releasing all claims relating to their Actual Charges Policy;

(ii)    All persons who during the Class Period were officers, directors, or employees of the Company; and

(iii)   All persons currently serving as judges or justices in the State courts of Arkansas and the members of their immediate family.

(b)   **Conditional Certification for Settlement Purposes Only.**   Solely for purposes of this Settlement, the Company agrees not to object to the conditional certification of a class for settlement purposes only pursuant to Rule 23 of the Arkansas Rules of Civil Procedure. The conditional certification of the Settlement Class pursuant to this Agreement shall not constitute an admission or acknowledgement of any kind that the certification of a class or the satisfaction of any factor under Rule 23 would be appropriate outside of the settlement context or absent this Agreement. It is the Company's position that it would ultimately prevail in any contested class certification proceeding and that this case would not satisfy the requirements for a class action if litigated and that no class could properly be certified outside of the settlement context for numerous reasons. By entering into this Agreement, neither the Company nor any of its affiliates are waiving any of their defenses or objections to class certification, nor are they agreeing that any of the criteria for class certification could be met outside of the settlement context or absent the terms of this Agreement. If this Agreement is not approved for any reason, or Final Approval does not occur, the Company and its affiliates expressly reserve the right to assert all of their objections and defenses to certification of any class for trial purposes, and neither Class Counsel nor any Representative Plaintiff or Class member shall offer the conditional certification under this Agreement as evidence in support of any motion to certify a class outside of the Settlement context or in any other proceeding.

(c)   **No Admissions.** The Parties expressly acknowledge that this Agreement and the Settlement is the result of settlement and compromise negotiations, and that neither this Settlement nor any proposals, negotiations, communications, documents, or discussions relating to the Settlement shall be considered or used as an admission of any wrongdoing or liability, and

that to the contrary, the Company and its affiliates expressly deny any wrongdoing, liability, or fault of any kind.   Neither the terms of this Agreement nor any proposals, negotiations, communications, documents, or discussions preceding or related to the Settlement or this Agreement may be introduced or used in any proceeding as proof of any fact or point of law, except in a proceeding before the Court to enforce the terms of this Agreement.

     3.      **SETTLEMENT BENEFITS.**

     (a)     **Monetary Benefits**.   To be eligible to receive monetary benefits in the Settlement, each Class member satisfying the criteria set forth below must timely submit a Claim Form as described below to the Settlement Administrator by the Claim Deadline.   All Class members who timely submit a properly completed Claim Form with a postmark on or before the Claim Deadline including all required information and documentation will be entitled to the benefits specified below:

     (i)     **Past Claimants**.   "Past Claimants" shall mean all Class members who (A) submitted a claim for Actual Charges Benefits under an Actual Charges Policy on or after the effective date of the 2006 Updated Claims Procedures and on or before the date of the Preliminary Approval Order, and (B) received benefits under the Policy for such claim based upon Actual Charges and not List Prices.   The monetary benefits under this Section are designed for Past Claimants who dispute or disagree with the Company's interpretation of "actual charges" or its 2006 Updated Claims Procedures, although the benefits shall be available to all Class members who meet the definition of a Past Claimant and timely submit a Claim Form.

     (1)     **Past Claims**.   "Past Claims" shall mean all claims for Actual Charges Benefits processed under or subject to the Company's 2006

Updated Claims Procedures which have been received by the Company on or before the date of the Preliminary Approval Order.

(2)     **Monetary Benefits for Past Claimants**.  With respect to all Past Claims, Past Claimants who submit a valid Claim Form as defined in Section 7(a) no later than ninety (90) days after the Notice Date shall qualify for a cash payment equal to forty percent (40%) of the difference between the Actual Charges and the List Prices for the Past Claims up to the lesser of (A) $15,000.00, or (B) any maximum benefit amount as specified in the Class member's Actual Charges Policy (not including any increase in such maximum under the Settlement).  This Section shall be interpreted and applied consistent with its intent that the total amount paid to a Past Claimant under this Section shall equal but not exceed 40% of the difference, if any, between (A) the amount of the Actual Charges Benefits payable for the Past Claims under the Company's 2006 Updated Claims Procedures, and (B) the amount of Actual Charges Benefits that would have been paid if the Past Claims had been processed immediately prior to the 2006 Updated Claims Procedures.  Nothing in this Section shall be deemed to eliminate or affect otherwise applicable Policy limits, caps, or maximum benefit amounts.

(3)     **Payment of Monetary Benefits**.  The monetary benefits for Past Claimants shall be paid to the insured under the Actual Charges Policy, the surviving spouse of the insured if any, or the estate of the insured.

(ii)     **Former Cancer Policyholders**.  "Former Cancer Policyholders" shall mean all Class members who were the insured under a Cancer Policy that lapsed or terminated for any reason prior to the date of the Preliminary Approval Order, except for

-10-

those who meet the definition of Past Claimants. Any Former Cancer Policyholder shall be entitled to receive a one-time cash benefit of $1,000.00 (the "Former Cancer Policyholder Benefit") upon timely submission of (i) proof of a positive diagnosis of cancer after the date of lapse, or (ii) proof of a subsequent treatment for cancer after the date of lapse, and satisfaction of the following requirements:

(1)    The Former Cancer Policyholder timely submits a Claim Form as defined in Section 7(b) below to the Settlement Administrator by the Claim Deadline;

(2)    The Former Cancer Policyholder timely submits to the Settlement Administrator or the Company, as required by Section 7(b), adequate written proof of a positive diagnosis of cancer that satisfies the terms of the lapsed Policy, or proof of subsequent treatment for cancer, within the later of 90 days after (A) the Notice Date; (B) the date of such diagnosis; or (C) the date of subsequent treatment; and

(3)    The positive diagnosis or subsequent treatment for cancer occurs no later than ten years after the date of the Preliminary Approval Order.

(4)    The monetary benefits under this Section 3(a)(ii) shall be paid to the former insured under the Cancer Policy, the surviving spouse of the insured if any, or the estate of the insured.

(iii)    **Certain Deceased Former Cancer Policyholders**. Any deceased Former Cancer Policyholder who (1) was never diagnosed with cancer, or (2) was diagnosed with cancer but did not receive treatment for cancer after the date his or her Policy lapsed, shall be entitled to a monetary payment of $500 upon timely submission of a Claim Form as defined in Section 7(c) by the deceased Former Cancer Policyholder's

legal representative within 90 days after the Notice Date including a Certificate of Death and a statement that the deceased Former Cancer Policyholder was never diagnosed with cancer, or was diagnosed with cancer but did not receive treatment for cancer after the date his or her policy lapsed.  Such monetary payment shall be made by check payable to the surviving spouse or estate of the deceased Former Cancer Policyholder and mailed to the address provided in the Claim Form by the legal representative.  The Parties do not intend for a Class member to be entitled to relief under both this subsection (iii) and subsection (ii) of Section 3(a).

      (b)      **Injunctive Relief**.

            (i)      **Premium Rate Freeze**.  The Company agrees not to file or apply for any premium rate increases with respect to its Cancer Policies and Actual Charges Policies during the calendar year 2009, and the Final Order and Judgment will contain a provision enjoining the Company from doing so.   Any applications for premium rate increases pending or previously filed prior to January 1, 2009 shall not be affected by this provision.  Premium increases submitted for approval prior to 2009 may take effect in 2009, but no additional applications for rate increases will be filed during the calendar year 2009, which will result in a period of at least 12 months without a premium increase for each Class member owning a Cancer Policy or Actual Charges Policy.  This provision will have no effect on Monumental Life except with respect to approximately 34 Actual Charges Policies issued by Monumental Life in the State of Michigan.  The Parties to this Agreement acknowledge that, except for the one-year premium rate freeze under this Settlement, premiums may increase in the future.

            (ii)      **Actual Charges Benefits**.  Except as otherwise provided by an express definition in the Policy, the Company shall pay all claims for Actual Charges

Benefits under all Actual Charges Policies consistent with the definition of Actual Charges in this Agreement, which the Parties intend to be consistent with the current definition of "actual charges" in Section 38-71-42(A) of the South Carolina Code and similar statutes in Oklahoma, Georgia, and Texas. No subsequent change in any of these statutes, however, will affect the definition of Actual Charges under this Agreement unless mutually agreed to in writing by the Parties. The Final Order and Judgment shall contain·a permanent injunction requiring the Company to pay all such claims for Actual Charges Benefits as provided in this Section 3(b)(ii).

(iii)    **Increase to Certain Lifetime Maximum Benefits**.    Effective upon Final Approval for all services rendered on or after the date of Final Approval, all Cancer Policies issued by the Company that contain a lifetime maximum limit on the total amount of benefits for chemotherapy, radiation therapy, or blood benefits (a "lifetime maximum") shall be deemed reformed and amended so that the lifetime maximum on these benefits is equal to three times the current amount of the lifetime maximum. This provision shall not apply to annual caps or maximums, but shall only apply to lifetime maximums specifically for chemotherapy, radiation therapy, and blood benefits.

(iv)    **Proof of Loss**.    Nothing in this Agreement shall lessen an insured's requirement under an Actual Charges Policy to provide adequate written proof of loss as a condition precedent to receiving any payment of benefits under an Actual Charges Policy.

(v)    **Provisional Claim Payments**.    The Final Order and Judgment shall contain a permanent injunction consistent with the following methodology for paying claims under the situations described:

-13-

(1)     If a Class member submits a claim for Actual Charges Benefits but fails to submit sufficient documentation to allow the Company to determine the Actual Charges payable, the Company shall have the authority and discretion, but not the obligation, to estimate and provisionally pay the Actual Charges Benefits based upon the amounts allowed by Medicare for the goods or services for which the claim was made, and upon subsequent timely receipt of adequate proof of loss, the Company shall adjust the benefit paid accordingly, if necessary.

(2)     In the event a Class member makes a claim for Actual Charges Benefits and submits proof of loss showing the aggregate Actual Charges for all goods and services received on a particular service date or dates, but not itemized proof of loss showing the Actual Charges for the specific covered goods or services, the Company shall have the authority and discretion, but not the obligation, to determine and pay the Actual Charges Benefits by multiplying the List Price for the covered goods or services by a ratio equal to (A) the aggregate Actual Charges divided by (B) the aggregate List Prices.

(vi)     **Waiver of Claims Against Class Members**.   The Company agrees to waive and not pursue any claims or counterclaims for the overpayment of Actual Charges Benefits that the Company might otherwise have against any Class Members.

4.     **PRELIMINARY APPROVAL**.   Within five business days or as soon as reasonably possible after execution of this Agreement, the Parties shall file a copy of this Agreement with the Court and jointly move for entry of the Preliminary Approval Order in the

form attached hereto as Exhibit D.  The Parties may file separate supporting memoranda in support of the joint motion.  The Preliminary Approval Order shall include provisions:

(a)     granting preliminary approval of the Settlement and setting a date for a Fairness Hearing to consider final approval of the Settlement pursuant to Ark. R. Civ. P. 23;

(b)     conditionally certifying a class for settlement purposes only, consistent with the provisions of Section 2(b), and defining the Settlement Class consistent with Section 2(a);

(c)     approving the Notice plan set forth in Section 6 and directing that Notice of the proposed Settlement, in the form attached as Exhibit A, shall be given to all Settlement Class members by mailing the Notice to the last known address for all insureds in the Class for whom a last known mailing address is readily available from the electronic business records of the Company;

(d)     directing that a summary notice of the Settlement be published not less than forty-five (45) days before the date set by the Court for the Fairness Hearing twice within one week in *USA Today* consistent with the requirements of Section 6(b);

(e)     prescribing a time period and required procedures for any Settlement Class members to opt out and exclude themselves from the Class consistent with Section 5(a);

(f)     prescribing a time period and required procedures in order for any Settlement Class members to file objections to the Settlement and, if so desired, to be heard at the Fairness Hearing, consistent with Section 5(b);

(g)     providing that, pending a determination on Final Approval after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of the Settlement by commencing, filing, prosecuting, or

-15-

participating in any other action or proceeding in any jurisdiction, either directly or indirectly, that asserts claims against the Company or the Released Parties which relate to a Cancer Policy or an Actual Charges Policy and fall within the definition of Released Claims under the Agreement; and

(h)   providing that, pending a determination on Final Approval after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of this Settlement by organizing Settlement Class members into a separate class or subclass for purposes of pursuing as a purported class action any lawsuit or proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that asserts claims against the Company or the Released Parties which relate to a Cancer Policy or an Actual Charges Policy and fall within the definition of Released Claims under the Agreement.

5.   **REQUESTS FOR EXCLUSION AND OBJECTIONS.**

(a)   **Requests for Exclusion**.  Any Settlement Class member who wishes to opt-out and be excluded from the Settlement Class must mail a written request for exclusion ("Request for Exclusion") to the Settlement Administrator on or before the deadline set forth in the Preliminary Approval Order, which shall be no later than 45 days after the Notice Date (the "Exclusion Deadline").

(i)   In order to be valid and effective, a Request for Exclusion must be sent by first class mail properly addressed to the Settlement Administrator, postmarked on or before the Exclusion Deadline, and (A) must include the Class member's full name and address, (B) must bear the individual signature of the person seeking exclusion, and (C) must clearly state that the Class member desires to be excluded from the Class.  No

persons shall be permitted to request exclusion from the Settlement Class on behalf of any other Settlement Class members, except that a legal representative or guardian may submit a Request for Exclusion on behalf of a deceased, incapacitated, or minor Class member.   Each individual Class member seeking to exclude themselves from the Settlement, regardless of whether covered under the same Policy as another Class member, must submit an individually signed Request for Exclusion.   Any attempt to frustrate the purpose of the Settlement by opting out a class or group of individuals shall be null and void.

(ii)   The Settlement Administrator shall provide copies of all Requests for Exclusion to Class Counsel and counsel to the Company.   On the date of the Fairness Hearing, the Settlement Administrator shall submit to the Court, under seal, a report listing all persons who timely filed Requests for Exclusion, and all persons who filed untimely Requests for Exclusion, providing for each such person the date the Request for Exclusion was postmarked, and the date it was received.   A copy of the report shall be provided to Class Counsel and counsel to the Company.

(iii)   All persons who timely and properly submit a written Request for Exclusion to opt out and exclude themselves from the Settlement shall no longer be members of the Class.

(iv)   Any Class member who does not file a proper Request for Exclusion that satisfies all requirements of this Section postmarked on or before the Exclusion Deadline shall be considered a Class member for all purposes under this Agreement and shall be bound by the Final Order and Judgment.

(v)   Other than responding to questions from Class members about the procedures for completing a Request for Exclusion provided by this Section, Class

-17-

Counsel shall not directly or indirectly assist, cooperate with, or aid in any way Class members or their counsel in excluding themselves from the Settlement or pursuing any separate actions against the Company or the Released Parties.

     (b)    **Objections to Settlement.**

     (i)    Any Settlement Class member who does not request exclusion from the Settlement Class may object to the proposed Settlement by filing with the Court an Objection in writing, with a copy served to Class Counsel, counsel to the Company, and the Settlement Administrator, by the deadline set forth in the Preliminary Approval Order, which shall be no later than 45 days after the Notice Date (the "Objection Deadline"). The right to object to the proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or class and, except in the case of a deceased, incapacitated, or minor Class member, not by the act of another person acting or purporting to act in a representative capacity. In order to be effective, an Objection must be in writing, filed with the Court, mailed to the Settlement Administrator, and served on Class Counsel and counsel to the Company by first class mail and facsimile by the Objection Deadline, and must contain:

     (1)    A heading which includes the name of this case and the case number;

     (2)    The name, address, telephone number, and signature of the Settlement Class member filing the Objection;

     (3)    A detailed description of the nature and all grounds for the Objection, including any legal support the Class member intends to bring to the Court's attention, and copies of any documents or evidence that the Class member intends to introduce or present in support of the Objection;

(4)    The name, address, bar number, and telephone number of the objecting Class member's counsel, if represented by an attorney. If the Class member is represented by an attorney, he or she must comply with all applicable Arkansas laws and rules for filing pleadings and documents in Arkansas Courts;

(5)    A statement whether the Objector intends to appear at the Fairness Hearing, either in person or through counsel; and

(6)    A Certificate of Service showing that copies of the Objection were served on Class Counsel, counsel to the Company, and the Settlement Administrator on or before the Objection Deadline.

Any Settlement Class member who fails to comply with the requirements of this Section 5(b)(i) shall waive and forfeit any and all rights to object to the Settlement.

(ii)    If a Settlement Class member or his or her attorney desires permission to speak at the Fairness Hearing for the purpose of objecting to the Settlement, the Settlement Class member must comply with all of the requirements for Objections in Section 5(b)(i) and must file with the Court a notice of intent to appear on or before the Objection Deadline containing or accompanied by the following information:

(1)    The name, address, and telephone number of the person who intends to appear at the Fairness Hearing and a copy of the written Objection to the Settlement.

(2)    A detailed statement of the specific legal and factual basis for each ground for objection;

(3)   A list of any witnesses that the Objector would like to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

(4)   A detailed description of any and all evidence the Objector may offer at the Fairness Hearing, including copies of any and all exhibits which the Objector may seek to introduce at the Fairness Hearing; and

(5)   Documentary or other proof of membership in the Settlement Class.

In order to be effective, copies of the notice of intent to appear must be filed with the Court, mailed to the Settlement Administrator, and served by first class mail and facsimile to Class Counsel and counsel to the Company on or before the Objection Deadline. Persons who comply with the above requirements will be permitted an opportunity to be heard at the Fairness Hearing to the extent allowed and deemed appropriate by the Court. Any Settlement Class member or attorney who fails to comply with the requirements of this Section 5(b)(ii) shall waive and forfeit any and all rights to appear and speak at the Fairness Hearing.

6.   **NOTICE PLAN.**

(a)   **Mail Notice.** Within seven days after the Preliminary Approval Order, the Company shall deliver to the Settlement Administrator a list of the most current names and addresses of all insureds or their surviving spouses who are Settlement Class members and who can be identified through reasonable efforts from the electronic business records of the Company (the "Class Mailing List"). Within 21 days after the Preliminary Approval Order, but not less than sixty (60) days before the date set by the Court for the Fairness Hearing, the Settlement Administrator will send by U.S. mail a Notice of Proposed Class Action Settlement (the

-20-

"Notice") to all persons on the Class Mailing List.

(i)     The Notice shall be in the form attached to this Agreement as Exhibit A. The Notice shall include, among other things, a description of the nature of the Litigation, the definition of the Settlement Class, information regarding the Fairness Hearing, information regarding how Settlement Class members may, if desired, request exclusion from the Settlement, or object to the Settlement, and shall describe the Released Claims and the binding effect of the Final Order and Judgment.

(ii)    The Notice shall inform the Settlement Class members of the Exclusion Deadline and the Objection Deadline and the requirements for requesting exclusion from the Settlement and for objecting to the Settlement, consistent with the provisions of Section 5.

(iii)   The Notice shall also attach the Claim Forms described in Section 7 below.

(iv)    The Company or the Settlement Administrator will utilize the National Change of Address database (the "NCOA") in an attempt to obtain better addresses for any Settlement Class members without current addresses.

(v)     The Parties agree that the Notice described above is an effective and the best practicable means of giving notice to Settlement Class members and that Notice is designed to reach all Class members who can be identified through reasonable effort.

(b)     **Publication Notice**. Not less than forty-five (45) days before the date set by the Court for the Fairness Hearing, the Company shall cause a summary notice of the Settlement to be published twice within one week in *USA Today* (on dates falling on Monday through Thursday) not less than 1/8 page in size (the "Publication Notice"). The Publication

Notice shall contain the Exclusion Deadline and the Objection Deadline, and will include an Internet website address where Class members may view and download a copy of the full Notice, the Claim Forms, and the Settlement Agreement. The Publication Notice shall also include a toll-free phone number where Class members may call the Settlement Administrator to request a copy of the Notice package and Claim Forms.

(c) **Internet Site.** No later than the date of the Publication Notice, the Company shall establish an Internet website address where Settlement Class members may view and download a full copy of the Notice, the Claim Forms, the Settlement Agreement and Exhibits, and any other documents mutually agreed to by the Parties. The Internet site shall remain open and accessible until after the Claim Deadline expires for Past Claimants as provided below.

7.  CLAIM FORMS AND REVIEW PROCESS. The Claim Forms for monetary benefits shall be in the forms attached hereto as Exhibit B. In order to be valid, a Claim Form must be properly completed and timely submitted by the Settlement Class member to the Settlement Administrator.

(a) **Claim Form for Past Claimants.** In order to be valid, the Claim Form for Past Claimants described in Section 3(a)(i) must be properly addressed to the Settlement Administrator and postmarked on or before the Claim Deadline, and must contain at a minimum the following information:

(i) The Past Claimant's full name and address; and

(ii) The Past Claimant's policy number, social security number, or date of birth.

(b) **Claim Form for Former Cancer Policyholders.** In order to be valid, the Claim Form for Former Cancer Policyholders described in Section 3(a)(ii) must be properly

addressed to the Settlement Administrator and postmarked on or before the Claim Deadline, and must contain at a minimum the following information:

        (i)     The Former Cancer Policyholder's full name and address;

        (ii)     The Former Cancer Policyholder's policy number, social security number, or date of birth; and

        (iii)     Proof of a positive diagnosis of cancer after the date of lapse that satisfies the terms of the lapsed Policy, or proof of a subsequent treatment for cancer after the date of lapse; provided, however, that, if the positive diagnosis or subsequent treatment has not yet occurred as of the Notice Date, the proof required under this Section 7(b)(iii) must be provided to the Company within 90 days of such positive diagnosis or subsequent treatment.  The positive diagnosis or subsequent treatment for cancer must occur no later than ten years after the date of the Preliminary Approval Order.

     (c)    **Claim Form for Certain Deceased Former Cancer Policyholders**.  In order to be valid, the Claim Form for certain deceased Former Cancer Policyholders described in Section 3(a)(iii) must be properly addressed to the Settlement Administrator and postmarked on or before the Claim Deadline, and must contain at a minimum the following information:

        (i)     The deceased Former Cancer Policyholder's full name and last known address;

        (ii)     The deceased Former Cancer Policyholder's Policy number, social security number, or date of birth;

        (iii)     The full name and address of the surviving spouse or legal representative filing the Claim Form;

        (iv)     A Certificate of Death; and

(v)    A statement that the deceased Former Cancer Policyholder was never diagnosed with cancer, or had been diagnosed with cancer but did not receive treatment for cancer after the date his or her Policy lapsed.

(d)    **Claim Form Information**. The Claim Forms for Past Claimants, Former Cancer Policyholders, and certain deceased Former Cancer Policyholders (collectively, the "Claim Forms") shall contain and advise the Class members of the address to which the Claim Forms should be mailed and the deadline for mailing in order to submit a valid claim for monetary benefits under the Settlement.

(e)    **Processing of Claim Forms**. The Settlement Administrator will receive and process all Claim Forms rejecting any that are late or do not comply with the Claim Form requirements of this Agreement. Any Settlement Class member who does not submit a properly completed and signed Claim Form postmarked on or before the applicable Claim Deadline shall be deemed to have waived any claim to monetary benefits; provided, however, if the Claim Form is timely and the only omitted information is the policy number, social security number, or date of birth, the Company will in good faith attempt to identify the Class member and his or her policy, and if successful, the Claim Form will not be invalidated. Otherwise, the failure to provide any of the required information on the Claim Form shall result in an invalid Claim Form, and the Company shall have no further obligation to process or make any settlement payment with respect to such invalid Claim Form.

(i)    Within twenty one (21) days after expiration of the Claim Deadline, the Settlement Administrator shall provide copies of all submitted Claim Forms to counsel for the Parties along with a list of all valid and invalid Claim Forms.

(ii)    Within twenty one (21) days after receipt of the list of invalid Claim Forms, if any, if Class Counsel disagrees with the invalidity determination, Class

Counsel may request that the Settlement Administrator reconsider its invalidity determination on such Claim Form.  Class Counsel shall copy the Company's counsel with any such request, and the Parties will work together in good faith with the Settlement Administrator to resolve any such dispute.  If, after such reconsideration, a dispute remains regarding the validity of any Claim Forms, the dispute shall be submitted to the Settlement Administrator, or an independent Special Master mutually agreed upon by counsel to the Parties who shall apply the language of this Agreement to determine validity and whose decision regarding validity of the Claim Form shall be final.

8.    **TIMING OF CLAIM PAYMENTS.**  Within ninety (90) days after the Final Approval Date, the Company shall make all payments to Class members required by the Settlement.  Such Class settlement benefits shall be paid by the Company by check without interest.  The checks shall state "void after six months," and if any such check is not negotiated by the payee, it will be subject to the Company's normal procedures for abandoned or unclaimed property.  Any disputes raised within one year of the payment deadline will be decided by the Settlement Administrator or Special Master.

9.    **COSTS OF NOTICE AND ADMINISTRATION.**  The Company shall be responsible for the costs of printing and mailing the Notice, the costs of the Publication Notice, and the costs of the Settlement Administrator or Special Master.

10.    **ATTORNEYS' FEES AND EXPENSES.**  The Company agrees to pay to Class Counsel a reasonable attorneys' fee not to exceed Three Million Five Hundred Thousand Dollars ($3,500,000.00), which shall include all costs and expenses; except that the Company agrees to separately pay court costs, if any, payable to the Court where the Action is pending for the filing and implementation of the Settlement in Arkansas state court.  Class Counsel agrees to make an application to the Court for an award of attorneys' fees and costs in a total amount not to exceed

-25-

$3,500,000.00, and Class Counsel agrees not to seek or accept any award exceeding such amount. Provided such fee and cost award does not exceed $3,500,000.00, the Company shall not object to such application and shall pay the attorneys' fees and cost award made by the Court in the Final Order and Judgment within thirty (30) days after the Final Approval Date. Class Counsel represents and warrants that all other legal counsel in the Litigation, if any, who are entitled to any part of the attorneys' fees or costs shall be compensated from the amount awarded by the Court to Class Counsel. The Company will separately pay all mediation fees incurred by the Parties to date.

11.   **CONFIDENTIALITY.** Neither Settlement Class members nor Class Counsel shall use or disclose any information obtained in the Action or the Litigation or in connection with the Settlement for any purpose other than the Litigation and administration of the Settlement. Any protective order entered in the Litigation shall remain in force including but not limited to any such order which protects confidential information and documents obtained through discovery. The Parties shall move for a protective order in the Action at the Company's request to protect the confidentiality of any Company or policyholder information. All documents produced by the Company in discovery in the Litigation shall be destroyed or returned to the Company at its option after Final Approval of the Settlement.

12.   **INCENTIVE PAYMENTS.** For their efforts on behalf of the Class, within thirty (30) days after the Final Approval Date, the Company shall pay to each of the Representative Plaintiffs the sum of $7,500 as an incentive award by delivering to Class Counsel a check made payable to each of the Representative Plaintiffs.

13.   **CLASS RELEASE AND INJUNCTION.**

(a)    **Release.** Except as expressly provided in subsection (b) below, effective upon Final Approval, all Representative Plaintiffs, and all Settlement Class members who have

not properly and timely excluded themselves from the Class, on behalf of themselves and all representatives, heirs, successors, assigns, and any other persons claiming under or through them (collectively, the "Releasing Parties") do hereby expressly and irrevocably waive, release, and forever discharge the Company, Monumental Life, AEGON USA, LLC, and all of their respective current and former officers, directors, stockholders, subsidiaries, parent companies, affiliated companies, employees, agents, attorneys, predecessors, successors, heirs, and assigns (collectively the "Released Parties") from any and all claims, demands, complaints, disputes, causes of action, rights of action, suits, debts, liabilities, obligations, and damages of every nature whatsoever, whether based on federal, state, or local law, statute, ordinance, regulation, common law, private contract, agreement, or any other authority (collectively, "Claims"), whether known or unknown, asserted or unasserted, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to a Cancer Policy or an Actual Charges Policy (collectively, a "Policy" or the "Policies"), for the following:

(i)     Any and all Claims asserted or which could have been asserted in the Litigation;

(ii)     Any and all Claims relating to the marketing, sale, or purchase of a Policy, including but not limited to any Claims based upon or relating to any misrepresentations or omissions allegedly made in written materials or by an agent in connection with the sale of a Policy;

(iii)     Any and all Claims relating to premiums or benefits under the Policies including but not limited to Claims relating to the amount of premiums paid or payable, the amount of benefits paid or payable, premium rate increases past, or in the future based in whole or in part on any fact, act, or omission that occurred on or before

-27-

the date of the Preliminary Approval Order, the reasonableness of premiums in relation to benefits, refunds of premiums, or the calculation of benefits under any Policy;

(iv)   Any and all Claims relating to any type of Actual Charges Benefits paid or payable under a Policy, or the meaning, definition, or interpretation of "actual charges" or "charges" under a Policy;

(v)   Any and all Claims based on alleged misrepresentations, nondisclosure, or inadequate disclosure relating to the Policies, including any such Claims based on or relating to communications made or not made, or documents exchanged, relating to a Policy, or any communications with State Departments of Insurance or other regulatory agencies or government officials;

(vi)   Any and all Claims relating to the Company's administration of the Policies including but not limited to the forms, processes, proof of loss requirements, or procedures used in connection with or relating to the processing of claims and payment of benefits under such Policies, or any changes to such forms, processes, proof of loss requirements, or procedures;

(vii)   Any right to bring a representative or class action claim of any nature whatsoever relating to the Policies based in whole or in part on any fact, act, omission, event, or circumstance, whether known or unknown, in existence or which occurred at any time on or before the date of the Preliminary Approval Order; and

(viii)   Any and all Claims for attorneys' fees, costs, or expenses.

The Representative Plaintiffs and Settlement Class members acknowledge that they are aware that they may hereafter discover Claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein.  Nevertheless, it is the intention of the Settlement to fully, finally and

-28-

forever settle and release all such matters and all Claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action). It is expressly understood that, except for the limited exceptions in subsection 13(b), the Release will extinguish all Claims of every nature regardless of whether the Claims are known at the time of the Settlement or Final Order and Judgment. All Settlement Class members hereby expressly waive and relinquish any and all rights conferred by California Civil Code § 1542 which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." All Settlement Class members further waive and relinquish any rights conferred by similar laws of any other states that would conflict with or restrict the ability of Settlement Class members to release claims unknown or unsuspected at the time of Settlement or the Final Order and Judgment.

(b)    **Scope and Exceptions to Release**.    The Release in subsection (a) is intended to be a comprehensive general release relating to the Policies except for the limited exceptions expressly set forth in this subsection. Notwithstanding subsection (a) above, the Release will not operate to terminate or extinguish an otherwise active and in force Policy, or to waive any claims for future benefits under the Policy which may accrue as a result of medical treatment provided subsequent to the end of the Class Period, and any such Policy will continue in full force and effect after the date of the Final Order and Judgment, subject to the continued payment of premiums as they become due, and subject to all terms and conditions of the Policy and the Settlement. The Release will not extinguish any existing dispute between an individual Class member and the Company over whether an insured has submitted proper proof of a Positive Diagnosis of Cancer as defined under a Policy. The limited exceptions to the Release in

-29-

this subsection shall be strictly construed.   Notwithstanding any other provision of this Agreement, under no circumstances shall the Release be interpreted to allow any future claims challenging the Company's interpretation of "actual charges" or "charges," or any claims relating to future premium rate increases based in whole or in part on any fact, act, or omission that occurred on or before the date of the Preliminary Approval Order. The Parties acknowledge that future premium increases are likely and the Company agrees that it will file any such premium rate increases with and obtain the approval of state regulators as required under state law.  Nothing in this subsection (b) shall be interpreted to provide any Settlement Class member with any greater rights than those provided under the terms of the Policy, and all conditions, limitations, and exclusions under the Policy shall continue to apply with full force and effect.

(c)   **Notice of Release**.   The Notice shall contain clear and unequivocal language explaining to Class members that the Release to be included in the Settlement is comprehensive and is an essential term to the Settlement and should be reviewed carefully because it will affect their rights and that anyone not in agreement with the Release should take steps to exclude themselves from the Settlement.

(d)   **Injunction**.  Upon Final Approval, all Representative Plaintiffs and Class members who have not timely and properly opted out and excluded themselves from the Settlement shall be permanently barred and enjoined:

(i)   from filing, commencing, prosecuting, intervening in, or participating in (individually or in a representative capacity) any lawsuit, action, or proceeding in any jurisdiction asserting or based upon any claims or causes of action released in the Settlement and Final Judgment; and

(ii)   from soliciting or encouraging any other Class members to participate in any such lawsuit, action, or proceeding.

-30-

14. **FINAL APPROVAL AND FINAL ORDER AND JUDGMENT.** Prior to the Fairness Hearing the Parties shall file their briefs in support of Final Approval and move for entry of the Final Order and Judgment in the form attached to this Agreement as Exhibit E.

(a)   **Final Order and Judgment**. The proposed Final Order and Judgment shall include provisions necessary to effectuate and enforce the Settlement including, among other things, provisions:

(i)   finding that the Court has personal jurisdiction over all Settlement Class members and that the Court has subject matter jurisdiction to approve the Agreement;

(ii)   approving the Agreement and the Settlement as fair, reasonable, adequate, and consistent and in compliance with all applicable requirements of the Arkansas Rules of Civil Procedure and due process;

(iii)   finding that the Notice plan under the Agreement constitutes the best practicable Notice, constitutes notice that was reasonably calculated under the circumstances to apprise Settlement Class members of the Action, the Settlement, their right to object to or exclude themselves from the Settlement and their right to appear at the Fairness Hearing, and fully complies with the requirements of due process as required by applicable law;

(iv)   finding that Class Counsel and the Representative Plaintiffs have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and approving the payment of fees and incentive payments as provided under the Agreement;

(v)   dismissing the Action with prejudice;

(vi)     incorporating the Release provisions of the Agreement and making the Release effective as of the date of the Final Order and Judgment and forever discharging the Released Parties from any Claims or liabilities for any Released Claims;

(vii)     permanently barring and enjoining all Settlement Class members who have not been timely and properly excluded from the Class, or anyone acting on their behalf, from (A) filing, commencing, prosecuting, intervening in, or participating in (individually or in a representative capacity) any lawsuit, action, or proceeding in any jurisdiction asserting or based upon any Claims released in the Final Order and Judgment, or (B) soliciting, organizing, or encouraging any other Settlement Class members to participate in any such lawsuit, action, or proceeding;

(viii)     authorizing the Parties, without further approval from the Court and without further notice to the Settlement Class, to agree to and adopt such amendments or modifications of the Agreement which are (A) consistent with the Final Order and Judgment, and (B) do not limit the rights of Class members under the Agreement;

(ix)     without affecting the finality of the Final Order and Judgment for purposes of appeal, providing that the Court shall retain jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and the Final Order and Judgment, and for any other necessary purpose; and

(x)     incorporating any other provisions not consistent with the Agreement that the Court deems necessary and just.

(xi)     In connection with Final Approval of the Settlement, the Parties shall jointly submit to the Court proposed Findings of Fact and Conclusions of Law to be incorporated into the Final Order and Judgment approving the Settlement.  Nothing in

this Agreement or the Final Order and Judgment shall be deemed to create personal jurisdiction over AEGON USA, LLC.

(b)   **Dismissal of Litigation**.   Upon Final Approval of the Settlement, the Representative Plaintiffs shall dismiss the Litigation with prejudice.

15.   **TERMINATION AND EFFECT OF TERMINATION.**

(a)   **Termination**.   This Agreement and the Settlement will terminate upon any of the following events:

(i)   The Court denies preliminary approval of the Settlement;

(ii)   The Court denies final approval of the Settlement after the Fairness Hearing;

(iii)   Transamerica Life may terminate the Settlement, in its sole and absolute discretion, in the event that (i) more than 150 Past Claimants, or (ii) more than 500 Class members, opt out of the Settlement by filing timely Requests for Exclusion to exclude themselves from the Settlement; or

(iv)   If the Court or any appellate court rejects, modifies, or denies approval of any portion or part of the Agreement (including any Exhibits) or otherwise changes the terms of the Settlement in any way that the Company or Class Counsel in their sole judgment and discretion determines to be material, including but not limited to changes in any terms of relief, the Preliminary Approval Order, the Release, the Final Order and Judgment, or the Findings of Fact and Conclusions of Law, the Company or Class Counsel may terminate the Agreement by notifying the other Party in writing within thirty (30) days after it receives notice of the event creating its right to terminate.

(b)   **Effect of Termination**.   In the event this Agreement is terminated and the Settlement does not achieve Final Approval:

-33-

(i)      The Agreement shall be null and void and shall have no further force or effect, and no party shall be bound by any of its terms; except that the terms of Sections 2(b) (not including the first sentence of Section 2(b)), 2(c), 11, and 17 shall survive and continue in effect after any termination of this Agreement;

(ii)     the Parties shall be restored to the extent possible to their respective positions existing immediately before execution of the Agreement, including their respective positions in the Litigation, not including the Action; and

(iii)    the Action shall be dismissed without prejudice and shall proceed no further.

16.     **SETTLEMENT OBLIGATIONS.**   The Company shall have no further or additional financial or other obligations other than as expressly set forth in this Agreement.  All Settlement Class members and Class Counsel shall be responsible for any taxes that may be imposed as a result of their participation in the Settlement or payments received under the Settlement.

17.     **PUBLIC COMMUNICATIONS.**  The Parties agree that they shall not publish any type of press release or announcement, including publication on the Internet, concerning the Settlement without the other Party's prior review and approval.

18.     **GENERAL PROVISIONS.**

(a)      **Construction**.  This Agreement is the result of extensive negotiation by the Parties, each represented by experienced independent counsel.  This Agreement shall be deemed a product of the mutual effort of the Parties. This Agreement shall be construed fairly as to all Parties; it shall not be construed for or against any Party based on the extent to which that Party participated in its preparation.  No Party shall be considered the drafter of this Agreement, and no presumptions favoring any Party shall be used in interpreting or construing this

Agreement.

(b)    **Entire Agreement; Modifications**.    This Agreement including the Exhibits constitutes the complete and entire agreement between the Parties to this Agreement, and this Agreement may not be contradicted by evidence of any prior or contemporaneous agreements.   Any modification of this Agreement must be in writing and signed by Class Counsel and counsel to the Company.

(c)    **Waiver**.  No waiver of any provision of this Agreement nor consent to any departure from this Agreement shall be effective unless the same shall be in writing and signed by the Party to be charged therewith, and approved by the Court if necessary, and then such modification, waiver, or consent shall be effective only in the specific instance and for the specific purpose for which given.  The failure to seek redress for violation of, or to insist upon the strict performance of, any term, covenant, or condition of this Agreement shall not prevent a later demand for cure thereof, nor shall any such failure operate as a waiver or affect a party's rights in the event of any subsequent violation.

(d)    **Cooperation**.  The Parties and their counsel agree to cooperate fully with one another in seeking Court approval of the Agreement and to use their best efforts to support and defend the Settlement and to effect the prompt approval and consummation of the Settlement.

(e)    **Binding Effect; Successors and Assigns**.    This Agreement shall be binding upon the Parties and all of their heirs, spouses, dependents, beneficiaries, agents, executors, representatives, and all other persons claiming under or through them.    This Agreement shall inure to the benefit of the Company, the Released Parties, and their respective successors and assigns.

(f)    **Third Parties**.  This Agreement shall not expand the rights of any third

-35-

parties who are not Parties or Released Parties under this Agreement, and only the Parties including Settlement Class members, shall acquire any rights hereunder.   Other than the Released Parties, there are no intended third party beneficiaries to this Agreement.

(g)   **Governing Law**.   This Agreement shall be governed by the laws of the State of Arkansas.

(h)   **Authority to Execute**.   The undersigned signators to this Agreement represent and warrant that they have full authority and consent of all other necessary persons to execute this Agreement on behalf of themselves and any Parties they represent.

(i)   **Headings and Captions**.   The various headings and captions of this Agreement are for convenience only and shall not be considered in interpreting the legal effect of this Agreement.

(j)   **Counterparts**.   This Agreement may be executed in counterparts, and execution of counterparts shall have the same force and effect as if all Parties to this Agreement had signed the same instrument.   A true and correct copy of the Agreement shall be enforceable the same as an original.

IN WITNESS WHEREOF, and intending to be legally bound, this Agreement has been executed below by the parties to this Agreement and the undersigned counsel on behalf of their respective clients.

Dated April _____, 2009.

CLASS COUNSEL FOR REPRESENTATIVE
PLAINTIFFS AND THE SETTLEMENT
CLASS:

Philip Bohrer
Scott E. Brady
BOHRER LAW FIRM, LLC

-36-

REPRESENTATIVE PLAINTIFFS:

_Edison Runyan_ (signature)
Edison Runyan

Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.

Dwight Pipes

COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:

Earl L. Purifoy

John Ross, as the legal
representative of Elizabeth Ross

Markham R. Leventhal
JORDEN BURT LLP

Mary Weidman

COMPANY PARTIES:

Durain Weidman

TRANSAMERICA LIFE INSURANCE
COMPANY

By:_____
        Authorized Officer

Marion Harris

Van R. Nolan

MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
        Authorized Officer

REPRESENTATIVE PLAINTIFFS:

_____
Edison Runyan

_Dwight Pipes_ ()

_____
Earl L. Purifoy

_____
John Ross, as the legal
representative of Elizabeth Ross

_____
Mary Weidman

_____
Durain Weidman

_____
Marion Harris

_____
Van R. Nolan

Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.


COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:

_____
Markham R. Leventhal
JORDEN BURT LLP


COMPANY PARTIES:

TRANSAMERICA LIFE INSURANCE
COMPANY

By:_____
     Authorized Officer


MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
     Authorized Officer

REPRESENTATIVE PLAINTIFFS:

_____
Edison Runyan

Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.

_____
Dwight Pipes

_____
Earl L. Purifoy

COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:

_____
John Ross, as the legal
representative of Elizabeth Ross

_____
Markham R. Leventhal
JORDEN BURT LLP

_____
Mary Weidman

COMPANY PARTIES:

_____
Durain Weidman

TRANSAMERICA LIFE INSURANCE
COMPANY

_____
Marion Harris

By:_____
        Authorized Officer

_____
Van R. Nolan

MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
        Authorized Officer

**REPRESENTATIVE PLAINTIFFS:**

| | |
|---|---|
| Edison Runyan | Stan P. Baudin<br>PENDLEY, BAUDIN & COFFIN, L.L.P. |
| Dwight Pipes | |

Earl L. Purifoy

**COUNSEL FOR TRANSAMERICA LIFE INSURANCE COMPANY and MONUMENTAL LIFE INSURANCE COMPANY:**

John Ross, as the legal representative of Elizabeth Ross

Markham R. Leventhal
JORDEN BURT LLP

Mary Weidman

**COMPANY PARTIES:**

Durain Weidman

TRANSAMERICA LIFE INSURANCE COMPANY

Marion Harris

By:_____
      Authorized Officer

Van R. Nolan

MONUMENTAL LIFE INSURANCE COMPANY

By:_____
      Authorized Officer

**REPRESENTATIVE PLAINTIFFS:**

Edison Runyan

Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.

Dwight Pipes

**COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:**

Earl L. Purifoy

John Ross, as the legal
representative of Elizabeth Ross

*Mary Weidman*

Mary Weidman

Markham R. Leventhal
JORDEN BURT LLP

*Durain Weidman*

Durain Weidman

**COMPANY PARTIES:**

TRANSAMERICA LIFE INSURANCE
COMPANY

Marion Harris

By:_____
          Authorized Officer

Van R. Nolan

MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
          Authorized Officer

**REPRESENTATIVE PLAINTIFFS:**

_____

Edison Runyan

_____

Dwight Pipes

_____

Earl L. Purifoy

_____

John Ross, as the legal
representative of Elizabeth Ross

_____

Mary Weidman

_____

Durain Weidman

_____

Marion Harris

_____

Van R. Nolan

_____

Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.

**COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:**

_____

Markham R. Leventhal
JORDEN BURT LLP

**COMPANY PARTIES:**

TRANSAMERICA LIFE INSURANCE
COMPANY

By:_____
        Authorized Officer

MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
        Authorized Officer

**REPRESENTATIVE PLAINTIFFS:**

Edison Runyan

Dwight Pipes

Earl L. Purifoy

John Ross, as the legal
representative of Elizabeth Ross

Mary Weidman

Durain Weidman

Marion Harris

Van R. Nolan

Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.

**COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:**

Markham R. Leventhal
JORDEN BURT LLP

**COMPANY PARTIES:**

TRANSAMERICA LIFE INSURANCE
COMPANY

By:_____
      Authorized Officer

MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
      Authorized Officer

**REPRESENTATIVE PLAINTIFFS:**

_____

Edison Runyan

_____

Dwight Pipes

_____

Earl L. Purifoy

_____

John Ross, as the legal
representative of Elizabeth Ross

_____

Mary Weidman

_____

Durain Weidman

_____

Marion Harris

_____

Van R. Nolan

_____

Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.


**COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:**

_____

Markham R. Leventhal
JORDEN BURT LLP


**COMPANY PARTIES:**

TRANSAMERICA LIFE INSURANCE
COMPANY

By:_____
      Authorized Officer


MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
      Authorized Officer

-37-

**REPRESENTATIVE PLAINTIFFS:**

_____
Edison Runyan

_____
Dwight Pipes

_____
Earl L. Purifoy

_____
John Ross, as the legal
representative of Elizabeth Ross

_____
Mary Weidman

_____
Durain Weidman

_____
Marion Harris

_____
Van R. Nolan

_____
Stan P. Baudin
PENDLEY, BAUDIN & COFFIN, L.L.P.


**COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:**

_____
Markham R. Leventhal
JORDEN BURT LLP

**COMPANY PARTIES:**

TRANSAMERICA LIFE INSURANCE
COMPANY

By:_____
    Authorized Officer


MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
    Authorized Officer

**REPRESENTATIVE PLAINTIFFS:**

| | |
|---|---|
| _____ | _____ |
| Edison Runyan | Stan P. Baudin |
| | PENDLEY, BAUDIN & COFFIN, L.L.P. |

_____
Dwight Pipes

_____
Earl L. Purifoy

**COUNSEL FOR TRANSAMERICA LIFE
INSURANCE COMPANY and
MONUMENTAL LIFE INSURANCE
COMPANY:**

_____
John Ross, as the legal
representative of Elizabeth Ross

_____
Markham R. Leventhal
JORDEN BURT LLP

_____
Mary Weidman

**COMPANY PARTIES:**

_____
Durain Weidman

TRANSAMERICA LIFE INSURANCE
COMPANY

_____
Marion Harris

By:_____
   Authorized Officer

_____
Van R. Nolan

MONUMENTAL LIFE INSURANCE
COMPANY

By:_____
   Authorized Officer

Exhibit A

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A court authorized this Notice. This is not a solicitation from a lawyer.*
*You are not being sued.*

You were sent this Notice because you were identified as an insured or covered person, or the surviving spouse or representative of an insured or covered person, under a cancer insurance policy or certain other specified disease or supplemental insurance policies issued or administered by Transamerica Life Insurance Company ("Transamerica Life"), Life Investors Insurance Company of America ("Life Investors"), or Monumental Life Insurance Company ("Monumental Life") as more fully described below.

The Circuit Court of Pulaski County, Arkansas has granted preliminary approval of a Class Action Settlement Agreement involving certain cancer and specified disease or supplemental insurance policies issued or administered by the companies mentioned above.

**Your legal rights are affected whether you act or do not act.**
**Please read this entire Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | You may have a right to claim certain monetary benefits. You should carefully review all of the information set forth in this Notice to determine your eligibility. Claim forms are attached to this Notice. |
| **EXCLUDE YOURSELF FROM THE CLASS** | Receive no settlement benefits. This is the only option that allows you to ever be part of any other lawsuit against the companies involved in this lawsuit about the legal claims involved in the settlement. |
| **OBJECT** | Write to the Court if you would like to object or disapprove of any part of the settlement. You CANNOT object to the settlement if you exclude yourself from the class. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. You CANNOT attend the hearing if you exclude yourself from the class. |

| | |
|---|---|
| **DO NOTHING AND REMAIN IN THE CLASS** | If you do nothing, you will remain in the class and you will receive the non-monetary benefits of the settlement that apply to you. If you are eligible for monetary benefits, you should submit a claim form. |

- The Court still has to decide whether to approve the settlement. Payments will be made only if the Court finally approves the settlement and after the exhaustion of appeals, if any, are resolved. Resolving litigation can take time. Please be patient.

- This Notice is merely a summary of the terms and provisions of the proposed settlement. For a complete description of the terms and provisions of the proposed settlement, you should read the entire Class Action Settlement Agreement filed with the Court which is available at the following website: www.SupplementalInsuranceSettlement.com

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION: WHAT IS THE SETTLEMENT ABOUT AND WHO IS IN THE SETTLEMENT .........................................................PAGE ____

1. Why did I receive this Notice?
2. Key terms used in this Notice and their definitions
3. How do I know if I am a Settlement Class member?
4. What is this lawsuit about?
5. Why did the parties decide to settle?

### THE SETTLEMENT BENEFITS: WHAT YOU GET AND HOW TO RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM.........................................PAGE ____

6. What type of benefits does the Settlement provide to Settlement Class members?
7. How can I receive a payment for monetary benefits under the Settlement?
8. When would I receive my payment?
9. What am I giving up to receive a payment or to stay in the Settlement Class?

### EXCLUDING YOURSELF FROM THE SETTLEMENT ................................PAGE ____

10. How do I exclude myself from the Settlement?
11. If I do not exclude myself, may I sue the Defendants later?
12. If I exclude myself, can I receive money from the Settlement?

### THE LAWYERS REPRESENTING YOU ....................................................PAGE ____

13. Do I have a lawyer in the case?
14. How will the lawyers be paid?

### OBJECTING TO THE SETTLEMENT .......................................................PAGE ____

15. How do I tell the Court that I do not like the Settlement?
16. What is the difference between objecting and excluding?

### THE COURT'S FAIRNESS HEARING.......................................................PAGE ____

17. When and where will the Court decide whether to give final approval to the Settlement?
18. Do I have to come to the hearing?
19. May I speak at the hearing?

### IF YOU DO NOTHING .........................................................................PAGE ____

20. What happens if I do nothing at all?

### OBTAINING MORE INFORMATION .......................................................PAGE ____

21. Are there more details about the Settlement?
22. How do I get more information?

### EXHIBIT A: CLASS SETTLEMENT RELEASE...........................................PAGE ____

## BASIC INFORMATION: WHAT IS THE SETTLEMENT ABOUT AND WHO IS IN THE SETTLEMENT

**1. Why did I receive this Notice?**

You were identified as an insured or covered person, or the surviving spouse or personal representative of an insured or covered person, under a cancer insurance policy or supplemental insurance policy issued or administered by Life Investors, Transamerica Life, or by Monumental Life in the State of Michigan, and you may be entitled to benefits under a Class Action Settlement (the "Settlement") which has been preliminarily approved by the Court.

The Court directed the parties to send you this Notice because you have a right to know about how the proposed Settlement might affect you, what benefits you might receive under the Settlement, and your rights and options under the Settlement, before the Court decides whether to grant final approval to the Settlement. Upon final Court approval of the Settlement after any appeals, the companies will make the payments that the Settlement provides.

This Notice explains the background of this dispute, the terms of the proposed Settlement, your rights and options, what benefits are provided or available under the Settlement, who is eligible for them, and how to receive them. A full copy of the Class Action Settlement Agreement (the "Settlement Agreement" or "Agreement") is available on-line at: www.SupplementalInsuranceSettlement.com

The Court in charge of the case is the Circuit Court of Pulaski County, Arkansas, and the case is known as *Edison Runyan, et al. v. Transamerica Life Insurance Company, et al.*, Case No. CV-09-2066-3, in the Third Division of the Circuit Court of Pulaski County, Arkansas. The people who sued are called "Plaintiffs," and the companies they sued, Transamerica Life, Life Investors, Monumental Life, and AEGON USA, Inc., are called the "Defendants."

**2. Key terms used in this Notice and their definitions.**

**KEY DEFINITIONS: For purposes of the Settlement, the capitalized terms used throughout this Notice have certain specific meanings as defined in this Notice or in the Settlement Agreement. Some of the key definitions are as follows:**

The **"Company"** means Transamerica Life, including Life Investors (which merged into Transamerica Life effective October 2, 2008), and all of the predecessor companies of Transamerica Life or Life Investors that issued or administered a Cancer Policy or Actual Charges Policy within the Class Period.

A **"Cancer Policy"** means (i) any supplemental cancer insurance policy (including any rider, endorsement, or policy amendment) issued or administered by the Company (regardless of whether it contains a provision that pays benefits based upon the "actual charges" of goods or services), and (ii) any supplemental cancer insurance policy issued by Monumental Life in the State of Michigan which contains a provision that pays benefits based upon the "actual charges" of goods or services.

A "**Non-Cancer Actual Charges Policy**" means any policy (including any rider, endorsement, or policy amendment), other than a Cancer Policy, issued or administered by the Company, or issued by Monumental Life in the State of Michigan, which contains a provision to pay benefits based upon the "actual charges" or "charges" of goods or services (including for example any such heart policy, intensive care policy, or other specified disease policy).

An "**Actual Charges Policy**" means (i) any Cancer Policy which contains a provision to pay benefits based upon the "actual charges" or "charges" of goods or services; or (ii) any Non-Cancer Actual Charges Policy. An Actual Charges Policy includes any policy issued in the future to a Settlement Class member pursuant to a conversion privilege in an Actual Charges Policy covered by the Settlement.

"**Policy**" or "**Policies**" means individually and collectively each and every Cancer Policy or Actual Charges Policy covered by the Settlement Agreement.

"**Actual Charges Benefits**" means those benefits payable under an Actual Charges Policy which consist of or are measured by the "actual charges" or "charges" for specified goods or services.

"**Actual Charges**" means the amount of money that a healthcare provider (or other vendor) agrees to accept, or is obligated by agreement or operation of law to accept, as payment in full for the particular goods and services provided. The "Actual Charges" are equal to the actual amount of money legally owed for the goods or services provided.

"**List Prices**" means the prices or dollar amounts created or maintained by a healthcare provider (or other vendor) for goods or services, including for example hospital "chargemaster" prices or "full rates," which generally exceed the actual amount legally owed and ultimately paid for the goods or services.

The "**2006 Updated Claims Procedures**" means the effective date in 2006 when the Company implemented its updated claim forms and procedures for submitting proof of loss to support a claim for Actual Charges Benefits under an Actual Charges Policy covered by the Settlement (April 1, 2006 or May 1, 2006 for most Settlement Class members).

**3. How do I know if I am a Settlement Class member?**

The Settlement involves certain types of cancer insurance policies and specified disease or supplemental insurance policies as defined in the Settlement. Everyone who falls within the definition of the Settlement Class is a Settlement Class member. The Settlement Class or Class is defined as follows:

> All persons in the United States: (i) who were an insured, covered person, or beneficiary under a Cancer Policy in force at any time from January 1, 2004 through April __, 2009 [date of Preliminary Approval Order]; or (ii) who were an insured, covered person, or beneficiary under a Non-Cancer Actual Charges Policy which was in force on April __, 2009 [date of Preliminary Approval Order], or who submitted a claim for Actual Charges Benefits under a Non-Cancer Actual Charges

Policy after the effective date of the 2006 Updated Claims Procedures (generally April 1 or May 1, 2006 for most people); or (iii) the surviving spouse or legal representative of the persons defined in (i) or (ii).

The following persons are <u>excluded</u> from the Settlement Class:

(a)   All persons who previously (A) entered into a written agreement with the Company releasing all claims relating to the meaning of "actual charges" under their Actual Charges Policy, or (B) entered into a written agreement with the Company surrendering their Actual Charges Policy and releasing all claims relating to their Actual Charges Policy;

(b)   All persons who during the Class Period were officers, directors, or employees of the Company; and

(c)   All persons currently serving as judges or justices in the State courts of Arkansas and the members of their immediate family.

In addition, critical illness or critical disease policies written on the following policy forms are not intended to be included in the Settlement: 1CGCI100, 1CGCI1WF, CC200300, CC200311, CCCI0200, CCCI02AG, CP500700, CP5NR7MD, TCGCI100, TCGCIJCP, TPCI01FL, TPCI0FFL, TPSDC1NY, TPSDC2NY. Note, however, that you may still be a Settlement Class member if you own or are covered under a separate Cancer Policy or Non-Cancer Actual Charges Policy that is otherwise within the definition of the Settlement Class.

## 4. What is this lawsuit about?

The Plaintiffs in this lawsuit assert a variety of claims on behalf of themselves and a class of other persons relating to cancer insurance policies and other specified disease or supplemental insurance policies. Among other things, Plaintiffs allege the following:

• that the Policies pay certain benefits based upon the "actual charges" for certain services, such as chemotherapy, radiation therapy, blood-related expenses, and ambulance services, and that prior to April 1, 2006, the Defendants paid claims and interpreted "actual charges" to mean any amount that appeared on a medical provider's statement, without reduction for any discount, third-party payment, or write-off of any kind;

• that in early 2006, the Defendants acted unlawfully by sending a form letter to policyholders and announcing an intention to change their claim forms and procedures to interpret "actual charges" as the amount actually owed and paid to the medical provider as payment in full for the services rendered; and that beginning on or about April 1, 2006, the Defendants reduced benefits under the Policies by implementing this change in claim forms and procedures;

• that the Defendants' change in their claim procedures in 2006 created a new definition or interpretation of "actual charges" that was inconsistent with the Defendants' prior practice and course of conduct, and that Plaintiffs and other policyholders interpreted the Policies similar to the prior practice and justifiably relied upon Defendants' prior practice in paying

claims; and that by changing its claim procedures, the Defendants' breached the insurance Policies and acted in bad faith;

- that the Defendants acted inconsistently with the way in which the Policies had been marketed and sold, and made misrepresentations at the time of sale regarding coverage and/or benefits payable under the Policies, and subsequently made misrepresentations to insurance regulators and policyholders regarding the reasons and legal authority for their change in procedures;

- that the Defendants reduced benefits and wrongfully denied coverage or failed to pay for a variety of other items covered under the Policies; that the Defendants were motivated by a desire to elevate company profits above their obligations under the Policies; that the Defendants conspired and worked in concert with one another, and that AEGON USA, Inc. is responsible for the wrongful conduct of all other Defendants;

- that many if not all policyholders have experienced premium rate increases and that these premium increases were unfair, improper, and/or in violation of the terms of the Policies and/or state insurance laws; and

- that premium rate increases were the result of actuarial mistakes in pricing the Policies, or the payment of excessive benefits, and that Defendants failed to disclose the likelihood and extent of premium increases and all of the reasons for premium rate increases, including that Defendants had closed and stopped selling one or more policy forms or blocks of policies; and that continually raising premium rates breaches the promise of guaranteed renewability under the Policies and constitutes bad faith and an unfair and deceptive practice.

The Defendants strenuously deny any wrongdoing and maintain that the payment of claims under the Policies, the correction of the claim forms and procedures for the Policies, and all actions taken with respect to premiums and benefits have been proper, lawful, and appropriate in all respects. Among other things, the Defendants contend:

- that the Company sent a letter in 2006 to all policyholders in good faith explaining the need to update claim forms, that the Company is properly paying benefits for "actual charges," and that the "actual charges" are the actual amounts that are being charged by, paid to, and accepted by the provider as payment in full for the services rendered;

- that the Company discovered that it had been overpaying claims for "actual charges" benefits because insureds began submitting statements from healthcare providers that contained "list prices" instead of the "actual charges;" and that the Company has every right to correct its claim practices to prevent unnecessary premium rate increases to other policyholders;

- that all coverage and benefits decisions by the Company have been correctly made in good faith with the intent to correctly apply the language and terms of the Policies; and

- that the Policies are subject to premium rate increases and all such premium rate increases have been lawfully and properly implemented, and filed with state regulators as required.

**5.   Why did the parties decide to settle?**

The parties have been involved in extensive litigation.  While both Plaintiffs and Defendants believe in the merits of their respective claims and defenses and that they would prevail on class certification in an adversarial setting, both sides recognize that there are substantial risks, uncertainties, expenses, and burdens to continued litigation.  After extensive investigation of the facts, consideration of the risks and benefits of continued litigation, and arms' length negotiations, the parties and their counsel have determined that the proposed Settlement is fair, reasonable, adequate, and provides substantial benefits and is in the best interests of the Settlement Class members.  The Company would like to continue to serve the needs of its customers undistracted by the disruptions caused by continued litigation.

## THE SETTLEMENT BENEFITS:  WHAT YOU GET AND HOW TO RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM

**6.   What type of benefits does the Settlement provide to Settlement Class members?**

**The settlement includes both monetary and non-monetary benefits to eligible Settlement Class members.  Benefits will only be received if the Court grants Final Approval of the Settlement.**

### MONETARY BENEFITS:

There are three different categories of Settlement Class members who may receive monetary benefits under the proposed Settlement: (1) Past Claimants, (2) Former Cancer Policyholders, and (3) certain deceased Former Cancer Policyholders.  These three groups are defined below.  If you believe that you fall within one of these categories, you should complete the appropriate Claim Form attached to this Notice, include any required information, and mail it to the Settlement Administrator.  In order to be valid, the Claim Form must be postmarked on or before the **Claim Deadline of August __, 2009** [90 days after the Notice Date].

1.      **Past Claimants.**  "Past Claimants" include all Settlement Class members who (A) submitted a claim for Actual Charges Benefits under a Policy on or after the effective date of the 2006 Updated Claims Procedures and on or before April __, 2009 [date of the Preliminary Approval Order], and (B) received benefits under the Policy for such claim based upon Actual Charges and not List Prices.  The monetary benefits under this Section are designed for Past Claimants who dispute or disagree with the Company's interpretation of "actual charges" or the 2006 Updated Claims Procedures.  However, you are entitled to apply for and receive these benefits if you meet the above definition of a Past Claimant and timely submit a Claim Form.

        (a)      **Past Claims.**  For purposes of the monetary benefit for Past Claimants, "Past Claims" means all claims for Actual Charges Benefits processed under or subject to the Company's 2006 Updated Claims Procedures which have been received by the Company on or before April __, 2009 [date of the Preliminary Approval Order].

8

(b)   <u>Monetary Benefits for Past Claimants</u>.  With respect to all Past Claims, Past Claimants who submit a valid Claim Form postmarked by August __, 2009 shall qualify for a cash payment equal to forty percent (40%) of the difference between the Actual Charges and the List Prices for the Past Claims up to the lesser of (A) $15,000.00, or (B) any maximum benefit amount as specified in the Class member's Actual Charges Policy (not including any increase in such maximum under the Settlement).   The monetary benefit under this provision of the Settlement is intended to equal but not exceed 40% of the difference, if any, between (A) the amount of the Actual Charges Benefits payable for the Past Claims under the Company's 2006 Updated Claims Procedures, and (B) the amount of Actual Charges Benefits that would have been paid if the Past Claims had been processed immediately prior to the 2006 Updated Claims Procedures.  This provision is not intended to eliminate or affect otherwise applicable Policy limits, caps, or maximum benefit amounts.

(c)   <u>Payment of Monetary Benefits</u>.  The monetary benefits for Past Claimants will be paid to the insured under the Actual Charges Policy, the surviving spouse of the insured if any, or the estate of the insured.

**2.   <u>Former Cancer Policyholders</u>.**  "Former Cancer Policyholders" include all Settlement Class members who were the insured under a Cancer Policy that lapsed or terminated for any reason prior to April __, 2009 [date of the Preliminary Approval Order], except for those who meet the definition of Past Claimants.

Any Former Cancer Policyholder who, after the date his or her Policy lapsed, is subsequently diagnosed with cancer or receives a new treatment for cancer, is entitled to receive a one time cash benefit of $1,000.00, if they submit a Claim Form and (i) proof of a positive diagnosis of cancer after the date the Policy lapsed, or (ii) proof of a subsequent treatment for cancer after the date the Policy lapsed; provided, however, that the positive diagnosis or subsequent treatment for cancer must occur no later than April __, 2019, ten years after the date of the Court's Preliminary Approval Order.

The monetary benefits for Former Cancer Policyholders will be paid to the former insured under the Cancer Policy, the surviving spouse of the insured if any, or the estate of the insured.

**3.   <u>Certain Deceased Former Cancer Policyholders</u>.**  Any deceased Former Cancer Policyholder who (1) was never diagnosed with cancer, or (2) was diagnosed with cancer but did not receive treatment for cancer after the date his or her Policy lapsed, will be entitled to a monetary payment of $500.00 upon timely submission of a Claim Form by the deceased Former Cancer Policyholder's legal representative on or before August __, 2009 [90 days after the Notice Date] including a Certificate of Death and a statement that the deceased Former Cancer Policyholder was never diagnosed with cancer, or was diagnosed with cancer but did not receive treatment for cancer after the date his or her Policy lapsed.  A Settlement Class member is not entitled to both this benefit and the $1,000.00 benefit for Former Cancer Policyholders.

This monetary payment will be made by check payable to the surviving spouse or estate of the deceased Former Cancer Policyholder and mailed to the address provided in the Claim Form by the legal representative.

NON-MONETARY BENEFITS:

All Settlement Class Members under the Settlement are entitled to certain non-monetary relief, sometimes called "injunctive relief," including the following:

1.     **Premium Rate Freeze**.  The Company has agreed not to file or apply for any premium rate increases with respect to its Cancer Policies and Actual Charges Policies during the calendar year 2009.  Premium increases submitted for approval prior to 2009 may take effect in 2009, but no additional applications for rate increases will be filed during the calendar year 2009, which will result in a period of at least 12 months without a premium increase for each Class member owning a Policy.

2.     **"Actual Charges" Benefits**.  The Company will be required to pay all claims for Actual Charges Benefits consistent with the definition of "actual charges" as the amount legally owed to the provider, which is consistent with the current definition of "actual charges" in Section 38-71-42(A) of the South Carolina Code and similar laws in Oklahoma, Georgia, and Texas. The parties expect this to confer a substantial benefit on the Class by lessening the amount and frequency of future premium increases.

3.     **Increase to Certain Lifetime Maximum Benefits**.  Effective upon Final Approval of the Settlement, for all services rendered on or after the date of Final Approval, all Cancer Policies issued by the Company that contain a lifetime maximum limit on the total amount of benefits for chemotherapy, radiation therapy, or blood benefits (a "lifetime maximum") will be deemed reformed and amended so that the lifetime maximum on these benefits is equal to three times the current amount of the lifetime maximum.

4.     **Provisional Claim Payments**.  The Company may make provisional or estimated benefit payments to insureds who do not submit complete information to allow the Company to determine the Actual Charges payable under the Policy.  This provision applies as follows:

       (a)     If a Class member submits a claim for Actual Charges Benefits but fails to submit sufficient documentation to allow the Company to determine the Actual Charges payable, the Company shall have the authority and discretion, but not the obligation, to estimate and provisionally pay the Actual Charges Benefits based upon the amounts allowed by Medicare for the goods or services for which the claim was made, and upon subsequent timely receipt of adequate proof of loss, the Company shall adjust the benefit paid accordingly, if necessary.

       (b)     In the event a Class member makes a claim for Actual Charges Benefits and submits proof of loss showing the aggregate Actual Charges for all goods and services received on a particular service date or dates, but not itemized proof of loss showing the Actual Charges for the specific covered goods or services, the Company shall have the authority and discretion, but not the obligation, to determine and pay the Actual Charges Benefits by multiplying the List Price for the covered goods or services by a ratio equal to (A) the aggregate Actual Charges divided by (B) the aggregate List Prices.

10

5.   **Waiver of Claims Against Settlement Class Members**.   The Company will agree to waive and not pursue any claims or counterclaims for overpayment of benefits that the Company might otherwise have against any Settlement Class Members as of the date of the Final Order and Judgment.

**7.  How can I receive a payment for monetary benefits under the Settlement?**

To receive a payment for monetary benefits you must send in a Claim Form postmarked by the Claim Deadline of August __, 2009.   Copies of the Claim Forms are attached to this Notice. You should carefully read this Section of the Notice and the Instructions at the top of the Claim Form.   In order for the Claim Form to be valid, you must include all required information and sign the Claim Form.   If you do not submit a properly completed and signed Claim Form postmarked on or before the applicable Claim Deadline, you will be deemed to have waived any claim to monetary benefits.

1.   **Claim Form for Past Claimants**.   In order to be valid, the Claim Form for Past Claimants must be properly addressed to the Settlement Administrator, postmarked on or before the Claim Deadline, and must include at a minimum the following information:

  (a)   The Past Claimant's full name and address; and

  (b)   The Past Claimant's policy number, social security number, or date of birth.

2.   **Claim Form for Former Cancer Policyholders**.   In order to be valid, the Claim Form for Former Cancer Policyholders must be properly addressed to the Settlement Administrator, postmarked on or before the Claim Deadline, and must include at a minimum the following information:

  (a)   The Former Cancer Policyholder's full name and address;

  (b)   The Former Cancer Policyholder's policy number, social security number, or date of birth; and

  (c)   Either (i) proof of a positive diagnosis of cancer after the date the Policy lapsed that satisfies the terms of the lapsed Policy (generally a pathology report), or (ii) proof of a subsequent treatment for cancer after the date the Policy lapsed; provided, however, that, if the positive diagnosis or subsequent treatment has not yet occurred as of the Notice Date, the proof required must be provided to the Company at the address in the Claim Form within 90 days of such positive diagnosis or subsequent treatment.   The positive diagnosis or subsequent treatment for cancer must occur no later than ten years after April ___, 2009 [date of the Preliminary Approval Order.]

3.   **Claim Form for Certain Deceased Former Cancer Policyholders**.   In order to be valid, the Claim Form for certain deceased Former Cancer Policyholders must be properly addressed to the Settlement Administrator, postmarked on or before the Claim Deadline, and must include at a minimum the following information:

  (a)   The deceased Former Cancer Policyholder's full name and last known address;

11

(b)     The deceased Former Cancer Policyholder's Policy number, social security number, or date of birth;

(c)     The full name and address of the surviving spouse or legal representative filing the Claim Form;

(d)     A Certificate of Death; and

(e)     A statement that the deceased Former Cancer Policyholder was never diagnosed with cancer, or had been diagnosed with cancer but did not receive treatment for cancer after the date his or her Policy lapsed.

## 8. When would I receive my payment?

The Company will make all payments to Settlement Class members required by the Settlement within 90 days after the Final Approval Date. These Settlement benefits shall be paid by check without interest.

The Court will hold a final Fairness Hearing on July ___, 2009, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. The process can take time, perhaps more than a year. Please be patient.

## 9. What am I giving up to receive a payment or to stay in the Settlement Class?

If you do not exclude yourself from the Settlement Class, you will be eligible for the benefits discussed above for which you qualify, but you will not be able to sue, continue to sue, or be part of any other lawsuit against any of the Defendants or their predecessors or affiliated companies concerning the claims alleged in this case. If you stay in the Settlement Class, all of the Court's orders will apply to you and legally bind you.

If the Settlement is finally approved by the Court, all individual and class action claims asserted in this lawsuit and any that could have been asserted, will be dismissed on the merits and with prejudice. None of those claims may thereafter be asserted by any Settlement Class member in any other lawsuit or proceeding.

By staying in the Class, you will also be bound by the release of all claims against the Defendants and their affiliates and others, including all claims alleged in this lawsuit and any that could have been alleged. A complete copy of the "Release" that will bind all Settlement Class members is attached to this Notice as Exhibit A. The Release is comprehensive and is an essential term to the Settlement and should be reviewed carefully because it will affect your rights. Anyone not in agreement with the Release should take steps to exclude themselves from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want any of the benefits from the Settlement, or if it is more important for you to keep the right to sue or continue to sue any of the Defendants on your own, then you must take

steps to exclude yourself from the Settlement Class.  This is sometimes referred to as "opting out" of the Settlement Class.

**10.  How do I exclude myself from the Settlement?**

Any Settlement Class member who wishes to opt-out and be excluded from the Settlement Class must mail a written request for exclusion ("Request for Exclusion") to the Settlement Administrator on or before June __, 2009 [45 days after mailing of the Notice] (the **"Exclusion Deadline"**).

Settlement Administrator _____

[Name and Address to be added] _____

_____

In order to be valid and effective, a Request for Exclusion must be sent by first class mail properly addressed to the Settlement Administrator, postmarked on or before the Exclusion Deadline, and (a) must include the Class member's full name and address, (b) must bear the individual signature of the person seeking exclusion, and (c) must clearly state that the Class member desires to be excluded from the Class.  No persons are permitted to request exclusion from the Settlement Class on behalf of any other Settlement Class members, except a legal representative or guardian may do so on behalf of a deceased, incapacitated, or minor Class member. *You cannot exclude yourself on the phone or by e-mail.*

If you properly submit a Request for Exclusion to opt out from the Settlement, you will no longer be a member of the Class.  You will not get any benefits under the Settlement, and you cannot object to the Settlement.

Any Class member who does not file a timely and proper Request for Exclusion that satisfies all the above requirements postmarked on or before the Exclusion Deadline shall be considered a Class member for all purposes under the Settlement Agreement and shall be bound by the Court's Final Order and Judgment.

**11.  If I do not exclude myself, may I sue the Defendants later?**

No.  Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this Settlement resolves and that are described in the attached Release (Exhibit A).  Pending a final determination after the Fairness Hearing whether the Settlement should be approved as fair, reasonable, and adequate, the Court has prohibited all members of the Settlement Class, unless and until they exclude themselves from the Settlement Class, from pursuing any litigation involving claims included in the Settlement.

If you have a pending lawsuit, speak to your lawyer in that lawsuit.  You must exclude yourself from this Settlement to continue your own lawsuit.  Remember, the Exclusion Deadline is June ___, 2009.

13

**12. If I exclude myself, can I receive money from the Settlement?**

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

Philip Bohrer, Esq. and Scott E. Brady, Esq. of Bohrer Law Firm, LLC, Suite B, 8712 Jefferson Highway, Baton Rouge, Louisiana 70809; and Stan P. Baudin, Esq. of Pendley, Baudin & Coffin, L.L.P., 24110 Eden Street, Plaquemine, Louisiana 70764, represent you and other Settlement Class members in this case. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14. How will the lawyers be paid?**

Class Counsel will ask the Court for payment of attorneys' fees and expenses up to $3,500,000. The Company has agreed not to oppose an application for fees and expenses that do not exceed this amount, and if approved by the Court, the Company will separately pay these fees and expenses. The Company has also agreed to separately pay the costs of the Notice and the Settlement Administrator.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**15. How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class member and you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. *To object, you must do so in writing* by filing with the Court a written Objection, with a copy served to Class Counsel, counsel to the Company, and the Settlement Administrator, by **June __, 2009** [45 days after mailing of the Notice] (the **"Objection Deadline"**). The right to object to the proposed Settlement must be done individually by a Settlement Class Member, not as a member of a group or class and, except in the case of a deceased, incapacitated, or minor Class member, not by another person. In order to be effective, copies of the Objection must be filed with the Court, mailed to the Settlement Administrator, and sent to Class Counsel and counsel to the Company by first class mail and facsimile, on or before the Objection Deadline, and must contain:

(a)      A heading which includes the name of this lawsuit (*Runyan v. Transamerica Life Ins. Co., et al.*) and the Case Number CV-09-2066-3;

14

(b)     The name, address, telephone number, and signature of the Settlement Class member filing the Objection;

(c)     A detailed description of the nature and all grounds for the Objection, including any legal support the Class member intends to bring to the Court's attention, and copies of any documents or evidence that the Class member intends to introduce or present in support of the Objection;

(d)     The name, address, bar number, and telephone number of the objecting Class member's counsel, if represented by an attorney. If the Class member is represented by an attorney, he or she must comply with all applicable Arkansas laws and rules for filing pleadings and documents in Arkansas Courts;

(e)     A statement whether the Objector intends to appear at the Fairness Hearing, either in person or through counsel; and

(f)     A Certificate of Service showing that copies of the Objection were served on Class Counsel, counsel to the Company, and the Settlement Administrator on or before the Objection Deadline.

You need four copies of your Objection.  On or before June ____, 2009, your Objection must be sent by mail to the Court and the Settlement Administrator, and by mail and fax to Class Counsel and the Company's counsel:

| | |
|---|---|
| The Court | Settlement Administrator |
| Clerk, Circuit Court of Pulaski County | |
| 401 W. Markham | [Name and Address to be added] |
| Little Rock, AR  72201 | ———————————————— |
| | ———————————————— |
| Class Counsel | Company's Counsel |
| Philip Bohrer, Esq. | Markham R. Leventhal, Esq. |
| Bohrer Law Firm, LLC | Jorden Burt LLP |
| 8712 Jefferson Highway, Suite B | 777 Brickell Ave., Suite 500 |
| Baton Rouge, LA  70809 | Miami, FL  33131 |
| Fax: (225) 231-7000 | Fax:  (305) 372-0028 |

**16:  What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you remain a member of the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing, called a Fairness Hearing, to decide whether to finally approve the

15

Settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

**17. When and where will the Court decide whether to give final approval to the Settlement?**

The Court will hold a Fairness Hearing at **[enter time]** on July ___, 2009, before the Honorable Jay Moody, Circuit Court Judge, in the Third Division of Pulaski County Circuit Court, 401 W. Markham, Little Rock, Arkansas 72201. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to any persons who have properly asked to speak at the hearing. After the hearing and consideration of all the submissions, the Court will decide whether to grant final approval to the Settlement. The Court may also consider the award of attorneys' fees and expenses to Plaintiffs' counsel and an incentive award of $7,500.00 to each of the Plaintiffs.

**18. Do I have to come to the hearing?**

No. Class Counsel will answer any questions that the Court may have. You are welcome to come at your own expense. If you send a written Objection, you do not have to come to Court to talk about it. As long as you mailed your written Objection on time, the Court will consider it. You may also pay your own lawyer to attend if you so desire, but it is not necessary.

**19. May I speak at the hearing?**

If a Settlement Class member or his or her attorney desires permission to speak at the Fairness Hearing for the purpose of objecting to the Settlement, the Settlement Class member must comply with all of the requirements for Objections described above in Section 15 and must file with the Court a notice of intent to appear on or before the Objection Deadline containing or accompanied by the following information:

(a)     The name, address, and telephone number of the person who intends to appear at the Fairness Hearing and a copy of the written Objection to the Settlement.

(b)     A detailed statement of the specific legal and factual basis for each ground for objection;

(c)     A list of any witnesses that the Objector would like to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

(d)     A detailed description of any and all evidence the Objector may offer at the Fairness Hearing, including copies of any and all exhibits which the Objector may seek to introduce at the Fairness Hearing; and

(e) Documentary or other proof of membership in the Settlement Class.

You need four copies of your intent to appear. On or before June ____, 2009, your notice of intent to appear must be sent by mail to the Court and the Settlement Administrator, and by mail and fax to Class Counsel and the Company's Counsel at the addresses provided above in Section 15. You cannot speak at the hearing if you have excluded yourself from the Settlement Class.

16

## IF YOU DO NOTHING

**20. What happens if I do nothing at all?**

If you do nothing, you will remain in the Settlement Class. You will get no money from the Settlement, but you will be entitled to all of the non-monetary benefits. If you do not exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Defendants concerning any of the claims or allegations in this case and those described in the Release.

## OBTAINING MORE INFORMATION

**21. Are there more details about the Settlement?**

Yes. This Notice summarizes the terms of the proposed Settlement. More details are available in the Class Action Settlement Agreement, including its Exhibits, and the Court's Order granting preliminary approval to the Settlement. You can inspect a copy of the Settlement Agreement at the Clerk's Office during normal business hours, or get a copy of the Settlement Agreement by writing to [the Settlement Administrator], by calling 1-8XX-XXX-XXXX, or by visiting www.SupplementalInsuranceSettlement.com.

**22. How do I get more information?**

You can call the Settlement Administrator at 1-8XX-XXX-XXXX toll free, or visit the Settlement website at: www.SupplementalInsuranceSettlement.com, where you will find access to the Settlement Agreement and Claim Forms, plus other information.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT.**

Notice Date: May __, 2009.

17

# Exhibit A

## CLASS SETTLEMENT RELEASE

(a)   <u>Release</u>.  Except as expressly provided in subsection (b) below, effective upon Final Approval, all Representative Plaintiffs, and all Settlement Class members who have not properly and timely excluded themselves from the Class, on behalf of themselves and all representatives, heirs, successors, assigns, and any other persons claiming under or through them (collectively, the "Releasing Parties") do hereby expressly and irrevocably waive, release, and forever discharge the Company, Monumental Life, AEGON USA, LLC, and all of their respective current and former officers, directors, stockholders, subsidiaries, parent companies, affiliated companies, employees, agents, attorneys, predecessors, successors, heirs, and assigns (collectively the "Released Parties") from any and all claims, demands, complaints, disputes, causes of action, rights of action, suits, debts, liabilities, obligations, and damages of every nature whatsoever, whether based on federal, state, or local law, statute, ordinance, regulation, common law, private contract, agreement, or any other authority (collectively, "Claims"), whether known or unknown, asserted or unasserted, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to a Cancer Policy or an Actual Charges Policy (collectively, a "Policy" or the "Policies"), for the following:

(i)   Any and all Claims asserted or which could have been asserted in the Litigation;

(ii)   Any and all Claims relating to the marketing, sale, or purchase of a Policy, including but not limited to any Claims based upon or relating to any misrepresentations or omissions allegedly made in written materials or by an agent in connection with the sale of a Policy;

(iii)   Any and all Claims relating to premiums or benefits under the Policies including but not limited to Claims relating to the amount of premiums paid or payable, the amount of benefits paid or payable, premium rate increases past, or in the future based in whole or in part on any fact, act, or omission that occurred on or before the date of the Preliminary Approval Order, the reasonableness of premiums in relation to benefits, refunds of premiums, or the calculation of benefits under any Policy;

(iv)   Any and all Claims relating to any type of Actual Charges Benefits paid or payable under a Policy, or the meaning, definition, or interpretation of "actual charges" or "charges" under a Policy;

(v)   Any and all Claims based on alleged misrepresentations, nondisclosure, or inadequate disclosure relating to the Policies, including any such Claims based on or relating to communications made or not made, or documents exchanged, relating to a Policy, or any communications with State Departments of Insurance or other regulatory agencies or government officials;

(vi)   Any and all Claims relating to the Company's administration of the Policies including but not limited to the forms, processes, proof of loss requirements, or procedures used in connection with or relating to the processing of claims and payment of

benefits under such Policies, or any changes to such forms, processes, proof of loss requirements, or procedures;

(vii)   Any right to bring a representative or class action claim of any nature whatsoever relating to the Policies based in whole or in part on any fact, act, omission, event, or circumstance, whether known or unknown, in existence or which occurred at any time on or before the date of the Preliminary Approval Order; and

(viii)   Any and all Claims for attorneys' fees, costs, or expenses.

The Representative Plaintiffs and Settlement Class members acknowledge that they are aware that they may hereafter discover Claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of the Settlement to fully, finally and forever settle and release all such matters and all Claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action). It is expressly understood that, except for the limited exceptions in subsection 13(b), the Release will extinguish all Claims of every nature regardless of whether the Claims are known at the time of the Settlement or Final Order and Judgment. All Settlement Class members hereby expressly waive and relinquish any and all rights conferred by California Civil Code § 1542 which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." All Settlement Class members further waive and relinquish any rights conferred by similar laws of any other states that would conflict with or restrict the ability of Settlement Class members to release claims unknown or unsuspected at the time of Settlement or the Final Order and Judgment.

(b)   **Scope and Exceptions to Release**. The Release in subsection (a) is intended to be a comprehensive general release relating to the Policies except for the limited exceptions expressly set forth in this subsection. Notwithstanding subsection (a) above, the Release will not operate to terminate or extinguish an otherwise active and in force Policy, or to waive any claims for future benefits under the Policy which may accrue as a result of medical treatment provided subsequent to the end of the Class Period, and any such Policy will continue in full force and effect after the date of the Final Order and Judgment, subject to the continued payment of premiums as they become due, and subject to all terms and conditions of the Policy and the Settlement. The Release will not extinguish any existing dispute between an individual Class member and the Company over whether an insured has submitted proper proof of a Positive Diagnosis of Cancer as defined under a Policy. The limited exceptions to the Release in this subsection shall be strictly construed. Notwithstanding any other provision of this Agreement, under no circumstances shall the Release be interpreted to allow any future claims challenging the Company's interpretation of "actual charges" or "charges," or any claims relating to future premium rate increases based in whole or in part on any fact, act, or omission that occurred on or before the date of the Preliminary Approval Order. The Parties acknowledge that future premium increases are likely and the Company agrees that it will file any such premium rate increases with and obtain the approval of state regulators as required under state law. Nothing in this subsection (b) shall be interpreted to provide any Settlement Class member with any greater

19

rights than those provided under the terms of the Policy, and all conditions, limitations, and exclusions under the Policy shall continue to apply with full force and effect.

\* \* \*

(d)    **Injunction**.   Upon Final Approval, all Representative Plaintiffs and Class members who have not timely and properly opted out and excluded themselves from the Settlement shall be permanently barred and enjoined:

(i)    from filing, commencing, prosecuting, intervening in, or participating in (individually or in a representative capacity) any lawsuit, action, or proceeding in any jurisdiction asserting or based upon any claims or causes of action released in the Settlement and Final Judgment; and

(ii)    from soliciting or encouraging any other Class members to participate in any such lawsuit, action, or proceeding.

20

Exhibit B

Mail to:    Settlement Administrator
Transamerica Life Settlement

_____

_____

# CLAIM FORM FOR PAST CLAIMANTS

This Claim Form is intended to provide certain monetary benefits to Settlement Class members defined as Past Claimants under the Class Action Settlement Agreement. See page ___ of the Notice of Proposed Class Action Settlement. If you do not have all of the information, please complete as much information as possible. Required information includes (i) the Insured/Policyholder's full name and address, and (ii) one of the following: the Insured/Policyholder's policy number, social security number, or date of birth.

### THIS CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____, 2009.

### IF YOU HAVE ANY QUESTIONS WHILE COMPLETING THIS CLAIM FORM, PLEASE CALL THE SETTLEMENT ADMINISTRATOR AT 1-800-___-____ FOR ASSISTANCE.

Name of Insured/Policyholder:                                      Policy Number:

_____                    _____

Social Security Number of Insured/Policyholder:          Name of Covered Person(s) who received treatment:

_____                    _____

Date of Birth (mm/dd/yyyy) of Insured/Policyholder:     Date of Birth (mm/dd/yyyy) of Covered Person(s):

_____                    _____

Mailing Address of Insured/Policyholder:

_____

_____

Your Name: _____        Home Phone Number:  (_____) _____

Your relationship to Insured: _____        Other Phone Number:  (_____) _____

Your Mailing Address:

_____
               P.O. Box                                City                        State        Zip

Has your address changed since we last heard from you?    ☐ Yes  ☐ No

Claims were submitted under the above-referenced policy for benefits based upon the "actual charges" for covered services (for example, chemotherapy, radiation therapy, blood-related benefits, or ambulance service) rendered on or after April 1, 2006.   ☐ Yes   ☐ No

I certify that the information submitted above is true and correct to the best of my knowledge and belief.

_____/_____/_____                    _____
Date (mm/dd/yyyy)                        Signature of the Insured, Surviving Spouse, or Personal Representative
                                         submitting this Claim Form

Mail to:   Settlement Administrator
Transamerica Life Settlement

_____
_____

# CLAIM FORM FOR FORMER CANCER POLICYHOLDERS

This Claim Form is intended to provide a one-time payment of $1,000 to certain Settlement Class members defined as Former Cancer Policyholders under the Class Action Settlement Agreement.  See page __ of the Notice of Proposed Class Action Settlement.  If you do not have all of the information, please complete as much information as possible.   Required information includes (i) the Former Cancer Policyholder's full name and address, (ii) one of the following:  his or her policy number, social security number, or date of birth, and (iii) proof of a positive diagnosis of cancer for the Former Cancer Policyholder after the date the policy terminated, or proof of a subsequent treatment for cancer for the Former Cancer Policyholder after the date of policy termination.

**THIS CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____, 2009.**

**If the Former Cancer Policyholder has not yet had a positive diagnosis of cancer or a subsequent treatment for cancer as of May ___, 2009 [the Notice Date], the proof of a positive diagnosis of cancer or subsequent treatment for cancer must be mailed within 90 days of the diagnosis or treatment to: Transamerica Life Insurance Company, Class Action Settlement Claims, 1400 Centerview Drive, Little Rock, Arkansas 72211.  The diagnosis or treatment must occur on or before April 23, 2019.**

| |
|---|
| **IF YOU HAVE ANY QUESTIONS WHILE COMPLETING THIS CLAIM FORM, PLEASE CALL THE SETTLEMENT ADMINISTRATOR AT 1-800-___-____ FOR ASSISTANCE.** |

Name of Former Cancer Policyholder: _____   Policy Number: _____

Social Security Number: _____   The Policy terminated prior to April 23, 2009:
☐ Yes    ☐ No

Date of Birth (mm/dd/yyyy): _____   Date Policy terminated (or approximate date of last premium payment): _____

Address of Former Cancer Policyholder:

_____
          Street or P.O. Box                              City                        State        Zip

Your Name: _____   Your relationship to Former Policyholder:_____

Your Mailing Address:

_____
          Street or P.O. Box                              City                        State        Zip

Has your address changed since we last heard from you?    ☐ Yes  ☐ No

Home Phone Number: (_____) _____   Other Phone Number: (_____) _____

The Former Cancer Policyholder was positively diagnosed with cancer after the above Policy terminated:    ☐ Yes   ☐ No

The Former Cancer Policyholder was subsequently treated for cancer after the above Policy terminated:    ☐ Yes   ☐ No

**Very important:**  In order for this Claim Form to be valid, you must attach proof of a Positive Diagnosis of Cancer for the Former Cancer Policyholder satisfying the terms of the Policy (generally a Pathology Report), or proof of a subsequent treatment for cancer for the Former Cancer Policyholder, occurring after the date the Policy terminated. If the Former Cancer Policyholder has not yet had a positive diagnosis of cancer or a subsequent treatment for cancer as of May ___, 2009 [Notice Date], you may submit only the Claim Form at this time, but you must submit the proof of a positive diagnosis of cancer or treatment for cancer for the Former Cancer Policyholder to Transamerica Life Insurance Company (see address above) within 90 days of diagnosis or treatment occurring on or before April 23, 2019.

I certify that the information submitted above is true and correct to the best of my knowledge and belief.

_____/_____/_____                    _____
   Date (mm/dd/yyyy)                         Signature of Former Cancer Policyholder or Person submitting this Claim Form

Mail to:   Settlement Administrator
           Transamerica Life Settlement
           _____
           _____

# CLAIM FORM FOR DECEASED FORMER CANCER POLICYHOLDERS

This Claim Form is intended to provide certain monetary benefits to the surviving spouse or estate of certain deceased Former Cancer Policyholders (as defined under the Class Action Settlement Agreement) who (i) were never diagnosed with cancer, or (ii) were diagnosed with cancer but did not receive treatment for cancer after the date his or her policy terminated.  See page __ of the Notice of Proposed Class Action Settlement.  If you do not have all of the information, please complete as much information as possible.  Required information includes (i) the deceased Former Cancer Policyholder's full name and last known address, (ii) his or her policy number, social security number, or date of birth, (iii) the full name and address of the surviving spouse or legal representative filing this Claim Form, (iv) a Certificate of Death, and (v) the Claim Statement (below) indicating that the deceased Former Cancer Policyholder was never diagnosed with cancer, or had been diagnosed with cancer but did not receive treatment for cancer after the date his or her policy terminated.

## THIS CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____, 2009.

**IF YOU HAVE ANY QUESTIONS WHILE COMPLETING THIS CLAIM FORM, PLEASE CALL THE SETTLEMENT ADMINISTRATOR AT 1-800-___-____ FOR ASSISTANCE.**

Name of Deceased Former Cancer Policyholder:

Your Name:

_____

_____

Policy Number:

Your relationship to Deceased Former Cancer Policyholder:

_____

_____

Social Security Number: _____

Your Social Security Number: _____

Date of Birth (mm/dd/yyyy): _____

Your Date of Birth (mm/dd/yyyy): _____

Last Known Address of Deceased Former Cancer Policyholder:

_____

| Street | (Apt #) | City | State | Zip |

Are you the surviving spouse of the Deceased Former Cancer Policyholder:  ☐ Yes   ☐ No

Are you the Legal Representative of the Estate of the Deceased Former Cancer Policyholder:  ☐ Yes   ☐ No

Your Mailing Address:

_____

| Street or P.O. Box | City | State | Zip |

Home Phone Number: (_____) _____

Other Phone Number: (_____) _____

The Deceased Former Cancer Policyholder was never diagnosed with cancer:  ☐ Yes   ☐ No

The Deceased Former Cancer Policyholder was diagnosed with cancer, but did not receive treatment for cancer after the date his or her Policy terminated:  ☐ Yes   ☐ No

I certify that the information submitted above is true and correct to the best of my knowledge and belief.

_____/_____/_____

_____

Date (mm/dd/yyyy)

Signature of Person submitting this Claim Form

Exhibit C

# If you were covered under a Cancer or Supplemental Insurance Policy issued or administered by Transamerica Life Insurance Company or Life Investors Insurance Company of America, you could get a payment from a class action settlement.

A settlement has been proposed in a class action lawsuit involving certain cancer insurance policies and other supplemental insurance policies issued or administered by Transamerica Life Insurance Company or Life Investors Insurance Company of America. The settlement will provide payments to certain current and former policyholders and their heirs. If you qualify, you may send in a Claim Form to get benefits, or you can exclude yourself from the settlement, or object to it.

The Circuit Court for Pulaski County, Arkansas has preliminarily approved the settlement and authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to finally approve the settlement.

## WHO'S INCLUDED?

You may be included in the settlement if: (a) you were insured or covered under a cancer insurance policy in force at any time from January 1, 2004 through April 23, 2009; or (b) you were insured or covered on April 23, 2009 under another supplemental policy that pays benefits based upon the "actual charges" for medical services, or you submitted a claim for benefits based upon "actual charges" after April 1, 2006; or (c) you are the surviving spouse or legal representative of someone described in (a) or (b).

If you are not sure whether you are included, visit www.SupplementalInsuranceSettlement.com or call toll-free at 1-800-000-0000 to get more information, including a detailed class notice.

## WHAT'S THIS ABOUT?

This lawsuit claimed that Transamerica Life and certain affiliated companies breached the terms of certain cancer insurance policies and other supplemental insurance policies (the "Policies") by not paying benefits properly, including benefits based upon the "actual charges" for medical services, and by changing the companies' claims procedures in 2006 to require more documentation for claims based on "actual charges." The lawsuit also claimed that Transamerica Life wrongfully increased premiums for the Policies. The companies strenuously deny that they did anything wrong. The Court did not decide which side was right. But both sides agreed to the settlement to resolve the case and get benefits to current and former policyholders. The two sides disagree on how much money, if any, could have been won and whether a class action would be appropriate if the case went to trial.

## WHAT DOES THE SETTLEMENT PROVIDE?

The settlement includes both payments of money and non-monetary benefits to qualifying Class members. Not all Class members will qualify for money benefits. The money benefits include a percentage of certain past claims under the Policies up to an additional $15,000; a $1,000 payment to certain current policyholders; and a $500 payment to certain deceased former policyholders. All Class members are entitled to certain non-monetary relief, including a premium rate freeze for twelve months. A Settlement Agreement, available at the website below, describes all of the details about the proposed settlement. To find out if you qualify for money benefits, please visit the website or call the toll-free number.

## HOW DO YOU ASK FOR A PAYMENT?

A detailed class notice and claim form package contains everything you need. If you did not receive one by mail, just call or visit the website below to get one. To qualify for a cash payment, you **must** send in a claim form **postmarked by August __, 2009.**

## WHAT ARE YOUR OTHER OPTIONS?

If you don't want to be legally bound by the settlement, you must exclude yourself by June __, 2009, or you won't be able to sue, or continue to sue Transamerica Life or any of its affiliates about the legal claims involved in the Settlement. If you exclude yourself, you can't get any benefits from the settlement. If you stay in the settlement, you may object to it in writing by June __, 2009. The detailed notice explains how to exclude yourself or object.

The Court will hold a hearing in this case (*Runyan v. Transamerica Life Insurance Company*, Case No. CV-09-2066-3), in the Third Division of the Circuit Court of Pulaski County, Little Rock, Arkansas, on July __, 2009, to consider whether to approve the settlement and a request by the lawyers representing all Class Members for $3,500,000 in attorneys' fees and costs. The fees and costs won't reduce the amount of benefits available to qualifying Class members. You may ask to appear at the hearing, but you don't have to. For more information, call the Settlement Administrator toll-free at 1-800-000-0000 or visit the website www.Supplemental InsuranceSettlement.com.

Exhibit D

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

CIVIL DIVISION

EDISON RUNYAN; DWIGHT PIPES;
EARL L. PURIFOY; JOHN ROSS,                        CASE NO. CV-09-2066-3
As The Legal Representative Of
ELIZABETH ROSS; MARY WEIDMAN;
DURAIN WEIDMAN; MARION HARRIS;
and VAN R. NOLAN, Each Individually,
And On Behalf Of All Others Similarly Situated                  PLAINTIFFS

VERSUS

TRANSAMERICA LIFE INSURANCE
COMPANY; LIFE INVESTORS INSURANCE
COMPANY OF AMERICA; MONUMENTAL
LIFE INSURANCE COMPANY; and
AEGON USA, INC.                                                 DEFENDANTS
_____/

## ORDER GRANTING PRELIMINARY APPROVAL
## TO CLASS ACTION SETTLEMENT AND
## DIRECTING NOTICE TO SETTLEMENT CLASS

WHEREAS Plaintiffs Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross as legal

representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R.

Nolan in the above-captioned action ("Plaintiffs"), on behalf of themselves and on behalf of the

Settlement Class (as defined below), and the Defendants Transamerica Life Insurance Company,

Life Investors Insurance Company of America, and Monumental Life Insurance Company, all

acting by and through their respective counsel, have agreed, subject to Court approval, to settle

this litigation upon the terms and conditions stated in the Class Action Settlement Agreement

filed with the Court on April ___, 2009 (the "Settlement Agreement"); and

WHEREAS the parties have jointly moved for preliminary approval of the Settlement

Agreement, and the Court having reviewed the Settlement Agreement and supporting papers, and

having held a hearing in this matter finds that good cause exists for the preliminary approval of the Settlement pursuant to Rule 23 of the Arkansas Rules of Civil Procedure as set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     <u>Preliminary Approval of Settlement</u>.  The proposed Settlement and terms of the Settlement Agreement are hereby preliminarily approved as sufficiently fair, reasonable, adequate, and in the best interest of the Class members to warrant sending notice to the Settlement Class.  The Settlement Agreement is hereby incorporated by reference in this Order and all terms defined in the Settlement Agreement will have the same meanings when used in this Order.

2.     <u>Settlement Class</u>.  For purposes of determining whether the terms of the proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is conditionally certified for settlement purposes only (the "Settlement Class" or "Class"):

> All persons in the United States: (i) who were an insured, covered person, or beneficiary under a Cancer Policy in force at any time from January 1, 2004 through the date of this Order; or (ii) who were an insured, covered person, or beneficiary under a Non-Cancer Actual Charges Policy which is in force at the time of this Order, or who submitted a claim for Actual Charges Benefits under a Non-Cancer Actual Charges Policy after the effective date of the 2006 Updated Claims Procedures; or (iii) the surviving spouse or legal representative of such persons defined in (i) or (ii).

The terms Cancer Policy, Non-Cancer Actual Charges Policy, and 2006 Updated Claims Procedures are defined in the Settlement Agreement and shall have the same meanings as used in this Order.[1]

---

[1] The Settlement Class does not include insureds or covered persons under critical illness or critical disease policies written on the following policy forms: 1CGCI100, 1CGCI1WF, CC200300, CC200311, CCCI0200, CCCI02AG, CP500700, CP5NR7MD, TCGCI100, TCGCIJCP, TPCI01FL, TPCI0FFL, TPSDC1NY, TPSDC2NY; provided however, that such persons may be Settlement Class members if they own or are a covered person under a separate

Excluded from the Settlement Class are the following:

(a)    All persons who previously (A) entered into a written agreement with the Company releasing all claims relating to the meaning of "actual charges" under their Actual Charges Policy, or (B) entered into a written agreement with the Company surrendering their Actual Charges Policy and releasing all claims relating to their Actual Charges Policy;[2]

(b)    All persons who, during the Class Period, were officers, directors, or employees of the Company; and

(c)    All persons currently serving as judges or justices in the State courts of Arkansas and members of their immediate family.

The conditional certification of the Settlement Class above shall be for settlement purposes only and shall not constitute a finding or be deemed an admission by any of the Parties that the certification of a class would be appropriate outside of the settlement context or absent the Settlement Agreement. Neither the Company nor any of its affiliates shall be deemed to have waived any of their defenses or objections to class certification outside of the settlement context. If the Settlement Agreement is terminated or is not finally approved for any reason, the Company and its affiliates shall retain all of their objections and defenses to certification of any class for trial purposes, and neither Class Counsel nor any Representative Plaintiff or Settlement Class member shall offer the Settlement Agreement or the conditional certification under this Order as evidence in support of any motion to certify a class outside of the Settlement context or in any other proceeding.

---

Cancer Policy or Non-Cancer Actual Charges Policy otherwise bringing them within the definition of the Settlement Class.

[2] The Company is defined as Transamerica Life, including Life Investors which merged into Transamerica Life effective October 2, 2008, and all of the predecessor companies of Transamerica Life or Life Investors that issued or administered a Cancer Policy or Actual Charges Policy within the Class Period.

3.    <u>Class Representatives and Class Counsel.</u>  Plaintiffs Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross as legal representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R. Nolan (collectively, the "Representative Plaintiffs") are preliminarily appointed as representatives of the Settlement Class, and the following attorneys for the Representative Plaintiffs are appointed as counsel for the Settlement Class ("Class Counsel"):

> Scott E. Brady, Esq.
> Philip Bohrer, Esq.
> BOHRER LAW FIRM, L.L.C.
> 8712 Jefferson Highway, Suite B
> Baton Rouge, Louisiana 70809
>
> Stan P. Baudin, Esq.
> PENDLEY, BAUDIN & COFFIN, LLP
> 24110 Eden Street
> Plaquemine, Louisiana  70764

If final approval of the proposed Settlement is not granted for any reason, this Order, including the above description of the Settlement Class and the appointment of Class Counsel and the Plaintiffs as class representatives, shall be automatically vacated.

4.    <u>Settlement Administrator.</u>  _____ is hereby appointed as the agreed upon Settlement Administrator with the duties and responsibilities as set forth in the Settlement Agreement.  The Settlement Administrator shall retain records of all Claim Forms, Requests for Exclusion, and Notices returned as undeliverable, including original envelopes with postmark dates.  The Company shall pay the reasonable fees and costs of the Settlement Administrator in accordance with the terms of the Settlement Agreement.

5.    <u>Notice Plan.</u>  The Parties have prepared the written Notice of Proposed Class Action Settlement (the "Notice"), Publication Notice, and Claim Forms which are attached as exhibits to the Settlement Agreement and have been provided to and reviewed by the Court in

connection with the Joint Motion for Preliminary Approval of Class Action Settlement filed on April ____, 2009. These materials are to be used in conjunction with the Notice Plan set forth in Section 6 of the Settlement Agreement and as described below.

6.      Mail Notice. Within seven days after this Order, the Company shall deliver to the Settlement Administrator a list of the most current names and addresses of all insureds or their surviving spouses who are Settlement Class members and who can be identified through reasonable efforts from the electronic business records of the Company (the "Class Mailing List"). Within 21 days after the date of this Order, but not less than sixty (60) days before the date set by the Court for the Fairness Hearing, the Settlement Administrator will send by U.S. mail a copy of the Notice to all persons on the Class Mailing List. The Notice shall be in substantially the form as Exhibit A to the Settlement Agreement and shall include the Claim Forms required by the Settlement Agreement. The Settlement Administrator shall use the National Change of Address database (the "NCOA") in an attempt to obtain better addresses for any Settlement Class members without current addresses. The Settlement Administrator shall keep records of the Notices mailed and to whom, and any Notices that are returned as undeliverable.

7.      Publication Notice. Not less than forty-five (45) days before the date set by the Court for the Fairness Hearing, the Company shall cause to be published a summary notice of the Settlement twice within one week in *USA Today* (on dates falling on Monday through Thursday) not less than 1/8 page in size (the "Publication Notice"). This Publication Notice shall be substantially in the form of Exhibit B to the Settlement Agreement and shall contain the Exclusion Deadline and the Objection Deadline, and shall include an Internet website address where Settlement Class members may view and download a copy of the full Notice, the Claim

5

Forms, and the Settlement Agreement. The Publication Notice shall also include a toll-free phone number where Class members may call the Settlement Administrator to request a copy of the Notice and Claim Forms.

8.     Internet Site. No later than the first publication date of the Publication Notice, the Company shall establish an Internet website address where Settlement Class members may view and download a full copy of the Notice, the Claim Forms, and the Settlement Agreement and Exhibits. The Internet site shall also include a toll-free telephone number for contacting the Settlement Administrator.

9.     Proof of Notice. Prior to or at the Fairness Hearing, the Company or Settlement Administrator shall file with the Court a declaration or affidavit confirming proof of mailing of the Notice and proof of publication of the Publication Notice in accordance with the terms of this Order.

10.     Costs of Notice Plan. The Company shall pay the costs of printing and mailing the Notice and the costs of the Publication Notice as agreed in the Settlement Agreement.

11.     Approval of Notice Plan. The Court preliminarily finds that the Notice Plan, including the form and plan for dissemination of the Notice and the Publication Notice under the terms provided for in this Order and the Settlement Agreement, together with the posting of the Settlement Agreement and the Notice on the Internet website, is reasonable, constitutes the best notice practicable under the circumstances, includes individual notice to all members of the Settlement Class who can be identified through reasonable effort, is reasonably calculated to apprise Settlement Class members of all material terms of the Settlement and the effect of the Settlement, and is otherwise adequate and sufficient notice to all persons entitled to such notice,

and fully satisfies the requirements of the Arkansas Rules of Civil Procedure and the applicable

requirements of due process.

12.   <u>Fairness Hearing</u>.  The Court will hold a hearing (the "Fairness Hearing") before

the Honorable Jay Moody, in the Third Division of Pulaski County Circuit Court, 401 W.

Markham, Little Rock, Arkansas   72201, on **[July]** ____, 2009, to consider whether the

Settlement should be granted final approval as fair, reasonable, and adequate under Ark. R. Civ.

P. 23 and whether the proposed Final Order and Judgment which forms part of the Settlement

should be entered approving the Settlement and dismissing this Action with prejudice.  During

the Fairness Hearing, the Court will consider all aspects of the Settlement properly brought

before the Court, including but not limited to the fairness, reasonableness, and adequacy of the

Settlement, objections, if any, to the Settlement that are properly and timely presented, the

proposed award of attorneys' fees, costs and expenses to Class Counsel, and the proposed

incentive awards to the Representative Plaintiffs.  Upon request of the Parties and a showing of

good cause or for purposes of the Court's schedule, the Fairness Hearing may be continued,

adjourned or rescheduled by the Court without further notice to members of the Settlement

Class.

13.   <u>Exclusion</u>.  Any Settlement Class member who wishes to opt out and exclude

himself or herself from the Settlement Class must mail a written request for exclusion ("Request

for Exclusion") to the Settlement Administrator no later than 45 days after the date on which the

Notice is mailed to the majority of Settlement Class members as stated in the Notice (the

"Exclusion Deadline").  In order to be valid and effective, the Request for Exclusion must be

sent by first class mail properly addressed to the Settlement Administrator, postmarked on or

before the Exclusion Deadline, and (A) must include the Class member's full name and address,

and fully satisfies the requirements of the Arkansas Rules of Civil Procedure and the applicable requirements of due process.

12.   Fairness Hearing.  The Court will hold a hearing (the "Fairness Hearing") before the Honorable Jay Moody, in the Third Division of Pulaski County Circuit Court, 401 W. Markham, Little Rock, Arkansas   72201, on **[July]** ____, 2009, to consider whether the Settlement should be granted final approval as fair, reasonable, and adequate under Ark. R. Civ. P. 23 and whether the proposed Final Order and Judgment which forms part of the Settlement should be entered approving the Settlement and dismissing this Action with prejudice.  During the Fairness Hearing, the Court will consider all aspects of the Settlement properly brought before the Court, including but not limited to the fairness, reasonableness, and adequacy of the Settlement, objections, if any, to the Settlement that are properly and timely presented, the proposed award of attorneys' fees, costs and expenses to Class Counsel, and the proposed incentive awards to the Representative Plaintiffs.  Upon request of the Parties and a showing of good cause or for purposes of the Court's schedule, the Fairness Hearing may be continued, adjourned or rescheduled by the Court without further notice to members of the Settlement Class.

13.   Exclusion.  Any Settlement Class member who wishes to opt out and exclude himself or herself from the Settlement Class must mail a written request for exclusion ("Request for Exclusion") to the Settlement Administrator no later than 45 days after the date on which the Notice is mailed to the majority of Settlement Class members as stated in the Notice (the "Exclusion Deadline").  In order to be valid and effective, the Request for Exclusion must be sent by first class mail properly addressed to the Settlement Administrator, postmarked on or before the Exclusion Deadline, and (A) must include the Class member's full name and address,

7

(B) must bear the individual signature of the person seeking exclusion, and (C) must clearly state that the Settlement Class member desires to be excluded from the Class. No persons shall be permitted to request exclusion from the Settlement Class on behalf of any other Settlement Class members, except that a legal representative or guardian may submit a Request for Exclusion on behalf of a deceased, incapacitated, or minor Class member. Each individual Class member seeking to exclude themselves from the Settlement, regardless of whether covered under the same Policy as another Class member, must submit an individually signed Request for Exclusion. Any attempt to frustrate the purpose of the Settlement by opting out a class or group of individuals shall be null and void.

All Settlement Class members who timely and properly submit a written Request for Exclusion to opt out and exclude themselves from the Settlement shall no longer be members of the Class; such persons shall have no rights under the Settlement, shall not share in the distribution of any funds under the Settlement, and shall not be bound by any Final Order and Judgment approving the Settlement. Any Class member who does not file a proper and timely Request for Exclusion that satisfies all requirements of this Order shall be considered a Class member for all purposes and shall be bound by the Final Order and Judgment.

The Settlement Administrator shall provide copies of all Requests for Exclusion to Class Counsel and counsel to the Company. On the date of the Fairness Hearing, the Settlement Administrator shall submit to the Court, under seal, a report listing all persons who timely filed Requests for Exclusion, and all persons who filed untimely Requests for Exclusion, providing for each such person the date the Request for Exclusion was postmarked, and the date it was received. A copy of the report shall be provided to Class Counsel and counsel to the Company.

14.   Objections.  Any Settlement Class member who does not request exclusion from the Settlement Class may object to the proposed Settlement by filing with the Court an Objection in writing, with a copy served to Class Counsel, counsel to the Company, and the Settlement Administrator, no later than 45 days after the date on which the Notice is mailed to the majority of Settlement Class members as stated in the Notice (the "Objection Deadline").  The right to object to the proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or class and, except in the case of a deceased, incapacitated, or minor Class member, not by the act of another person acting or purporting to act in a representative capacity.  In order to be effective, an Objection must be in writing, filed with the Court, mailed to the Settlement Administrator, and served on Class Counsel and counsel to the Company by first class mail and facsimile by the Objection Deadline, and must contain:

(a)   A heading which includes the name of this case and the case number;

(b)   The name, address, telephone number, and signature of the Settlement Class member filing the Objection;

(c)   A detailed description of the nature and all grounds for the Objection, including any legal support the Class member intends to bring to the Court's attention, and copies of any documents or evidence that the Class member intends to introduce or present in support of the Objection;

(d)   The name, address, bar number, and telephone number of the objecting Class member's counsel, if represented by an attorney. If the Class member is represented by an attorney, he or she must comply with all applicable Arkansas laws and rules for filing pleadings and documents in Arkansas Courts;

(e)      A statement whether the Objector intends to appear at the Fairness Hearing, either in person or through counsel; and

(f)      A Certificate of Service showing that copies of the Objection were served on Class Counsel, counsel to the Company, and the Settlement Administrator on or before the Objection Deadline.

15.      Appearance of Objectors.  If a Settlement Class member or his or her attorney desires permission to speak at the Fairness Hearing for the purpose of objecting to the Settlement, the Settlement Class member must comply with all of the requirements for Objections in paragraph 14 and must file with the Court a notice of intent to appear on or before the Objection Deadline containing or accompanied by the following information:

(a)      The name, address, and telephone number of the person who intends to appear at the Fairness Hearing and a copy of the written Objection to the Settlement.

(b)      A detailed statement of the specific legal and factual basis for each ground for objection;

(c)      A list of any witnesses that the Objector would like to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

(d)      A detailed description of any and all evidence the Objector may offer at the Fairness Hearing, including copies of any and all exhibits which the Objector may seek to introduce at the Fairness Hearing; and

(e)      Documentary or other proof of membership in the Settlement Class.

In order to be effective, copies of the notice of intent to appear must be filed with the Court and served by first class mail and facsimile to Class Counsel, counsel to the Company, and the Settlement Administrator on or before the Objection Deadline.   Persons who comply with

the above requirements will be permitted an opportunity to be heard at the Fairness Hearing to the extent allowed and deemed appropriate by the Court.

16.     Waiver of Right to Object or Exclude. Any Settlement Class member who fails to comply with the requirements of Paragraph 14 of this Order shall waive and forfeit any and all rights to object to the Settlement; any Settlement Class member who fails to comply with the requirements of Paragraph 15 of this Order will waive and forfeit any and all rights to appear and be heard at the Fairness Hearing.   Settlement Class members have the right to exclude themselves from the Settlement as described above if they wish to pursue a separate and independent remedy against the Company.   Settlement Class members who object to the proposed Settlement shall remain Class members, and have voluntarily waived their right to pursue an independent remedy against the Company.   If their objections to the proposed Settlement are overruled in whole or in part, they will be forever bound by the Final Order and Judgment of the Court. Settlement Class members can avoid being bound by any judgment of the Court by complying with the exclusion provisions set forth above.

17.     Injunction. Pending a final determination after the Fairness Hearing whether the Settlement should be approved as fair, reasonable, and adequate, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are hereby enjoined and prohibited from attempting to frustrate the purpose of the Settlement by doing any of the following:

(a)     commencing, filing, prosecuting, or participating in any other action or proceeding in any jurisdiction, either directly or indirectly, that asserts claims against the Company or the Released Parties which relate to a Cancer Policy or an Actual Charges Policy and fall within the definition of Released Claims under the Settlement Agreement; and

11

(b)    organizing Settlement Class members into a separate class or subclass for purposes of pursuing as a purported class action any lawsuit or proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that asserts claims against the Company or the Released Parties which relate to a Cancer Policy or an Actual Charges Policy and fall with the definition of Released Claims under the Settlement Agreement.

18.    <u>Communications</u>. The Company is authorized to communicate with and respond to inquiries from policyholders and Settlement Class members orally or in writing, and to engage in any other communications within the ordinary course of the Company's business. Any inquiries from Settlement Class members concerning the proposed Settlement shall be referred first to the Settlement Administrator, and if not resolved by the Settlement Administrator, then to Class Counsel. In the event of such referral, Class Counsel shall consult with the Company's counsel regarding any required interpretation of the Settlement Agreement. To avoid any potential conflict with the Settlement Class, Class Counsel and their respective firms shall not encourage, solicit, or otherwise assist in any way, including but not limited to referrals to other counsel, any person requesting exclusion from the Settlement Class; this will not prevent Class Counsel from responding to questions from a Class member about the procedures under this Order for excluding oneself from the Settlement.

19.    <u>No Admissions</u>. Neither this Order nor the Settlement Agreement nor any proposals, negotiations, communications, documents, or discussions relating to the Settlement shall be considered, offered, or used in any action or proceeding as an admission of any wrongdoing, liability, or fault of any kind. Neither this Order nor the terms of the Settlement Agreement nor any proposals, negotiations, communications, documents, or discussions relating

12

to the Settlement Agreement may be introduced or used in any action or proceeding as proof of any fact or point of law, except in a proceeding before this Court to enforce the terms of the Settlement Agreement.   The conditional certification of the Settlement Class for settlement purposes shall not be considered, offered, introduced, or used in any other proceeding as an admission of any kind that the certification of a class would be appropriate outside of the settlement context. If the Settlement Agreement is terminated or is not finally approved for any reason, the Company and its affiliates shall retain all of their objections and defenses to certification of any class for trial purposes, and no person shall offer the Settlement Agreement or the conditional certification under this Order as evidence in support of any motion to certify a class outside of the settlement context in any other proceeding.

20.     Termination of Settlement. In the event that the proposed Settlement is not finally approved by the Court, or the proposed Settlement is terminated or does not achieve Final Approval pursuant to the terms of the Settlement Agreement for any reason, this Order shall be without prejudice to the rights of the Parties, all of whom shall be restored to the extent possible to their respective positions existing immediately before this Court entered this Order.  In such event, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect except as expressly provided in the Settlement Agreement.

21.     Stay. It is hereby ordered that this Action shall be stayed except for proceedings in connection with the effectuation of the proposed Settlement.

IT IS SO ORDERED, this the _____ day of April, 2009.


_____
JAY MOODY
JUDGE OF THE CIRCUIT COURT


13

APPROVED AS TO FORM:

Tom Thompson (ABA #77133)
Casey Castleberry (ABA #2003109)
MURPHY, THOMPSON, ARNOLD, SKINNER
  & CASTLEBERRY
Post Office Box 2595
Batesville, Arkansas 72503-2595
Telephone: (870) 793-3821
Facsimile: (870) 793-3815

Scott E. Brady (LSBA #24976)
Philip Bohrer (LSBA #14089)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Stan P. Baudin (LSBA #22937)
PENDLEY, BAUDIN & COFFIN, LLP
24110 Eden Street
Plaquemine, Louisiana 70764
Telephone: (225) 687-6396
Facsimile: (225) 687-6398

*Counsel for Plaintiffs*

John K. Baker (ABA #97024)
Lyn Pruitt (ABA #84121425)
MITCHELL, WILLIAMS, SELIG, GATES
  & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8800
Facsimile: (501) 688-8807

Markham R. Leventhal, Esq.
Julianna Thomas McCabe, Esq.
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

*Counsel for Defendants*

14

Exhibit E

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

CIVIL DIVISION

EDISON RUNYAN; DWIGHT PIPES;
EARL L. PURIFOY; JOHN ROSS,                        CASE NO. CV-09-2066-3
As The Legal Representative Of
ELIZABETH ROSS; MARY WEIDMAN;
DURAIN WEIDMAN; MARION HARRIS;
and VAN R. NOLAN, Each Individually,
And On Behalf Of All Others Similarly Situated              PLAINTIFFS

VERSUS

TRANSAMERICA LIFE INSURANCE
COMPANY; LIFE INVESTORS INSURANCE
COMPANY OF AMERICA; MONUMENTAL
LIFE INSURANCE COMPANY; and
AEGON USA, INC.                                            DEFENDANTS
_____/

## FINAL ORDER AND JUDGMENT

This matter comes before the Court pursuant to the motion of the parties for final approval of the Class Action Settlement in this case. The Court having considered the Class Action Settlement Agreement ("Settlement Agreement") previously filed with the Court on April __, 2009, and having held a hearing on **[Insert Date]** after notice to the Settlement Class, and having considered the memoranda and other papers filed in this Action, the arguments and evidence presented, and all other proceedings herein; it is hereby

ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.    Settlement Agreement.  The Settlement Agreement is hereby incorporated by reference into this Final Order and Judgment ("Final Judgment") and all capitalized terms defined in the Settlement Agreement will have the same meanings as used in this Final Judgment. The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as (a) shall be consistent in all

material respects with this Final Judgment and (b) do not limit the rights of Settlement Class

members; otherwise, such amendments, modifications, and expansions shall only be effective

after notice to and approval of the Court.

2.    Final Approval. The Court finds that the terms and provisions of the Settlement

Agreement including all exhibits have been entered into in good faith and are hereby fully and

finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs

and the Settlement Class members. The Court incorporates into this Final Judgment its Findings

of Fact and Conclusions of Law entered separately. The Parties and Settlement Class members

are hereby directed to implement and consummate the Settlement Agreement according to its

terms and provisions.

3.    Certification. The prior provisional certification of the Settlement Class in the

Court's Preliminary Approval Order pursuant to Arkansas Rule of Civil Procedure 23(b) is

hereby confirmed and approved for purposes of the Settlement. The Settlement Class or Class is

defined as:

> All persons in the United States: (i) who were an insured, covered person,
> or beneficiary under a Cancer Policy in force at any time from January 1,
> 2004 through April __, 2009 [date of the Preliminary Approval Order]; or
> (ii) who were an insured, covered person, or beneficiary under a Non-
> Cancer Actual Charges Policy which was in force on April __, 2009 [date
> of the Preliminary Approval Order], or who submitted a claim for Actual
> Charges Benefits under a Non-Cancer Actual Charges Policy after the
> effective date of the 2006 Updated Claims Procedures; or (iii) the
> surviving spouse or legal representative of such persons defined in (i) or
> (ii).

The terms Cancer Policy, Non-Cancer Actual Charges Policy, and 2006 Updated Claims

Procedures are defined in the Settlement Agreement and shall have the same meanings as used in

this Order.

The Settlement Class does not include insureds or covered persons under critical illness

2

or critical disease policies written on the following policy forms: 1CGCI100, 1CGCI1WF, CC200300, CC200311, CCCI0200, CCCI02AG, CP500700, CP5NR7MD, TCGCI100, TCGCIJCP, TPCI01FL, TPCI0FFL, TPSDC1NY, TPSDC2NY; provided however, that such persons may be Settlement Class members if they own or are a covered person under a separate Cancer Policy or Non-Cancer Actual Charges Policy otherwise bringing them within the definition of the Settlement Class.

Excluded from the Settlement Class are the following:

(a)     All persons who previously (A) entered into a written agreement with the Company releasing all claims relating to the meaning of "actual charges" under their Actual Charges Policy, or (B) entered into a written agreement with the Company surrendering their Actual Charges Policy and releasing all claims relating to their Actual Charges Policy;[1]

(b)     All persons who, during the Class Period, were officers, directors, or employees of the Company; and

(c)     All persons currently serving as judges or justices in the State courts of Arkansas and members of their immediate family.

The certification of the Settlement Class above is for purposes of effectuating the Settlement only and shall not constitute an admission by any of the Parties that the certification of a class would have been appropriate outside of the settlement context or absent the Settlement Agreement. If this Final Judgment is set aside for any reason, neither the Company nor any of its affiliates shall be deemed to have waived any of their defenses or objections to class certification outside of the settlement context, and the Company and its affiliates shall retain all of their objections and defenses to certification of any class for trial purposes, and no person shall offer the Settlement Agreement or the certification for settlement purposes in this Action as evidence

---

[1] The Company is defined as Transamerica Life, including Life Investors which merged into Transamerica Life effective October 2, 2008, and all of the predecessor companies of Transamerica Life or Life Investors that issued or administered a Cancer Policy or Actual Charges Policy within the Class Period.

in support of any motion to certify a class outside of the Settlement or in any other action or proceeding.

      4.    <u>Settlement Administrator</u>.   The Court confirms the appointment of _____ as Settlement Administrator to carry out the duties and responsibilities as set forth in the Settlement Agreement.  Neither Plaintiffs, nor Defendants, nor the parties' counsel shall be liable for any act or omission of the Settlement Administrator.

      5.    <u>Notice Plan</u>.  The Court makes the following findings regarding notice to the Settlement Class.  The Court finds that the Notice Plan, including the distribution of the written Notice by mail, issuance of the Publication Notice, and creation of the Internet website, in accordance with the Settlement Agreement and this Court's Preliminary Approval Order: (i) constituted the best notice practicable under the circumstances to Settlement Class members, including individual notice to all members of the Class who could be identified through reasonable effort; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, how the Settlement would affect them, their right to exclude themselves from the Settlement, and their right to object to the Settlement and appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iv) fully satisfied the requirements of Arkansas Rule of Civil Procedure 23, the due process requirements of the United States Constitution, and other applicable law.

      6.    <u>Class Counsel</u>.  The Court confirms the appointment of the following attorneys as Class Counsel having found that they are experienced in class action litigation and have fully and adequately represented the Plaintiffs and Class members in negotiating and implementing the Settlement and have satisfied the requirements of Ark. R. Civ. P. 23:

4

Scott E. Brady, Esq.
Philip Bohrer, Esq.
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809

Stan P. Baudin, Esq.
PENDLEY, BAUDIN & COFFIN, LLP
24110 Eden Street
Plaquemine, Louisiana 70764

7.   Class Representatives.  The Court finds that Plaintiffs Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross as legal representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R. Nolan (collectively, the "Plaintiffs" or "Representative Plaintiffs") have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and the Court confirms their appointment as adequate class representatives.  Pursuant to the Settlement Agreement the Court awards the sum of $7,500 to each of the Representative Plaintiffs to compensate them for their time and effort in representing the Settlement Class.  The foregoing awards shall be paid by the Company pursuant to the terms of the Settlement Agreement.

8.   Release.  All Settlement Class members who did not request exclusion from the Settlement Class in the time and manner provided in the Preliminary Approval Order are adjudged to be Settlement Class members and, together with their heirs, trustees, executors, administrators, principals, beneficiaries, assigns and successors, will be bound by this Final Judgment and by the Settlement Agreement.  The following Release, which is also set forth in Section 13 of the Settlement Agreement, is expressly incorporated into this Final Judgment and is effective as of the date of this Final Judgment; and the Released Parties are forever released and discharged from any and all claims and liabilities as set forth below.

(a)   Release. Except as expressly provided in subsection (b) below, effective on the date of this Final Judgment, all Representative Plaintiffs, and all Settlement Class members who have not properly and timely excluded themselves from the Class, on behalf of themselves and all representatives, heirs, successors, assigns, and any other persons claiming under or through them (collectively, the "Releasing Parties") do hereby expressly and irrevocably waive, release, and forever discharge the Company, Monumental Life, AEGON USA, LLC, and all of their respective current and former officers, directors, stockholders, subsidiaries, parent companies, affiliated companies, employees, agents, attorneys, predecessors, successors, heirs, and assigns (collectively the "Released Parties") from any and all claims, demands, complaints, disputes, causes of action, rights of action, suits, debts, liabilities, obligations, and damages of every nature whatsoever, whether based on federal, state, or local law, statute, ordinance, regulation, common law, private contract, agreement, or any other authority (collectively, "Claims"), whether known or unknown, asserted or unasserted, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to a Cancer Policy or an Actual Charges Policy (collectively, a "Policy" or the "Policies"), for the following:

(i)   Any and all Claims asserted or which could have been asserted in the Litigation;

(ii)   Any and all Claims relating to the marketing, sale, or purchase of a Policy, including but not limited to any Claims based upon or relating to any misrepresentations or omissions allegedly made in written materials or by an agent in connection with the sale of a Policy;

6

(viii)   Any and all Claims for attorneys' fees, costs, or expenses.

The Representative Plaintiffs and Settlement Class members have acknowledged that they are aware that they may hereafter discover Claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein.   Nevertheless, this Final Judgment finally and forever settles and releases all such matters and all Claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action). Except for the limited exceptions in subsection (b) below, this Release extinguishes all Claims of every nature regardless of whether the Claims are known at the time of the Settlement or this Final Judgment.   All Settlement Class members have expressly waived and relinquished any and all rights conferred by California Civil Code § 1542 which provides as follows:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."   All Settlement Class members further waive and relinquish any rights conferred by similar laws of any other states that would conflict with or restrict the ability of Settlement Class members to release claims unknown or unsuspected at the time of Settlement or this Final Judgment.

(b)   <u>Scope and Exceptions to Release.</u>   The Release in subsection (a) is intended to be a comprehensive general release relating to the Policies except for the limited exceptions expressly set forth in this subsection.   Notwithstanding subsection (a) above, the Release will not operate to terminate or extinguish an otherwise active and in force Policy, or to waive any claims for future benefits under the Policy which may accrue as a result of medical treatment provided subsequent to the end of the Class Period, and any such Policy will continue

in full force and effect after the date of this Final Judgment, subject to the continued payment of premiums as they become due, and subject to all terms and conditions of the Policy and the Settlement. The Release will not extinguish any existing dispute between an individual Class member and the Company over whether an insured has submitted proper proof of a Positive Diagnosis of Cancer as defined under a Policy. The limited exceptions to the Release in this subsection shall be strictly construed. Notwithstanding any other provision of the Settlement Agreement or this Final Judgment, under no circumstances shall the Release be interpreted to allow any future claims challenging the Company's interpretation of "actual charges" or "charges," or any claims relating to future premium rate increases based in whole or in part on any fact, act, or omission that occurred on or before the date of the Preliminary Approval Order. The Parties have acknowledged that future premium increases are likely and the Company agrees that it will file any such premium rate increases with and obtain the approval of state regulators as required under state law. Nothing in this subsection (b) shall be interpreted to provide any Settlement Class member with any greater rights than those provided under the terms of the Policy, and all conditions, limitations, and exclusions under the Policy shall continue to apply with full force and effect.

9.   Injunction. All Representative Plaintiffs and Settlement Class members who have not timely and properly opted out and excluded themselves from the Settlement are hereby permanently barred and enjoined:

(i)   from filing, commencing, prosecuting, intervening in, or participating in (individually or in a representative capacity) any lawsuit, action, or proceeding in any jurisdiction asserting or based upon any claims or causes of action released in the Settlement and this Final Judgment; and

9

        (ii)    from organizing, soliciting, or encouraging any other Class members to participate in any such lawsuit, action, or proceeding.

The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Final Judgment.

      10.   <u>No Admissions</u>.  The Settlement and the Settlement Agreement are the result of settlement and compromise negotiations, and neither the Settlement nor any proposals, negotiations, communications, actions taken, documents, or discussions relating to the Settlement shall constitute or be construed as an admission on the part of the Company or any Released Party of any wrongdoing or liability; and to the contrary, the Defendants have expressly denied any wrongdoing, liability, or fault of any kind.  Neither the existence or terms of the Settlement Agreement nor any proposals, negotiations, communications, actions taken, documents, or discussions relating to the Settlement or the Settlement Agreement shall be introduced, offered, received in evidence, referred to, or otherwise used against the Company or any Released Party in any proceeding as proof of any fact or point of law, except in a proceeding to enforce the terms of the Settlement Agreement or this Final Judgment; provided, however, that this Final Judgment and the Settlement Agreement may be filed and used by the Company or a Released Party to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

      11.   <u>Fees and Expenses</u>.   Class Counsel is hereby awarded a total sum of $_____ in attorneys' fees, costs and expenses.  The Court finds this amount to be fair, reasonable, and adequate.  The Company shall pay such fees, costs, and expenses to Class Counsel pursuant to the terms of the Settlement Agreement.  This award of fees and costs covers

all attorneys' fees and costs owed to Class Counsel and all other legal counsel in the Litigation, if any, who are entitled to any part of the attorneys' fees or costs awarded by the Court to Class Counsel. The Company shall not be liable for any additional attorneys' fees or expenses.

12. Settlement Obligations. Other than as expressly set forth in the Settlement Agreement or this Final Judgment, neither the Company nor any Defendant shall have any further or additional financial or other obligations. All Settlement Class members and Class Counsel shall be responsible for any taxes that may be imposed as a result of their participation in the Settlement or payments received under the Settlement.

13. Termination. If the Settlement Agreement is terminated due to the occurrence of any of the events listed in Section 15 of the Settlement Agreement, including disapproval by any appellate court, the certification for settlement purposes and this Final Judgment shall be deemed vacated and shall have no force or effect, except that Paragraph 10 and the last paragraph of Paragraph 3 of this Final Judgment addressing the absence of admissions shall continue.

14. Dismissal. All claims asserted in the Complaint in this Action are hereby dismissed on the merits and with prejudice as to all Settlement Class members who did not request exclusion from the Settlement Class in the time and manner provided in the Preliminary Approval Order, without costs to any party.

15. Jurisdiction. The Court has subject matter jurisdiction over this Action and to approve the Settlement, and has personal jurisdiction over the parties to the Settlement Agreement and the Class members. AEGON USA, Inc. is a Released Party but not a contracting party to the Settlement Agreement, and nothing herein is deemed to create personal jurisdiction over AEGON USA, Inc.

16.   <u>Retention of Jurisdiction</u>.  Without in any way affecting the finality of this Final Judgment, the Court expressly reserves and retains continuing and exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, including, without limitation, for the purposes of:

(a)   enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class member; whether claims or causes of action allegedly related to this case are or are not barred or released by this Final Judgment);

(b)   entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Judgment and the Settlement Agreement , or to ensure the fair and orderly administration of the Settlement; and

(c)   entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

17.   <u>Final Judgment</u>.  There being no just reason for delay, the Clerk is directed to enter this Final Order and Judgment forthwith.

IT IS SO ORDERED, this the _____ day of _____, 2009.

_____
JUDGE OF THE CIRCUIT COURT

STATE OF ARKANSAS } ss
COUNTY OF PULASKI }

I, Pat O'Brien, County Clerk of the aforesaid County, do
hereby certify that the foregoing instrument is a true and
correct copy of the original.

_JOINT MOTION FOR PRELIMINARY_
filed in this office on the _20_ day of _APR_ 20 _09_
IN TESTIMONY WHEREOF, I have hereunto set my hand and
affixed the seal of this office this _22_ day of _FEB_
20 _10_.

PAT O'BRIEN, Pulaski County Circuit County Clerk

BY _____
                    Deputy Clerk

