**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ROBERT W. HALL, individually and                                              PLAINTIFF
on behalf of all others similarly situated

v.                                          Case No. 1:09CV00057 JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, *et al.*                                                            DEFENDANTS

**OPINION AND ORDER**

Robert Hall, individually and on behalf of all others similarly situated, commenced this

putative class action against Equity National Life Insurance Company, Life Investors Insurance

Company of America, and Aegon USA Inc. on November 3, 2009.  The defendants have moved this

Court to deny class certification and eliminate Hall's class action allegations pursuant to Federal

Rule of Civil Procedure 23(d)(1)(D).  The defendants argue that Hall's putative class claims are

barred by a nationwide class settlement in the Circuit Court of Pulaski County, Arkansas.  For the

following reasons, the defendants' motion is granted.

**I.**

This is a dispute over changes to the defendants' supplemental cancer insurance policy.

Equity National is the predecessor in interest to Life Investors and Transamerica Life Insurance

Company.  Robert Hall, an Alabama resident, purchased a supplemental cancer insurance policy,

policy number 01E122807, from Equity National on September 17, 1994.  The policy provides

coverage for "actual charges" incurred for certain services.

According to Hall's complaint, he was diagnosed with cancer in May 2007.  After extensive

treatment, he submitted proof of loss to Transamerica.  Transamerica then paid only the highest

amount that Medicare, Hall's primary insurer, allocated for covering the surgery.  The complaint

alleges that Transamerica's coverage was based on an "arbitrary, wrongful, and bad faith interpretation of the term 'actual charges.'" Hall's complaint asserts claims for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, declaratory judgment and injunctive relief, and bad faith.  Hall asserts those claims on behalf of all others similarly situated in the United States who were insureds under similar supplemental cancer insurance policies with Aegon, Equity National, Life Investors, or Transamerica.

Robert Hall's complaint is not the first of its kind.  There are at least 15 other cases in federal courts spread over 8 different states asserting the same legal claims against the same defendants.  Of those 15 federal cases, one is of particular importance to setting the context of this Court's analysis: *Pipes v. Life Investors Ins. Co. of Am.*, Case No. 1:07CV00035 (E.D. Ark.).

In *Pipes*, the state action was removed to the Eastern District of Arkansas on July 20, 2007.  The plaintiff's counsel in *Pipes* also filed five other overlapping cases, three of which were class actions, in four different states.[1]  Because Pipes's counsel had the largest number of plaintiffs and related cases, counsel for Life Investors began settlement discussions with them in October 2008.  The parties held a confidential mediation on November 21 and 22, 2008, but did not reach a settlement.  By order dated November 21, 2008, the Honorable Susan Webber Wright denied the plaintiff's motion for class certification because the named plaintiff could not act as an adequate class representative where his interests conflicted with other class members.  According to Transamerica's counsel, the defendants continued to negotiate with Pipes's counsel regarding

---

[1]The related actions for which Pipes's counsel was also plaintiff's counsel are: *Runyan v. Transamerica Life Ins. Co.*, Case No. 6:08CV06034 (W.D. Ark.); *Ross v. Life Investors Ins. Co. of Am.*, Case No. 4:08CV00064 (S.D. Miss.); *Weidman v. Life Investors Ins. Co. of Am.*, Case No. 2:08CV12870 (E.D. Mich.); *Harris v. Transamerica Life Ins. Co.*, Case No. 3:09CV00013 (M.D. La.); and *Nolan v. Life Investors Ins. Co. of Am.*, Case No. 3:08CV00839 (M.D. La.).

settlement of all of the plaintiff's counsel's related actions, even after the November mediation failed to result in a settlement.

On March 3, 2009, the parties reached an understanding on a class action settlement.  On March 13, Pipes's counsel, on behalf of Pipes and the named plaintiffs whom Pipes's counsel represented in the other five related actions, filed a class action complaint in the Circuit Court of Pulaski County, Arkansas.  That case included the named plaintiffs whom Pipes's counsel was representing in the other related actions, and was styled *Edison Runyan et al. v. Transamerica Life Ins. Co. et al.*, Case No. 09-2006-3.  The *Runyan* state action essentially consolidated the claims of the plaintiffs in the *Pipes*, *Runyan*, *Ross*, *Weidman*, *Harris*, and *Nolan* federal actions.  The six federal actions were then stayed pending final approval of the settlement agreement reached in the *Runyan* state action.

The defendants filed their answers in the *Runyan* state action on April 3, 2009.  Two weeks later, the parties finalized a class action settlement agreement, which was filed in Pulaski County Circuit Court on April 20, 2009.  On April 23, the Circuit Court granted preliminary approval to the *Runyan* settlement class, which it defined as follows:

> All persons in the United States: (i) who were an insured, covered person, or beneficiary under a Cancer Policy in force at any time from January 1, 2004 through the date of this Order; or (ii) who were an insured, covered person, or beneficiary under a Non-Cancer Actual Charges Policy which is in force at the time of this Order, or who submitted a claim for Actual Charges Benefits under a Non-Cancer Actual Charges Policy after the effective date of the 2006 Updated Claims Procedures; or (iii) the surviving spouse or legal representative of such persons defined in (i) or (ii).

The Circuit Court approved as representatives for the settlement class Edison Runyan, Dwight Pipes, Earl Purifoy, John Ross as legal representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van Nolan.  The Circuit Court appointed Epiq Systems, Inc., to be the settlement

administrator.  The parties submitted a proposed written notice, publication notice, and claim forms, and the Circuit Court approved of those.  The Circuit Court further approved of a time line for the mail notice, publication notice in the *USA Today*, and the publication of a settlement internet site. Finally, the Circuit Court found that the notice plan was reasonably calculated to apprise settlement class members of the terms of the settlement and was the best notice practicable under the circumstances.  The Circuit Court's order also set a fairness hearing for July 27, 2009, to determine final approval of the settlement.  The court noted that any class members who did not opt out could object to the proposed settlement in writing and at the fairness hearing within certain parameters.

Pursuant to the Circuit Court's order, notice of the class settlement was mailed on May 14, 2009, to more than 250,000 class members, including Robert Hall.  The notice was then published in the *USA Today* on May 26 and 28, 2009, and the remaining portions of the notice plan were complied with.  Of the more than 250,000 class members who were sent notice, only a few objected. On September 16 and 17 and October 1, 2009, the Circuit Court heard objections and motions to intervene by several class members, termed the *Crager* motions, *Shepherd* motions, *Goad* motions, and *Hunter* motions.[2]  The Circuit Court rescheduled the fairness hearing for November 9, 2009, to accommodate the schedules of all the parties, objectors, and proposed intervenors

On December 8, 2009, the Pulaski County Circuit Court entered an order disposing of the various pending objections, discovery motions, and motions to intervene.  In its 31-page order, the

---

[2]The court considered objections, discovery motions, and motions to intervene by: Daniel Crager (the "*Crager* Motions"); William Shepherd (the "*Shepherd* motions"); Frances Goad, Evelyn Jones, Linda McCarthy, Thomas McCarthy, and Benita White (the "*Goad* Motions"); and Audrey Hunter (the "*Hunter* Motions").  The same attorneys who represent Robert Hall in the pending action also represented Daniel Crager in his objections and motion to intervene in the *Runyan* state action.

Circuit Court discussed at length the history of the litigation, how the six federal cases came to be consolidated in the *Runyan* state action,[3] the settlement agreement, and the notice plan.  The Circuit Court also noted the objections by counsel for the plaintiffs in the other pending federal actions in other states, including *Gooch* (M.D. Tenn.), *Belue* (D.S.C.), and *Smith* (W.D. Pa.).  In a lengthy discussion of the merits of the petitioners' arguments to intervene, the Circuit Court found that the remaining motions to intervene were procedurally defective under Arkansas Rule of Civil Procedure 24(c), that the petitioners were not entitled to intervene as of right under Rule 24(a), and that permissive intervention under Rule 24(b) was unwarranted and inappropriate.  The Court further denied the motions to set aside the preliminary approval order, the motions for discovery, and a motion for costs.  The only motion that the Circuit Court granted was the defendants' motion to strike petitioner Audry Hunter's motions and objections.

On December 21, 2009, the Circuit Court entered a final judgment approving of the class action settlement, along with 63 pages of findings of fact and conclusions of law.  As part of its findings of fact, the court found that the parties were "represented by experienced class action counsel who worked diligently negotiating the Settlement at arms' length in an adversarial setting

---

[3]The Circuit Court outlined the following procedural history.  The attorneys in the *Runyan* state action were previously involved in adversarial and contentious proceedings in six different actions in federal court.  The earliest of those, *Pipes* in the Eastern District of Arkansas, was filed in 2007.  In *Pipes*, the parties engaged in written discovery, document production, depositions, and third party discovery.  The *Pipes* court denied the plaintiff's motion for class certification on November 21, 2008, and the plaintiff filed a motion for reconsideration.  *Pipes* and the other five cases in which the *Pipes* plaintiffs' attorneys were involved were then consolidated into the *Runyan* state action.  *Pipes* and the other cases were stayed pending the Pulaski County Circuit Court's ruling on the settlement.

Leading up to the filing of the *Runyan* state action on April 20, 2009, the parties had engaged in six months of settlement negotiations since October 2008.  The Pulaski County Circuit Court then allowed briefing and a hearing before granting preliminary approval to the class action settlement.

to ensure that the Settlement Agreement was fair, reasonable, and adequate. . . .  The Court finds further that the Settlement was negotiated in good faith and there was no collusion or 'reverse auction' of any kind in the negotiation of the Settlement.  No objector or any other party has submitted any evidence of collusion."  The putative intervenors have appealed.

Robert Hall opted out of the *Runyan* class action settlement.  On November 3, 2009—only six days before the fairness hearing in Pulaski County Circuit Court—he filed the pending class action that is before this Court.

Two days after Hall filed his complaint, his attorney also filed a series of motions in the *Pipes* litigation on behalf of Daniel Crager, whose objections and motions were also heard and denied by the *Runyan* court.  Crager filed a motion to intervene, emergency motion for injunctive relief, and motion for expedited hearing.  He asked the *Pipes* court to enjoin the state court from granting final approval to the *Runyan* settlement, pursuant to the All Writs Act.  He made the same arguments regarding collusion and fraud that he makes here.

In a November 12, 2009 order, Judge Susan Webber Wright denied those motions.  Relying on the Anti-Injunction Act, and recognizing that injunctions enjoining state court proceedings are allowed only under specific circumstances, Judge Wright held that an injunction was neither necessary nor appropriate.  Because Judge Wright had not certified a class or conditionally approved a class settlement, the state court proceedings posed no threat to the *Pipes* court's jurisdiction. Judge Wright also denied Crager's motion to intervene because the remedy he sought was unavailable and he failed to allege a redressable injury in fact.[4]

---

[4]Judge Wright's ruling was not without precedent on the very same argument on this same matter.  In the *Gooch* litigation before the Middle District of Tennessee, plaintiff's counsel also filed an emergency motion seeking injunctive relief under the All Writs Act to prevent the

## II.

The defendants ask that this Court deny certification of Robert Hall's putative class and eliminate the class allegations from his complaint.  Federal Rule of Civil Procedure 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Rule 23(d)(1)(D) states that a court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  In some instances, a court can decide on certification before any discovery has yet taken place.  *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations.").  Where the class allegations are insufficient to support certification, a district court has the authority and discretion to strike those allegations under Rule 23(d)(1)(D).  *In re St. Jude Medical Inc. Silzone Heart Valves Products Liab. Litig.*, 2009 WL 1789376, at *2 (D. Minn. June 23, 2009) (citing *Eisen*

---

defendants from proceeding with the *Runyan* settlement.  Plaintiff's counsel argued that the defendants engaged in collusive and fraudulent conduct, and that the *Runyan* settlement endangered the *Gooch* court's jurisdiction.  The district court agreed and entered an order enjoining the defendants from seeking final approval of the *Runyan* settlement.

On interlocutory appeal, the Sixth Circuit reversed the district court's ruling.  The Sixth Circuit said that such an extraordinary move was inappropriate for two reasons.  First, because Gooch opted out of the *Runyan* opt-out class action settlement, it was impossible for that settlement to affect Gooch's rights or claims.  Second, the Tennessee district court had not certified a class, meaning that the court had no cause to take extraordinary injunctive measures to protect the interests of a class.  Because there was no risk of harm to Gooch's rights and no risk of harm to a non-existent class, the district court should not have used the All Writs Act to enjoin the Arkansas state court from granting final approval to the *Runyan* settlement.  *See In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 328-32 (6th Cir. 2009).

7

*v. Carlisle & Jacquelin*, 417 U.S. 156, 184 n.6, 94 S. Ct. 2140, 2155, 40 L. Ed. 2d 732 (1974)

("Under [Rule 23(d)(1)(D)], the District Court may in some instances require that pleadings be

amended to eliminate class allegations.")).  *See also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S.

147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982) ("Sometimes the issues are plain enough

from the pleadings . . ., and sometimes it may be necessary for the court to probe behind the

pleadings before coming to rest on the certification question.").   The defendants argue that the

*Runyan* settlement bars certification of Hall's class claims based on the Full Faith and Credit Act,

*res judicata*, and collateral estoppel.

A.     **FULL FAITH AND CREDIT**

The Full Faith and Credit Act has been construed by the Supreme Court in a case that appears

to be on point.  *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 116 S. Ct. 873, 134 L. Ed. 2d

6 (1996).   In that case, a Delaware federal district court had granted summary judgment to the

defendant company, and the plaintiff shareholders appealed.   Before their appeal was decided, a

Delaware state court approved a settlement that extinguished the plaintiff shareholders' state and

federal claims.   Thereafter, the Ninth Circuit held that the Full Faith and Credit Act did not operate

to bar the shareholders' continued prosecution of their federal claims.   The Supreme Court reversed,

holding that the settlement in Delaware state court had preclusive effect under the Full Faith and

Credit Act.

In *Matsushita*, the Court stated:

> The Full Faith and Credit Act mandates that the "judicial proceedings" of any State
> "shall have the same full faith and credit in every court within the United States . .
> . as they have by law or usage in the courts of such State . . . from which they are
> taken." 28 U.S.C. § 1738.  The Act thus directs all courts to treat a state court
> judgment with the same respect that it would receive in the courts of the rendering
> state.  Federal courts may not employ their own rules in determining the effect of

state judgments, but must accept the rules chosen by the State from which the judgment is taken.

\* \* \*

That the judgment at issue is the result of a class action, rather than a suit brought by an individual, does not undermine the initial applicability of § 1738. The judgment of a state court in a class action is plainly the product of a "judicial proceeding" within the meaning of § 1738. Therefore, a judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit under the express terms of the Act.

\* \* \*

[W]e conclude that § 1738 is generally applicable in cases in which the state court judgment at issue incorporates a class action settlement releasing claims solely within the jurisdiction of the federal courts.

*Matsushita*, 516 U.S. at 373-75, 116 S. Ct. at 877-78 (internal quotes, cites, and ellipses omitted).

Here, the *Runyan* judgment is the product of a "judicial proceeding" within the meaning of § 1738. The *Runyan* judgment contained a comprehensive general release that was binding on class members but not persons who properly and timely chose to opt-out of the class and proceed with their respective individual claims. Even though the *Runyan* final judgment was entered shortly after Hall commenced this action, the *Runyan* settlement had already been given preliminary approval, and the eventual final judgment is presumptively entitled to full faith and credit by this Court. Thus, even though the *Runyan* final judgment was entered after the filing of Hall's complaint, it is still entitled to full faith and credit.

**B.     *RES JUDICATA* AND COLLATERAL ESTOPPEL**

Because the *Runyan* judgment is entitled to the same respect in this Court that it would receive in the courts of the State of Arkansas, it is necessary to decide what effect the judgment would be given by the Arkansas courts. Under the doctrine of *res judicata* or claim preclusion,

> a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim. *Res judicata* bars not only the re-litigation of claims which were

actually litigated in the first suit, but also those which could have been litigated. Where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.

*Barclay v. Waters*, 357 Ark. 386, 394, 182 S.W.3d 91, 95-96 (2004).  *Res judicata* bars relitigation of a suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies.  *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 544, 231 S.W.3d 628, 635 (2006).  The doctrine of collateral estoppel, or issue preclusion, bars relitigation of the same issue in a subsequent suit where four elements are met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment;[5] and (4) the determination must have been essential to the judgment.  *Powell v. Lane*, 375 Ark. 178, 184, 289 S.W.3d 440, 444 (2008).

Hall argues that the *Runyan* court did not have subject-matter jurisdiction because there was no justiciable controversy.  Hall correctly states the law that *res judicata* does not apply to bar the subsequent suit where there was fraud or collusion in the procurement of the first judgment, citing *McGee v. McGee*, 100 Ark. App. 1, 4, 262 S.W.3d 622, 625 (2007).  Hall says that the actions of class and defense counsel in *Runyan* amounted to collusion and fraud and resulted in a "negative auction."  As an example of collusion, Hall points the Court to a status report filed in the *Harris* litigation in the Middle District of Louisiana.  Marion Harris was the plaintiff representative in that case, and she is one of the plaintiff representatives in the *Runyan* state action.  On April 23,

---

[5]A judgment may be final for purposes of *res judicata* even if an appeal is taken. *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 582, 864 S.W.2d 244, 246 (1993).

2009—several days after the *Runyan* settlement was finalized, and the same day on which the Pulaski County Circuit Court granted preliminary approval—Harris and the defendants submitted a joint status report to the district court.  The status report communicated that (1) the parties had made no effort to settle the case, and (2) the parties wished to have a settlement conference sometime in September 2009.  Three weeks later, on May 15, the parties filed a joint motion to stay the *Harris* litigation.  Hall argues that this sequence of events is an example of collusion on the part of the plaintiffs' and defense counsel in arriving at the *Runyan* settlement.  Hall further asserts as evidence of wrongdoing the fact that other attorneys representing absent class members in ongoing, parallel cases were not given notice of any settlement negotiations until after preliminary approval of the *Runyan* settlement.

Although a federal district court may have the power and duty to inquire as to a state court's exercise of jurisdiction, where the inquiry discloses that the jurisdictional issues were fully and fairly litigated and finally determined by the state court, further inquiry by the federal court is precluded. *See Durfee v. Duke*, 375 U.S. 106, 116, 84 S. Ct. 242, 248, 11 L. Ed. 2d 186 (1963).  The parties have submitted copies of the Circuit Court's rulings, as well as hearing transcripts of the hearings, showing that the Circuit Court's jurisdiction was litigated openly and deliberately.  The Circuit Court made a final determination that its jurisdiction was proper.  The Pulaski County Circuit Court found that there was no collusion, fraud, or reverse auction of any kind in the procurement of the settlement agreement.  The Circuit Court found that the settlement was negotiated at arms' length, and only after several months of contentious litigation and discovery in parallel federal actions.  It appears that all the same evidence and arguments on collusion were brought before the Circuit Court, that the Circuit Court thoroughly and deliberately considered those arguments, and that the Circuit Court

11

rejected those arguments. Therefore, this Court is precluded from further inquiry and will not challenge or overturn the Circuit Court's finding that its jurisdiction was proper. *Id.* at 111, 84 S. Ct. at 245 ("[T]he general rule [of jurisdictional finality is] that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.").

The putative intervenors in *Runyan* may eventually prevail in an appeal of the Circuit Court's holding,[6] but this Court is obliged to give full faith and credit to its ruling at this stage. The *Runyan* judgment was a final judgment on the merits; the Circuit Court specifically considered and held that its jurisdiction was proper; the action was fully contested in good faith; both the *Runyan* class allegations and Hall's class allegations involve the same claim or cause of action; and the *Runyan* settlement class and Hall's putative class involve the same parties or their privies. Furthermore, the issues in this case and in *Runyan* are the same; the issues in *Runyan* were actually litigated; the issues were determined by a valid and final judgment by the Pulaski County Circuit Court; and the Circuit Court's determination of the fairness of the settlement, the objections, and the allegations of collusion was essential to the judgment. Therefore, Hall's class allegations are barred by both *res judicata* and collateral estoppel.

---

[6]Robert Hall has apparently opted out of the *Runyan* settlement in order to pursue this present action. Having done so, it would also appear that Hall has no standing to object to the *Runyan* settlement or appeal the *Runyan* judgment. "[A] person who opts out [of a certified class] receives the right to go it alone, not to launch a competing class action." *In re Baycol Products Litigation*, 593 F.3d 716, 725 (8th Cir. 2010) (quoting *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763, 769 (7th Cir. 2003)).

The *Runyan* final judgment contains a release that prevents the class allegations against the defendants from being relitigated in the future. *Reppert v. Marvin Lumber and Cedar Co., Inc.*, 359 F.3d 53, 56 (1st Cir. 2004) ("It is beyond cavil that a suit can be barred by the earlier settlement of another suit in either of two ways: *res judicata* or release."). This Court is bound to give full faith and credit to the Pulaski County Circuit Court's approval of that release.

The release states:

> All Settlement Class members who did not request exclusion from the Settlement Class in the time and manner provided in the Preliminary Approval Order are adjudged to be Settlement Class members and, together with their heirs, trustees, executors, administrators, principals, beneficiaries, assigns and successors, will be bound by this Final Judgment and by the Settlement Agreement. The following Release, which is also set forth in Section 13 of the Settlement Agreement, is expressly incorporated into this Final Judgment and is effective as of the date of this Final Judgment; and the Released Parties are forever released and discharged from any and all claims and liabilities as set forth below.

The release also states that all class members who chose not to opt-out of the *Runyan* settlement class expressly and irrevocably released the defendants from any claims for the following:

(i) any claims asserted or which could have been asserted in the litigation;

(ii) any claims relating to the marketing, sale, or purchase of the defendants' supplemental cancer insurance policy;

(iii) any claims relating to premiums or benefits under the policy, including but not limited to claims relating to the amount of premiums paid or payable and the amount of benefits paid or payable;

(iv) any claims relating to any type of "Actual Charges Benefits" paid or payable under a policy, or the meaning, definition, or interpretation of "actual charges" or "charges" under a policy;

(v) any claims based on alleged misrepresentation, nondisclosure, or inadequate disclosure relating to the policies;

(vi) any claims relating to the defendants' administration of the policies, including but not limited to the forms, processes, proof of loss requirements, or procedures

13

used in connection with or relating to the processing of claims and payment of benefits under such policies, or any changes to such forms, processes, proof of loss requirements, or procedures;

(vii) any right to bring a representative class action claim of any nature whatsoever relating to the policies based on anything in existence or which occurred on or before the date of the preliminary approval order; and

(viii) any claims for attorneys' fees, costs, or expenses.

Hall opted out of the *Runyan* class settlement, so his individual claims are not precluded by the *Runyan* release.  However, the *Runyan* release is broad, and the parties clearly intended it to preclude future class allegations from being made against the defendants on the same claims.  *Grant County Sav. & Loan Ass'n, Sheridan, Ark. v. Resolution Trust Corp.*, 968 F.2d 722, 725 (8th Cir. 1992) (holding that it was clear from the "broad and all encompassing" release language in a previous settlement agreement that the parties had "intended the settlement and release to end all litigation over claims associated with" the project at issue).  Hall's class claims are the same as those litigated and then released in *Runyan*, so those claims are barred.  *See Reppert*, 359 F.3d at 58-59 (holding that, in addition to being barred by *res judicata*, the plaintiff's class claims failed to clear the "equally imposing hurdle" of a previous court-approved settlement containing a sufficiently broad release).

## CONCLUSION

Because of the Full Faith and Credit Act, *res judicata*, and collateral estoppel, Hall's class allegations are barred by the Pulaski County Circuit Court's judgment in *Edison Runyan et al. v. Transamerica Life Ins. Co. et al.*, Case No. 09-2006-3.  Hall, of course, may proceed on his individual claim against the defendants.  Therefore, the defendants' motion to deny class certification and to strike Hall's class allegations is GRANTED.  Document #24.

IT IS SO ORDERED this 9th day of July, 2010.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE