IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT W. HALL, individually and									PLAINTIFF
on behalf of all others similarly situated

v.				Case No. 1:09-CV-00057-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.											DEFENDANTS

### TRANSAMERICA LIFE INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ROBERT W. HALL

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Transamerica Life Insurance Company ("Transamerica") hereby propounds the following First Set of Requests for Production of Documents to plaintiff Robert W. Hall.

### DEFINITIONS

As used throughout this Request for Production of Documents, the following words and phrases shall be defined as follows (regardless of whether they are used in the singular or plural):

1. "You" and "your" shall refer to the plaintiff Robert W. Hall identified above to whom these requests are directed and dependents, attorneys, agents, or any other persons acting, or purporting to act, on his behalf or pursuant to his direction or control.

2. The term "action" shall mean the above-captioned civil action in which you are the plaintiff including all allegations of the complaint.

3. The term "Complaint" shall refer to the Class Action Complaint filed with the Court on November 3, 2009 in this action.



4. The term "document" shall include any and all writings, drawings, graphs, charts, photographs, computer files, electronic mail, electronically stored information, and all other data compilations from which information can be obtained through detection devices into reasonably usable form, including but not limited to abstracts, accounts, advertisements, agreements, articles, audio recordings, books, bylaws, cablegrams, certificates, charters, checks, communications, compilations, computer cards, tapes, disks and diskettes, computer printouts, computer programs, computer readouts, contracts, diaries, drafts of documents, employment records, entries, estimates, expense reports, films, financial analyses, financial statements, forms, handbooks, income statements, indices, inspection reports, instruments, intraoffice and interoffice communications, invoices, itemizations, journals, ledgers, letters, licenses, manuals, meeting reports, memoranda, messages, microfiche, minutes, notes (whether handwritten or otherwise), orders, opinions, payroll records, permits, photocopies, plans, press releases, pro formas, proofs, prospectuses, publications, receipts, recordings, records, reports, requisitions, resolutions, sketches, specifications, statements, statistical records, studies, summaries, system analyses, tapes, telefaxes, telexes, telecommunications, telegrams, texts, time records, training manuals, transcripts, valuations, video recordings, warehouse receipts, and work papers, in the possession, custody, or control of plaintiff Robert W. Hall or his spouse, dependents, attorneys, agents, or any other persons acting, or purporting to act, on his behalf or pursuant to his direction or control.

5. The phrase "relating to" shall mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

6. As used herein, "Transamerica" shall mean and include Transamerica Life

Insurance Company and its predecessor companies, including Equity National Life Insurance Company ("Equity National") and Life Investors Insurance Company of America ("Life Investors"), and any of its affiliates, agents, or third party administrators.

7. The term "person" shall include not only individuals and natural persons, but also any corporation, proprietorship, partnership, joint venture, limited liability company, trust, estate, regulator, governmental agency, and any other entity, organization, or association.

8. The term "Policy," unless otherwise specified, shall mean the Equity National supplemental cancer insurance policy, policy number 01E122807, issued to Robert W. Hall and which is the subject of this action.

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. 34(b), you are instructed to identify the documents you produce to correspond with the numbered requests set forth in this request for documents. If no documents exist with respect to any particular requests, you are instructed to so state in your response.

2. If you withhold any documents from production (on the basis of privilege or otherwise), you are requested to prepare and produce a log of all such documents which identifies each document withheld and provides: (i) the date of the document, (ii) the number of pages, (iii) the author, (iv) recipients of the document, (v) a brief description of the document sufficient to identify it, and (vi) your basis for withholding the document from production.

3. If any of the documents requested herein have been lost or destroyed since their creation, you are instructed to (i) identify each of the missing documents, (ii) state when, where, how, and by whom the documents were lost or destroyed, and (iii) identify, by name and address, the person who last had custody of the missing documents.

4. Please produce all electronically stored information responsive to these requests in a searchable .pdf file format.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following documents in compliance with the above definitions, instructions, and your obligations under the Federal Rules of Civil Procedure:

1. All documents relating to the Policy, including but not limited to copies of the Policy, any proposals, applications, outlines of coverage, marketing materials, or sales literature.

2. All documents provided to you by or on behalf of Transamerica relating to the Policy.

3. All informational statements, any "application for cancer benefits," and other documentation that you allegedly submitted to Transamerica as part of your proof of loss for claims for benefits based on actual charges, including those which you allege that you "timely" submitted as alleged in paragraph 41 of the Complaint.

4. All other documents that you submitted to Transamerica as part of your proof of loss in performing your obligations under the Policy.

5. All documents relating to any inquiry or inquiries you made regarding the status of your claims under the Policy, including but not limited to any notes or correspondence.

6. All communications between you (or your attorneys) and the State of Alabama Department of Insurance, including but not limited to any Freedom of Information Act requests, other requests for documents or information, or complaints, relating to the Policy, this action, the claims or allegations in this action, any of Transamerica's policyholders, or the subject matter of "actual charges."

7. All documents you provided to any person relating to the Policy.

8. All health insurance policies and health plan documents for which you were an insured or covered person for any period of time since January 1, 2006, including but not limited to major medical policies, supplemental health insurance policies (including other cancer policies), summary plan descriptions, and other plan documents describing your health insurance coverage.

9. All documents relating to the termination of any health insurance policies or health plans for which you were an insured or covered person for any period of time since January 1, 2006.

10. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Rush Foundation Hospital from January 1, 2006 to the present.

11. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Medical Foundation, Inc. from January 1, 2006 to the present.

12. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Urology Clinic of Meridian from January 1, 2006 to the present.

13. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Ketcham & Dismukes from January 1, 2006 to the present.

14. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Stanley A. Wade, Jr. from January 1, 2006 to the present.

15. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Mark T. Phillips from January 1, 2006 to the present.

16. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Francis M. Phillippi from January 1, 2006 to the present.

17. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Kevin C. Dupke from January 1, 2006 to the present.

18. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Daphne Jones from January 1, 2006 to the present.

19. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. James D. Cady from January 1, 2006 to the present.

20. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Joshua E. Luke from January 1, 2006 to the present.

21. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Richard Abney from January 1, 2006 to the present.

22. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or

representative of Dr. James K. Hitchman from January 1, 2006 to the present.

23. All correspondence and communications related to your medical treatment for cancer, including notes of conversations or communications, with any employee, agent, or representative of Dr. Robert L. Dean, Jr. from January 1, 2006 to the present.

24. Copies of your federal income tax returns for the past three years.

25. All documents and communications you received from or sent to Medicare, or any person employed by or acting on behalf of Medicare, related to your medical treatment for cancer including but not limited to all Explanation of Benefits ("EOB") forms.

26. All documents and communications you received from or sent to United Healthcare Insurance Company, or any person employed by or acting on behalf of United Healthcare Insurance Company, related to your medical treatment for cancer including but not limited to all Explanation of Benefits ("EOB") forms.

27. Copies of all receipts, personal checks, or proofs of payment evidencing payments made by you personally to any medical providers for any medical treatment or services at issue in this action for which you have claimed or are claiming benefits under the Policy.

28. All demands for payment that you received from any medical providers for any of your medical treatment for cancer from January 1, 2006 to the present.

29. All documents relating to any efforts by medical providers or their assignees to collect from you amounts that were due or past due for any medical treatment you contend is covered in full or in part under the Policy.

30. All assignments of benefits you have executed related to the medical treatment you contend is covered in full or in part under the Policy.

31. All documents relating to contractual agreements regarding billing between your

medical providers and your insurers.

32. All documents (including emails) reflecting communications between you and any person that mention or relate to Transamerica, your claims for benefits under the Policy, this lawsuit, or the allegations of your complaint.

33. All documents reviewed by you in responding to Transamerica's First Set of Interrogatories.

34. All documents which pertain to or reflect your alleged damages in this lawsuit, including but not limited to any documents that support your claims for compensatory and punitive damages.

35. To the extent not otherwise provided in your responses to the above Requests, all documents relating to this action or the claims or allegations in your Complaint.

Dated: June 30, 2010.

Markham R. Leventhal, Esq.
Farrokh Jhabvala, Esq.
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: (305) 371-2600
Facsimile: (305) 372-9928
ml@jordenusa.com
fj@jordenusa.com

John K. Baker, Esq., Ark. Bar No. 97024
MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8800
Facsimile: (501) 918-7850
jbaker@mwlaw.com

*Attorneys for Defendants Transamerica Life Insurance Company and AEGON USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing First Requests for Production of Documents to Plaintiff Robert W. Hall was served by hand-delivery on this 30th day of June, 2010 to Gail O. Matthews, Esq., Doralee I. Chandler, Esq., MATTHEWS, SANDERS & SAYES, Attorneys for Plaintiff, 825 West Third Street, Little Rock, AR 72201 and by facsimile and U.S. Mail, postage prepaid, to Frank H. Tomlinson, Esq., Attorney at Law, Attorneys for Plaintiff, 15 North 21st Street, Suite 302, Birmingham, AL 35203.

_____
John K. Baker