IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT W. HALL                                                                                   PLAINTIFF

v.                            Case No. 4:11-cv-00086-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                                 DEFENDANTS

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT
AEGON USA, LLC'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Robert W. Hall ("Hall"), by and through his undersigned counsel, and hereby files this Plaintiff's Surreply In Opposition to Defendant AEGON USA, LLC's Motion for Summary Judgment, and in support thereof states:

AEGON USA argues that Hall has not contradicted its factual assertions regarding AEGON USA's relationship to Tranamerica. Defendant AEGON USA, LLC'S Reply Memorandum of Law In Support of Motion for Summary Judgment ("AEGON Reply"), Doc. 104, p. 3. The facts alleged in Hall's response (Doc. 74) and the accompanying statement of facts (Doc. 74-1) stand for themselves, and are sufficient to raise a genuine issue of material fact to overcome AEGON USA's motion for summary judgment. AEGON USA attempts unsuccessfully to refute Hall's factual allegations, especially regarding Transamerica's actual or apparent agency relationship with AEGON USA. AEGON Reply, Doc. 104, pp. 7-10. Hall should be entitled to rely upon the representations that blur the boundaries between AEGON USA and Transamerica in the documents discussed in Hall's opposition to AEGON USA's motion for summary judgment, such as the 2005 AEGON Annual Report (Plaintiff's Evidentiary Submission In Support of Plaintiff's Opposition to Defendant AEGON USA, LLC'S Motion for

1

Summary Judgment, Ex. C, Doc. 75-5). This Court should find that a sufficient factual question exists regarding actual or apparent agency to defeat summary judgment.

AEGON USA attacks Hall's theory of personal jurisdiction based on conspiracy, claiming in part that Hall needs to show a mutual understanding on the part of the AEGON USA and Transamerica to commit unlawful acts. AEGON Reply, p. 16. Hall has already shown this in his response: Connie Whitlock, Senior Vice President of Life Investors, went to Brenda Clancy, Vice President of AEGON USA, to request approval for the change in the interpretation of "actual charges" that directly led to Hall's injury. See Plaintiff's Opposition to Defendant AEGON USA, LLC'S Motion for Summary Judgment ("Opposition to AEGON MSJ"), Doc. 74, p. 3. Contrary to AEGON USA's assertions, Hall's evidence of Brenda Clancy's connection to his claim consists of more than just her signing his benefit checks (*see* AEGON Reply, p. 17); Brenda Clancy also approved the change in the interpretation of "actual charges" that led directly to the underpayment of Hall's benefits.[1]

AEGON USA attacks Hall's agency theory of personal jurisdiction, claiming that it is uncontroverted that none of the Transamerica employees who administered Hall's claim were employed by AEGON USA and that AEGON USA did not process or pay Hall's claim. AEGON Reply, p. 18. Again, the ratification of the decision to change the interpretation of "actual charges" by Brenda Clancy, Vice President of AEGON USA, as well as Hall's other evidence contained in his opposition to AEGON's Reply, belie AEGON USA's argument against personal

---

[1] The case of *Hugh Chalmers Motors, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, which AEGON USA cites for the proposition that conclusory allegations of combination or conspiracy are insufficient to avoid summary judgment, is distinguishable because it was in the context of a antitrust action that the court so held. *Hugh Chalmers Motors, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 184 F.3d 761, 763 (8th Cir. 1999).

jurisidiction based on agency. AEGON USA's attack on Hall's alter ego arguments also fail for the reasons set forth in Hall's Opposition to AEGON MSJ (Doc. 74).

The question of whether the corporate form has been abused to allow for piercing the corporate veil is a question for the jury. *Anderson v. Stewart*, 366 Ark. 203, 207 (Ark. 2006). The *Anderson* court noted that common cases where the separate corporate entity has been disregarded include those where, as here, the corporation has attempted to evade a contractual obligation. *Id.* Under the agency theory, total dominion of the subsidiary by the parent, or other alter ego criteria, need not be proven. *Phoenix Canada Oil Co. Ltd. v. Texaco*, 842 F.2d 1466, 1477 (3d Cir. 1988). Under an agency theory, the parent corporation may be held liable on contracts made by the agent, even though the parent is not named in the agreement. *Id.* When agency is alleged, there must be some relationship between the corporations and the plaintiff's claim of wrongdoing. *Id.* Here that criteria is satisfied by, *inter alia*, the ratification of the change in interpretation of "actual charges" by Brenda Clancy, the Vice President of AEGON USA. Furthermore, a disregard of the corporate form is not even necessary for holding a parent liable for the actions of its subsidiary under the alter ego theory. *See Magee v. Advance America Servicing of Arkansas, Inc.*, 2009 WL 890991, *6 (W.D. Ark. Apr. 1, 2009).

> Although Servicing was the corporate entity that owned the offices in Arkansas and with whom Plaintiffs transacted their business, the evidence before the Court reflects that Servicing is the alter ego of Centers. The Defendants' brief cites to a number of cases that stand for the propositions that a parent/subsidiary relationship, common trade name, defense of a lawsuit, administrative servicing, and consolidated financial statements do not, by themselves, allow the exercise of personal jurisdiction. We agree that none are dispositive but all they all serve as signs pointing the same way. When combined with a lack of separation in marketing, collections, management, and regulatory interaction, it is clear that no meaningful separation exists for jurisdictional purposes. Although Centers and Servicing may not have disregarded the corporate form, the evidence shows that

> the operations and public representations of Servicing and Centers are sufficiently comingled that Servicing is the alter ego of Centers. Defendants do not contest personal jurisdiction over Servicing, and therefore this Court has personal jurisdiction over Centers as well.

*Id.* Hall has shown in his opposition to AEGON USA's motion for summary judgment numerous signs pointing to the inevitable conclusion that AEGON USA and Transamerica are sufficiently comingled that Transamerica is the alter ego of AEGON USA. *See generally* Opposition to AEGON MSJ, Doc. 74.

    AEGON USA argues that because Hall did not address the merits of his causes of action against AEGON USA, that he concedes that summary judgment is proper on those claims. Nothing could be further from the truth. Hall's entire argument in his opposition is directed toward showing why AEGON USA ought to be held liable for is subsidiaries' actions in unlawfully underpaying Hall's benefits under the policy. The success of *any* of Hall's theories of AEGON USA's liability would be sufficient to hold AEGON USA liable for the actions of its subsidiaries in administering Hall's policy. Thus, the question is not whether AEGON USA is listed as a party to Hall's policy, but whether AEGON USA may be held liable for the actions of Transamerica, which indisputably is a party to Hall's policy, under one of the theories set forth in Hall's opposition to AEGON USA's motion for summary judgment. Hall's opposition to AEGON USA's motion for summary judgment strikes to the heart of that issue. AEGON USA may be held liable for the actions of its subsidiaries, including Transamerica, in administering Hall's policy. See discussion, *supra*; Section I.B., C., and D., Opposition to AEGON MSJ, Doc. 74. Hall hereby adopts and incorporates into this surreply the Memorandum In Support of Plaintiff's Cross-Motion for Summary Judgment and Response In Opposition to Transamerica

Life Insurance Company's Motion for Summary Judgment (Doc. 106). Based on the principles of alter ego, actual and/or apparent agency, and conspiracy, AEGON USA is liable for the actions of its subsidiaries, including Transamerica, as set forth in Doc. 106.

For the reasons set forth above, among others, this Court should deny AEGON USA's motion for summary judgment.

Respectfully submitted this 22nd day of February, 2011.

/s/ Paul S. Rothstein
Paul S. Rothstein

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 22nd day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201

Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131

                /s/ Paul S. Rothstein
                Paul S. Rothstein
                Attorney for Plaintiffs
                Florida Bar No.: 310123
                626 N. E. First Street
                Gainesville, Florida 32601
                Phone: (352) 376-7650
                Fax: (352) 374-7133