**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT W. HALL                                                            PLAINTIFF

v.                              Case No. 4:11-cv-00086-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                  DEFENDANTS

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS TO
MEMORANDUM IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR PARTIAL
SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO DEFENDANT
TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Plaintiff Robert W. Hall ("Hall"), by and through his undersigned

counsel, and moves this Court for leave to file the following supplemental exhibits to Plaintiff's

Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment and Response in

Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary

Judgment: 1) the Declaration of Plaintiff Robert W. Hall, attached hereto as Exhibit A; and 2)

excerpts from the deposition of Anthony Gooch, filed in the case of *Gooch v. Life Investors*, No.

1:07-0016, Middle District of Tennessee, attached hereto as Exhibit B.  In support of this motion

Plaintiff states:

1.      Rule 32(a)(8), Fed. R. Civ. P., states: "A deposition lawfully taken and, if

required, filed in any federal- or state-court action may be used in a later action involving the

same subject matter between the same parties, or their representatives or successors in interest, to

the same extent as if taken in the later action. A deposition previously taken may also be used as

allowed by the Federal Rules of Evidence."

1

2.      The rule allowing the use of deposition from prior lawsuits has been liberally

construed in light of the goals of fairness and efficiency.  *Winslow v. General Motors Corp.*,

2003 WL 25676481, *1 (E.D. Ark. 2003).  Depositions from prior lawsuits are admissible where

the subject matter is the same and the defendant in the prior case had the same motive and

opportunity to cross-examine the deponent as it has in the present case.  *Id.* at *1-*2.

3.      "'[A] deposition is at least as good as an affidavit and should be usable wherever

an affidavit would be permissible, even though the conditions of the rule on use of a deposition at

trial are not satisfied.'"  *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir. 1992),

quoting Wright & Miller, Federal Practice and Procedure § 2142 (1970).  When used in the

context of a Rule 56 motion, depositions are the equivalent of affidavits and may be used to

support or oppose a motion for summary judgment, even where the defendant did not have an

opportunity to cross-examine the deponent.  *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966-

67 (9th Cir. 1981).

4.      The facts and issues in the *Gooch* case are substantially similar to the issues in the

instant case, the Defendants are the same, and the Defendants had the same motive and

opportunity to cross-examine deponent Anthony Gooch.  Furthermore, the deposition of Gooch

is the equivalent of an affidavit, and may be used to support and oppose motions for summary

judgment.

5.      Defendant Transamerica has not yet filed a reply to Hall's response in

opposition to its motion for summary judgment, or a response to Plaintiff's motion for summary

judgment.  Pursuant to this Court's orders dated February 7, 2011 and February 22, 2011,

Transamerica's response in opposition to Hall's Motion for Summary Judgment and

2

Transamerica's reply in support of its own Motion for Summary Judgment are not due until March 11, 2011.  Defendants will not be prejudiced in any way by this filing.  If Defendants require additional time to respond or reply because of this filing, Hall will not oppose such request.

6.      Counsel for Hall has conferred with counsel for Defendants regarding Defendants' objections to Plaintiff filing these supplemental exhibits, and Defendants do not consent to Plaintiff filing these supplemental exhibits.

WHEREFORE, Plaintiff respectfully requests that this Court permit Plaintiff to file the attached documents as supplemental exhibits to Plaintiff's Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment and Response in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment.

Respectfully submitted this 28th day of February, 2011.

        /s/ Paul S. Rothstein
        Paul S. Rothstein

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201

Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131

                 /s/ Paul S. Rothstein
                 Paul S. Rothstein
                 Attorney for Plaintiffs
                 Florida Bar No.: 310123
                 626 N. E. First Street
                 Gainesville, Florida 32601
                 Phone: (352) 376-7650
                 Fax: (352) 374-7133