Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**ROBERT W. HALL, individually and
On behalf of all others similarly situated**

        **Plaintiffs,**

        **v.**

**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.,**

        **Defendants.**

**SUBPOENA IN A CIVIL CASE
(Case Pending in the E.D. Arkansas,
Case No. 1:09-CV-00057-JLH)**

**TO:   Management Services Organization
1800 12th Street
Meridian, MS 39301**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

■   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| **Brooks Court Reporting**<br>**2105 5th Street**<br>**Meridian, MS 39301** | **July 30, 2010**<br><br>**1:30 p.m.** |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants | 7/21/10 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER :

        John K. Baker, Esq.
        MITCHELL, WILLIAMS, SELIG,
         GATES & WOODYARD, P.L.L.C.
        425 West Capitol Avenue, Suite 1800
        Little Rock, Arkansas 72201
        Tel.  (501) 688-8800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D below)

## PROOF OF SERVICE

| SERVED | DATE _6-23-10_ | PLACE _1800 12TH ST MERIDIAN, MS 39305_ |
|---|---|---|

| SERVED ON (PRINT NAME) _SUSAN STRGALL_ | MANNER OF SERVICE _PERSONAL_ |
|---|---|

| SERVED BY (PRINT NAME) _BOBBY V. HOUSE_ | TITLE _PROCESS SERVER_ |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

STATE OF MISSISSIPPI
COUNTY OF LAUDERDALE
Executed on _6-23-10_
DATE

SIGNATURE OF SERVER

_7807 RSP7 RD MERIDIAN, MS 39305_
ADDRESS OF SERVER

SWORN TO AND SUBSCRIBED BEFORE
ME _BOBBY HOUSE_ THIS
THE _23_ DAY OF _JULY_ 20 _10_
DONNA JILL JOHNSON, CLERK
BY _____
DEPUTY CLERK

My Commission Expires 1st monday, Jan. 2012

Rule 45(c), and (d), Federal Rules of Civil Procedure.

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected mater, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the using court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## INSTRUCTIONS AND DEFINITIONS

1.      "You" or "Your" means Management Services Organization, or any person or entity acting on behalf of or at the direction of Management Services Organization.

2.      In responding to this Subpoena, You are required to furnish all documents that are available to You or that You may obtain by reasonable inquiry, including documents in the possession of any person or entity subject to Your control.

3.      The term "documents" as used in this subpoena includes all documents of every nature subject to discovery under the Federal Rules of Civil Procedure including electronically stored information.

4.      "Robert W. Hall" refers to the individual of said name whose Date of Birth is 8/06/45, and Social Security No. is  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, and all persons acting on his behalf, including but not limited to his spouse, personal representatives or legal representatives.

5.      Unless otherwise stated herein, this Subpoena seeks documents and information for the period commencing January 1, 2006 to the present.

## SCHEDULE A

1.     All statements, bills, invoices or other documents showing the amounts that You actually billed, charged, and were paid for medical services provided to Robert W. Hall on or after January 1, 2006.

2.     All contracts or agreements (including all exhibits) governing the amounts You are or were permitted to charge or bill for medical services provided to Robert W. Hall on or after January 1, 2006, including but not limited to any provider agreements with United Healthcare or Medicare participating provider or supplier agreements.

3.     All documents showing any amounts paid to You by Robert W. Hall for medical services provided to Mr. Hall on or after January 1, 2006.

4.     All manuals or guidelines in effect during calendar years 2006 and 2007 describing the procedures to be used or steps to be taken by You in filing claims with United Healthcare.

5.     All manuals or guidelines in effect during calendar years 2006 and 2007 describing the procedures to be used or steps taken by You in filing claims with Medicare.

6.     All correspondence and communications, including diaries or notes of conversations or communications, with Robert W. Hall, his attorneys or representatives regarding bills or charges, or the form of billing paperwork, for medical services or treatment rendered to Mr. Hall on or after January 1, 2006.

7.     All documents created by You at the request of Robert W. hall, his attorneys or representatives, including drafts and notes, related to Mr. Hall making any claim for benefits under a Transamerica cancer insurance policy on or after January 1, 2006.

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD**
**P.L.L.C.**
425 WEST CAPITOL AVENUE, SUITE 1800
LITTLE ROCK, ARKANSAS 72201-3525

81-873/820

appearance fee

**82428**

PAY ___Forty and 00/100_____ **DOLLARS**

| DATE | TO THE ORDER OF | CHECK AMOUNT |
| --- | --- | --- |
| 2/20/10 | Management Services Organization | 40 00 |

MITCHELL WILLIAMS, SELIG, GATES & WOODYARD

TWIN CITY BANK
NORTH LITTLE ROCK, ARKANSAS 72118  (501) 812-1400

CHECKS IN EXCESS OF $500.00 REQUIRES COUNTER SIGNATURE

⑈082428⑈ ⑆082008732⑆ ⑈404⑈649⑈8⑈

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD**
**P.L.L.C.**
425 WEST CAPITOL AVENUE, SUITE 1800
LITTLE ROCK, ARKANSAS 72201-3525

81-873/820

| IN PAYMENT FOR |
| --- |
| XXXX |
| mileage fee |

82429

PAY *Four and 00/100*

DOLLARS

| DATE | TO THE ORDER OF | | | CHECK AMOUNT |
| --- | --- | --- | --- | --- |
| 7/20/10 | Management Services Organization | | | 4 | 00 |

MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD

*Vickie Darlington*

TWIN CITY BANK
NORTH LITTLE ROCK, ARKANSAS 72118 (501) 812-1400

CHECKS IN EXCESS OF $500.00 REQUIRES COUNTER SIGNATURE

⑈082429⑈ ⑆082008732⑆ ⑈404⑈649⑈8⑈