# Exhibit D

JORDEN BURT

777 Brickell Avenue
Suite 500
Miami, FL 33131-2803
(305) 371-2600
Fax: (305) 372-9928

Julianna Thomas McCabe
(305) 347-6870
jt@jordenusa.com

1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208
(202) 965-8100
Fax: (202) 965-8104

175 Powder Forest Drive
Suite 301
Simsbury, CT 06089-9658
(860) 392-5000
Fax: (860) 392-5058

November 19, 2010

Via Email Only (htomlinson@bellsouth.net)

Frank H. Tomlinson, Esq.
Attorney at Law
Suite 302
15 North 21st Street
Birmingham, Alabama 35203

Re: *Hall v. Equity National Life Insurance Co., et al.*
Case No. 1:09CV00057 JLH

Dear Mr. Tomlinson:

This letter will follow a voicemail message I left for you today regarding certain discovery issues.

We are preparing to re-notice Mr. Hall's deposition before the end of the discovery period. We originally noticed this deposition in Little Rock, but later agreed to move the deposition to Birmingham at your request. Please let us know which location you prefer, and provide us with some available dates between November 30 and December 10.

Thank you for serving supplemental interrogatory responses. We will review the supplement and get back to you regarding any further issues. We have still not received Mr. Hall's production in response to Transamerica's requests for production. Pursuant to the Court's Order (D.E. 58) of November 8, 2010, the documents were due to be served by November 18, 2010. Please let us know the status of the production. Thank you.

Very truly yours,

Julianna Thomas McCabe

JTM:cp

cc (*via email*): Doralee I. Chandler, Esq. (*dchandler@msslawfirm.com*)
John K. Baker, Esq. (*jbaker@mwlaw.com*)

191110



777 Brickell Avenue
Suite 500
Miami, FL 33131-2803
(305) 371-2600
Fax: (305) 372-9928

1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208
(202) 965-8100
Fax: (202) 965-8104

Julianna Thomas McCabe
(305) 347-6870
jt@jordenusa.com

175 Powder Forest Drive
Suite 301
Simsbury, CT 06089-9658
(860) 392-5000
Fax: (860) 392-5058

December 7, 2010

<u>Via Facsimile (205) 328-2889</u>
<u>and Email (htomlinson@bellsouth.net)</u>

Frank H. Tomlinson, Esq.
Attorney at Law
Suite 302
15 North 21st Street
Birmingham, Alabama 35203

Re: *Hall v. Equity National Life Insurance Company, et al.*
Case No. 1:09-CV-00057 JLH (E.D. Ark.)

Dear Mr. Tomlinson:

As you know, we represent Transamerica Life Insurance Company ("Transamerica") in the above referenced action.

On October 18, 2010, Transamerica was forced to file a Motion to Compel the plaintiff to respond to its interrogatories and requests for production. D.E. 57. On October 28, 2010, plaintiff served partial, unverified responses to Transamerica's interrogatories, but no response to the requests for production. On November 8, 2010, the Court entered an Order granting Transamerica's Motion to Compel. D.E. 58. The Court's Order stated that responses "to the interrogatories and requests for production of documents ***must be served*** on or before November 18, 2010." *Id.* (emphasis added).

Plaintiff has not complied with the Court's Order. Plaintiff has never served a verification to his initial interrogatory responses, has failed to provide basic information requested in the interrogatories, and has never served a response or produced a single document in response to Transamerica's requests for production.

We have attempted on several prior occasions to confer to resolve these issues. On November 4, 2010, we sent a letter addressing the deficiencies in plaintiff's interrogatory responses. On November 19, 2010, we sent a second letter addressing plaintiff's failure to respond to the requests for production. This letter constitutes a final attempt to resolve these

JORDENBURT

outstanding discovery issues before we seek further court intervention. The specific deficiencies in plaintiff's discovery responses are addressed in detail below and their correction is requested to be received by this office by 12:00 p.m. CST on December 9, 2010:

**Interrogatories**

***Verification for Initial Interrogatory Responses***

Federal Rule of Civil Procedure 33(b)(5) provides that the person who answers interrogatories "must sign them." Please provide a signed verification page for plaintiff's original interrogatory responses.

***Interrogatory No. 2***

Interrogatory number 2 seeks basic information about the medical services plaintiff contends are at issue in this case, the proof of loss plaintiff alleges he submitted, and the plaintiff's alleged damages. Plaintiff initially provided no responsive information. Plaintiff's supplemental response attached a chart (the "Spreadsheet") which includes some of the requested information but is incomplete because it provides that the Spreadsheet is "a work in progress," and further, because it includes no "description of the documents" plaintiff contends he "submitted to Transamerica as [his] proof of loss." *See* Interrogatory No. 2(6). In order to be eligible for benefits under the Policy, plaintiff was required to comply with the Policy's "proof of loss" requirements. Transamerica is entitled to know what plaintiff contends constitutes his "proof of loss" for the claims he alleges were unpaid or underpaid. Plaintiff's vague statement that he "submitted ***most*** of these claims to Defendant and they are documented in Defendant's files" is insufficient and provides no information regarding plaintiff's contentions in this case. To the extent plaintiff is attempting to rely on Fed. R. Civ. P. 33(d)(1), by making a general reference to documents, the response is inadequate. Rule 33 provides that "[i]f the answer to an interrogatory may be determined by examining . . . a party's business records . . . the responding party may answer by: (1) specifying the records that must be reviewed, ***in sufficient detail*** to enable the interrogating party to locate and identify them as readily as the responding party could." Plaintiff's response fails to identify any specific documents with "sufficient detail."

Plaintiff's response to Interrogatory No. 2 is also inconsistent with his response to Request for Admission No. 7. Request for Admission No. 7 asked plaintiff to admit that none of the claims at issue in this lawsuit were provided at Urology Clinic of Meridian. Plaintiff denied that request, but his spreadsheet identifies no services provided by Urology Clinic of Meridian in response to Interrogatory No. 2.

Accordingly, please provide a response to Interrogatory No. 2 which is complete and not "a work in progress," and which answers the interrogatory by describing (or listing by bates number) the documents that plaintiff contends constitute his proof of loss for each claim identified in the Spreadsheet. If plaintiff contends any treatments provided at Urology Clinic of Meridian are at issue in this lawsuit, please provide the information requested in Interrogatory No. 2 for such treatment. If no such treatment is at issue, please supplement or correct your response to Request for Admission No. 7.

***Interrogatory No. 3***

Plaintiff has failed to provide any substantive response to Interrogatory No. 3. This interrogatory simply asks plaintiff to identify any of his medical expenses at issue in this lawsuit (other than co-payments) that were not covered by Medicare or another insurer. The interrogatory does not use the phrase "actual charges." Plaintiff has the information necessary to respond to this simple interrogatory. If all of the medical expenses for which plaintiff submitted claims under his Transamerica Policy were covered by Medicare or other insurance, plaintiff should affirmatively state this fact. Otherwise, please identify each medical expense not covered by Medicare or other insurance for which plaintiff submitted a claim under his Policy.

***Interrogatory No. 4***

Interrogatory No. 4 asks whether plaintiff contends that Transamerica "improperly paid any claims under the Policy, ***other than those claims for benefits based on 'actual charges.'***" Thus, interrogatory No. 4 is different than Interrogatory No. 2. Plaintiff has failed to provide a responsive answer. If plaintiff alleges that any of his claims in this lawsuit are not based on the "actual charges" provisions of his Policy, please identify those specific claims and provide the information requested in Interrogatory No. 4.

***Interrogatory No. 5***

Plaintiff supplemented his response to Interrogatory No. 5 with the Spreadsheet, but still failed to provide all of the requested information. For each claim listed on plaintiff's Spreadsheet (and any other claims you contend are at issue in this case), please specify the specific ***paragraph*** and ***page number*** of the Policy as requested. Plaintiff's vague reference to the "Schedule of Benefits" is entirely inadequate. The interrogatory clearly requests more specific information, and the information requested is readily identifiable and central to the plaintiff's claims in this action.

JordenBurt

***Interrogatory No. 15***

Plaintiff's response to Interrogatory No. 15 is non-responsive. There is no reason that plaintiff cannot ascertain and provide the requested information. Accordingly, please supplement plaintiff's response and provide the requested information.

**Requests for Production**

Plaintiff has not responded to Transamerica's requests for production that were served nearly six months ago.

**Requests for Admission**

Plaintiff served responses to Transamerica's requests for admission but some of those responses were inadequate or require supplementation as discussed below.

***Request for Admission No. 3***

Plaintiff responded to Request for Admission No. 3 with the statement: "Unable to either admit or deny at this time." Request for Admission No. 3 is straightforward. It asks plaintiff to admit that he has not submitted any claims to Transamerica since March 2007. Transamerica has no such claims in its records. Federal Rule of Civil Procedure 36 provides that an answering party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Plaintiff's response includes no such statement, nor could it. The plaintiff is well aware of any claims he has submitted to Transamerica and there is no reason why plaintiff would be unable to respond to this request. Accordingly, please supplement plaintiff's response.

***Request for Admission No. 4***

Plaintiff's response to Request for Admission No. 4 requires supplementation. This request seeks an admission or denial of whether plaintiff is asserting any "claims in this action for medical treatment or services" provided to Alice F. Hall. Plaintiff's original response to this request was an admission qualified by the phrase, "at this time." There is no basis for any such qualification. Please supplement this response with an unqualified admission, or a denial which fairly responds to the substance of the request as required under Rule 36.

***Request for Admission No. 11***

This request is simple and straightforward. It asks plaintiff to admit that, from April 2007 to the present," plaintiff has been paid $5,523.38 in benefits under the Policy. Plaintiff responded to Request for Admission No. 11 with the statement: "Unknown at this time." Plaintiff's response is unacceptable. The response violates Rule 36 which provides that an answering party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Plaintiff's response includes no such statement, nor could it. The plaintiff is well aware of the benefit payments he has received from Transamerica and there is no reason why plaintiff would be unable to respond to this request. Accordingly, please supplement plaintiff's response.

* * *

Separately, as you know, Mr. Hall's deposition is scheduled to proceed on December 14, 2010. We scheduled this deposition at your office in Birmingham, Alabama as an accommodation, even though Mr. Hall chose to file this case in Arkansas. We recently received a message from your office, indicating that you may require a change in the deposition location and that you would like to set up a video transmission of the deposition to be viewed by some unknown Florida "co-counsel" at a remote location. Please know that Transamerica objects to any procedure that transmits an external live feed of Transamerica's deposition of the plaintiff. Among other reasons, this case involves confidential information, including the confidential documents of third parties that are subject to a protective order. The Florida "co-counsel" mentioned by your assistant has never entered an appearance in this action. Any of your co-counsel of record who may have intended to view the deposition should make plans to be present at the deposition.

Regarding the location of the deposition, please let me know immediately whether your office can accommodate at least six individuals, including our court reporter and videographer. If not, we will re-notice the deposition at a suitable location.

Given the impending deposition of the plaintiff, we would appreciate an immediate response to the issues raised in this letter, including the production of plaintiff's responsive documents by fax or e-mail. If we are unable to resolve these issues, we intend to re-notice

JORDEN BURT

Frank H. Tomlinson, Esq.
December 7, 2010
Page 6

plaintiff's deposition at a location of our choosing in Birmingham and file our motion regarding the written discovery on Thursday afternoon.

Sincerely,

Julianna Thomas McCabe

cc (*via fax*): Doralee I. Chandler, Esq.
Gail O. Matthews, Esq.
John K. Baker, Esq.

191302

JORDEN BURT LLP