# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT W. HALL                                                                                            PLAINTIFF

v.                             Case No. 4:11-cv-00086-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                                          DEFENDANTS

### PLAINTIFF ROBERT W. HALL'S RESPONSE TO TRANSAMERICA'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Plaintiff Robert W. Hall ("Hall") hereby responds to Transamerica's Statement of Undisputed Material Facts in Support of Transamerica Life Insurance Company's Motion for Summary Judgment ("Transamerica's Statement") (Doc. 78):

1.  Admitted in part. Hall denies that his Policy with Transamerica was titled a "Cancer Expense Policy." *See* Memorandum in Support of Plaintiff's Cross-Motion for Partial Summary Judgment and Response in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment ("Memorandum in Support of Plaintiff's Cross-Motion"), Exhibit 1, Hall Policy, Doc. 106-1. On the first page, the policy is called a "Cancer Only Policy." *Id.* Hall admits all other parts of paragraph 1 of Transamerica's Statement.

2.  Admitted.

3.  Immaterial. Whether Hall read the Policy when he received it in the mail has no bearing on Hall's claims. Admitted that Hall is bound by the terms of the Policy, as is Transamerica.

4.  Denied that the Policy insures "*only* for 'loss incurred'" (emphasis added), as the

insuring clause on the first page of the policy states: "We agree to insure you for loss incurred," and the surgery and anesthesia sections state that benefits will be paid according to the "actual fee" and "actual charges," respectively. Hall Policy, attached as Exhibit 1 to Memorandum in Support of Plaintiff's Cross-Motion, pp. 1, 6.

5. Denied that a proof of loss is required to receive *any benefits* under the Policy. The "proof of loss" language only applies to an "incurred expense." Hall Policy, Section C, at p. 6.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted in part. Admitted that the Policy does not define the terms "actual charges" or "actual fee," but denied as immaterial that the terms are used "consistent with the Policy's expressed intent to provide insurance coverage for 'loss incurred'," as this is a supplemental cancer policy and thus "loss incurred" means something different than what the patient pays out of pocket. Transamerica has admitted that "actual charges" benefits under the policy were to be paid without reference to discounted amounts accepted by medical services providers in full payment from Medicare or third party insurers. *See* Plaintiff's Reply Memorandum In Support of Plaintiff's Cross-Motion for Partial Summary Judgment and in Opposition to Transamerica's Motion for Summary Judgment ("Reply") (Doc. 129), Exhibit A, Exhibit C.

11. Admitted.

12. Admitted.

13. Denied as immaterial, and as an opinion, not a fact.

14. Denied as immaterial, misleading, opinion rather than fact, and contrary to testimony offered in the following cases: *Eufaula Hosp. Corp. v. Lawrence*, 32 So. 3d 30, 36 (Ala. 2009) ("... [the plaintiff's health economist expert] testified that... [a]ll three [Medicare, Medicaid, and Blue Cross]-along with self-pay or uninsured patients-are charged the chargemaster rate, but they actually pay lesser amounts."); *University of Southern Alabama Hospitals v. Blackmon*, 42 So.3d 1258, 1260 (Ala. Civ. App. 2009) ("To rebut the hospital's assertion that its charges were reasonable, the Robertses elicited testimony that the hospital accepted less than the full amount charged to patients who were insured by commercial health-insurance carriers such as Blue Cross/Blue Shield and government payors such as Medicare and Medicaid."), *reh'g denied* (Jan. 29, 2010); *Roberts v. Univ. of Alabama Hosp.*, 27 So. 3d 512, 515 (Ala. Civ. App. 2008) ("[The director] testified that he set prices on a schedule known as a Charge Master, which is a price list for services rendered by the hospital to inpatients. It is an industry standard to work from the said Charge Master. [The manager] testified that regardless of the means or methods of payment from the patient, the price list is applied uniformly across the board to all patients in order to establish the cost of services rendered."). It is misleading and disingenuous to file a declaration conflating the terms "actual charges" and "real prices," and opposing those terms to "list prices," when "actual charges" is a highly contested term in this case. That portion of the declaration is denied as opinion rather than fact.

15. Denied as opinion rather than fact (i.e. "grossly inflated"), and denied that the

chargemaster prices are higher than the "actual prices being *charged*. . ." (emphasis added), since that testimony conflicts with testimony offered in the cases referenced in ¶ 14, *supra*.

16. Denied as to opposing the terms "actual charges" and "list prices," and/or using the term "actual charges" as synonymous with amounts providers accept as full payment for services, since the definition of "actual charges" is in dispute, and Hall contends (supported by the Supplemental Declaration of Kathy Holdiness) that "actual charges" and "actual fee" refer to amounts all patients are charged for services, which are the chargemaster amounts, not the amounts the providers eventually accept as full payment under unrelated contracts with Medicare or third-party insurers. Amended Hall Dec., ¶¶ 6-7; Supplemental Holdiness Dec., ¶¶ 5-8.

17. Denied as immaterial and as opinion rather than fact.

18. Denied as immaterial and as opinion rather than fact.

19. Denied. Evidence presented by Hall shows that as early as 1997 Transamerica considered whether "actual charges" should be paid according to the discounted amounts providers accepted, and decided that they should not be. Plaintiff's Reply Memorandum In Support Of Plaintiff's Cross-Motion For Summary Judgment And In Opposition To Transamerica's Motion For Summary Judgment ("Reply") (Doc. 129), Exhibit A, Exhibit C.

20. Admitted in part, denied in part. Admitted that in early 2006 Transamerica revised its claim forms and "proof of loss" instructions. Denied that Transamerica did so in order to receive "proper documentation. . . to enable it to accurately pay 'actual charges'." Transamerica changed its claims forms and "proof of loss" instructions to attempt to justify its decision to unilaterally change its policy regarding "actual charges" and "actual fee," which would save Transamerica a great deal of money. *See* Memorandum in Support of Plaintiff's

Cross-Motion, Exhibit G, p. 3.  Denied that *accurate* payment of "actual charges" would be based on "the total amounts actually owed to and accepted by medical providers as payment in full. . ."  According to Transamerica's own admissions, such method of paying "actual charges" would be *inaccurate*.  See Reply, Exhibit A, Exhibit C.

21. Immaterial.  No such statute exists in Alabama or Arkansas.

22. Without knowledge as to the actions of Transamerica, however, Hall does not remember receiving any such letter.  Hall Depo, p. 132.

23. Denied.  The 2006 letter set forth Transamerica's novel interpretation of "actual charges," which conflicted not only with its decades-long course of dealing with policyholders but with its own admissions.  *See Hege v. Aegon USA*, 2011 WL 206318, *1 (D.S.C. Jan. 21, 2011); Reply, Exhibit A, Exhibit C.

24. Admitted.

25. Admitted.

26. Admitted that Hall's submission included the note, however, it is immaterial that the initial submission included "no proof of loss for any incurred expenses" because Hall's claims are pursuant to the Surgery and Anesthesia sections of his Policy, which pay benefits for "actual charges" and "actual fee," not "incurred expenses."  *See* Hall Policy, p. 6.

27. Admitted.

28. Admitted.

29. Immaterial.

30. Denied as to the characterization of the submission as "proof of loss."  Hall submitted evidence sufficient to show that the "actual fee" for the surgery was $4,166.00 and that

5

the "actual charges" for the anesthesia were $1,210.00.  *See* Declaration of James A. Byrne (Doc. 76-3), ¶¶ 14-15, Exhibit F, Exhibit G.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Immaterial.  Admitted in part and denied in part.  Admitted that at all relevant times, Hall was covered by Medicare with secondary coverage by United Healthcare.  Denied that Medicare paid the "actual charges" for Hall's treatment.  Medicare paid an amount lower than the "actual charges" pursuant to contracts between the provider and Medicare and Medicare law, however, Hall was actually charged the full amount for his surgery and anesthesia.  *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

35.     Immaterial.

36.     Immaterial.

37.     Admitted that Dr. Wade performed Hall's prostate surgery on July 27, 2006.  Denied as to the remainder.  Dr. Wade may have only been permitted to accept the Medicare allowed amount for the surgery, but Dr. Wade actually charged Hall the chargemaster amount of $4,166.00 for the surgery.  *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

38.     Denied that what Medicare and United Healthcare paid was the "fee" for the surgery.  The "actual fee" for the surgery was $4,166.00.  *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

39. Admitted that $1,483.58 was paid to Dr. Wade and is equal to the Medicare allowed amount for the surgery, however, denied that such amount was the "total fee charged by" Dr. Wade. Dr. Wade charged Hall the chargemaster amount of $4,166.00 for the surgery. *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

40. Denied that Hall was never obligated to Dr. Wade for any amount in excess of $1,483.58; denied that "Dr. Wade did not charge his maximum rates." Hall was charged $4,166.00 and was obligated for that amount at the time services were rendered. *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

41. Admitted.

42. Admitted that Transamerica paid Hall $1,483.58 for the surgery. What Hall did with that amount is totally immaterial.

43. Immaterial.

44. Immaterial, since the Policy pays surgical and anesthesia benefits based on the "actual fee" and "actual charges," not upon an "incurred expense." Hall Policy, p. 6.

45. Admitted that Transamerica paid Hall $370.90 for the Anesthesia Claim, and that that amount is 25% *of what Transamerica claims* is the surgical fee (or $1,483.58). Denied that the "actual charges" for Hall's anesthesia were $189.11. Hall was actually charged $1,210.00 for anesthesia. *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply. Denied that the $370.90 was an overpayment, since Hall should have been paid $1,041.50 for his Anesthesia Claim (or 25% of the fee for the

surgery, which was $4,166.00).  *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

46. Immaterial, since the Policy pays surgical and anesthesia benefits based on the "actual fee" and "actual charges," not upon an "incurred expense."  Hall Policy, p. 6.

47. Admitted that Transamerica paid a portion of the amounts owed to Hall under his Surgery and Anesthesia Claims, but denied that the claims were paid in full.  *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

48. Without knowledge.

49. Admitted that Transamerica issued an additional payment of $737.50.  Denied that the Surgery and Anesthesia Claims had been previously paid in full, and denied that there was an overpayment of $181.79 for the Anesthesia Claim.  *See* Supplemental Holdiness Dec., ¶¶ 5-8; Amended Hall Dec., ¶¶ 6-7; United Healthcare EOBs, attached as Exhibit D to Reply.

50. Immaterial.

51. Admitted that the Alabama Department of Insurance replied to Hall's complaint as quoted, but denied that Hall's Policy does not provide any more benefits for his Surgery and Anesthesia Claims than Transamerica has paid.  See responses above.

52. Immaterial.

53. Denied that the call was a "solicitation call."  Hall Depo. pp. 49-50.

Respectfully submitted this ___ day of April, 2011.

_____

>Paul S. Rothstein
>Attorney for Plaintiffs
>Florida Bar No.: 310123
>626 N. E. First Street
>Gainesville, Florida 32601
>Phone: (352) 376-7650
>Fax: (352) 374-7133
>psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201

Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131

>Paul S. Rothstein

> Paul S. Rothstein
> Attorney for Plaintiffs
> Florida Bar No.: 310123
> 626 N. E. First Street
> Gainesville, Florida 32601
> Phone: (352) 376-7650
> Fax: (352) 374-7133
> psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201

Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131

> Paul S. Rothstein