# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT W. HALL                                                                                  PLAINTIFF

v.                              Case No. 4:11-cv-00086-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                              DEFENDANTS

**SUBSTITUTED STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Plaintiff Robert W. Hall ("Hall") hereby submits this substituted statement of undisputed material facts as to which it contends there is no genuine issue to be tried:[1] [2]

1.      On or about September 17, 1994, Hall purchased a supplemental cancer policy (the "Policy") from Equity National Life Insurance Company ("Equity National").[3] Subsequent to that time, Equity National became Life Investors Insurance Company of America ("Life

---

[1] Hall hereby denies all other facts stated in Transamerica's Statement of Material Facts in Support of Transamerica Life Insurance Company's Motion for Summary Judgment that are inconsistent with the facts stated herein. Hall asserts that some "facts" proffered by Transamerica are actually legal conclusions, and therefore Hall states that those conclusions are in dispute.

[2] Hall contends that the facts contained herein are sufficient to entitle him to partial summary judgment. Thus, these facts are also sufficient to defeat Transamerica's Motion for Summary Judgment, and this statement of facts shall stand in for the statement of facts required by Hall under Local Rule 56.1(b) regarding Hall's opposition to Transamerica's Motion for Summary Judgment.

[3] Hall's Policy ("Hall Policy") is attached as Exhibit 1 to Plaintiff's Memorandum of Law in Support of Plaintiff's Cross-Motion for Partial Summary Judgment.

1

Investors"), which became Transamerica Life Insurance Company ("Transamerica").[4] Transamerica Life Insurance Company's Memorandum of Law in Support of Its Motion for Summary Judgment, Doc. 77 ("Doc. 77"), fn. 3.

2.  Hall had the terms of the Policy described to him by the salesperson at the time he purchased the Policy. Deposition of Robert Hall ("Hall Depo."), excerpts of which are attached as Exhibit 3 to Plaintiff's Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment, p. 78.

3.  Mr. Chambliss told Hall that the Policy would pay to Hall actual charges for Hall's medical treatment in the event he was diagnosed with cancer. (Hall Depo. at 82).

4.  Many benefits under the Policy, including radiation and chemotherapy, were indexed to "actual charges." Hall Policy, pp. 7-8.

5.  The benefits for surgery under the Policy were indexed to the "actual fee" or the benefit ceiling imposed by the Schedule of Benefits. Hall Policy, p. 6.

6.  Regarding supplemental cancer policies substantially similar to Hall's, before it unilaterally altered its procedures in 2006, Transamerica routinely accepted as "proof of loss" statements from the medical provider, and Transamerica did not require statements showing the amounts the medical providers finally accepted as full payment for services from third party payors such as Medicare or private insurers. Deposition of Connie Whitlock from the case of *Gooch v. Life Investors*, No. 1:07-0016 ("Whitlock Depo."), attached as Exhibit 4 to Plaintiff's Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment, pp. 83-85,

---

[4]"Transamerica" will refer collectively to Equity National, Life Investors, and Transamerica.

89-91, 97-98; *Hege v. Aegon USA*, 2011 WL 206318, *1 (D.S.C. Jan. 21, 2011).

7. Regarding supplemental cancer policies substantially similar to Hall's, before it unilaterally altered its procedures in 2006, Transamerica routinely paid benefits equal to amounts the medical provider actually charged. Transamerica did not pay benefits equal to the amount the medical provider finally accepted as full payment for services. Whitlock Depo., pp. 83-85, 89-91, 97-98; *Hege*, 2011 WL 206318 at *1.

8. The terms "actual charges" or "actual fee" as used in the Policy, when considered in conjunction with all other terms in the Policy, clearly mean the amounts shown on medical provider statements, not the amounts a provider eventually accepts as final payment for a service. *See generally* Hall Policy.

9. At least as early as 1997, Transamerica's own admissions show that it interpreted "actual charges" to mean amounts shown on medical provider statements, not the discounted amounts finally accepted by providers as full payment for the service. Plaintiff's Reply Memorandum In Support Of Plaintiff's Cross-Motion For Summary Judgment And In Opposition To Transamerica's Motion For Summary Judgment ("Reply") (Doc. 129), Exhibit A, Exhibit C.

10. On July 22, 2005 Connie Whitlock, Senior Vice President of Transamerica, authored an internal memorandum urging a change in the way in which Transamerica paid "actual charges" benefits after a company actuary expressed concern that the payment of those benefits based on medical bills had become too expensive. Whitlock Depo., pp. 15-18, 83-85, 89-91.

11. Transamerica had attempted to purchase Hall's Policy from him multiple times,

but he was advised by a friend never to trade in his Policy because it was one of the old types of policies that paid actual charges. Hall Depo., pp. 196-197.

12. Hall does not remember receiving the form letter allegedly sent on February 10, 2006. Hall Depo., p. 132.

13. When Hall needed to make a claim on the Policy, he had to call Transamerica to request the necessary forms. Hall Depo., p. 134.

14. The 2006 Letter unilaterally repudiated the express terms of Transamerica's agreements with its supplemental cancer policyholders. *See* 2006 Letter, attached as Exhibit 5 to Plaintiff's Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment.

15. Transamerica's explanation of the meaning of the phrase "actual charges" in the 2006 Letter is contradicted by Transamerica's longstanding interpretation of the phrase "actual charges." See Whitlock Depo., pp. 83-85, 89-91, 97-98; *Hege*, 2011 WL 206318 at *1.

16. Patients become contractually liable for the full list prices or maximum rates for medical services provided by Rush Health Systems, Inc. and Management Services Organization at the time medical services are rendered. Supplemental Declaration of Kathy Holdiness ("Supplemental Holdiness Dec."), ¶ 6.

17. Management Services Organization actually charges patients its maximum rates, regardless of whether those patients have Medicare, third-party health insurance, or no insurance. Supplemental Holdiness Dec., ¶ 6.

18. The "amount charged" for the prostate surgery Hall underwent was $4,166.00. The "amount charged" for the anesthesia for Hall's surgery was $1,210.00. United Healthcare EOBs, attached as Exhibit D to Reply.

19. Hall was charged and became liable for the amounts of $4,166.00 for his prostate surgery and $1,210.00 for his anesthesia at the time those services were rendered. Supplemental Holdiness Dec., ¶ 8; Amended Declaration of Plaintiff Robert W. Hall ("Amended Hall Dec."), ¶¶ 6-7.

20. Hall expected to receive as benefits under the Policy the actual charges as reflected by medical providers on statements, not the amount those providers eventually accepted as final payment from third party payors such as Medicare and private insurance. Hall Depo., p. 161.

21. Hall testified that the call he received from "an attorney named Hutsler" was not a "solicitation call" as Transamerica would like to characterize it because Hall requested that Dee Hutlser represent him in this matter. Hall Depo., pp. 49-50.

Respectfully submitted this ___ day of April, 2011.

                                                          Paul S. Rothstein
Attorney for Plaintiffs
Florida Bar No.: 310123
626 N. E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the ___ day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201

Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131

                                                  Paul S. Rothstein