IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT W. HALL                                                                                      PLAINTIFF

v.                                         Case No. 4:11-cv-00086-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                                   DEFENDANTS

**PLAINTIFF'S MOTION FOR LEAVE TO FILE NEWLY-DISCOVERED
EVIDENCE IN SUPPORT OF PLAINTIFF'S
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND
IN OPPOSITION TO DEFENDANT TRANSAMERICA LIFE INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED
MEMORANDUM OF LAW**

COMES NOW, Plaintiff Robert W. Hall ("Hall"), by and through his undersigned counsel, and moves this Court for leave to file the following newly-discovered evidence, the Declaration of John A. Hartnedy (attached as Exhibit A), in support of Plaintiff's Cross-Motion for Summary Judgment and in opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment. In support of thereof Plaintiff states as follows:

1.      John A. Hartnedy's career in the life and health insurance industry has spanned 35 years, and included such positions as the Chief Deputy Commissioner for the Arkansas Department of Insurance (1996-2005), and a member of the Department of Defense Board of Actuaries (2003-2009). Mr. Hartnedy worked as the Chief Operating Officer of the Supplemental Insurance Division of Aegon with direct responsibility for Aegon's cancer insurance policies from 1994 to 1996. In his declaration, Mr. Hartnedy testifies about how Defendants interpreted the term "actual charges" in supplemental cancer policies, and about how the Whitlock Memorandum of July 22, 2005 changed the meaning of "actual charges" from the

meaning assigned to that term during Mr. Hartnedy's tenure at Aegon.

2. Mr. Hartnedy's declaration proves conclusively that Hall is entitled to summary judgment on the meaning of "actual charges." Specifically, Mr. Hartnedy testifies that "'actual charges' meant the original amount billed by the doctor, hospital, or medical provider. . . . The term 'actual charges' did not mean the discounted amount paid by health insurance, Medicare, or Medicaid.". Hartnedy Declaration, ¶ 15. Mr. Hartnedy also testifies that the Whitlock Memorandum, dated July 22, 2005 "changes the meaning of 'actual charges' from the meaning assigned during the time when I was employed at Aegon." *Id.* at ¶ 32. Furthermore, Mr. Hartnedy testifies that "an insured incurs a 'loss' when he or she receives treatment from his or her doctor, hospital or other medical provider." *Id.* at ¶ 34.

3. When Hall filed his Cross-Motion for Partial Summary Judgment and his response to Transamerica's motion for summary judgment, he did not have this evidence. The declaration was just found May 2, 2011, having been found in another case pending in the Eastern District of Kentucky, *Transamerica Life Ins. Co. v. Moore,* Case No. 3:10-cv-0014.

4. Numerous circumstances exist where supplementation of the summary judgment record with additional evidence is proper, including circumstances where summary judgment has already been entered. Supplementation of the summary judgment record is proper where there exists newly-discovered evidence. *See*, *e.g.*, *Foster v. K-V Pharmaceutical Co.*, 2010 WL 979445, *1 (E.D. Missouri, March 12, 2010). Under Rule 60, Fed. R. Civ. P., a party may supplement the record **after summary judgment has been entered against it** if 1) the evidence is newly-discovered; 2) the movant exercised due diligence; 3) the evidence is material; and 4) the evidence would probably produce a different result. *Peterson by Peterson v. General Motors*

*Corp.*, 904 F.2d 436, 440 (8th Cir. 1990); *see also McNeil v. National Football League*, 777 F.Supp. 1475, 1478 (D. Minn. 1991). "A party may also supplement the record after summary judgment has been granted if 'the evidence is of such a character that it would probably change the outcome of the proceedings.'" *McNeil*, 777 F.Supp. at 1478. Even where a party files an unsupported motion for summary judgment (which Hall's motion is not), the drafters of the Federal Rules of Civil Procedure presume that permitting that party to file a proper motion with proper support is likely to be a court's "preferred first step". *See* Rule 56(e)(1), Fed.R.Civ.P., Advisory Committee note to 2010 amendments. A district court may permit a second motion for summary judgment where new evidence has become available. *Shearer v. Homestake Min. Co.*, 727 F.2d 707, 709 (8th Cir. 1984) (finding no error in permitting second or renewed motion based upon substantial discovery of facts not previously before the court). By analogy, this Court should permit Hall to file the Hartnedy Declaration out of time, since it is newly-discovered evidence offered even before the hearing on the summary judgment motions (much less before summary judgment is entered) as additional support for Hall's motion and opposition to Transamerica's motion.

WHEREFORE, Plaintiff respectfully requests that this Court permit Hall to file the attached newly-discovered Declaration of John A. Hartnedy out of time in support of Plaintiff's Cross-Motion for Summary Judgment and in opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment.

Respectfully submitted this 2nd day of May, 2011.

                                            /s/ N. Albert Bacharach, Jr.
                                            N. ALBERT BACHARACH, JR.

Florida Bar Number: 209783
**N. ALBERT BACHARACH, JR., P.A.**
115 Northeast 6thAvenue
Gainesville, Florida 32601
(352)378-9859 FAX (352)338-1858
N.A.Bacharach@att.net

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201

Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131

    /s/ N. Albert Bacharach, Jr.
    N. Albert Bacharach, Jr.