# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT W. HALL                                                                                    PLAINTIFF

v.                                  Case No. 4:11-cv-00086-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                                  DEFENDANTS

**SUPPLEMENTAL DECLARATION OF KATHY HOLDINESS**

Pursuant to 28 U.S.C. § 1746, the undersigned, Kathy Holdiness, states the following:

1.      My name is Kathy Holdiness. I am over 21 years of age and competent to testify to the statements set forth in this Declaration.

2.      I am the Director of Customer Service for Rush Heath Systems, Inc. which provides the billing services for Management Services Organization. The statements made herein are based on my personal knowledge and review of the business records of Rush Health Systems, Inc. and Management Services Organization.

3.      I am familiar with the billing practices of Rush Health Systems, Inc. and of Management Services Organization. I am familiar with Medicare rules governing the administration and payment of health benefit claims for Management Services Organization patients who are Medicare-eligible. I am also familiar with the administration and payment of health benefit claims pursuant to the contract between Management Services Organization physicians and UnitedHealthcare. Furthermore, I have reviewed and am familiar with the business records maintained by Management Services Organization related to services and treatments provided to Robert W. Hall. I regularly work with such patient records in my work

1

for Management Services Organization.

4. Rush Health Systems, Inc. and Management Services Organization bills Medicare and/or third party insurers as a courtesy to patients.

5. A patient becomes contractually obligated to pay the bills of Rush Health Systems, Inc. and/or Management Services Organization at the time medical services are rendered.

6. At the time medical services are rendered, patients are contractually liable for the full amount of Management Services Organization's list prices or maximum rates. Management Services Organization actually charges patients its maximum rates, regardless of whether they have Medicare, third-party health insurance, or no health insurance.

7. As a result of agreements between Management Services Organization and Medicare and/or third-party health insurers, including UnitedHealthcare, the physicians at Management Services Organization have agreed to accept amounts lower than the maximum rates charged for medical services in full payment for those services when those services are provided to a patient with Medicare or UnitedHealthcare health insurance.

8. On July 27, 2006 Management Services Organization physician Dr. Stanley A. Wade performed prostate surgery on Robert W. Hall. Management Services Organization's maximum rate for that surgery was $4,166.00. Upon performance of the surgery, Mr. Hall became contractually obligated to pay the amount of $4,166.00. Based on Medicare regulations and prior agreements, Management Services Organization agreed to accept $1,483.58, Medicare's allowed amount, as full payment for the surgery. In connection with that surgery, Mr. Hall received anesthesia, the maximum rate for which was $1,210.00. Upon receipt of

anesthesia, Mr. Hall became contractually liable to pay the amount of $1,210.00. Based on Medicare regulations and prior agreements, Management Services Organization agreed to accept $189.11 as full payment for the anesthesia.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th day of March, 2011.

*Kathy Holdiness*
Kathy Holdiness