IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT W. HALL                                                                               PLAINTIFF

v.                                    Case No. 4:11-cv-00086-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                           DEFENDANTS

_____

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME NEWLY-DISCOVERED EVIDENCE IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S AND DEFENDANT AEGON USA, LLC'S  MOTIONS FOR SUMMARY JUDGMENT, AND IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE OUT OF TIME NEWLY-DISCOVERED EVIDENCE**

_____

COMES NOW, Plaintiff Robert W. Hall ("Hall"), by and through his undersigned counsel, and moves this Court for leave to file out of time newly-discovered evidence in support of Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Amended Motion for Leave to File Out of Time Newly-Discovered Evidence, and in opposition to Defendant Transamerica Life Insurance Company's and Defendant AEGON USA, LLC's Motions for Summary Judgment: (i)  the July 22, 2005 handwritten notes of one of the members of Transamerica's "discontinued supplemental insurance claims task force" (Exhibit B); (ii)  the August 11, 2004 email from Steve Gwin (Transamerica's Chief Actuary) to the head of Claims Department (James Byrne) and in-house counsel Mark Edwards (Exhibit C); (iii)  June 23, 2004 and July 8, 2004 emails from Steve Gwin (Exhibit D); and (iv)  October 4, 2004 email from Mark Edwards, Transamerica's in-house counsel, to the head of Claims Department and the Chief Actuary

(Exhibit E).

In support of this motion Plaintiff states:

1. The attached newly-discovered evidence establishes beyond any doubt that Transamerica intentionally breached its insurance contracts, including its contract with Hall, and planned to use complicit counsel to allow it to create a "litigation shield" sanctioning its re-write of its supplemental cancer policies. This newly-discovered evidence is more than sufficient to defeat Transamerica's motion for summary judgment, and establishes conclusively that Hall's motion for partial summary judgment should be granted.

2. On May 10, 2011 in *Hege v. Aegon USA, LLC,* 2011 WL 1791883 (D.S.C.) (attached as Exhibit A), Judge Anderson issued an Order in which the court directed the production of numerous previously-undisclosed documents related to Transamerica's unilateral decision to change the manner in which Transamerica determined and eventually paid "actual charges" benefits under its supplemental cancer policies. The attached Exhibits, produced in response to the *Hege* Order, are now part of the public record in at least two different forums, the Sixth Circuit (in the appeal styled *Anthony Gooch v. Life Investors Insurance Company, et al.*, No. 10-5723) and the Middle District of Tennessee (in the case of *Gooch v. Life Investors Insurance Company of America, et al.*, No. 1:07-cv-00016).

3. The newly-discovered evidence directly contradicts Transamerica's central positions in this case. The following is a summary of the newly-discovered evidence:

    (i) Exhibit B is the July 22, 2005 handwritten notes of one of the members of Transamerica's "discontinued supplemental insurance claims task force" established by Transamerica in which the participant notes: "[actual charges] claims pd [paid] on billed

amount. . . should we pay based on what they accept. . . issue: change of practices."

   (ii) Exhibit C is the August 11, 2004 email from Steve Gwin (Transamerica's Chief Actuary) to the head of Claims Department (James Byrne) and in-house counsel Mark Edwards.  In that email Transamerica's Chief Actuary notes: ". . . I'm very encouraged that the change Medicare is proposing gives us the perfect reason and perfect timing for changing our [actual charges] benefit determination. . .".

   (iii) Exhibit D consist of two emails, dated June 23, 2004 and July 8, 2004, from Transamerica's Chief Actuary Steve Gwin representing the "claims solutions" and "minutes of the discontinued supplemental insurance claims task force meetings" which apparently took place to discuss changing the terms of the supplemental cancer policies. In the email and its attached chart the options Transamerica explored included getting a "Court decision" to develop a litigation "shield", a "shield" that Transamerica later attempted to procure through a walk-through class action settlement proceeding in Arkansas.

   (iv) Exhibit E is an October 4, 2004 email from Mark Edwards, Transamerica's in-house counsel, to the head of the Claims Department and Chief Actuary in which Transamerica discusses hiring the "Jorden Burt firm" (Transamerica's counsel in this case) to "discuss the litigation risks with us."

4. This newly-discovered evidence confirms the substance of John A. Hartnedy's declaration which Hall has requested leave to file in support of his Motion for Partial Summary Judgment in Plaintiff's Amended Motion for Leave to File Out of Time Newly-Discovered Evidence (Doc. 140), and which Hall filed in opposition to Defendants' motions for summary

judgment.  (Doc. 141)

      5.    Numerous circumstances exist where supplementation of the summary judgment record with additional evidence is proper, including circumstances where summary judgment has already been entered.  Supplementation of the summary judgment record is proper where there exists newly-discovered evidence. *See*, *e.g.*, *Foster v. K-V Pharmaceutical Co.*, 2010 WL 979445, *1 (E.D. Missouri, March 12, 2010).  Under Rule 60, Fed. R. Civ. P., a party may supplement the record ***after summary judgment has been entered against it*** if 1) the evidence is newly-discovered; 2) the movant exercised due diligence; 3) the evidence is material; and 4) the evidence would probably produce a different result.  *Peterson by Peterson v. General Motors Corp.*, 904 F.2d 436, 440 (8th Cir. 1990); *see also McNeil v. National Football League*, 777 F.Supp. 1475, 1478 (D. Minn. 1991).  "A party may also supplement the record after summary judgment has been granted if 'the evidence is of such a character that it would probably change the outcome of the proceedings.'"  *McNeil*, 777 F.Supp. at 1478.  Even where a party files an unsupported motion for summary judgment (which Hall's motion is not), the drafters of the Federal Rules of Civil Procedure presume that permitting that party to file a proper motion with proper support is likely to be a court's "preferred first step".  *See* Rule 56(e)(1), Fed.R.Civ.P., Advisory Committee Note to 2010 Amendments.  A district court may permit a second motion for summary judgment where new evidence has become available.  *Shearer v. Homestake Min. Co.*, 727 F.2d 707, 709 (8th Cir. 1984) (finding no error in permitting second or renewed motion based upon substantial discovery of facts not previously before the court).  By analogy, Hall respectfully submits that this Court should permit Hall to file the attached evidence out of time, since it is newly-discovered evidence offered even before the hearing on the summary judgment

motions (much less before summary judgment is entered).

6. Counsel for Hall has attempted to confer with counsel for Defendants regarding this motion, but was unable to do so. Therefore, because Plaintiff is unaware of Defendants' position on this motion, the Court should assume, unless contacted by Defendants to the contrary, that Defendants oppose this motion.

WHEREFORE, Plaintiff respectfully requests that this Court permit Plaintiff to file the attached documents in support of Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Amended Motion for Leave to File Out of Time Newly-Discovered Evidence, and in opposition to Defendant Transamerica Life Insurance Company's and Defendant AEGON USA, LLC's Motions for Summary Judgment.

Respectfully submitted this 26th day of May, 2011.

    /s/ N. Albert Bacharach, Jr.
N. ALBERT BACHARACH, JR.
Florida Bar Number: 209783
**N. ALBERT BACHARACH, JR., P.A.**
115 Northeast 6thAvenue
Gainesville, Florida 32601
(352)378-9859 FAX (352)338-1858
N.A.Bacharach@att.net

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of May, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201

Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131

                                                             /s/ N. Albert Bacharach, Jr.
                                                               N. Albert Bacharach, Jr.