**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ROBERT W. HALL**                                                                                                   **PLAINTIFF**

v.                                       Case No. 4:11-cv-00086-JLH

**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                                                                                **DEFENDANTS**

TRANSAMERICA LIFE INSURANCE COMPANY'S
RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>UNTIMELY SUMMARY JUDGMENT-RELATED MATERIALS</u>

Defendant Transamerica Life Insurance Company ("Transamerica") submits this response in opposition to plaintiff's recent Motion for Leave to File Out of Time Newly-Discovered Evidence (Docket #150) (the "Motion") which seeks leave to submit untimely materials to defend against Transamerica's motion for summary judgment. As set forth below, plaintiff's Motion should be denied because there is no justification for plaintiff's failure to timely obtain and submit any materials he believed were relevant to oppose Transamerica's motion for summary judgment, and because the attached materials are inadmissible, irrelevant to the material facts regarding plaintiff's Surgery and Anesthesia Claims, and insufficient to create a genuine issue for trial.

**INTRODUCTION**

On December 21, 2010, pursuant to the deadline for dispositive motions under the scheduling order entered by Judge Holmes, Transamerica filed its Motion for Summary Judgment (Docket #76) addressing each of the plaintiff's claims in this case (the "Summary Judgment Motion"). Transamerica's Summary Judgment Motion has now been fully briefed

since March 11, 2011, when Transamerica filed its Reply Memorandum (Docket #121) (the "Reply").

Plaintiff's Motion is his ***fourth*** request for leave to submit additional, previously undisclosed purported "evidence" *after* briefing closed on Transamerica's Summary Judgment Motion.[1] As with the attachments to his prior motions, none of the materials plaintiff now seeks leave to file were ever previously identified by plaintiff under the disclosure requirements of Rule 26 or within the pretrial deadlines set by Judge Holmes. Similarly, plaintiff did not produce or otherwise identify any of these documents in response to Transamerica's discovery requests, in spite of the fact that this Court ***ordered*** plaintiff to respond to Transamerica's discovery requests. *See* November 8, 2010 Order (Docket #58) (granting motion to compel and requiring plaintiff to respond to Transamerica's written discovery by November 18, 2010).

The additional documents appended to plaintiff's latest untimely request were only recently obtained by plaintiff from an electronic filing in another case. *See* Motion at 2.[2] Plaintiff made no attempt to obtain the documents himself during the discovery process in this case. Plaintiff offers no legitimate reason or justification for his failure to timely seek, disclose, and submit the new materials attached to his Motion in accordance with the time requirements of

---

[1] Plaintiff's other motions include: (1) a motion for leave to file an untimely Rule 56.1(b) statement in response to Transamerica's Statement of Undisputed Material Facts (Docket #138); (2) a motion for leave to file the declaration of John A. Hartnedy, a former employee of Life Investors Insurance Company of America, that was obtained and filed by plaintiffs in another action (Docket #139); and (3) a motion for leave to file two other untimely and inadmissible amended declarations from the plaintiff and a third party witness named Kathy Holdiness (Docket #140). Inexplicably, plaintiff proceeded to file his Amended Declaration, the Second Holdiness Declaration, and the Hartnedy Declaration without awaiting a ruling on his motions for leave. *See* Notice of Filing (Docket #141).

[2] The new documents appended to plaintiff's Motion were filed in, and bear the electronic docketing number from *Gooch v. Life Investors Ins. Co. of Am.*, Case No. 10-5723 (6th Cir.).

the federal rules and this Court's Scheduling Order. Although plaintiff labels the documents "newly-discovered evidence," they do not satisfy the legal standard for submitting newly-discovered evidence because, among other reasons, plaintiff failed to exercise due diligence to timely discover the evidence.

The documents are not only untimely, but they are also inadmissible as "evidence" and cannot support or oppose summary judgment because they not are authenticated, lack any context or foundation, are replete with hearsay, and would be inadmissible at trial. *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e).") (citation omitted); *see also Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (citation omitted) (holding that a party opposing summary judgment "must substantiate his allegations with 'sufficient probative evidence,'" and affirming summary judgment as "appropriately granted" where responding party failed to present evidence other than "naked assertions").

Moreover, the documents are entirely immaterial and irrelevant to the pending summary judgment motions. Without any foundation, with no supporting brief, and with no further explanation, plaintiff contends in his Motion that "[t]he attached newly discovered evidence establishes beyond any doubt that Transamerica intentionally breached its insurance contracts, including its contract with Hall." Motion at 2. Contrary to plaintiff's bold and conclusory statement, however, the documents appended to his Motion do not establish a single fact in support of plaintiff's breach of contract claim.

The sole remaining summary judgment issue in this case is straightforward: What expense was actually incurred for plaintiff's Surgery Claim? Given the undisputable evidence

that the amount billed, charged, and paid for the surgery was $1,483.58, and that Transamerica paid benefits in this same amount (plus the maximum benefits for the related Anesthesia Claim), there is no *genuine* issue of fact in this case preventing summary judgment in Transamerica's favor. Plaintiff's fourth motion for leave to submit untimely additional materials is just the latest in a series of irrelevant filings designed to distract the Court from a relatively simple analysis of whether the plaintiff has proffered "written proof of loss" under his insurance contract showing an "incurred expense" and a "loss incurred" in an amount greater than $1,483.58 for his Surgery Claim. Because the Motion is untimely, and the documents plaintiff seeks to file are inadmissible and immaterial, the Motion should be denied.

## **RELEVANT BACKGROUND**

This is a breach of contract case arising out of a dispute over the amount of benefits due for one Surgery Claim and one Anesthesia Claim plaintiff submitted to Transamerica in 2007 under a limited benefit cancer insurance policy.[3] The Policy insures for "loss incurred" and provides a Schedule of specified benefits, most of which are limited to fixed or maximum dollar amounts. As a condition precedent to receiving any benefits under the Policy, the insured is required to submit a written "proof of loss" for "each incurred expense." Policy, Section K, ¶ 9, at p. 15 ("Indemnities payable under this policy for any loss will be paid as soon as we receive proper written proof of loss."); Section C, at p. 6 ("Proof of loss must be submitted to us for each incurred expense.").

Plaintiff submitted a claim to Transamerica in March 2007, including proof of various

---

[3] *See* Transamerica Life Insurance Company's Memorandum of Law in Support of its Motion for Summary Judgment at 1-3 (Docket #77) (the "Memorandum"). A copy of plaintiff's supplemental cancer insurance policy is attached to Transamerica's Summary Judgment Motion. *See* Summary Judgment Motion (Docket #76), at Declaration of Connie Whitlock (Docket #76-1), at Exhibit B (the "Policy").

incurred expenses for his medical treatment, and the Company paid benefits under the Policy directly to plaintiff in the amount of $5,523.38. *See* Memorandum at 3; *see also* Summary Judgment Motion (Docket #76), at Declaration of James A. Byrne (Docket #76-3) ¶¶ 9-12 and Exhibits D & E (attaching explanation of benefits forms and cancelled Transamerica checks negotiated by the plaintiff).

Plaintiff's Complaint alleged that his Surgery and Anesthesia Claims were underpaid. Complaint ¶ 42. Plaintiff's "proof of loss" established that his surgeon, Dr. Stanley Wade, performed a prostate surgery on the plaintiff in early 2007. The surgery benefit under the Policy is based on the doctor's "actual fee" up to a maximum of $1,700.00. *See* Memorandum at 3. Based on the "proof of loss" documentation provided by Mr. Hall, Transamerica determined that Dr. Wade's "actual fee," for the surgery was $1,483.58. *Id*. at 4. This was the same amount owed to Dr. Wade, paid to Dr. Wade, and accepted by Dr. Wade as payment in full for the Surgery. *Id*. The Policy provides an anesthesia benefit equal to the "actual charge" for anesthesia up to a maximum of 25% of the surgery benefit. Transamerica paid $370.90 to Mr. Hall for anesthesia related to the surgery, or 25% of the $1,483.58 surgical fee. *See id*. at 4-5. Transamerica's combined payment to plaintiff for the Surgery and Anesthesia Claims was $1,854.48, based on the amount actually charged by and paid to his doctor for the services at issue. *Id*. at 4. Plaintiff contends, however, that he should have been paid $1,700.00 for the Surgery and $425.00 for the Anesthesia, or a combined total of $2,125.00. Complaint ¶ 42. Thus, the total amount in dispute in this action is $270.52.[4]

On December 21, 2010, at the conclusion of a thirteen month discovery period, during

---

[4] Plaintiff originally filed this case as a class action, but the Court dismissed his class allegations on July 9, 2010 (Docket #40), and plaintiff is now proceeding on his individual claim.

which Transamerica obtained direct testimony from plaintiff's medical provider confirming that the correct amount of benefits had been paid, Transamerica filed its Summary Judgment Motion and supporting Memorandum. Transamerica supported its motion with substantial evidence, including evidence from the plaintiff himself; evidence from Transamerica employees regarding plaintiff's claims and the specific benefits paid to plaintiff under his Policy; expert testimony from Dr. Glenn Alan Melnick, a health economist, and Marc Chapman, a healthcare billing consultant; and the testimony of Kathy Holdiness, a representative of the billing entity for plaintiff's surgeon Dr. Wade, regarding the actual cost of plaintiff's medical treatment.[5] Transamerica's Summary Judgment Motion unequivocally established that the "actual fee" for the Surgery, i.e., the total amount actually charged, billed, owed, and paid to Dr. Wade, was $1,483.58, the same amount that Transamerica paid plaintiff under his Policy, and that the amount actually charged, billed, owed, and paid for the Anesthesia was $189.11, much less than the $370.90 maximum benefit that Transamerica paid to plaintiff.

On February 15, 2011, after multiple extensions, plaintiff responded to Transamerica's Summary Judgment Motion by filing a consolidated cross-motion and response brief.[6] Plaintiff ignored virtually all of Transamerica's evidence regarding the amounts billed, owed, charged, and paid for the Surgery and Anesthesia claims, and plaintiff failed to submit *any* evidence that would preclude summary judgment in favor of Transamerica. Instead, plaintiff's summary

---

[5] Ms. Holdiness testified that "the total fee to Mr. Hall for th[e Surgery] was $1,483.58" and that Dr. Wade "did not charge its maximum rates to Mr. Hall" for the Surgery. Declaration of Kathy Holdiness ¶ 12 (Docket #76-4) ("Holdiness Decl.").

[6] *See* Plaintiff's Cross-Motion for Partial Summary Judgment (Docket #105) ("Cross-Motion") and Memorandum in Support of Plaintiff's Cross-Motion for Partial Summary Judgment and Response in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment (Docket #106) ("plaintiff's Response").

6

judgment response was largely copied from papers filed by plaintiffs in other cases, and made several irrelevant arguments in an attempt to convince the Court that "actual charges" or "actual fee" in his Policy should mean a price that neither he, nor anyone else, was actually charged, billed, or expected to pay for his medical care in this case. For example, plaintiff argued that the benefits in his Policy are based on an "index," (Response at 2) and that the "overarching issue" in this case relates to "radiation and chemotherapy" benefits (*id*. at 1), despite that the word "index" appears nowhere in the Policy and that neither of the claims at issue in the case are chemotherapy or radiation claims.[7]

Plaintiff's failure to submit any evidence in opposition to Transamerica's Summary Judgment Motion was not surprising. During the thirteen month discovery period established by the Court, plaintiff did not engage in *any* affirmative discovery. Plaintiff made no attempt to depose Transamerica's corporate witnesses and served no written discovery or subpoenas. It was not until months after the discovery period closed, and after briefing on Transamerica's Summary Judgment Motion was complete, that plaintiff apparently began his belated attempt to collect and file documents and information that he thought might be able to prevent summary judgment against him in this case.

On March 11, 2011, Transamerica filed its Reply (Docket #121) in support of its Motion for Summary Judgment. Transamerica's Reply established that plaintiff failed to demonstrate any issue of material fact regarding an entitlement to additional benefits under his Policy.

---

[7] After filing his Response, but before Transamerica filed its Reply, plaintiff sought and was granted leave to file two new exhibits in opposition to Transamerica's Summary Judgment Motion, including his own declaration and the irrelevant deposition transcript of a plaintiff in another case. *See* Plaintiff's Motion for Leave to File Supplemental Exhibits to Memorandum in Support of Plaintiff's Cross-Motion for Partial Summary Judgment and Response in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment (Docket #115) and Order granting the motion (Docket #116).

Plaintiff could not dispute that Transamerica had paid benefits equal to the amount charged, billed, owed, and paid for the Surgery and Anesthesia Claims, and therefore, summary judgment in favor of Transamerica is proper. *Id.* at 9-12. The Reply closed briefing on Transamerica's Summary Judgment Motion.[8]

Since that time, plaintiff has engaged in an improper attempt to manufacture an issue of fact by inserting new declarations and other documents that were never previously disclosed under Rule 26 or in the discovery process and which are not part of the summary judgment record. Plaintiff's latest Motion attaches the following documents:

- A document dated January 22, 2005 containing handwritten notes of an unidentified author. *See* Motion at Exhibit B.

- An e-mail message dated August 11, 2004, identifying Steve Gwin as the sender and the subject "Samples for Asert." *See* Motion at Exhibit C.

- An e-mail message dated June 23, 2004, identifying Steve Gwin as the sender, the subject "List of Possible Solutions," and an attachment labeled "ClmsSolutions.DOC." *See* Motion at Exhibit D.

- An e-mail message dated July 8, 2004, identifying Steve Gwin as the sender, the subject "Minutes of DSI Claims Taskforce Meeting on July 7," and an attachment labeled "ClmsSolutions.DOC." *Id.*

- An e-mail message dated October 8, 2004, identifying Mark Edwards, Transamerica's in-house litigation counsel as the sender, and the subject "cancer insurance claims." *See* Motion at Exhibit E.

Until they were filed with his Motion, plaintiff never previously identified any of these

---

[8] After briefing on Transamerica's Summary Judgment Motion closed, plaintiff inappropriately filed approximately fourteen untimely exhibits appended to his summary judgment reply brief (Docket #129). Plaintiff did not seek leave to file those documents, and the new documents and arguments raised for the first time in plaintiff's reply should not be considered. *See J.S. & A.S. v. E. End Sch. Dist.*, 2007 WL 1029559, at *1 n.2 (E.D. Ark. Apr. 3, 2007) (refusing to consider summary judgment exhibits submitted for the first time on reply).

documents as materials that he may use to support his claims in this case.[9] The documents are not authenticated, and there is no witness testimony in the record to lay any foundation regarding their meaning or significance. One of the documents does not even identify an author.

The documents are entirely immaterial to the facts surrounding the submission and payment of plaintiff's Surgery and Anesthesia Claims, the cost of plaintiff's medical treatment for cancer, and the amount of and basis for the benefits Transamerica paid to plaintiff at issue in this case. Instead, the documents represent nothing more than the latest blast in plaintiff's shotgun strategy for responding to Transamerica's well-supported Summary Judgment Motion.[10] Because the documents are untimely, inadmissible, and irrelevant, the Motion should be denied.

## ARGUMENT

I.  **PLAINTIFF SHOULD NOT BE PERMITTED TO FILE THE UNTIMELY NEW MATERIALS IN RESPONSE TO TRANSAMERICA'S FULLY BRIEFED SUMMARY JUDGMENT MOTION OR IN SUPPORT OF HIS CROSS-MOTION**

Plaintiff's failure to timely disclose and submit these new documents is entirely

---

[9] The documents relate generally to Transamerica's 2004 investigation into the causes of premium rate increases, its discovery that doctors were issuing statements to their patients which reflected grossly inflated "list" prices rather that the actual amounts being charged and paid for medical treatment, and the Company's decision and subsequent notice to policyholders in 2006, that new claim forms and procedures would be required to support claims in the future for benefits based on a physician's "actual charges." *See, e.g.*, Transamerica's Memorandum at 8-10 (describing 2004 investigation and 2006 notice of corrected claim forms and procedures); *see also* Summary Judgment Motion at Exhibits 1, 3, and 8 (attaching declaration testimony of three Transamerica witnesses regarding same). It is undisputed that Transamerica undertook this investigation in 2004 and made changes to its claim forms and procedures in 2006. Thus, even if the documents were timely, authenticated, and admissible, they are unremarkable and do not relate to any disputed facts at all.

[10] Indeed, if this background is familiar to the Court, it is because Transamerica has been forced to repeatedly respond to similar untimely filings by the plaintiff. *See, e.g.*, Docket ##133, 137, 138, 139, 140, 141, 143, 149, 150. The resulting expenditure of judicial and party resources is not only inefficient, but grossly disproportionate to the plaintiff's cause of action alleged in this case.

9

unjustified. If plaintiff believed he needed the documents attached to his Motion in order to pursue his claims in this action, he could have and should have requested such documents during the discovery process and timely identified them as potentially relevant to his claims.[11] He made no effort to do so. The Eighth Circuit has noted that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010) (citing Fed. R. Civ. P. 6(b)(1)). Discovery in this case closed in December 2010, and the deadline for filing dispositive motions expired after several enlargements in February 2011. Plaintiff has offered no "good cause" or "excusable neglect" for his belated Motion.

In *Huggins*, the plaintiff sought leave to supplement the summary judgment record with new evidence after he filed his response. The district court acknowledged that the new evidence was of "potential significance" (unlike this case), but still declined to consider the evidence because it was obtained after the discovery and dispositive motion deadlines. *Id*. at 856. The Eighth Circuit affirmed the district court's refusal to permit the plaintiff to supplement the summary judgment record, explaining that the plaintiff could not establish that his failure to timely obtain and submit the evidence was the product of excusable neglect. *Id.* at 857.

Like the filing by the plaintiff in *Huggins*, plaintiff's Motion in this case demonstrates neither "good cause" nor "excusable neglect" and should be denied as untimely. After several extensions, plaintiff filed his Summary Judgment Response nearly two months after Transamerica filed its Summary Judgment Motion. Plaintiff unquestionably had sufficient time to obtain evidence to support his Response. Plaintiff's Cross-Motion was also filed after several

---

[11] Transamerica does not concede that the documents would have been relevant or discoverable in this case. The documents were produced pursuant to an agreement after a discovery conference in other litigation.

extensions, on February 15, 2011. If plaintiff believed he was unable to obtain the necessary evidence to oppose Transamerica's Summary Judgment Motion, the Federal Rules allowed him the opportunity to seek additional time by filing a motion pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f), amended in 2010). Plaintiff, however, sought no such extension, responded to Transamerica's Summary Judgment Motion, and filed his own Cross-Motion for Summary Judgment. There is no basis for permitting plaintiff to continue to submit a potentially never-ending series of additional materials in this case.

Plaintiff's contention that the documents are "newly-discovered evidence" which he should be permitted to file because he only recently obtained them is unavailing. Plaintiff's belated collection of documents after they were produced and filed in other litigation, especially given his delinquent conduct of discovery in this case, does not provide him with a legal excuse or justification for their untimely filing.[12] This case was filed well before the *Hege* case in which the documents were produced, and the plaintiff here had more than a year to conduct discovery, but he elected not to engage in any discovery.

Moreover, contrary to plaintiff's argument, his new Motion does not satisfy any standard for filing "newly-discovered evidence," because plaintiff cannot establish that the allegedly "newly discovered" documents are material to his claims or that he "exercised due diligence" to obtain them. Plaintiff relies upon cases that discuss the standard for obtaining a new trial under Rule 60(b). Motion at 4. Under that standard:

---

[12] Plaintiff attaches a discovery order from the *Hege* action (*see* Motion at Exhibit A), and incorrectly contends that the new materials were produced pursuant to that order. *See Hege v. AEGON USA, LLC*, 2011 WL 1791883 (D.S.C. May 10, 2011). But the documents at issue were actually produced by Transamerica in response to discovery requests propounded by the plaintiffs in the *Hege* action after the parties in that case engaged in a discovery conference; not in response to an order. The order attached as Exhibit A to plaintiff's Motion is thus, entirely irrelevant.

> [T]he movant must show 1) that the evidence was discovered after the trial; 2) that the movant used due diligence to discover the evidence during the trial; 3) that the evidence is not merely cumulative or impeaching; 4) that it is material; and 5) that a new trial in which the evidence was introduced would probably produce a different result.

*Griffin v. Fed. Deposit Ins. Corp.* 831 F.2d 799, 802 (8th Cir. 1987) (denying motion based on documents discovered after trial, where there was no indication that the movant served a discovery request for the documents and the due diligence requirement was, therefore, not satisfied). Plaintiff cites *Peterson v. Gen. Motors Corp.*, 904 F.2d 436, 440 (8th Cir. 1990), and *McNeil v. NFL*, 777 F. Supp. 1476, 1480 (D. Minn. 1991), in support of his Motion. The courts in both of those cases affirmed the *denial* of motions to supplement the record with newly discovered evidence under Rule 60(b). These authorities offer no support for plaintiff's Motion.

Plaintiff's reliance on other authorities is similarly misplaced. For example, plaintiff cites *Foster v. K-V Pharmaceutical Co.*, 2010 WL 979445 (E.D. Mo. Mar. 12, 2010), in which the court allowed a defendant to supplement the record with additional evidence in support of a potentially dispositive motion where the plaintiff did "not raise any specific objection" to allowing the new filing and the motion was unopposed. *Id*. at *1. *Foster* is inapposite because it involved an **unopposed** motion to submit additional material. In *Shearer v. Homestake Mining Co.*, 727 F.2d 707 (8th Cir. 1984), also cited by plaintiff, the court denied a **premature** motion for summary judgment without prejudice in order to allow the parties to engage in discovery. *Id*. at 708. *Shearer* is entirely irrelevant to the situation here where the plaintiff had the opportunity but chose to conduct no discovery during the deadlines set by the Court.[13]

---

[13] Plaintiff also contends his Motion should be granted because the 2010 Advisory Committee Notes to Rule 56 explain that a court "may" afford a party who failed to properly address another party's assertions of fact, a further opportunity to properly oppose (or support) a summary judgment motion. Motion at 4 (citing Fed. R. Civ. P. 56(e), 2010 Advisory Committee Notes). This section of the Advisory Committee notes is inapplicable where, as here, the new
*(footnote continued on next page)*

Plaintiff's failure to obtain the documents he now seeks to file is a direct result of his failure to engage in discovery, and there is no reason to permit plaintiff to now file untimely and irrelevant materials obtained from the discovery efforts of plaintiffs in other litigation after summary judgment has been fully briefed and the discovery period closed. *See, e.g.*, *Huggins*, 592 F.3d at 856 (affirming the district court's decision to preclude plaintiff from using a new affidavit where the plaintiff failed to obtain the affidavit until after the discovery and dispositive motions deadlines).

Plaintiff's tactic in this case of continually attempting to introduce new materials well after the deadlines for discovery and dispositive motions have passed violates established procedure under Rule 56, has created extensive, unnecessary supplemental briefing by the parties (*see supra* note 10), and has resulted in substantial prejudice to Transamerica, including significant delay in the resolution of Transamerica's Summary Judgment Motion. Plaintiff's Motion is untimely and unsupported by "good cause" as required by the standard set forth in *Huggins*. Accordingly, the Motion should be denied and the materials appended thereto should be stricken or disregarded.

## II. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE UNAUTHENTICATED DOCUMENTS ARE INADMISSIBLE AND CANNOT BE CONSIDERED ON A MOTION FOR SUMMARY JUDGMENT

The Court should also deny plaintiff's Motion because the materials he seeks to file cannot be considered on a motion for summary judgment. "To be considered on summary

---

documents plaintiff seeks leave to file cannot support or oppose the material facts at issue in the case which relate solely to the cost of plaintiff's medical treatment for the Surgery and Anesthesia Claims. Moreover, plaintiff has had ample opportunity to create a record in this case. Plaintiff filed an opposition to Transamerica's Motion (Docket #106), prepared and filed his own Cross-Motion (Docket #105), and was granted leave to file supplemental exhibits in opposition to Transamerica's Summary Judgment Motion (Docket #116). The additional untimely materials are unjustifiable and should not be permitted.

judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered." *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (quoting *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635-36 n.20 (8th Cir. 2000)) (internal quotations omitted). Plaintiff has not authenticated any of the new materials he seeks leave to file. The newly submitted documents are lacking any foundation that would authenticate them, establish their relevance, or bring them within any exception to the hearsay rule. Because the documents are unauthenticated and inadmissible, they should be stricken or disregarded, and the Motion should be denied.[14]

The Eighth Circuit has repeatedly recognized and enforced the rule that documents submitted during summary judgment must be authenticated or they will not be considered by the court. For example, in *Stuart*, the plaintiff submitted multiple handwritten notes on summary judgment and argued that the notes demonstrated that her termination had been retaliatory. The Court, however, refused to consider the notes because the plaintiff "fail[ed] to offer any independent evidence authenticating the[] notes." 217 F.3d at 636, n.20.

Similarly, in *Shanklin*, the district court granted a motion to strike several unauthenticated exhibits submitted in opposition to summary judgment. 397 F.3d at 601. The Eighth Circuit affirmed the district court's decision, explaining that the plaintiff's "failure to authenticate her submissions preclude[d] consideration of such evidence." *Id*. at 602. The Court further explained that "[i]n light of the lack of affidavits supporting [plaintiff's] submissions, we

---

[14] The 2010 Advisory Committee Notes to Rule 56(c)(2) explain that "[t]here is no need to make a separate motion to strike" and that the "burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."

conclude the district court neither abused its discretion nor committed any error of law by striking [plaintiff's] unauthenticated and inadmissible evidence." *Id*.

Like the plaintiffs in *Stuart* and *Shanklin*, the plaintiff in this case has not offered any affidavit or deposition testimony to authenticate the new materials attached to his Motion.[15] Rather, plaintiff merely asserts his own unsupported speculation regarding the meaning of the documents, and urges the Court to accept his non-evidentiary characterization of the documents when deciding summary judgment.[16]  For example, although the document appended to plaintiff's Motion as Exhibit B does not identify an author and is unsupported by any foundational testimony, plaintiff speculates that the document was prepared by "one of the members of Transamerica's 'discontinued supplemental insurance claims task force.'" Motion at 2; *but see Cordray*, 356 F. Supp. 2d at 1015 n.5 (refusing to consider unauthenticated summary judgment exhibits, explaining "[w]ithout an affidavit or deposition from a person with knowledge laying the proper foundation, how am I to know, for example, when the notes were truly written and who wrote them?"). Plaintiff also grossly misquotes the exhibit, adding bracketed words where no such words exist, and attributing a single sentence notation to the

---

[15] Plaintiff incorrectly argues that his new material "confirms the substance of John A. Hartnedy's declaration which Hall has requested leave to file." Motion at 3. This statement is entirely unsupportable. First, the Hartnedy declaration is improper and inadmissible for its own reasons. *See* Transamerica Life Insurance Company's Consolidated Response in Opposition to Plaintiff's Motions for Leave to File Untimely Summary Judgment-Related Materials (Docket # 149), at 15-17 (addressing Hartnedy declaration). Moreover, the Hartnedy declaration is an affidavit of a former employee who worked for a Transamerica predecessor for two years in the mid-1990s. The documents attached to plaintiff's Motion were created in 2004-2005, long after Hartnedy's tenure. The documents do not mention or otherwise relate to Hartnedy or his declaration testimony.

[16] The fact that Transamerica produced these documents in another case does not affect plaintiff's burden to properly authenticate the documents. *See Cordray v. 135-80 Travel Plaza, Inc.*, 356 F. Supp. 2d 1011, 1015 n.5 (D. Neb. 2005) ("Authentication means more than 'my opponent gave me a document.'").

author that is not reflected in the document.  *See* Motion at 2-3.  In fact, the notations on the exhibit include three separate bullet points, and there is no indication that any of the bullet points are related.  Plaintiff takes similar liberties in his Motion with other exhibits he proposes to file.[17]

Plaintiff's unsupported speculation and characterization of the materials attached to his Motion is plainly flawed and unreliable, and the Court should strike the materials from the record or disregard them in accordance with the well-settled law of this Circuit.[18]

### III.  PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE NEW DOCUMENTS ARE IRRELEVANT AND DO NOT CREATE ANY GENUINE ISSUES OF MATERIAL FACT FOR TRIAL

Plaintiff's request to file the additional materials should also be denied because these materials cannot create any genuine issue of material fact regarding the Surgery and Anesthesia Claims that are the only claims at issue in this case.  Summary judgment is appropriate when "there is no genuine dispute as to any *material fact* and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added); *Shelter Ins. Cos. v. Hildreth*, 255 F.3d 921, 924 (8th Cir. 2001).  After the movant bears the initial burden of demonstrating the absence

---

[17] For example, plaintiff summarily concludes that Exhibit D supports his conclusion that Transamerica used a class action case filed in Arkansas to obtain a "litigation shield."  Motion at 2, 3.  The only reference to a "shield" in Exhibit D is a note that describes possible litigation against "a provider."  *See* Motion at Exhibit D.  There is absolutely no basis for plaintiff's speculation regarding Exhibit D.

[18] Additionally, the Court should deny the Motion because much of the new material is inadmissible hearsay.  "A party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2); *see also Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (explaining that affidavits may be used in order to support summary judgment but that the affidavits must be based on personal knowledge and that inadmissible hearsay cannot be used to support summary judgment).  Exhibits D and E, for example, are rife with inadmissible hearsay.  "It is not this court's role to sift through ... exhibits and parse out inadmissible evidence form that which is properly before this court."  *Akers v. Liberty Mut. Group*, 744 F. Supp. 2d 92, 98 (D.D.C. 2010) (refusing to consider summary judgment exhibits that were unauthenticated or contained hearsay, explaining that "judges are not like pigs, hunting for truffles buried in ... the record.") (citation omitted).

of genuine issues of material fact, the burden is on the non-moving party to designate "*specific facts* showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (emphasis added). An issue is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff has not identified how any of the documents appended to his Motion create a genuine issue for trial.

This case involves a dispute over the amount of benefits due for Surgery and Anesthesia Claims plaintiff submitted to Transamerica in 2007 under his Policy. Transamerica's Summary Judgment Motion included substantial admissible evidence from multiple sources establishing that the actual fee charged for plaintiff's surgery at issue in this case was $1,483.58, and that plaintiff's surgeon Dr. Wade did not charge his maximum "list" price of $4,166.00 to the plaintiff in this case. Transamerica also submitted substantial, competent, and admissible evidence that its payment to plaintiff of $370.90 for anesthesia was 25% of the $1,483.58 surgical fee – the maximum allowable under the Policy. In order for plaintiff to withstand Transamerica's Summary Judgment Motion, he would need to present evidence creating a genuine issue of fact regarding the amount of the "actual fee" for the surgery and the "actual charge" for the related anesthesia. Plaintiff's proposed additional documents have nothing to do with the cost of plaintiff's medical treatment and they cannot create any genuine issue of fact sufficient to defeat summary judgment.

## **CONCLUSION**

For the reasons set forth herein, Transamerica respectfully requests that the Court deny the Motion and disregard plaintiff's untimely new materials.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ John K. Baker* |
| Markham R. Leventhal, Esq.<br>Farrokh Jhabvala, Esq.<br>Julianna Thomas McCabe, Esq.<br>**JORDEN BURT LLP**<br>777 Brickell Avenue, Suite 500<br>Miami, Florida  33131<br>Telephone:  (305) 371-2600<br>Facsimile:  (305) 372-9928<br>ml@jordenusa.com<br>fj@jordenusa.com<br>jt@jordenusa.com | John K. Baker, Esq., Ark. Bar No. 97024<br>**MITCHELL, WILLIAMS, SELIG,**<br>  **GATES & WOODYARD, P.L.L.C.**<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas  72201<br>Telephone:  (501) 688-8800<br>Facsimile:  (501) 918-7850<br>jbaker@mwlaw.com<br><br>*Attorneys for Defendant*<br>*Transamerica Life Insurance Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*

                         */s/ John K. Baker*
             John K. Baker