**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ROBERT W. HALL**                                                                           **PLAINTIFF**


**v.**                              **Case No. 4:11-cv-00086-BSM**


**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                                          **DEFENDANTS**

TRANSAMERICA LIFE INSURANCE COMPANY'S
CONSOLIDATED RULE 56 OBJECTIONS
TO PLAINTIFF'S UNTIMELY AND INADMISSIBLE
<u>MATERIALS SUBMITTED IN OPPOSITION TO SUMMARY JUDGMENT</u>

Pursuant to Federal Rules of Civil Procedure 26(a) and 56(c), Defendant Transamerica Life Insurance Company ("Transamerica") respectfully supplements the record with these consolidated objections to plaintiff's multiple filings of untimely and inadmissible materials not disclosed within the Court's deadlines for discovery and briefing on Transamerica's Motion for Summary Judgment (Docket #76) (the "Summary Judgment Motion" or "Motion"). Plaintiff's multitude of untimely filings are not only inadmissible under Rule 56 for summary judgment purposes, but are irrelevant to the material facts regarding plaintiff's Surgery and Anesthesia Claims at issue in the Summary Judgment Motion.

**<u>INTRODUCTION AND BACKGROUND</u>**

Following a thirteen month discovery period established by Judge Holmes, which ended on December 16, 2010,[1] and during which plaintiff engaged in *no* affirmative discovery, Transamerica filed its Summary Judgment Motion on December 21, 2010, within the motion deadline established by the Court. The Summary Judgment Motion was fully briefed with the

---

[1] *See* Amended Final Scheduling Order ¶ 2, entered August 2, 2010 (Docket #51).

filing of Transamerica's reply memorandum (Docket #121) on March 11, 2011.  Plaintiff's sole remaining claim in this action relates to the amount of expense incurred for one Surgery Claim (and a related Anesthesia Claim) submitted to Transamerica in 2007.[2]   The record now establishes beyond any question that the expense incurred for the Surgery was **$1,483.58**, which was the amount actually billed and charged for the Surgery, *and* the amount actually paid to and accepted by the medical provider as payment in full for the Surgery.  It is also undisputed that Transamerica paid benefits for this Surgery Claim in the amount of $1,483.58 – the exact amount of the actual fee incurred.[3]

After multiple extensions, on **February 15, 2011**, the deadline for plaintiff to file all materials in opposition to Transamerica's Summary Judgment Motion, plaintiff responded to the Motion by filing a consolidated Cross-Motion and Response.[4]  Plaintiff argued he should have been paid the Policy's scheduled maximum of $1,700.00 for the Surgery (and $425.00 for the Anesthesia).   Plaintiff ignored the direct summary judgment evidence from his doctor establishing the amounts actually billed, charged, and paid for the Surgery and Anesthesia claims, and plaintiff failed to submit *any* evidence that would create a genuine issue of fact precluding summary judgment for Transamerica.  Instead, plaintiff's made several irrelevant

---

[2] Plaintiff originally filed this case as a "copycat" class action, but the Court dismissed his class allegations on July 9, 2010 (Docket #40), and plaintiff is now proceeding on his individual claim.

[3] *See also* the procedural history and background set out in Transamerica's Response in Opposition to Plaintiff's Motion for Leave to File Untimely Summary Judgment-Related Materials (Docket #158); Transamerica Life Insurance Company's Memorandum of Law in Support of its Motion for Summary Judgment at 4 (Docket #77).

[4] *See* Plaintiff's Cross-Motion for Partial Summary Judgment (Docket #105) ("Cross-Motion") and Memorandum in Support of Plaintiff's Cross-Motion for Partial Summary Judgment and Response in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment (Docket #106) (plaintiff's "Response").

arguments in an attempt to convince the Court that "actual charges" or "actual fee" in his Policy should mean a price that neither he, nor anyone else, was actually charged, billed, or expected to pay for his medical care.[5]

On March 11, 2011, Transamerica filed its Reply Memorandum in Support of its Motion for Summary Judgment and Response in Opposition to Plaintiff's Cross-Motion (Docket #121), closing briefing on its Summary Judgment Motion.  Transamerica's Reply established that plaintiff failed to demonstrate any issue of material fact regarding the expense incurred for his treatment, and he could not dispute that Transamerica had paid benefits equal to the amount charged, billed, owed, and paid for the Surgery and Anesthesia Claims, and therefore, summary judgment in favor of Transamerica was proper.  *Id*. at 9-12.

On March 23, 2011, plaintiff filed his Reply Memorandum in Support of his Cross Motion (Docket #129) (plaintiff's "Reply").  Plaintiff's Reply improperly attached for the first time new documents that were never previously identified or disclosed in discovery, to which Transamerica never had an opportunity to respond, and which were unaccompanied by any affidavit or other admissible testimony based on personal knowledge as required by Rule 56. Plaintiff had previously ignored the undisputed evidence of the amounts billed, owed, and paid to his doctor for his treatment, and relied instead on unsupported argument about a fictitious indexing concept not found in plaintiff's Policy.  In his Reply, plaintiff attempted to argue for the first time that he became "contractually obligated to pay" his medical provider's maximum rate

---

[5] After filing his Response, but before Transamerica filed its Reply, plaintiff sought and was granted leave to file two new exhibits in opposition to Transamerica's Summary Judgment Motion, including his own declaration and the irrelevant deposition transcript of a plaintiff in another case.  *See* Plaintiff's Motion for Leave to File Supplemental Exhibits to Memorandum in Support of Plaintiff's Cross-Motion for Partial Summary Judgment and Response in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment (Docket #115) and Order granting the motion (Docket #116).

of "$4,166.00" for the Surgery (even though, in fact, neither he nor anyone else ever paid such a sum).  *See* Reply at 6.  To support this new contention, plaintiff attached a purported "supplemental" declaration from Kathy Holdiness (the "Second Holdiness Declaration"), which plaintiff surreptitiously obtained three months after the close of discovery, after the close of briefing on Transamerica's Summary Judgment Motion, and without the knowledge of Ms. Holdiness's counsel.

Transamerica has separately filed a motion strike the Second Holdiness Declaration (Docket #133, 134).  The motion to strike demonstrates that the Second Holdiness Declaration contained false statements that contradicted her prior testimony in an effort to create a "sham" issue of fact.[6]  Ms. Holdiness has since retracted the inaccurate statements in the untimely Second Declaration procured by plaintiff:

> The Second Declaration is incorrect in stating that "Mr. Hall became contractually liable to pay the amount of $4,166.00." and that "Mr. Hall became contractually liable to pay the amount of $1,200.00 upon receiving anesthesia.["]  I would like to withdraw [these] statements to avoid any confusion.  As discussed in my First Declaration, Mr. Hall was not liable to pay Dr. Wade's standard rates at any time.

Declaration of Kathy Holdiness ¶ 12, dated May 4, 2011 (Docket #143-1, at pg. 23 of 35) (the "Third Holdiness Declaration").  (The Third Holdiness Declaration is also in the record at Docket #149-1).

Aside from the Second Holdiness Declaration, plaintiff has continually filed multiple documents after briefing was closed on Transamerica's Summary Judgment Motion, without

---

[6] *See* Transamerica's proposed Reply in Support of Motion to Strike the "Supplemental Declaration of Kathy Holdiness" at 10-13 (Docket #143-1) (demonstrating that the Second Holdiness Declaration was demonstrably false).  Transamerica's Motion for Leave to file its reply in support of the Motion to Strike awaits a ruling by the Court (Docket #143).  *See also RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) ("parties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment") (citing *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir. 1983)).

justification, excuse, or leave of Court.  Transamerica files these consolidated objections because all such materials are improper, inadmissible under Rule 56, immaterial, and should be disregarded for purposes of summary judgment.  For example, plaintiff's Reply in support of his Cross-Motion attached fourteen new exhibits, including the following documents:

- Exhibit A – Document to "Examiners & Supervisors," from "J. Brandon" dated November 11, 1997;

- Exhibit C – Correspondence dated November 4, 1997 and November 10, 1997 between Sandra D'Orazio and Dalora Schafer;

- Exhibit G – Correspondence dated May 16, 2007 from Stephen B. Gwin to Steve Ostlund;

- Exhibit H – Unidentified document labeled "Created by SERFF on 7-10-2007 08:13 AM;"

- Exhibit I – Cover page and pages 122-129, 138-139, Oral Deposition of Connie Whitlock, July 14, 2007, in *Gooch v. Life Investors Ins. Co. of Am.*, Case No. 1:07-0016 (M.D. Tenn.);

- Exhibit J – Document labeled "Order Disapproving Health Insurance Rate Filing Application" dated August 2, 2006, by Julie Mix McPeak;

- Exhibit K – Correspondence dated September 25, 2006 from Sharron S. Burton to Janet A. Craig;

- Exhibit L – Composite exhibit including document labeled "Kentucky Office of Insurance Target Market Conduct Examination of Central United Life Insurance Company . . . AS OF October 6, 2006," and Correspondence dated July 31, 2008 from John B. McGettigan to Laura P. Moore;

- Exhibit M – Correspondence dated May 18, 2006 from Victoria L. Stotzer to Stephen B. Gwin; and

- Exhibit N – Life Investors Insurance Company of America Cancer Only Policy issued to Anthony E. Gooch, December 10, 1997.[7]

---

[7] Plaintiff also attempted to create a sham issue of fact by filing his own "Amended Declaration" (Exhibit E to his Reply) that contradicted his prior deposition testimony.  *See* Transamerica's Consolidated Response in Opposition to Plaintiff's Motions for Leave to File Untimely Summary Judgment-Related Materials at 22-23 (Docket #149).  Two of the exhibits attached to plaintiff's Reply, Exhibits D and F, were already in the record.

These documents are not only untimely and immaterial to plaintiff's Surgery or Anesthesia Claims, but they are not "evidence" that can support or oppose summary judgment because they are not authenticated, they lack any context or foundation, they are replete with hearsay, and they would be inadmissible at trial. *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e).") (citation omitted); *see also Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (citation omitted) (holding a party opposing summary judgment "must substantiate his allegations with 'sufficient probative evidence,'" and affirming summary judgment where responding party failed to present evidence other than "naked assertions").

Plaintiff has continued to bloat the record with additional filings of materials never previously identified or disclosed.  Plaintiff's further submissions include:

- Plaintiff's Motion for Leave to File Response to Transamerica Life Insurance Company's Statement of Undisputed Material Facts in Support [of] Transamerica's Motion for Summary Judgment and Substituted Statement of Undisputed Material Facts in Support of Plaintiff's Cross-Motion for Partial Summary Judgment (Docket #138) (filed April 22, 2011);

- Plaintiff's Motion for Leave to File Newly-Discovered Evidence in Support of Plaintiff's Cross Motion for Partial Summary Judgment and in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law (Docket #139) (filed May 2, 2011);

- Plaintiff's Amended Motion for Leave to File Out of Time Newly-Discovered Evidence in Support of Plaintiff's Cross Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Docket #140) (filed May 3, 2011);

- Plaintiff's Notice of Filing Declarations in Opposition to Defendant Transamerica Life Insurance Company's Motion for Summary Judgment and in Opposition to Defendant AEGON USA, LLC's Motion for Summary Judgment (Docket #141) (filed May 3, 2011);

- Plaintiff's Motion for Leave to File Out of Time Newly-Discovered Evidence in Support of Plaintiff's Cross Motion for Partial Summary Judgment and in Opposition

to Defendant Transamerica Life Insurance Company's and Defendant AEGON USA, LLC's Motions for Summary Judgment, and in Support of Plaintiff's Amended Motion for Leave to File Out of Time Newly-Discovered Evidence (Docket #150) (filed May 26, 2011); and

- Most recently, plaintiff delivered to the Court a letter dated June 22, 2011 and a tabbed binder including **additional** copies of several of these untimely materials, along with a new brief plaintiff labeled a "bench" memorandum. Transamerica has never previously seen, nor had the opportunity to respond to, the "bench" brief (delivered to chambers, dated June 22, 2011).

Plaintiff's serial filing of previously undisclosed materials *after* his Cross-Motion and *after* briefing closed on Transamerica's Summary Judgment Motion has resulted in a substantial waste of judicial and party resources. Transamerica has been forced to repeatedly respond to plaintiff's untimely filings.[8]

Pursuant to Rule 56(c), Transamerica objects to and requests that the Court disregard all of plaintiff's materials filed after February 15, 2011 without leave of Court because these materials are untimely, improper, and they include documents and conclusory argument that are inadmissible for purposes of summary judgment under Rule 56.

### TRANSAMERICA'S CONSOLIDATED OBJECTIONS TO PLAINTIFF'S UNTIMELY SUMMARY JUDGMENT FILINGS

Transamerica objects to all materials submitted with plaintiff's post-briefing motions and notices, including the new exhibits submitted with plaintiff's Reply, on the following grounds:

1. Plaintiff's New Documents Are Untimely Under Rule 56 And Should Not Be Considered

Plaintiff's attempt to "sandbag" Transamerica with new arguments and documents in his Reply brief is improper. *Percefull v. Claybaker*, 2005 WL 3805975, at *1 n.1 (W.D. Ark. Oct.

---

[8] *See, e.g.*, Transamerica's Consolidated Response in Opposition to Plaintiff's Motions for Leave to File Untimely Summary Judgment-Related Materials (Docket #149) at 18-23; Transamerica's Response in Opposition to Plaintiff's Motion for Leave to File Untimely Summary Judgment-Related Materials (Docket #158); *see also* Docket ##133, 134, 143 (Transamerica's responses to plaintiff's belated motions).

24, 2005) (party moving for summary judgment "will not be allowed to use their reply brief as a tool to circumvent the Court's deadlines and raise arguments that were omitted from their original Motion for Summary Judgment," and court "will not consider the new arguments raised [in reply] when considering the pending Motion for Summary Judgment"); *see also Salerno v. Ridgewater College*, 2008 WL 509001, at *4 (D. Minn. Feb. 8, 2008) ("It would be unfair to permit a movant to sandbag a nonmovant by asking the court to grant summary judgment on the basis of an argument made for the first time in a reply brief."); *J.S. & A.S. v. E. End Sch. Dist.*, 2007 WL 1029559, at *1 n.2 (E.D. Ark. Apr. 3, 2007) ("The Court notes that [the movant] submitted several new exhibits in connection with her Reply Brief.   The Court has not considered such exhibits in rendering its decision herein.").

Plaintiff does not offer any explanation why his untimely arguments and documents, including for example the twelve new exhibits filed with his Reply to a Cross-Motion, were not included with his own summary judgment motion or Opposition to Transamerica's Summary Judgment Motion.   Indeed, all were available to him well within the discovery period and the briefing period for Transamerica's Summary Judgment Motion.[9]   If plaintiff believed these documents were relevant, there is no reason he could not have timely presented these documents

---

[9] *Six* of the *twelve* new exhibits are stamped with the Bates identifier "*Smith v. LIICA*," a case that was filed in 2007 and closed in January 2010.   *See Smith v. Life Investors Ins. Co. of Am.*, Case No. 2:07-cv-00681 (W.D. Pa.) (Docket #333, January 14, 2010 Stipulation of Dismissal).   Three other exhibits are from another action filed in 2007, *Gooch v. Life Investors Ins. Co. of Am.*, Case No. 1:07-0016 (M.D. Tenn.), including Exhibit A (Bates stamped *Gooch v. LIICA*), Exhibit I (excerpts from a deposition taken in the *Gooch* action on July 14, 2007), and Exhibit N (Docket #69-1, filed in the *Gooch* action on July 12, 2007).   A tenth document, Exhibit L, appears to be correspondence related to a 2006 Kentucky market conduct examination of an insurance company that is not a party in this case.   Two other documents appended to plaintiff's Reply were declarations:   Exhibit E (plaintiff's own "Amended Declaration"), and Exhibit B (the Second Holdiness Declaration, discussed *supra*).   Neither includes any "evidence" that was previously unavailable to plaintiff.

and any related arguments to the Court.  *See Salerno*, 2008 WL 509001, at *4 ("There was no reason why [the movant] could not have made the [] argument in its initial brief.  Its failure to do so is itself sufficient reason to reject the argument.").  *See Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010) (affirming the district court's decision to preclude plaintiff from using a new affidavit where the plaintiff failed to obtain the affidavit until after the discovery and dispositive motions deadlines).

Plaintiff had more than enough opportunities to acquire evidence and develop his arguments during the discovery phase of this case.  Plaintiff elected not to conduct any discovery during the schedule provided by the Court, and failed to substantiate his Response with sufficient evidence as was his burden under Rule 56.  *Duvall v. City of Rogers, Ark.*, 2005 WL 3784932, at *1 (W.D. Ark. Dec. 20, 2005) ("[W]hen a material fact is not agreed upon and the moving party puts forth evidence to support his contention with respect to it, the non-moving party is obliged to respond with contrary evidence if any he has.").  If plaintiff believed he needed the documents attached to his Reply in order to prove his claims in this action, he could have and should have requested such documents during the discovery process and timely identified them as potentially relevant to his claims.  Plaintiff's tactic of withholding documents and arguments until well after the deadlines for discovery and dispositive motions have passed violates established procedure under Rule 56, and has resulted in substantial prejudice to Transamerica.  Accordingly, plaintiff's new arguments and documents submitted for the first time with his Reply (and thereafter) should be disregarded.

### 2.     Plaintiff's New Documents Are Untimely Under Rule 26 And The Court's Discovery And Briefing Schedule And Should Not Be Considered

Plaintiff failed to disclose his new materials pursuant to Rule 26 or in response to discovery requests.  Rule 26(a) requires timely identification of the persons with discoverable information and documents a party intends to use to prove its claims or defenses.  Rule 26(a)(ii)

provides that "a party must, without awaiting a discovery request, provide to the other parties . . . (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Plaintiff's Reply offered no reason or excuse for his failure to produce or otherwise identify the documents attached thereto as required under Rule 26 or in response to Transamerica's discovery requests, in spite of the fact that the Court ***ordered*** plaintiff to respond to Transamerica's discovery requests. *See* November 8, 2010 Order (Docket #58) (granting motion to compel and requiring plaintiff to respond to Transamerica's written discovery by November 18, 2010). Plaintiff also has provided no explanation as to why his new exhibits were first filed after the close of briefing on Transamerica's Motion for Summary Judgment, and after Transamerica had filed its Response in Opposition to Plaintiff's Cross Motion. Plaintiff's belated disclosure of the materials filed with and subsequent to his Reply is inexcusable.

### 3. Plaintiff's New Documents Are Unauthenticated And Inadmissible And, Pursuant To Rule 56(c), Cannot Be Considered On A Motion For Summary Judgment

The new documents are not only untimely but they are also inadmissible as "evidence" and, pursuant to Rule 56(c), cannot support or oppose summary judgment. "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered." *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (quoting *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635-36 n.20 (8th Cir. 2000)) (internal quotations omitted). For example, the twelve new exhibits filed with plaintiff's Reply lack any

foundation that would authenticate them, establish their relevance, or bring them within any exception to the hearsay rule.  Accordingly, they should be stricken or disregarded.[10]

Plaintiff cannot rely on inadmissible evidence to avoid Transamerica's well-supported Summary Judgment Motion.  *See Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (a party opposing summary judgment "must substantiate his allegations with 'sufficient probative evidence'") (citation omitted); *Stuart*, 217 F.3d at 636, n.20 (refusing to consider handwritten notes on summary judgment where plaintiff "fail[ed] to offer any independent evidence authenticating the[] notes"); *Shanklin*, 397 F.3d at 601-02 (affirming order granting motion to strike unauthenticated exhibits submitted in opposition to summary judgment because plaintiff's "failure to authenticate her submissions preclude[d] consideration of such evidence").[11]

In this case, plaintiff has improperly filed numerous documents with no admissible testimony by anyone with personal knowledge, and has asserted his own unsupported speculation regarding the meaning of documents, urging the Court to accept his non-evidentiary characterization of the documents.  The arguments of plaintiff's counsel, however, do not constitute admissible summary judgment evidence.  *See Moody,* 23 F.3d at 1412 (summary judgment was "appropriately granted" where responding party failed to present evidence other than "naked assertions"); *Cordray*, 356 F. Supp. 2d at 1015 n.5 (refusing to consider

---

[10] The 2010 Advisory Committee Notes to Rule 56(c)(2) explain that "[t]here is no need to make a separate motion to strike" and that the "burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."

[11] The fact that Transamerica produced some of these documents in another case does not affect plaintiff's burden to properly authenticate the documents.  *See Cordray v. 135-80 Travel Plaza, Inc.*, 356 F. Supp. 2d 1011, 1015 n.5 (D. Neb. 2005) ("Authentication means more than 'my opponent gave me a document.'").

unauthenticated summary judgment exhibits, explaining "[w]ithout an affidavit or deposition from a person with knowledge laying the proper foundation, how am I to know, for example, when the notes were truly written and who wrote them?").[12]  Plaintiff's unsupported speculation and characterization of untimely filed documents is flawed, unreliable, and does not constitute admissible summary judgment evidence.

**4.      Plaintiff's Untimely Materials Do Not Create Any Material Issues For Trial**

Even if the new arguments and documents submitted by plaintiff were timely and proper under Rule 56, which they are not, plaintiff's new materials do not create any genuine issue of material fact for trial regarding the Surgery and Anesthesia Claims which are the only claims at issue in this case.  In light of the undisputed, admissible evidence in the record, plaintiff's new contention (first raised in his Reply in support of a Cross-Motion) that he was "contractually obligated" to pay his doctor's maximum "list price" of $4,166.00 is false and unsupportable.  It remains an uncontroverted record fact that the amount billed and the actual fee incurred for plaintiff's Surgery was **$1,483.58**, and that nothing more was billed, charged, owed, or paid for the Surgery in this case.  *See generally* Transamerica Life Insurance Company's Consolidated Response in Opposition to Plaintiff's Motions for Leave to File Untimely Summary Judgment-Related Materials (Docket #149) (addressing plaintiff's attempts to create sham issues of fact

---

[12]  Additionally, the Court should disregard the documents because much of the new material is inadmissible hearsay.  "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2); *see also Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (explaining that affidavits may be used in order to support summary judgment, but the affidavits must be based on personal knowledge, and inadmissible hearsay cannot be used to support summary judgment).

through the filing of inadmissible and immaterial new materials).[13]

The various new and untimely documents submitted by plaintiff consist of filings from other cases, materials regarding other insurance companies, other policyholders, and other states, and documents that relate to Transamerica's prior claims procedures that do not apply to the plaintiff or his Surgery and Anesthesia Claims.[14]  Plaintiff's filing of these immaterial documents is nothing more than an attempt to obfuscate the issues and distract the Court from the dispositive material facts surrounding the expense incurred for plaintiff's Surgery and Anesthesia Claims.

## CONCLUSION

For the reasons set forth above, Transamerica objects to all of plaintiff's untimely submitted materials, all documents that were not identified or disclosed during the discovery period, all documents not accompanied by an affidavit including admissible testimony based on personal knowledge, and all documents otherwise inadmissible under Rule 56, including Docket #129 (Exhibits A, B, C, E, G-N), #138, #139, #140, #141, and #150.  The Court should sustain these objections and disregard all such materials.

---

[13] Summary judgment is appropriate when "there is no genuine dispute as to any *material fact* and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added); *Shelter Ins. Cos. v. Hildreth*, 255 F.3d 921, 924 (8th Cir. 2001).  After the movant bears the initial burden of demonstrating the absence of genuine issues of material fact, the burden is on the non-moving party to designate "*specific facts* showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added).  Plaintiff has failed to designate any specific facts that would prevent summary judgment in Transamerica's favor.

[14] Some of these documents discuss "discounts" and prior claims procedures.  These issues are entirely irrelevant in this case, where there is direct testimony from the medical provider as to the amount charged and billed for the Surgery and Anesthesia Claims at issue, there are no discounts at issue, and there is no genuine issue of fact regarding the expense incurred for these Claims.

Respectfully submitted,

*/s/ John K. Baker*
_____

Markham R. Leventhal, Esq.
Farrokh Jhabvala, Esq.
Julianna Thomas McCabe, Esq.
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, Florida  33131
Telephone:  (305) 371-2600
Facsimile:  (305) 372-9928
ml@jordenusa.com
fj@jordenusa.com
jt@jordenusa.com

John K. Baker, Esq., Ark. Bar No. 97024
**MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas  72201
Telephone:  (501) 688-8800
Facsimile:  (501) 918-7850
jbaker@mwlaw.com

*Attorneys for Defendant*
*Transamerica Life Insurance Company*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 24, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, FL 32601

_____
            */s/ John K. Baker*

14