**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ROBERT W. HALL**                                                           **PLAINTIFF**


**v.**                          **Case No. 4:11-CV-00086-BSM**


**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                                          **DEFENDANTS**

**TRANSAMERICA LIFE INSURANCE COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO RECUSE THE HONORABLE BRIAN S. MILLER**

Defendant Transamerica Life Insurance Company ("Transamerica") respectfully submits this response in opposition to plaintiff's Motion to Recuse The Honorable Brian S. Miller (Docket #166) (the "Motion" or "Motion to Recuse"), which seeks Judge Miller's disqualification pursuant to 28 U.S.C. § 455(a).  For the reasons set forth below, Judge Miller's recusal is not required by § 455(a), and the Motion should be denied.

## INTRODUCTION

Plaintiff's Motion must fail because it does not provide any legitimate or compelling reason for the disqualification of Judge Miller, and is devoid of any proof that there is an objective appearance of bias or lack of impartiality by Judge Miller in this action.  Under 28 U.S.C. § 455(a), a judge must disqualify himself only when his "impartiality might reasonably be questioned."  *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (internal citations omitted).  A judicial officer "has an affirmative ***duty to deny*** a motion to recuse if recusal is unnecessary," as it is here.  *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 660 F. Supp. 624, 626 (E.D. Ark. 1987) (citing *Davis v. Comm'r of Internal Revenue*, 734 F.2d 1302 (8th Cir. 1984)) (emphasis added).

A party introducing a motion to recuse carries a heavy burden of proof; *a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise*.

*Pope*, 974 F.2d at 985 (citing *Ouachita Nat'l Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir. 1992)) (emphasis added; other internal citations omitted).

Plaintiff's Motion cannot overcome the presumption of impartiality, and makes no serious attempt to do so.  Instead, plaintiff bases his Motion solely on the Court's disclosure during a June 24, 2011 hearing of a limited, past professional relationship with John K. Baker, one of the defendants' attorneys, and Mr. Baker's law firm, seven or eight years ago in unrelated litigation involving different parties.[1]  The disclosure of such a relationship, standing alone, is insufficient to warrant recusal.[2]

---

[1] Mr. Baker is a partner in the law firm of Mitchell,  Williams, Selig, Gates & Woodyard, P.L.L.C. ("Mitchell Williams").  The Court disclosed that, as a practitioner seven or eight years ago, he was co-counsel in one or two cases with Mr. Baker, that he was also co-counsel with Mr. Baker's law partner in some cases, and that he received some case referrals from Mr. Baker and/or Mr. Baker's law partner.

[2] *See In re Apex Oil Co.*, 981 F.2d 302, 303-04 (8th Cir. 1992) (Eighth Circuit judge not required to recuse under Section 455(a) in appeal from bankruptcy court where judge's former law firm represented creditor in bankruptcy proceeding); *Perkins v. Spivey*, 911 F.2d 22, 33 (8th Cir.1990) (recusal not required where judge's law clerk accepted a position with a law firm that occasionally represented the defendant and where defendant's law firm was in merger discussions with law firm in which judge's spouse was a partner); *Katz v. Looney*, 733 F. Supp. 1284, 1287-88 (W.D. Ark. 1990) (judge not required to recuse based on former law partner's status as trustee of defendant university); *accord Huff v. Standard Life Ins. Co.*, 683 F.2d 1363, 1370 (11th Cir. 1982) (judge's relationship as former partner in law firm representing defendant insurance company insufficient to require recusal); *Scotto v. Almenas*, 1996 WL 492996, *1 (S.D.N.Y. Aug. 28, 1996), *aff'd in part and vacated in part on other grounds*, 143 F.3d 105 (2d Cir. 1998) (finding no basis for recusal where judge had a professional relationship with counsel for one of the parties more than six years prior and explaining "it is not unusual for Judges to preside over matters in which lawyers with whom they have had a relationship appear before them"); *Certain Underwriters at Lloyds, London v. Oryx Energy Co.*, 944 F. Supp. 566, 568 (S.D. Tex. 1996) (rejecting argument that appearance of impropriety was raised by court's relationship as former law partner of plaintiff's counsel).

The cases in which Mr. Baker and Judge Miller acted as co-counsel bear no relationship to plaintiff Robert Hall, defendant Transamerica, or the instant action. This is not a case where Judge Miller has any present **or past** "financial" interest in the action or any party. Any professional relationship Judge Miller had with Mr. Baker or the Mitchell Williams law firm in a handful of past cases has nothing to do with this litigation, and that professional relationship terminated several years ago. This is, likewise, not a case where the judge is personally related to a party, witness, or attorney. Finally, this is not a case in which the presiding judge has expressed any bias or partiality whatsoever against or in favor of any party or attorney.[3]

Plaintiff's Motion presents no legitimate justification for Judge Miller's recusal; it simply refers to the Court's disclosure and alleges plaintiff's counsel had an "impression" that the Court "had determined the standard for recusal under 28 U.S.C. § 455(a) has been met." Motion at 3. Contrary to plaintiff's impression, however, Judge Miller did not determine that the legal standard for recusal had been met and, in fact, stated the opposite in open court. Tr. at 14 ("I know that I'm not required to recuse . . . ."). The Court's observation was correct. If ordinary professional relationships among lawyers justified recusal after an attorney's appointment to the bench, there would be few cases over which most federal judges were capable of presiding. Recusal is not warranted by 28 U.S.C. § 455(a), and plaintiff's Motion should be denied.

---

[3] In fact, the Court's only expressions evidenced a lack of bias. *See, e.g.*, June 24, 2011 Hearing Transcript, attached hereto as Exhibit 1, at 9 ("I don't think that anybody who would go through this trial would ever get the impression that I would be biased or that I'm biased at all in your favor or against you."); *id.* at 10 ("I don't really have a problem now because I would rule against [Mr. Baker] just as I would anybody else.") (hereinafter, "Tr. at __").

## RELEVANT BACKGROUND

This is an individual breach of contract action involving a dispute over the amount of benefits due for Surgery and Anesthesia Claims plaintiff submitted to Transamerica in 2007 under a limited benefit cancer insurance policy.[4]  This case has been pending for nearly two years.  On December 21, 2010, after the close of discovery and pursuant to the deadline for dispositive motions under the scheduling order entered by Judge J. Leon Holmes, Transamerica filed its Motion for Summary Judgment (Docket #76) addressing each of the plaintiff's claims in this case (the "Summary Judgment Motion").[5]

Transamerica's Summary Judgment Motion has been fully briefed since March 11, 2011, when Transamerica filed its Reply in support of the Summary Judgment Motion and its response to plaintiff's cross-motion.  Docket #121.  Judge Holmes originally set the parties' summary judgment motions for hearing on April 1, 2011.  Docket #118.  Plaintiff moved to continue the hearing (Docket #123), which was rescheduled for May 11, 2011 (Docket #135).  Following the transfer of this case to Judge Brian S. Miller, the summary judgment hearing was again reset for June 24, 2011 (the "June 24th hearing").  Docket #148.

---

[4] This case was filed on November 3, 2009 as a national class action.  By Order dated July 9, 2010, this Court dismissed plaintiff's class action allegations, and plaintiff is proceeding on his individual claims.  See July 9, 2010 Order (Docket #40).  This case was recently assigned to Judge Brian S. Miller by random draw after Judge J. Leon Holmes recused himself.  *See* Order of Transfer (Docket #144).  The July 24, 2011 hearing which precipitated plaintiff's Motion to Recuse was the first hearing over which Judge Miller presided in this case.

[5] On February 15, 2011, plaintiff responded to Transamerica's Summary Judgment Motion by filing a consolidated response and cross-motion for partial summary judgment (Docket ##105, 106).  Plaintiff has also asserted claims against AEGON USA, LLC, a holding company which is not an insurance company, and with whom plaintiff has no contractual relationship.  AEGON USA, LLC has filed a Motion for Summary Judgment based on a lack of personal jurisdiction and the lack of any relationship or legal duty between AEGON USA, LLC and the plaintiff.  *See* Defendant AEGON USA, LLC's Motion for Summary Judgment (Docket #59).

The parties appeared at the June 24th hearing prepared to argue the pending motions, and the Court commenced the hearing by requesting that each party "hit the very key points that you believe you did not set out or flesh out fully in your briefs."  Tr. at 3.  The Court then explained that he believed he "should disclose everything fully," and explained:

> At some point some years ago, I was a lawyer practicing in Helena, and I used to get referred cases by [one of the defendant's attorneys] John Baker.  His law partner Rick Beard referred cases to me back some years ago.  It's been more than seven or eight years, but -- I think the last case I ever had with the Mitchell [Williams] Firm was more than seven or eight years ago, but I have to put that on the record so if anybody wants to make a record of that or ask I do as Judge Holmes has done and stand down from the case, I want to give you an opportunity to do that.  I know that you're just now knowing this.  And I'll be very honest with you.  When I sat down with this file and started really focusing on it is the first time I noticed that, that John Baker was on the case.  But he and I worked on one or two cases back when I was in practice.  So that's it.  That's my full disclosure.

Tr. at 4.  After making his disclosure and requesting that the attorneys introduce themselves, Judge Miller called the first motion for hearing.  As defense counsel began to introduce the first motion, plaintiff's counsel interrupted to request a recess.  Tr. at 6.  When the June 24th hearing reconvened, plaintiff's counsel made an oral motion to recuse Judge Miller.  Tr. at 6 ("Your Honor, I don't feel good about this for delaying the administration of justice and so forth, but we conferred and we would like to move to recuse.").[6]

---

[6] Plaintiff's Motion states that his counsel, "in order to avoid waiving Plaintiff's right to request recusal . . . accepted this Court's offer to recuse himself."  Motion at 2.  This statement mischaracterizes the June 24th hearing.  The Court clarified that he had not offered to recuse himself, but merely expressed that he would consider an appropriate recusal motion.  Moreover, the Court expressly informed plaintiff's counsel that there was no danger of waiver.  Tr. at 4 ("If you don't want to take that issue up today, this is not the last time that you can. . . .  I would say . . . file a motion or notify me within the next 10 or 14 days, within the next couple of weeks. *And then if I need to, I will have no problem at all transferring the case to another judge* . . . .") (emphasis added).

An exchange followed, during which defense counsel requested clarification and Judge Miller explained that the Court had not made any decision that recusal based on the past professional relationship was necessary. Tr. at 7 (Mr. Baker: "Your Honor, I guess I need some clarification. Have you already made your decision that you believe recusal is necessary?" The Court: "I have not."). Thus, contrary to plaintiff's "impression," the Court had not "determined that the standard for recusal under 28 U.S.C. § 455(a) has been met." Motion at 3. Rather, Judge Miller stated: "I don't think that anybody who would go through this trial would ever get the impression that I would be biased or that I'm biased at all in your favor or against you." Tr. at 9. The Court also clarified: "I know that I'm not required to recuse" (Tr. at 14), and the Court acknowledged the frequency with which attorneys "cross paths" in a "small legal community like Arkansas" (Tr. at 15).

At the close of the hearing, the Court set a schedule for briefing and explained: "I haven't made a decision. I haven't decided I will [recuse], but I will be very honest with you, Mr. Baker, I haven't decided that I won't either." Tr. at 16. Expressing the "need to feel comfortable that both sides walk into this courtroom feeling like you're getting unbiased justice" (Tr. at 14), the Court explained that plaintiff's written recusal motion should provide "something that tells me why this would be the type of case" for recusal and giving "the most compelling reasons why I should stand down." Tr. at 14, 16; *see also* Docket #164 (text order directing the parties to brief the issue of recusal).

In light of the Court's comments during the June 24th hearing, Mr. Baker immediately researched his case and client records to identify instances of his professional dealings with

Judge Miller prior to his Honor's appointment to the bench.[7]   Mr. Baker summarized in a June 29, 2011 letter the instances in which he worked on matters in which Judge Miller was involved.[8]  Mr. Baker identified the following four actions in which he and two other members of his law firm served as counsel for one group of defendants while Judge Miller served as counsel for another defendant or group of defendants:

> *Barnes et al. v. The Reliable Life Insurance Company, Inc. et al.*; Circuit Court of Lee County, Arkansas, Case No. CV-2002-136.
>
> *Roseburrow et al. v. The Reliable Life Insurance Company, Inc. et al.*; Circuit Court of Lee County, Arkansas, Case No. CV-2003-75.
>
> *Arnold et al. v. The Reliable Life Insurance Company, Inc. et al.*; Circuit Court of Lee County, Arkansas, Case No. CV-2004-73.
>
> *Caffy et al. v. The Reliable Life Insurance Company, Inc. et al.*; Circuit Court of Lee County, Arkansas, Case No. CV-2004-159.

Baker Decl. ¶ 4.  These four cases (the "Lee County actions") involved defendants who, though separate, shared common defenses, and thus Mr. Baker worked with Judge Miller and his co-counsel in the coordination of a joint defense.  *Id.*  The most recent of the four Lee County actions was filed more than seven years ago, and all of the Lee County actions had concluded by July 2005.  *Id.*  Neither the plaintiff nor the defendants in the present case were named as parties or otherwise involved in the Lee County actions.  *Id.* ¶ 5.

Mr. Baker's review of his historical clients and cases revealed only one instance where he and Judge Miller, while in private practice, represented the same client.  *Id.* ¶ 6.  That matter was a regulatory engagement, which began in March of 2006 and did not involve litigation.  *Id.*

---

[7] *See* Declaration of John K. Baker ("Baker Decl.") ¶ 3, attached hereto as Exhibit 2.

[8] A copy of Mr. Baker's letter to plaintiff's counsel is attached as Exhibit A to the Baker Declaration.

Judge Miller's involvement in the matter concluded by May of 2006, more than five years ago. *Id.*

Mr. Baker has no recollection of having referred any cases or clients to Judge Miller while his Honor was in private practice, and he does not believe that he did so. *Id.* ¶ 7. Mr. Baker's partner, R.T. Beard, III, confirmed that he, too, has no memory of referring any cases or clients to Judge Miller while his Honor was in private practice, and he does not believe that he did so. *Id.* ¶ 8. Mr. Beard confirmed that does recall working with Judge Miller in jointly defending a medical malpractice case in Helena, Arkansas over 10 years ago and in jointly defending a medical malpractice case in Marianna, Arkansas approximately 10 years ago. *Id.* ¶ 9.

Although Mr. Baker's investigation and letter, and the Court's independent recollection, reveal nothing more than an ordinary, past professional relationship between lawyers practicing in the same legal community, on July 5, 2011, plaintiff filed the Motion to Recuse.

## ARGUMENT

### I.  PLAINTIFF HAS NOT MET THE SUBSTANTIAL BURDEN REQUIRED TO JUSTIFY RECUSAL PURSUANT TO 28 U.S.C. § 455(a)

#### A.  The Legal Standard For Recusal Under Section 455(a) Is An Objective Standard Of Reasonableness

Although the Court invited plaintiff to provide his most compelling reasons why Judge Miller should "stand down," plaintiff has offered no compelling reason. Tr. at 14, 16. Plaintiff filed his Motion under 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In determining whether a judge's impartiality might reasonably be questioned under the circumstances and whether recusal is required under

§ 455(a), the Court applies an objective standard of reasonableness.  *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994); *see also Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) ("objective standard of reasonableness in determining whether recusal is required").  "This objective standard is not a test of whether the judge, or a party, might believe that a bias existed, but whether the 'average person on the street' would question the impartiality of the judge, under the circumstances."  *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted).  As one court further explained:

> The charge of impartiality must be grounded **on facts that would create a reasonable doubt as to the judge's impartiality, not in the mind of the judge or in the mind of the litigant moving for recusal**, but rather in the mind of a reasonable, uninvolved observer.

*Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 660 F. Supp. 624, 626 (E.D. Ark. 1987) (emphasis added).

Plaintiff's Motion does not allege that there is an appearance of bias or partiality on the Court's part.  After re-stating the boilerplate standard under Section 455(a), plaintiff's Motion seems to argue that since the Court raised the issue of recusal, it must enter an order of recusal.  Motion at 2 ("Plaintiff respectfully submits that your Honor, without ruling that the standard for recusal under 28 U.S.C. § 455(a) had been met, *sua sponte* raised the issue by announcing that he could understand how an objective observer . . . could have a concern.").

Plaintiff's position is not well-founded.  "[T]he honesty, integrity, and impartiality of those serving as judges" is presumed.  *Scenic Holding, LLC v. New Bd. of Trs. of Tabernacle Missionary Baptist Church*, 506 F.3d 656 662 (8th Cir. 2007).  Plaintiff bears a "substantial burden" in proving that Judge Miller's professional relationship with Mr. Baker prior to his Honor's appointment to the bench gives rise to an appearance of partiality or impropriety.  *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (quoting *United States v. Denton*,

434 F.3d 1104, 1111 (8th Cir. 2006)); *see also Fletcher*, 323 F.3d at 664 ("'A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.'") (quoting *Pope*, 974 F.2d at 985).  Plaintiff's Motion does not come close to satisfying this burden.

B.      **There Is No Evidence That Would Lead An Objective Observer To Conclude That Judge Miller Is Biased Or Incapable Of Remaining Impartial In This Case**

Judge Miller has expressed no bias or lack of impartiality toward any party or lawyer in this case, and no reasonable, objective observer would believe that there was an appearance of impropriety in his Honor's presiding over this matter.  Plaintiff's Motion relies on Judge Miller's disclosure during the June 24th hearing of professional, private practice involvement with Mr. Baker prior to being appointed to the bench, ending several years ago.  *See* Motion at 1.  In his concurring opinion in the United States Supreme Court's decision in *Liteky v. United States*, Justice Kennedy explained:

> § 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings.  I think all would agree that a high threshold is required to satisfy this standard.  Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.

510 U.S. 540, 557-58 (1994) (Kennedy, J., concurring).  There is no evidence that, as a result of his Honor's limited professional involvement with Mr. Baker while in private practice, the Court in this case has any attitude "resistant to fair and dispassionate inquiry."  Plaintiff's Motion does not allege an objective appearance of such an attitude, or even a subjective belief that Judge

Miller maintains such an attitude.[9]  The Court has not expressed any bias against plaintiff or disposition in favor or Mr. Baker or the defendants.  *See United States v. Occhipinti*, 851 F. Supp. 523, 527 (S.D.N.Y. 1993) ("The mere knowledge of one of the attorney's [*sic*] involved by itself is irrelevant without some factual allegation of bias or prejudice resulting from this association.").

Judge Miller assured the parties during the June 24th hearing that his Honor was unbiased and could preside over this case impartially.  Tr. at 9-10, 14.  On the facts and circumstances of this case, no "'average person on the street' would question the impartiality of the judge."  *Pope*, 974 F.2d at 985.  Because plaintiff has failed to meet his burden to prove an "appearance of impropriety," his motion must fail.

C.      **The Court's Limited, Prior Professional Relationship With Defense Counsel Does Not Give Rise To An Appearance Of Impropriety Or Partiality That Would Justify Recusal**

A judge's past professional relationship with a law firm or attorney involved in the litigation is, by itself, insufficient as a matter of law to meet the standard for disqualification under 28 U.S.C. § 455(a).  *See supra*, note 2 (collecting authorities).  Plaintiff does not disagree and, in fact, his Motion expressly disavows, as a basis for recusal, the past professional relationship between Judge Miller and Mr. Baker.  Motion at 3 ("Plaintiff's counsel did not raise the issue of recusal, ***nor do Plaintiff's counsel seek recusal based on the previous relationship with Mr. Baker***.") (emphasis added).  Judge Miller's private practice involvement with Mr. Baker and Mr. Beard principally consisted of acting as counsel for co-defendants in a

---

[9] Plaintiff's characterization of the Court's prior work with Mr. Baker as a "financial relationship" overreaches.  Motion at 3.  There is no evidence of any financial relationship between Mr. Baker or the Mitchell Williams firm and Judge Miller.  There is, likewise, no evidence that his Honor ever had any financial interest in the Mitchell Williams firm or vice versa.

handful of cases, each of which was terminated six or more years ago, and serving as co-counsel in a single regulatory matter more than six years ago, which did not result in litigation.  Baker Decl. ¶¶ 4-5.[10]  Plaintiff's Motion makes no argument that Judge Miller's acting as counsel for a co-defendant of Mr. Baker's client years ago gives rise to an appearance of impropriety or partiality in this case; nor could it.  *See Baker v. Potter*, 153 F. App'x 393, 395 (7th Cir. 2005) ("Federal judges often, and properly, preside over cases in which litigants are represented by lawyers with whom the judge used to work . . . .").

Judges routinely deny motions to recuse under Section 455(a) in such circumstances, and even in circumstances which display closer personal relationships and relationships with parties. *See, e.g.*, *Little Rock Sch. Dist.*, 359 F.3d at 959-60 (judge's representation as a practitioner, of previous judge in mandamus proceeding involving long-term school desegregation, did not require recusal); *Fletcher*, 323 F.3d at 665-66 (judge's close personal friendship with attorney fact-witness insufficient to require recusal despite allegation that judge was also represented in a personal legal matter by attorney's law firm); *In re Apex Oil Co.*, 981 F.3d at 303-04 (circuit court judge not required to recuse himself from hearing appeal in bankruptcy case, despite his prior partnership in a law firm representing creditors in the bankruptcy proceeding).

---

[10] Although Judge Miller suggested during the June 24th hearing, and the Motion alleges, that Mr. Beard referred cases to Judge Miller prior to his appointment as a judge (*see* Motion at 1), Mr. Beard has no memory of any case referrals to Judge Miller.  Baker Decl. ¶¶ 7-8.  Even assuming Mr. Baker or Mr. Beard had referred cases to Judge Miller, Judge Miller no longer has any financial interest in any such cases.  Moreover, the referral of any such cases many years ago, without more, does not give rise to an appearance of partiality or impropriety that warrants recusal.  *See Mustain-Wood v. Nw. Mut. Life Ins. Co.*, 2010 WL 5313532, at *1-2 (D. Colo. Dec. 20, 2010) (no basis for recusal where judge had occasionally referred cases to plaintiff's counsel during private practice).

A judge's recusal based solely on prior professional relationships developed in private practice would seriously and inappropriately impede the orderly administration of the court's business.  As one district court judge explained:

> I decline to recuse myself as it is my duty to serve.  I have no sense of bias or prejudice simply because of the described professional relationship.  To recuse on that basis would require any judge who had been a practicing lawyer in the community to remove himself from potentially numerous cases brought by the practicing bar with whom he had prior dealings whether by referral, co-counsel, as respected opponents or simple observation.

*Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1457, 1458 (D. Colo. 1997).  For these reasons, it is well-settled that recusal is unnecessary and inappropriate in the circumstances at issue here.  *See Scotto v. Almenas*, 1996 WL 492996, at *1 (S.D.N.Y. Aug. 28, 1996), *aff'd in part and vacated in part on other grounds*, 143 F.3d 105 (2d Cir. 1998) (denying motion to recuse under Section 455(a) where law firm for one of the parties had referred matters to the district court judge when he was in private practice, and where the judge had served as co-counsel with defendant's law firm on a matter in which they represented the same corporation).

Plaintiff has submitted no authority and no evidence to support a conclusion that Judge Miller's impartiality could reasonably be questioned by an uninvolved observer as a result of his Honor's disclosure of a limited past professional relationship with Mr. Baker.  *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) ("[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.").  To support recusal, plaintiff was required to do more than merely suggest that recusal is warranted.  *See Private Oceans, Inc. v. Legal Sea Foods, Inc.*, 2009 WL 1921694, at *2 (S.D. Fla. July 2, 2009) (party cannot force recusal by merely restating the legal standard and making vague factual allegations); *In re Cooke*, 160 B.R. 701, 703 (Bankr.

D. Conn. 1993) ("[A] judge must not permit the mere allegation of partiality to result in the automatic reassignment of a case."). Section 455(a) imposes a heavy burden on plaintiff to establish compelling reasons for Judge Miller's recusal, and plaintiff's Motion fails to meet this high threshold.

## II. THE COURT HAS AN AFFIRMATIVE DUTY TO DENY THE MOTION TO RECUSE BECAUSE RECUSAL IS UNNECESSARY

Plaintiff asserts in his Motion that "Defendants have no grounds for objecting" to the Motion because "it was within the discretion of the Court to invite Plaintiff's counsel to request his recusal." Motion at 3. Plaintiff's assertion turns the test for recusal on its head and, in fact, the law is directly to the contrary.[11] Absent evidence sufficient to meet the legal standard for recusal under Section 455(a), this Court has an "affirmative duty to deny" plaintiff's Motion. *Little Rock Sch. Dist.*, 660 F. Supp. at 626 ("The Court has an affirmative duty to deny a motion to recuse if recusal is unnecessary.") (citing *Davis v. Comm'r of Internal Revenue*, 734 F.2d 1302, 1303-04 (8th Cir. 1984)); *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (same).

At the June 24th hearing in this action, the Court invited plaintiff's counsel to "make a record" and provide "something that tells me why this would be the type of case or why I should stand down." Tr. at 14.

---

[11] Plaintiff also makes the circular argument that recusal is necessary because the "relationship of Plaintiff's counsel with your Honor has been affected both by the Court's invitation that Plaintiff's counsel ask him to recuse himself and by counsel's request in open court that he do so." Motion at 3. Under plaintiff's theory, any party could force the recusal of a judge by simply making a motion to recuse, thereby "affecting" the relationship. This argument proves too much, and is unsupportable.

> And please feel free to make the best arguments you can on that issue and
> don't hesitate to hurt my feelings.  I really don't mind at all.  I just need to
> feel comfortable that both sides walk into this courtroom feeling like
> you're getting unbiased justice, not that you come in here and it's stacked
> against you the day you walk into the courtroom.  And so you at least need
> to have an opportunity to look at that and think about it and give me the
> reasons why I should stand down. . . .  [P]repare something short. . . . just
> something very short giving me the most compelling reasons why I should
> stand down.  I will think about it.  And I haven't made a decision.

Tr. at 14-16.  Plaintiff's Motion provides no such compelling reasons why this Court should

stand down.  Plaintiff does not allege any belief that he will receive biased justice, and no

objective observer reviewing this record could reasonably question the Court's impartiality.

Accordingly, plaintiff's Motion to Recuse should be denied.

## CONCLUSION

For the reasons set forth above, Transamerica respectfully requests that the Court enter an

Order denying plaintiff's Motion to Recuse.

Dated:  July 11, 2011.

Respectfully submitted,

/s/  Julianna Thomas McCabe

| | |
|---|---|
| John K. Baker, Esq., Ark. Bar No. 97024 | Markham R. Leventhal, Esq. |
| **MITCHELL, WILLIAMS, SELIG,** | Farrokh Jhabvala, Esq. |
| **  GATES & WOODYARD, P.L.L.C.** | Julianna Thomas McCabe |
| 425 West Capitol Avenue, Suite 1800 | **JORDEN BURT LLP** |
| Little Rock, Arkansas  72201 | 777 Brickell Avenue, Suite 500 |
| Telephone:  (501) 688-8800 | Miami, Florida  33131 |
| Facsimile:  (501) 918-7850 | Telephone:  (305) 371-2600 |
| jbaker@mwlaw.com | Facsimile:  (305) 372-9928 |
| | ml@jordenusa.com |
| | fj@jordenusa.com |
| | jt@jordenusa.com |

*Attorneys for Defendant Transamerica Life
Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2011, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*

_____/s/  Julianna Thomas McCabe_____