## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ROBERT W. HALL**                                                                **PLAINTIFF**

**v.**                              **CASE NO. 4:11cv00086 BSM**

**EQUITY NATIONAL LIFE INSURANCE**
**COMPANY, Merged into Life Investors Insurance**
**Company of America n/k/a Transamerica Life**
**Insurance Company; LIFE INVESTORS**
**INSURANCE COMPANY OF AMERICA,**
**a/k/a Transamerica Life Insurance Company;**
**and AEGON USA, INC., Parent Company of**
**Life Investors Insurance Company of America**
**n/k/a Transamerica Life Insurance Company**                      **DEFENDANTS**

### ORDER

This case was transferred to me on May 5, 2011, when Chief Judge Leon Holmes

recused. On June 24, 2011, the parties appeared in my courtroom for a summary judgment

hearing that was set by Judge Holmes prior to his recusal. At that hearing, I pointed out to

the parties that when I was practicing law, I worked on cases with defense counsel, John

Baker, and explained to plaintiff's counsel that I would entertain a recusal request if counsel

felt that I would be biased.

Plaintiff Robert W. Hall ("Hall") now very respectfully moves for my recusal. [Doc.

No. 166]. Hall argues that recusal is appropriate due to my former business relationship with

Baker. Defendants Equity National Life Insurance Company, Life Investors Insurance

Company of America, and AEGON USA, Inc. (hereinafter referred to as "defendants")

oppose [Doc. No. 167], asserting that Hall's motion does not meet the burden required for

my recusal. For the reasons set forth below, the motion is denied.

It is without question that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455. The issue presented is whether any objective observer would reasonably question my impartiality in this case. Upon reviewing the documents filed by defendants in response to the motion for recusal, it seems that I indeed worked on five cases with Baker during the time I was in private practice and that this representation occurred more than eight years ago. In four of these cases, I represented separate defendants but coordinated efforts with Baker because our clients had common defenses. In another case, Baker and I represented the same client.

When reviewing these documents, it became clear that there is nothing suggesting that I will be impartial. There is also nothing suggesting why my impartiality would be reasonably questioned. Further, and something I had not contemplated before this issue arose, recusing based on the circumstances presented would set a difficult precedent. This is true because Arkansas is a small state with a small legal community. Many judges in small states like Arkansas have had professional or even personal relationships with the attorneys that try cases in front of them, and it would be impractical for judges in similar circumstances to recuse.

Accordingly, Hall's motion for recusal [Doc. No. 166] is denied.

IT IS SO ORDERED this 18th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE