**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**


**ROBERT W. HALL**                                                                                          **PLAINTIFF**


**v.**                                          **Case No. 4:11-cv-00086-BSM**


**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                                                         **DEFENDANTS**


---

**TRANSAMERICA LIFE INSURANCE COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

---

Markham R. Leventhal                    John K. Baker (ABA #97024)
Farrokh Jhabvala                        MITCHELL, WILLIAMS, SELIG,
Julianna Thomas McCabe                    GATES & WOODYARD, P.L.L.C.
JORDEN BURT LLP                         425 West Capitol Avenue, Suite 1800
777 Brickell Avenue, Suite 500          Little Rock, Arkansas 72201
Miami, Florida 33131                    Telephone: (501) 688-8800
Telephone: (305) 371-2600               Facsimile: (501) 918-7850
Facsimile: (305) 372-9928

*Attorneys for Defendants Transamerica
Life Insurance Company and AEGON USA, LLC*

**TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ........................................................................................ iii

INTRODUCTION AND RELEVANT BACKGROUND ............................................... 1

ARGUMENT ................................................................................................................. 7

I.     THERE IS NO BASIS FOR RECONSIDERING AND REVERSING THIS COURT'S WELL-REASONED OPINION STRIKING AND DISMISSING PLAINTIFF'S CLASS ALLEGATIONS .......................................................... 7

     A.     This Court Previously Considered The Parties' Arguments And Correctly Held That Plaintiff's Class Allegations Are Barred ................................................. 8

     B.     Plaintiff's Motion Should Be Denied Because It Re-Hashes Arguments That Were Previously Made To And Rejected By This Court Or Raises Arguments That Plaintiff Could Have Previously Raised ..................................... 11

     C.     The *Hege* Opinion Has No Authoritative Value And Does Not Provide Any Basis For Reconsideration ............................................................ 15

          1.     The *Hege* Opinion violates U.S. Supreme Court precedent and fundamental principles of comity ............................................. 15

          2.     The Arkansas Supreme Court conclusively ruled that the *Runyan* court had jurisdiction and that the parties were adverse .......................... 20

     D.     The Materials Appended To Plaintiff's Motion Do Not Satisfy Any Standard For Reconsideration And Do Not Support Reversal Of This Court's Prior Holding That Plaintiff's Class Claims Are Barred ......................... 23

II.     PLAINTIFF'S MOTION IS UNTIMELY AND CANNOT MEET ANY STANDARD FOR AMENDING THE COMPLAINT .................................................... 26

     A.     Plaintiff's Motion Is Dilatory And Fails To Satisfy The "Good Cause" Standard Required For Amending Pleadings Outside The Time Provided By The Court's Final Scheduling Order ............................................................ 27

     B.     Plaintiff's Attempt To Renew His Class Allegations At This Late Date Is Unfairly Prejudicial Given The Expiration Of All Relevant Pre-Trial Deadlines And The Completion Of Briefing On Transamerica's Summary Judgment Motion .................................................................................................. 29

## **TABLE OF CONTENTS**
*(continued)*

*Page*

CONCLUSION..................................................................................................................32

CERTIFICATE OF SERVICE ........................................................................................33

# TABLE OF AUTHORITIES

*Page*

**Cases**

*Allen v. Life Insurance Co. of North America*,
    2010 WL 4811946 (W.D. Ky. Nov. 19, 2010) ............................................................... 11

*Alpha Iota Omega Christian Fraternity v. Moeser*,
    2006 WL 1286186 (M.D.N.C. May 4, 2006) ................................................................. 31

*Anthony v. Runyon*,
    76 F.3d 210 (8th Cir. 1996) ...................................................................................... 7, 23

*Atlantic Coast Line Railroad v. Brotherhood of Locomotive Engineers*,
    398 U.S. 281 (1970)................................................................................................ 19, 20

*Broadway v. Norris*,
    193 F.3d 987 (8th Cir. 1999) ............................................................................. 7, 11, 14

*Callanan v. Runyun*,
    75 F.3d 1293 (8th Cir. 1996) ......................................................................................... 7

*Ciba-Geigy Corp. v. Alza Corp.*,
    1993 WL 90412 (D.N.J. Mar. 25, 1993)....................................................................... 12

*Cleveland Surgi-Center, Inc. v. Jones*,
    2 F.3d 686 (6th Cir. 1993) ........................................................................................... 20

*Confederated Tribes of the Colville Reservation v. Superior Court of Okanogan County*,
    945 F.2d 1138 (9th Cir. 1991) ..................................................................................... 20

*Davis v. City of St. John*,
    182 F. App'x 626 (8th Cir. 2006) ................................................................................. 29

*Durfee v. Duke*,
    375 U.S. 106 (1963)................................................................................................ 10, 22

*EEOC v. Rath Packing Co.*,
    787 F.2d 318 (8th Cir. 1986) ....................................................................................... 25

*Electric Insurance Co. v. Freudenberg-Nok, General Partnership*,
    487 F. Supp. 2d 894 (W.D. Ky. 2007)......................................................................... 12

**TABLE OF AUTHORITIES**

*(continued)*

*Page*

*Floyd v. State of Missouri Department of Social Services, Division of Family Services*,
    188 F.3d 932 (8th Cir. 1999) ........................................................................... 31

*Glendon Energy Co. v. Borough of Glendon*,
    836 F. Supp. 1109 (E.D. Pa. 1993) ........................................................... 11, 12

*Gough v. Transamerica Life Insurance Co.*,
    2011 WL 995948 (W.D. Ky. Mar. 17, 2011) ....................................... 5, 11, 22

*Hagerman v. Yukon Energy Corp.*,
    839 F.2d 407 (8th Cir. 1988) ............................................................... 7, 12, 13

*Hall v. Equity National Life Insurance Co.*,
    730 F. Supp. 2d 936 (E.D. Ark. 2010) ................................................... passim

*Hammer v. City of Osage Beach, Missouri*,
    318 F.3d 832 (8th Cir. 2003) ........................................................... 29, 30, 31

*Hege v. AEGON USA, LLC*,
    2011 WL 206318 (D.S.C. Jan. 21, 2011)................................................... 4

*Hunter v. Runyan*,
    ___ S.W.3d ___, 2011 Ark. 43, 2011 WL 478594 (Ark. Feb. 9, 2011) .................. passim

*In re Integra Realty Resources, Inc.*,
    262 F.3d 1089 (10th Cir. 2001) ............................................................... 10

*In re Life Investors Insurance Co. of America*,
    589 F.3d 319 (6th Cir. 2009) ................................................................. 10

*In re Milk Products Antitrust Litigation*,
    195 F.3d 430 (8th Cir. 1999) ........................................................... 28, 30

*Lindley v. Life Investors Insurance Co. of America*,
    2010 WL 723670 (N.D. Okla. Feb. 22, 2010) ....................................... 13

*Matsushita Electric Industries Co. v. Epstein*,
    516 U.S. 367 (1996).......................................................................... 9, 20

*McLaughlin v. American Fidelity Assurance Co.*,
    2010 WL 2507523 (W.D. Okla. June 16, 2010).................................... 13

# TABLE OF AUTHORITIES
*(continued)*

*Page*

*Minnesota Supply Co. v. Raymond Corp.*,
    472 F.3d 524 (8th Cir. 2006) ............................................................ 7, 23

*Montague v. Dixie National Life Insurance Co.*,
    2011 WL 2294146 (D.S.C. June 8, 2011) ...................................... 13

*Otey v. Hopkins*,
    992 F.2d 871 (8th Cir. 1993) ........................................................ 25

*Phillips Petroleum v. Shutts*,
    472 U.S. 797 (1985).......................................................................... 17

*Popoalii v. Correctional Medical Services*,
    512 F.3d 488 (8th Cir. 2008) ........................................................ 30

*Proctor v. Toney*,
    53 F. App'x 793 (8th Cir. 2002) .................................................... 31

*Rahn v. Hawkins*,
    464 F.3d 813 (8th Cir. 2006) ........................................................ 28

*Reppert v. Marvin Lumber & Cedar Co.*,
    359 F.3d 53 (1st Cir. 2004).......................................................... 11

*Schenk v. Chavis*,
    259 F. App'x 905 (8th Cir. 2008) ................................................ 29

*Schneider v. Colegio de Abogados de Puerto Rico*,
    917 F.2d 620 (1st Cir. 1990)........................................................ 20

*Sells v. Dennison*,
    2009 WL 1360244 (W.D. Ky. May 13, 2009).............................. 12

*Sherman v. Winco Fireworks, Inc.*,
    532 F.3d 709 (8th Cir. 2008) .................................................. 27, 28

*Sosa v. Airprint Systems, Inc.*,
    133 F.3d 1417 (11th Cir. 1998) .................................................... 28

*Sutherland v. Massa*,
    2011 WL 2671931 (8th Cir. July 8, 2011)...................................... 31

# TABLE OF AUTHORITIES
*(continued)*

*Page*

*Swope v. Siegel-Robert, Inc.*,
    243 F.3d 486 (8th Cir. 2001) ........................................................................... 25

*Transamerican Refining Corp. v. Dravo Corp.*,
    952 F.2d 898 (5th Cir. 1992) ........................................................................... 10

*Trim Fit, LLC v. Dickey*,
    607 F.3d 528 (8th Cir. 2010) ........................................................................... 30

*West v. American Telephone & Telegraph Co.*,
    311 U.S. 223 (1940) ................................................................................... 5, 20

*Whittum v. Saginaw County*,
    2005 WL 3271810 (E.D. Mich. Nov. 22, 2005) ............................................. 27

*Williams v. McKenzie*,
    834 F.2d 152 (8th Cir. 1987) ........................................................................... 19

## Rules

Federal Rule of Civil Procedure 15 ............................................................... 29

Federal Rule of Civil Procedure 16 ....................................................... 27, 28, 29

U.S. District Court, Eastern District of Arkansas Local Rule 7.2(b) ............................................. 1

Pursuant to Local Rule 7.2(b), defendant Transamerica Life Insurance Company ("Transamerica") submits this response in opposition to "Plaintiff's Motion for Leave to File Amended Complaint with Class Allegations" (Docket #154) (the "Motion") and its supporting memorandum of law (Docket #155) (collectively, the "Motion to Renew the Class Allegations"). The Motion to Renew the Class Allegations effectively seeks, for a ***third*** time, reconsideration and reversal of Judge Holmes' July 9, 2010 Opinion and Order in this case (the "July 9 Order") (Docket #40), which properly granted Defendants' Motion to Deny Class Certification and Eliminate Plaintiff's Class Action Allegations (Docket #24).   *See Hall v. Equity Nat'l Life Ins. Co.*, 730 F. Supp. 2d 936, 945-46 (E.D. Ark. 2010).   The Motion contends that plaintiff "should be permitted to renew the class action allegations included in his original complaint."[1] Plaintiff's Motion to Renew the Class Allegations should be denied because it is procedurally inappropriate, legally unsupportable, and unreasonably and vexatiously multiplies the proceedings and costs in this action.

## INTRODUCTION AND RELEVANT BACKGROUND

This case was filed as a "copycat" class action in which plaintiff duplicated the allegations of several prior class cases filed against Transamerica.  In June of 2009, plaintiff "opted out" of a Class Action Settlement (the "Settlement") pending in the Circuit Court of Pulaski County in *Runyan v. Transamerica Life Insurance Company*, Case No. CV-09-2066-3 (Ark. Circuit Ct., Pulaski County) (the "*Runyan* action").  Instead of pursuing his claims in an individual case,[2] plaintiff's counsel copied the class action allegations of the *Runyan* action.  On

---

[1] Plaintiff's Memorandum in Support of Motion for Leave to File Amended Complaint with Class Action Allegations at 1 (hereinafter cited as "Mem.").

[2] Plaintiff's individual dispute relates to the amount of benefits paid to plaintiff for a single surgery claim and a single anesthesia claim in 2007 under a supplemental cancer insurance
*(footnote continued on next page)*

November 3, 2009, just six days before the *Runyan* court held its final fairness hearing in the Arkansas Circuit Court, plaintiff filed a duplicative class action complaint in this Court.[3]

On April 13, 2010, after the *Runyan* court entered a Final Order and Judgment approving the class action settlement in the *Runyan* action, Transamerica filed its Motion to Deny Class Certification and Eliminate Plaintiff's Class Allegations (Docket #24) ("Motion to Strike the Class Allegations").  This Court granted Transamerica's motion in its July 9 Order, holding that, "[b]ecause of the Full Faith and Credit Act, *res judicata*, and collateral estoppel, **Hall's class allegations are barred** by the Pulaski County Circuit Court's judgment in *Edison Runyan et al. v. Transamerica Life Ins. Co. et al.*, Case No. 09-2006-3."  *Hall*, 730 F. Supp. 2d at 946 (emphasis added).  The Court also held that, because plaintiff opted out of the *Runyan* Settlement, he "has no standing to object to the *Runyan* settlement or appeal the *Runyan* judgment." *Id.* at 944 n.6.  The Court specifically contemplated that this case would proceed as an individual action.  *Id.* at 946 ("Hall, of course, may proceed on his individual claim against the defendants.").

---

policy.  Plaintiff alleges his surgery and anesthesia claims were underpaid by approximately $271.00.  Complaint (Docket #1) ¶ 42.

   [3] Plaintiff's attorneys in this action also represented an objecting Settlement Class member, Daniel Crager, in the *Runyan* trial court and on appeal before the Arkansas Supreme Court.  Immediately after this case was filed, plaintiff's counsel commenced a campaign to collaterally attack the *Runyan* Settlement on other fronts.  *See Hall*, 730 F. Supp. 2d at 941 ("Two days after Hall filed his complaint, his attorney also filed a series of motions in the *Pipes* litigation [that was pending but stayed before Judge Susan Webber Wright] . . . . Crager filed a motion to intervene, emergency motion for injunctive relief, and motion for expedited hearing," all of which were denied by Judge Wright); *see also Hunter v. Runyan*, ___ S.W.3d ___, 2011 Ark. 43, 2011 WL 478594 (Ark. Feb. 9, 2011) (affirming *Runyan* settlement, dismissing Crager's appeal, and noting that "counsel for other plaintiffs in competing class actions pending in other jurisdictions had filed requests to enjoin or otherwise delay the settlement or the final fairness hearing in this case") (slip op. at 5, attached hereto as Exhibit 1).

In his Motion, plaintiff makes the disingenuous contention that this "Court's striking of Hall's class allegations was not with prejudice." Mem. at 2. To the contrary, however, the July 9 Order was unequivocal in finding that "Hall's class allegations are barred." *Hall*, 730 F. Supp. 2d at 946. Claims which are "barred" cannot be asserted. Moreover, plaintiff has already twice sought reconsideration of the July 9 Order, and on both occasions his efforts were unsuccessful.[4]

All of the relevant pre-trial deadlines in this Court's Amended Final Scheduling Order have long since passed. The deadline for amending the pleadings in this action expired on November 30, 2010; the discovery period expired on December 16, 2010; and the deadline for filing *all* motions (except motions in limine) expired on December 30, 2010. Amended Final Scheduling Order ¶¶ 2, 3, 5 (Docket #51). Transamerica filed its Motion for Summary Judgment on December 21, 2010. Docket ##76-77. After requesting several extensions, plaintiff filed his motion for summary judgment on February 15, 2011. Docket #105. The parties' summary judgment motions are now fully briefed and the Court's ruling on those motions may resolve or substantially narrow the issues remaining for trial.[5]

Although this case has been pending since November 3, 2009 and involves an individual dispute of less than $300.00, on June 10, 2011, plaintiff filed his Motion to Renew the Class

---

[4] Plaintiff's first Motion for Reconsideration (Docket #46), filed July 19, 2010, was denied by Judge Holmes in an August 3, 2010 Order (Docket #53). Plaintiff then sought reconsideration in the Eighth Circuit Court of Appeals, where he filed a Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23 (Docket #54) (the "Petition"). The Eighth Circuit denied plaintiff's Petition on September 7, 2010 (Docket #55).

[5] The case was previously set for trial on February 28, 2011. *See* Amended Final Scheduling Order (Docket #51). On February 7, 2011, however, the Court granted the parties' Joint Motion for 60 Day Continuance of Trial Setting (Docket ## 100, 101) to allow adequate time for the completion of summary judgment briefing and for the Court's consideration of the parties' summary judgment motions prior to trial. The parties await a new trial date.

Allegations, asking to replead the same class action allegations that were dismissed a year ago by Judge Holmes in the published opinion of July 9, 2010 (Docket #40).  His recent Motion entirely ignores the procedural posture of his case and the implications of this Court's July 9 Order. Instead, plaintiff contends he should be permitted to return to ground zero, reassert attacks on the *Runyan* Settlement that he has no standing to pursue, and renew class allegations which are conclusively barred.

Although plaintiff's Motion pretends that there have been "numerous highly significant changes to the landscape" (Mem. at 2), his argument ignores that the single most important development in the "landscape" is the Arkansas Supreme Court's February 9, 2011 decision in *Hunter v. Runyan,* ___ S.W.3d ___, 2011 WL 478594 (Ark. Feb. 9, 2011).  The *Hunter* decision rejected three appeals filed in the *Runyan* action, and affirmed the Arkansas Circuit Court.  *See Hunter v. Runyan*, slip op. at 2 ("We find no error in the circuit court's orders and affirm.").

The Arkansas Supreme Court in *Hunter* expressly rejected the arguments Hall makes here:  that the *Runyan* trial court did not have subject matter jurisdiction and that the parties lacked "adversity" because they had decided to pursue a class action settlement.  Plaintiff's Motion cites, but then disregards the *Hunter* opinion, and pretends that an erroneous interlocutory order entered by a district court in South Carolina is more relevant than the Arkansas Supreme Court's decision in *Hunter*.  Mem. at 1 (citing *Hege v. AEGON USA, LLC*, No. 8:10-cv-01578-GRA, 2011 WL 206318 (D.S.C. Jan. 21, 2011)) (the "*Hege* opinion").[6]

---

[6] Although the South Carolina district court issued the *Hege* opinion in January 2011, plaintiff characterizes the order as a "recent opinion."  Mem. at 1.  Plaintiff offers no justification for his five-month delay in raising the *Hege* opinion with this Court.  The *Hege* opinion expressly disagreed with this Court's July 9 Order, and refused to afford full faith and credit to the *Runyan* Settlement in an individual action filed by a South Carolina class member who failed to opt out.  2011 WL 206318, at *21.  The *Hege* opinion was based on the South Carolina district court's bizarre distrust of Arkansas judges and his mistaken conclusion that Arkansas courts *(footnote continued on next page)*

Plaintiff's reliance on the *Hege* order is contrary to U.S. Supreme Court precedent, which holds that the Arkansas Supreme Court is the "final arbiter of what is state law." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940).

Given the reasoning in this Court's July 9 Order and the Arkansas Supreme Court's opinion in *Hunter*, it is inconceivable that plaintiff would file a motion to reinstate the dismissed class action allegations in this case. *See also Gough v. Transamerica Life Ins. Co.*, 2011 WL 995948, at *10 (W.D. Ky. Mar. 17, 2011) ("Considering the Arkansas Supreme Court's review of the *Runyan* final judgment, there can be no question that Arkansas will fully enforce the judgment. Accordingly, the Court must give full faith and credit to the *Runyan* final judgment."). Plaintiffs in *Gough* were class members in *Runyan* who did not exclude themselves from the *Runyan* Settlement but filed a separate action anyway. In responding to Transamerica's motion for summary judgment, the Goughs argued extensively, just like plaintiff here, that the district court in that case should follow *Hege*, and disregard this Court's opinion and that of the Arkansas Supreme Court. The *Gough* court disagreed and, instead, followed this Court's July 9 Order. *Id.* at *8-10 (analyzing this Court's July 9 Order and holding that, because the Goughs' claims "are the same as those litigated and released in *Runyan*, Plaintiffs' claims are barred pursuant to the doctrine of *res judicata* by the Pulaski County Circuit Court's Final Order and Judgment in *Runyan v. Transamerica Life Ins. Co.*, No. 09-2006-3"); *see also Gough v. Transamerica Life Ins. Co.*, No. 4:09-cv-00120-JM-ERG (W.D. Ky. June 30, 2011) at 3 ("The

---

would not afford preclusive effect to the *Runyan* final judgment. The Arkansas Supreme Court effectively overruled *Hege* when it affirmed the *Runyan* Circuit Court's orders in *Hunter v. Runyan*. *See generally* Exhibit 1 (slip opinion).

Court reviewed *Hege* extensively prior to issuing the decision and declined to follow its holding.").[7]  Remarkably, plaintiff's Motion fails to even mention the *Gough* case.

In addition to ignoring the Arkansas Supreme Court's *Hunter* decision affirming the *Runyan* court, plaintiff cites no legal standard for the reconsideration he seeks, nor could he meet any standard for reconsideration or for amending the pleadings at this late date.  Plaintiff relies on several documents attached to his Motion, which he characterizes as "recently-discovered evidence."  Mem. at 1, 12.  These documents do not meet the standard for "newly discovered evidence" in the context of a motion for reconsideration and, contrary to plaintiff's label, the documents appended to his Motion have been produced in discovery in multiple cases, most of them long ago, to multiple plaintiff groups, including Class Counsel in the *Runyan* action.  *See* Declaration of Irma Reboso Solares ("Solares Decl.") ¶¶ 4-5 (attached hereto as Exhibit 3).

That plaintiff himself only "recently-discovered" these documents, presumably when he obtained them from other lawyers pursuing similar litigation, does not remotely support his Motion.  Plaintiff conducted no discovery in this action during the entire thirteen-month discovery period prescribed by the Court, and he offers no excuse for his own lack of diligence.  Moreover, the documents are largely duplicative of evidence already in the record in this case, and they do not alter the preclusive effect of the *Runyan* judgment which bars plaintiff's class claims.  *See* June 30 *Gough* Order at 6 (rejecting reconsideration argument in action brought by two *Runyan* class members who failed to opt out, and holding that similar material relates solely "to the merits of the case which this Court did not reach" and "is cumulative of evidence already in the record").

---

[7] A copy of the *Gough* court's June 30, 2011 order is attached hereto as Exhibit 2 (hereinafter cited as "June 30 *Gough* Order").

Plaintiff's Motion is an inappropriate attempt to appeal and reverse this Court's well-reasoned July 9 Order and the decisions of the Arkansas Circuit Court in *Runyan* and the Arkansas Supreme Court in *Hunter*. Because it is legally unsupportable and procedurally improper, the Motion should be denied.

## ARGUMENT

### I.   THERE IS NO BASIS FOR RECONSIDERING AND REVERSING THIS COURT'S WELL-REASONED OPINION STRIKING AND DISMISSING PLAINTIFF'S CLASS ALLEGATIONS

Plaintiff's Motion fails to provide any legitimate basis for this Court to reconsider Judge Holmes' July 9 Order. The Eighth Circuit has explained that although the federal rules do not provide for a motion for reconsideration, Federal Rules of Civil Procedure 59(a) and 60(b)(2) give the district court the discretion to vacate a judgment or order and to reopen a case in certain limited circumstances.[8]  *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (construing motion to reconsider non-final order as a Rule 60(b) motion). A motion for reconsideration "is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006) (citing *Callanan v. Runyun,* 75 F.3d 1293, 1296-97 (8th Cir. 1996)). The "exceptional circumstances" include the correction of "manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted).

---

[8] Although plaintiff's Motion ostensibly seeks leave to file an amended complaint with class allegations, the July 9 Order expressly holds that "Hall's class allegations are barred." *Hall*, 730 F. Supp. 2d at 946. Thus, the amendment that plaintiff seeks is not possible unless the Court were to reconsider and vacate the Order.

Plaintiff's motion fails to even cite, let alone meet, the legal standard for reconsideration in this Circuit, and there is no basis for this Court to reconsider or reverse the July 9 Order.

**A.      This Court Previously Considered The Parties' Arguments And Correctly Held That Plaintiff's Class Allegations Are Barred**

This Court's July 9 Order controls the issues raised by plaintiff's Motion. Transamerica's Motion to Strike the Class Allegations was supported by substantial evidence, which this Court clearly considered when preparing its July 9 Order. That evidence included certified copies of the Circuit Court's Final Order and Judgment in the *Runyan* action (Docket #24-2), the Circuit Court's Findings of Fact and Conclusions of Law in *Runyan* (the "Findings") (Docket #24-3), declaration testimony comparing the class definition in Hall's Class Action Complaint with the composition of the class certified in *Runyan* (Docket #24-4), and relevant pleadings from the *Runyan* record (Docket ##24-7 through 24-20).

Plaintiff had ample opportunity to respond to Transamerica's motion, and filed his Response in Opposition on May 27, 2010 (Docket #35). Plaintiff's Response in Opposition raised many of the same arguments that he reasserts in his new Motion to Renew the Class Allegations. Plaintiff argued in his response the same position he takes here: that the issue "before this Court is the underlying validity of the 'final judgment' in *Runyan*, a judgment obtained in circumstances quite irreconcilable with all notions of full faith and credit, *res judicata*, collateral estoppel or release." Response in Opposition at 2. Plaintiff alleged, as he does here, that the "state court in *Runyan* did not possess subject-matter jurisdiction over the underlying suit, as there was no 'justiciable controversy' before it" and the parties were not adverse. *Id.* at 5-6. Plaintiff also made the argument, repeated in his recent motion, that the *Runyan* action was "designed to shield the Defendants from liability," and that Class Counsel failed to pursue the interests of the class in exchange for an attorneys' fee. *Id.* at 6-7. He argued

that the *Runyan* proceeding involved fraud, collusion, and was not fully contested in good faith. *Id*. at 7; *see also id*. at 9 ("due to the absence of fully contested good faith litigation . . . Arkansas law does not grant the *Runyan* judgment preclusive effect . . . .").

After careful consideration of the parties' briefs and the record evidence, this Court rejected all of plaintiff's arguments, granted Transamerica's motion, and dismissed and struck plaintiff's class claims in its July 9 Order. *Hall*, 730 F. Supp. 2d at 946. In so doing, the Court thoroughly analyzed the procedural history of the related litigation that had been pending in multiple actions filed long before this case, including *Pipes v. Life Investors Ins. Co. of Am.*, No. 1:07-CV-00035 (E.D. Ark.). The Court noted that settlement discussions began in the *Pipes* case in October 2008 because "Pipes's counsel had the largest number of plaintiffs and related cases," and recognized that the *Runyan* action was filed by Pipes' counsel on March 13, 2009 to consolidate the claims of the plaintiffs in six related cases pending in four different states as the parties worked to finalize a class action settlement agreement. 730 F. Supp. 2d at 938-39. The Court's July 9 Order summarized the complete procedural history in *Runyan*, before addressing the issues of full faith and credit, *res judicata*, collateral estoppel, and release.

With respect to the Full Faith & Credit Act, the Court cited the U.S. Supreme Court's controlling opinion in *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996), which holds that "the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States'" and "a judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit under the express terms of the Act." 730 F. Supp. 2d at 942 (quoting *Matsushita*, 516 U.S. at 373-75). Thus, applying *Matsushita*, the Court concluded that "the *Runyan* judgment is the product of a 'judicial proceeding'" and is "entitled to full faith and credit." *Id*. at 942-43.

The Court expressly rejected plaintiff's arguments regarding *res judicata* and collateral estoppel, including plaintiff's arguments that the *Runyan* court lacked subject-matter jurisdiction because there was "no justiciable controversy," and his contention that the *Runyan* proceeding amounted to "collusion and fraud." *Id*. at 943. The Court held that it would not second guess the Circuit Court's findings in *Runyan* because questions of the *Runyan* court's jurisdiction were "fully and fairly litigated" in that court. *Id*. at 944 (quoting *Durfee v. Duke*, 375 U.S. 106, 111 (1963)). The Court explained:

> [T]he [*Runyan*] Circuit Court's jurisdiction was litigated openly and deliberately. The Circuit Court made a final determination that its jurisdiction was proper. The Pulaski County Circuit Court found that ***there was no collusion, fraud, or reverse auction of any kind*** in the procurement of the settlement agreement. The Circuit Court found that ***the settlement was negotiated at arms' length, and only after several months of contentious litigation and discovery in parallel federal actions.*** It appears that all the same evidence and arguments on collusion were brought before the Circuit Court, that the Circuit Court thoroughly and deliberately considered those arguments, and that the Circuit Court rejected those arguments.

*Id*. (emphasis added). The Court also held that, because plaintiff opted out of the *Runyan* Settlement, he "has ***no standing*** to object to the *Runyan* settlement or appeal the *Runyan* judgment." *Id.* at 944 n.6 (emphasis added).[9]

---

[9] Several other courts have similarly recognized that a person who opts opt of a class action is not affected by and has no right or standing to challenge a class settlement. *See, e.g.*, *In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 331 (6th Cir. 2009) ("[T]he *Runyan* class action is an opt-out class action and, indeed, [the plaintiff] has opted out of the settlement. Thus, it is *impossible for the Runyan settlement to affect [plaintiff's] rights or claims*.") (emphasis added); *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1102 (10th Cir. 2001) ("[N]on-settling [parties] generally have no standing to complain about a settlement, since they are not members of the settling class.") (citing *Transamerican Refining Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992)). Plaintiff's Motion entirely ignores the fact that he opted out of the *Runyan* class and therefore lacks standing to object to the *Runyan* Final Judgment. Plaintiff's purported objections to the *Runyan* Final Judgment are legally impermissible.

Finally, the Court held that it was "bound to give full faith and credit to the Pulaski County Circuit Court's approval" of the broad release in the *Runyan* Final Judgment which "prevents the class allegations against the defendants from being relitigated in the future." *Hall*, 730 F. Supp. 2d at 945 (citing *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004)).

The Court concluded:

> Hall's class claims are the same as those litigated and then released in *Runyan*, so those claims are barred. . . . Because of the Full Faith and Credit Act, *res judicata*, and collateral estoppel, Hall's class allegations are barred by the Pulaski County Circuit Court's judgment in *Edison Runyan et al. v. Transamerica Life Ins. Co. et al.*, Case No. 09-2006-3.

*Id.* at 945-46. The Arkansas Supreme Court's subsequent decision in *Hunter* confirms that this Court's decision was correct, and there is no reason for this Court to revisit or reverse its July 9 Order. *Hunter v. Runyan*, slip op. at 2 ("We find no error in the circuit court's orders and affirm."); *see also Gough*, 2011 WL 995948, at *8-10 (recognizing conflict between this Court's July 9 Order and *Hege*, and agreeing with this Court's conclusion that the *Runyan* Final Judgment is entitled to full faith and credit).

**B.**    **Plaintiff's Motion Should Be Denied Because It Re-Hashes Arguments That Were Previously Made To And Rejected By This Court Or Raises Arguments That Plaintiff Could Have Previously Raised**

Plaintiff's Motion should be denied because it re-hashes multiple arguments that were previously made and rejected by Judge Holmes, and any new arguments could have and should have been raised in plaintiff's Response in Opposition (Docket #35). It is well established that motions for reconsideration are "not a vehicle for simple reargument" of a claim. *Broadway*, 193 F.3d at 990; *Allen v. Life Ins. Co. of N. Am.*, 2010 WL 4811946, at *2 (W.D. Ky. Nov. 19, 2010) (motions to reconsider are "not intended to be used to relitigate issues previously considered") (internal quotations and citations omitted); *Glendon Energy Co. v. Borough of*

-11-

*Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) ("It is improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through . . . .'") (quoting *Ciba-Geigy Corp. v. Alza Corp.*, 1993 WL 90412 (D.N.J. Mar. 25, 1993)). Motions for reconsideration also "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman*, 839 F.2d at 414; *see also Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) (motions for reconsideration are not "an opportunity for the losing party to offer additional arguments in support of its position"); *Sells v. Dennison*, 2009 WL 1360244, at *2 (W.D. Ky. May 13, 2009) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

Relying extensively on the *Hege* opinion (*see infra* at pp. 15-23), plaintiff's Motion contends that the Court should reconsider its July 9 Order because "the *Runyan* Notice and the *Runyan* class representation were Constitutionally deficient," and there was "no actual justiciable controversy" or "good faith" litigation in *Runyan*. Mem. at 14. This Court already considered and rejected these arguments, and they provide no basis for reconsideration. The Court held that it would not "overturn the Circuit Court's finding that [the *Runyan* court's] jurisdiction was proper," that "the [*Runyan*] action **was fully contested in good faith,**" that the allegations of "collusion" were addressed by the *Runyan* court, and that plaintiff's class allegations were barred by *res judicata*, collateral estoppel, and release. *Hall*, 730 F. Supp. 2d at 944-46 (emphasis added). Plaintiff's continued disagreement with Judge Holmes' Order is not a basis for reconsideration. *Glendon Energy Co.*, 836 F. Supp. at 1122 ("It is improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through . . . .'").

The only new arguments plaintiff raises in his Motion are arguments which clearly could have been made in his original response to Transamerica's Motion to Strike the Class

Allegations.  For example, plaintiff now argues that the *Runyan* Notice was misleading, and he now offers different reasons why he believes Class Counsel's representation was inadequate. Although plaintiff's new arguments are contrary to the conclusions of this Court and the Arkansas Supreme Court in *Hunter*, plaintiff offers no reason or justification for his failure to previously raise these arguments.  For example, plaintiff's Motion now contends for the first time that the *Runyan* Notice was misleading because it did not inform South Carolina class members that they allegedly held the superior argument on the merits, and because the Notice did not include a disclaimer to the *Runyan* class that certain state "actual charges" statues in South Carolina, Oklahoma, Georgia, and Texas may not apply to their claims. Mem. at 3, 9. Plaintiffs' new arguments in no way support his contention that the *Runyan* Final Judgment is not entitled to preclusive effect.  All of these arguments were made in and rejected by the *Runyan* Circuit Court, and plaintiff, who opted out of the class, has no standing to raise them here.  If he did, nothing prevented plaintiff from raising these arguments in his Response in Opposition. *See Hagerman*, 839 F.2d at 414 (motions for reconsideration "cannot be used to raise arguments which could have been raised prior to the issuance of judgment").[10]

---

[10] There is no legal or evidentiary basis for plaintiff's arguments regarding the statutes. Courts in Oklahoma and South Carolina have expressly held that the statutes in those states apply to claims under policies issued *prior* to the statute's effective date.  *See Montague v. Dixie Nat'l Life Ins. Co.*, 2011 WL 2294146, *6-7 (D.S.C. June 8, 2011) (holding that the South Carolina General Assembly "expressly and unequivocally" intended the "actual charges" statute to apply to "*any* . . . specified disease insurance policy *issued* to any resident of [South Carolina]," and that therefore the statute applied to claims presented after its effective date under policies issued before its effective date) (emphasis in original).  Because the South Carolina statute *did* apply to policies issued before its effective date, the *Montague* court proceeded to erroneously hold that the statute violated the Contract Clause.  This latter part of the *Montague* decision is contrary to two other district court decisions holding that the similar Oklahoma "actual charges" statute does *not* violate the Contract Clause. *McLaughlin v. Am. Fid. Assurance Co.*, 2010 WL 2507523, *4-6 (W.D. Okla. June 16, 2010); *Lindley v. Life Investors Ins. Co. of Am.*, 2010 WL 723670, *7-8 (N.D. Okla. Feb. 22, 2010).

Nor do plaintiff's new arguments regarding Class Counsel's representation support reconsideration. This Court previously rejected plaintiff's arguments that *Runyan* Class Counsel failed to "adequately represent" the class. *See* Response in Opposition at 10-13.[11] Undeterred, plaintiff is again attempting to litigate the adequacy of Class Counsel in this Court, on new grounds he could have raised previously, but did not. Relying on the South Carolina district court's opinion in *Hege*, plaintiff now argues that *Runyan* Class Counsel were inadequate because: (1) the *Runyan* Settlement included a "clear-sailing" provision;[12] (2) Class Counsel opposed a motion to stay the Final Judgment based on an interlocutory order entered in the *Gooch* case; (3) Class Counsel opposed motions to intervene; and (4) Class Counsel did not diligently conduct discovery.[13] Mem. at 10. The fact that these arguments were addressed in the *Hege* opinion does not provide any basis for permitting plaintiff to file yet another reconsideration motion. These arguments could have been made in plaintiff's original response to Transamerica's Motion to Strike the Class Allegations and therefore do not support reconsideration. *See Broadway*, 193 F.3d at 989-90 (affirming denial of motion to reconsider

---

[11] Plaintiff previously argued that Class Counsel was inadequate because (1) a status report filed in the *Harris* case evidenced collusion; (2) the parties attempted to conceal the existence of the *Runyan* state court proceedings; (3) attorneys in other cases were not notified of the negotiations with *Runyan* Class Counsel; and (4) *Runyan* was filed in state court rather than in one of the pending federal actions. Response in Opposition at 10-17. Plaintiff's Motion re-hashes the same argument that Class Counsel is inadequate because they did not move for judgment in any of the federal courts where they had litigation pending. Mem. at 10.

[12] Plaintiff's pejorative contention that the parties agreed to a "clear sailing" provision mischaracterizes standard attorney fee provisions in a class action settlement which the Arkansas Supreme Court described as the parties' agreement to "a limit on attorney's fees for class counsel." *Hunter v. Runyan*, slip op. at 3.

[13] This new argument, unlike the others, is not based on the *Hege* opinion. It is entirely baseless. *See Hunter v. Runyan*, slip op. at 24 (finding that *Runyan* class representatives "engaged in adequate discovery").

where "defendants did nothing more than reargue, somewhat more fully, the merits of their claim").[14]

## C. The *Hege* Opinion Has No Authoritative Value And Does Not Provide Any Basis For Reconsideration

Plaintiff's Motion relies heavily on the erroneous interlocutory *Hege* order entered by a South Carolina district court.   Plaintiff pretends the *Hege* opinion is controlling over the Arkansas Supreme Court's decision in *Hunter v. Runyan*.   Plaintiff's position is utterly frivolous, and the *Hege* opinion does not support reversal of this Court's opinion dismissing plaintiff's class allegations.   *See, e.g.*, June 30 *Gough* Order at 3 (affording full faith and credit to the *Runyan* Final Judgment, explaining that the court "reviewed *Hege* extensively prior to issuing the decision and declined to follow it").

### 1. The *Hege* Opinion violates U.S. Supreme Court precedent and fundamental principles of comity

This Court should reject the plaintiff's attempt to seek reconsideration based on the *Hege* opinion because the *Hege* court has repeatedly and baselessly failed to afford due respect and deference to the Arkansas judiciary and the court proceedings in *Runyan*.   The trial judge who authored *Hege* first commented on the *Runyan* Settlement at a hearing on July 13, 2009, in a different case where South Carolina lawyers were competing with and trying to avoid the

---

[14] Plaintiff argues that *Runyan* Class Counsel were not adequate because they opposed objections and several motions filed by various parties attempting to derail the Settlement.   In order to adequately represent the class in a settlement negotiated at arm's length and at great effort and expense, class counsel were *required* to oppose objections and efforts to disrupt approval.   If defending a settlement from attack and delay by self-interested objectors' counsel in order to protect the settlement benefits for thousands of settlement class members were grounds to declare class counsel inadequate, then no class counsel would ever be found adequate.

*Runyan* Settlement.[15]   The *Hege* judge expressed his distrust for the Arkansas judiciary at that hearing, when he made the following remarks about another federal judge who had denied class certification in one of the contested cases encompassed by the *Runyan* Settlement:

> THE COURT:  All right.  And who was the federal judge that had this case?
>
> COUNSEL:  Well, your honor, . . . One of the judges is Judge Susan Webber Wright in the District Court of Arkansas.  Another Judge is —
>
> THE COURT:  She's the one that advised Clinton.  She was Clinton's nemesis.  She taught him law, or he taught her.  I think that was the way it was.  And I never had any respect for her.
>
> COUNSEL:  Well, the settlement is not pending in front of her, Judge.
>
> THE COURT:  Thank God, because I'd find some way to overturn it. That's how much respect I've got for that woman.  She's not fit to be a judge.  Okay, go ahead.  Got any other judges you want hacked up?

*Id.* at 4-5.  After stating that he would "find some way to overturn [the Settlement]" based on who the presiding judge might be, the *Hege* judge referred to the proceedings as one "of those buddy settlements that we have to watch out for" (*id.* at 3), and opined, five months before the *Runyan* Circuit Court had concluded its proceedings, that the parties in *Runyan* had "run to a state court" where they were "going to receive favorable treatment."  *Id.* at 11.[16]

---

[15] Hearing on Defendants' Motion to Stay Class Related Proceedings, July 13, 2009, in *Belue v. AEGON USA, Inc.*, Case No. 7:08-cv-03830-GRA (D.S.C.), copy attached as Exhibit 4.

[16] Despite the South Carolina court's unsupported opinion of the Arkansas state court system, the plaintiff's complaint in *Runyan* was randomly assigned to Judge James Moody, one of 17 judges in the Pulaski County Circuit Court located in Little Rock, Arkansas.  *See* Ark. Sup. Ct. Adm. Order 14, section 3(a)(1)(i) (requiring in the absence of "good cause to the contrary," that circuit court plans for assignment of cases must provide for "random selection of unrelated cases"); *see also http://www.co.pulaski.ar.us/circuitcourts.shtml* (listing of Pulaski County circuit court judges, last visited July 21, 2011).

When told that the *Runyan* Settlement was a national class action settlement that included South Carolina, the judge incorrectly opined that a "nationwide settlement" is not permissible in state court:[17]

> THE COURT:  You are trying for a nationwide settlement?
>
> COUNSEL:  It is approximately 46 states, Your Honor.
>
> THE COURT:  Nobody in South Carolina?
>
> COUNSEL:  It includes class members in South Carolina.
>
> THE COURT:  Oh, well, nobody is going to let you do that in a state court.  And I'm not either.

*Id.* at 11.  The judge continued:

> THE COURT:  How did an Arkansas judge get jurisdiction over those people?
>
> COUNSEL:  They filed a complaint there, Your Honor.
>
> THE COURT:  They filed a complaint there?
>
> COUNSEL:  Yes, sir.
>
> THE COURT:  That's the reason this whole thing smells.
>
> COUNSEL:  Well, Arkansas, Your Honor, is where the Company is located.
>
> THE COURT:  Uh-huh.  And that's where y'all wanted everybody.  *It doesn't pass the smell test*.

*Id.* at 12 (emphasis added).

---

[17] Contrary to the *Hege* judge's statement, in *Phillips Petroleum v. Shutts*, 472 U.S. 797, 814 (1985), the U.S. Supreme Court expressly held that a state court may exercise personal jurisdiction over non-residents in a multistate class action provided that class members are afforded notice and an opportunity to opt out.

At a hearing on October 26, 2010 in the *Hege* case, the South Carolina district court questioned the ability of the Arkansas Circuit Court to evaluate a settlement:

> THE COURT:  . . . Then you went over to state court and got a local judge, who has zero connections with federal law and federal cases, got him to certify the class.  He knows nothing, or very little, about South Carolina law . . . But y'all evidently had a favorable judge and y'all went through the process, paid the plaintiffs' lawyers . . . and got a piece of paper that y'all have been bringing around showing all judges, "you can't do nothing.  We beat you to the draw.  We've got a ruling."  That somehow shocks my sense of justice.  And I hope it does you because to let that procedure go through in this case, or in any case, and in effect puts one state judge, who is elected, who doesn't have to know any federal law, puts him above a United States District Court judge.  Your position is, I have to follow him.  Now, I'm going to tell you why I don't think so, because I think the procedure is fraught with fraud. . . .[18]

After referring to the *Runyan* Final Judgment as a "piece of paper" and its procedures as "fraught with fraud," the *Hege* court expressed its intention to disregard the *Runyan* judgment and the *Runyan* court's findings.  *Id.* at 12 ("I don't have to give full faith and credit to a fraudulent act.").  The South Carolina district court refused to recognize the eight months of contested proceedings in *Runyan* and the detailed factual and legal conclusions reached by the *Runyan* Circuit Court judge.  *Id.* at 15 ("[Arkansas State Court Judge Jay Moody] didn't inquire as to due process.  He says he did.  But I'd like to know what he did.  I'd like to know what he did to review these cases over here, if anything."); *id.* at 18 ("Is it your view of the law that you can go over . . . and get you a judge elected like they are in Arkansas . . . and get an order that affects everybody in all 50 states?").

The *Hege* opinion is an inappropriate attempt by a South Carolina federal district court to perform appellate review of an Arkansas state court final judgment, directly contrary to U.S.

---

[18] Hearing Transcript on Transamerica's Motion for Summary Judgment, Oct. 26, 2010, in *Hege v. AEGON USA, Inc.*, Case No. 8:10-cv-1578-GRA (D.S.C.) at 6, copy attached as Exhibit 5.

Supreme Court and Eighth Circuit precedent. *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (under the Constitution and Judiciary Act of 1789, lower federal courts "were not given any power to review directly cases from state courts, and they have not been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts."); *see also Williams v. McKenzie*, 834 F.2d 152, 153 (8th Cir. 1987) ("Federal courts are *not* courts of review even for federal claims asserted in a state court proceeding. In fact this court must give full faith and credit to the state court judgment.") (emphasis in original). The *Hege* court manifested an unjustifiable hostility to the Arkansas state court proceedings, well before they were completed, based on an erroneous assumption that South Carolina residents could not be included in a settlement in another jurisdiction, a mistakenly archaic view of state court judges and judicial systems, and an erroneous belief that a state court lacks jurisdiction and is incompetent to adjudicate a national class settlement. The *Hege* order is deeply flawed, legally erroneous, and directly conflicts with controlling precedent. It has no persuasive value.[19]

The *Hege* opinion ignores the extensive record in *Runyan* reflecting that the Circuit Court held six separate hearings, considered volumes of briefing and evidentiary materials, presided over months of contested proceedings, and scrupulously determined its jurisdiction and the settlement's fairness in comprehensive findings. The *Hege* court made findings directly contrary

---

[19] The *Hege* case was not a class action. It involved two South Carolina plaintiffs, Stephen and Linda Hege, who unlike the plaintiff here, did not opt out of the *Runyan* class. Although their counsel participated in the *Runyan* fairness hearing and pursued several motions, the Heges chose not to protect their appellate rights in *Runyan*. Since they chose to be bound by the judgment and waived any right to appeal, that should have been the end of the matter. Instead, however, they filed a separate lawsuit, in a South Carolina federal district court and division which housed a single judge they knew was hostile to the Arkansas state court proceedings. The *Hege* case was resolved pursuant to a confidential settlement in May 2011.

to the *Runyan* court, disregarding fundamental principals of comity and controlling legal precedent in the process. *See Atl. Coast Line R.R.*, 398 U.S. at 296; *Cleveland Surgi-Center, Inc. v. Jones*, 2 F.3d 686, 691 (6th Cir. 1993) ("Other than the writ of habeas corpus . . . , which has no application here, there is no constitutional or statutory authority that permits a federal court to review the decisions of state courts."); *Confederated Tribes of the Colville Reservation v. Super. Ct. of Okanogan Cnty.*, 945 F.2d 1138, 1141 (9th Cir. 1991) ("Federal review [of state court decisions] can occur, of course, but only in the Supreme Court, on appeal or by writ of certiorari.") (citations omitted); *Schneider v. Colegio de Abogados de P.R.*, 917 F.2d 620, 628 (1st Cir. 1990) ("[L]ower federal courts have no jurisdiction to hear appeals from state court decisions, *even if* the state judgment is challenged as unconstitutional.") (emphasis added). The *Hege* opinion violates these principles and deserves no weight.

### 2.      The Arkansas Supreme Court conclusively ruled that the *Runyan* court had jurisdiction and that the parties were adverse

The *Hege* court's conclusions that the *Runyan* Final Judgment has no preclusive effect, that the *Runyan* court lacked jurisdiction, and that the parties did not engage in "good faith adversarial" proceedings are directly contrary to this Court's July 9 Order and entirely misplaced. *See Hall*, 730 F. Supp. 2d at 944 (holding that the Court "will not challenge or overturn the [*Runyan*] Court's finding that its jurisdiction was proper" and that "the [*Runyan*] action was fully contested in good faith").

The decision in *Hunter v. Runyan* by the Arkansas Supreme Court, which is the "final arbiter" of Arkansas law, *West v. Am. Tel. & Tel. Co.*, 311 U.S 223, 236 (1940), is dispositive on whether Arkansas courts would respect and enforce the *Runyan* judgment.[20]   As this Court

---

[20] *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) ("The Full Faith and Credit Act mandates that the 'judicial proceedings' of any State 'shall have the same full faith

*(footnote continued on next page)*

accurately predicted in its July 9 Order, the Arkansas Supreme Court made clear that the Circuit

Court did indeed have subject matter jurisdiction over the *Runyan* Settlement.   The Arkansas

Supreme Court also held, consistent with this Court's order and contrary to the *Hege* opinion,

that the record evidence in *Runyan* reflected the parties were "adverse."   *Hunter v. Runyan,* slip

op. at 12-14.   The Arkansas Supreme Court explained:

> Shepard's jurisdictional argument disregards the significant fact that the
> settlement agreement, according to its express terms, also applies to the
> six pending cases in the federal courts.  At the hearing on the joint motion
> for preliminary approval of the settlement agreement, counsel for the
> Settling Plaintiffs and counsel for the Company explained to the circuit
> court the history of the contested litigation in the several cases being
> consolidated and settled in this case.  It was not disputed that although this
> case had recently been filed, they had been litigating against each other
> since June 2007 when the first of those six cases was filed.  Similarly, it
> was not disputed that settlement negotiations began in October 2008, and
> were followed by an unsuccessful two-day mediation before a former
> federal district judge in November 2008, and a denial of class certification
> in *Pipes v. Life Investors Insurance Company of America,* Case No.
> 1:07-cv-00035 (E.D. Ark. 2008).
>
> That settlement negotiations were underway at the time the complaint was
> filed in this case does not demonstrate that the settlement agreement had
> been finalized, signed, and executed.  Moreover, it does not demonstrate
> that the parties were not adverse.  The circuit court found that there was
> indeed a history of contentious litigation between these parties.  Thus,
> even if the general parameters of a settlement had been reached, the fact
> remains that the parties were adverse and negotiations could have broken
> down at any time before the written agreement was executed on April 17,
> 2009, and filed with the circuit court on April 20, 2009.  Indeed, the
> settlement agreement totals thirty-six pages, with additional exhibits of
> over fifty pages.  The circuit court properly focused on the nature of the
> adverseness of the contested litigation and the tentative nature of the
> settlement rather than on the timing of the negotiations.  Accordingly, we
> conclude that Shepherd's contention that the interests of the Company and
> the Settling Plaintiffs were no longer adverse because the parties had
> already reached a settlement when the complaint was filed is simply not
> supported by the record.

---

and credit in every court within the United States . . . as they have by law or usage in the courts
of such State . . . from which they are taken.'") (quoting 28 U.S.C. § 1738).

*Hunter v. Runyan,* slip op. at 12-13.

To make it crystal clear that there was subject matter jurisdiction in the Circuit Court, the Supreme Court concluded:

> In summary, we conclude that Arkansas law does not consider a lack of adverseness between parties to be a requirement of subject-matter jurisdiction. Regardless, *the record in this case demonstrates that the parties were adverse.* Moreover, Rule 23(e) requires court approval of a class-action settlement. Therefore, pursuant to amendment 80 and Rule 23(e), the circuit court had jurisdiction of the subject matter in this case.

*Id.* at 13 (emphasis added).[21] Given this Court's July 9 Order and the Arkansas Supreme Court's holding, plaintiff's contention that the *Runyan* court lacked jurisdiction or that the *Runyan* action was not contested in good faith is frivolous. *See Hall*, 730 F. Supp. 2d at 944 (*Runyan* action "was fully contested in good faith"); *Gough*, 2011 WL 995948, at *10 ("Given the Arkansas Supreme Court's decision in *Hunter* . . . the Court finds that the *Runyan class action was fully contested in good faith*") (emphasis added). The *Runyan* Final Judgment has unquestionably been given preclusive effect under Arkansas law, and therefore plaintiff's class claims are barred. *See Gough*, 2011 WL 995948, at *10 ("Considering the Arkansas Supreme Court's review of the *Runyan* final judgment, there can be no question that Arkansas will fully enforce the judgment.").

Plaintiff's position that the *Runyan* judgment has no *res judicata* effect is directly contrary to the position his attorneys Bacharach and Tomlinson are currently taking in the United

---

[21] Even if the Arkansas Supreme Court had not made its dispositive jurisdictional rulings, this Court's prior conclusion that it was "precluded" from inquiring into the *Runyan* court's jurisdiction was unquestionably correct. *See Hall*, 730 F. Supp. 2d at 944; *see also Durfee v. Duke*, 375 U.S. 106, 111 (1963) (a state court's judgment "is entitled to full faith and credit – *even as to questions of jurisdiction* – when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment") (emphasis added). The *Hege* court ignored the Supreme Court's controlling precedent in *Durfee v. Duke*.

States Supreme Court, where they are pursuing a Petition for Writ of Certiorari to further appeal the Arkansas Supreme Court's decision in *Hunter* on behalf of objector Daniel Crager.  *See* Cert. Petition at 11 ("When the trial court approved the [*Runyan*] settlement, that judgment became binding upon all of the class members, including CRAGER, by operation of *res judicata*."); *id.* at 10 ("The Arkansas trial court's final judgment approving the settlement in this case binds CRAGER through *res judicata*; thus undeniably having a substantial personal impact on him.").[22]

> ### D.   The Materials Appended To Plaintiff's Motion Do Not Satisfy Any Standard For Reconsideration And Do Not Support Reversal Of This Court's Prior Holding That Plaintiff's Class Claims Are Barred

Plaintiff attaches multiple documents to his Motion, and refers to them as "recently-discovered evidence."  Mem. at 12-14.   These documents have been produced to multiple plaintiff groups, in multiple cases dating back to 2008.  Solares Decl. ¶ 4.  Plaintiff's contention that these documents somehow warrant reconsideration is baseless.  The law is clear that

> for a movant to succeed [on a motion for reconsideration] on the ground of newly discovered evidence, that evidence must be ***truly new***, in the sense that it was ***previously unavailable***; a motion for reconsideration should not be used "as a vehicle to introduce new evidence that could have been adduced during pendency of the [previous] motion."

*Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996) (citations omitted) (emphasis added).  In addition, the moving party must have exercised diligence in obtaining the evidence, the evidence must be material and not merely cumulative, and consideration of the evidence should produce a different result.  *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).  The documents appended to plaintiff's Motion do not support reconsideration because they are not

---

[22] A copy of the petition is attached hereto as Exhibit 6 (appendix omitted).

"new," plaintiff did not exercise diligence in obtaining them, and the documents do not alter the fact that plaintiff's class allegations are barred.

The discovery deadline in this case expired on December 16, 2010 (Docket #51) without plaintiff serving a single discovery request. Thus, the fact that the documents may have been only "recently-discovered" by plaintiff is a result of his own lack of diligence. Plaintiff apparently obtained these documents from attorneys in other litigation; however, contrary to plaintiff's representations, the documents are by no means "new." *See* Mem. at 12-13. All of the documents have been produced by Transamerica in multiple other actions, in some instances ***more than two and a half years ago***. Solares Decl. ¶ 4. For example, the document attached as Exhibit E to the Motion has been previously produced in eight cases, including *Pipes v. Life Investors Insurance Co. of America*, Case No. 1:07-cv-00035-SWW (E.D. Ark.) (the "*Pipes*" case). *Id.* ¶ 5. As this Court observed, Class Counsel in *Runyan* "were previously involved in adversarial and contentious proceedings in six different actions," including *Pipes*, and "[i]n *Pipes*, the parties engaged in written discovery, document production, depositions, and third party discovery." *Hall*, 730 F. Supp. 2d at 940 n.3. Contrary to plaintiff's position, virtually all of the documents produced in other litigation have also been produced to Class Counsel in discovery in *Pipes*, including documents appended to plaintiff's Motion.[23] It is plaintiff's counsel in this case, not Class Counsel in *Runyan*, who failed to diligently pursue discovery.

---

[23] Class Counsel sought and obtained seven of the nine Documents appended to plaintiff's Motion in discovery in *Pipes*. Solares Decl. ¶ 5. Only Exhibits L and N were not produced in the *Pipes* case. *Id.* Those documents were withdrawn from Transamerica's privilege log in two instances in other actions, pursuant to individualized, good faith negotiations with plaintiff's counsel in those cases. *Id.*

The Motion also attaches the Declaration of John A. Hartnedy (Exhibit K), filed by counsel in the *Moore* case in April 2011.[24]   Nothing prevented plaintiff in this action from obtaining testimony from Hartnedy or to any other potential witnesses in connection with this case long ago.   The Hartnedy Declaration, which was drafted nine months after this Court's July 9 Order, does not meet the definition of "newly discovered evidence" for purposes of reconsideration.   Courts have overwhelmingly held that evidence must be in existence at the time of the judgment for that evidence to be considered "newly discovered evidence."   *See, e.g.*, *Otey v. Hopkins*, 992  F.2d 871, 872 (8th Cir. 1993) (affirming district court's finding that opinion in a different case entered after the judgment "does not constitute newly discovered evidence"); *EEOC v. Rath Packing Co.*, 787 F.2d 318, 330 (8th Cir. 1986) (holding that report that was formulated after trial did not constitute newly discovered evidence); *Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 498 (8th Cir. 2001) ("report . . . prepared after trial, does not constitute newly discovered evidence").

If plaintiff's submission of these materials had been timely, they would not have changed the result of this Court's July 9 Order.   All of the additional materials are directed at the merits of plaintiff's claims and are largely cumulative of evidence already in the record.   The *Gough* case is instructive.   There, plaintiff moved for reconsideration of the court's ruling that the Goughs' claims were barred by the Final Judgment entered in *Runyan*, submitting the Hartnedy Declaration and several of the same documents plaintiff attaches here as "newly discovered evidence" in support of their motion.   *See Gough*, Docket #65; June 30 *Gough* Order at 5-6.   The

---

[24] The *Moore* action, *Transamerica Life Insurance Co. v. Moore*, No. 3:10-cv-00014-DCR-EBA (E.D. Ky.), is an individual declaratory judgment action filed by Transamerica.   The defendants in *Moore* opted out of the *Runyan* Settlement, and discovery is on-going in that case.   Hartnedy is a former employee who worked for a Transamerica predecessor for two years in the mid-1990s.

*Gough* court denied plaintiffs' motion, finding they "failed to put forth any argument that they exercised reasonable diligence in obtaining the proffered evidence."   *See* June 30 *Gough* Order at 6.   Moreover, the court concluded that the Goughs' new submission "provides no legitimate basis for setting aside" the court's order because it "relates to the merits of the case," which were not relevant to the court's determination that the plaintiffs' claims were barred by the Full Faith and Credit Act and the doctrine of *res judicata*.  *Id.*

The same conclusion applies here.  Plaintiff's submission of additional materials a year after this Court's Order striking his class allegations is untimely and inexcusable, and the materials do not affect this Court's determination that plaintiff's class claims are barred by the *Runyan* Final Judgment.  *Hall*, 730 F. Supp. 2d at 946.

## II.   PLAINTIFF'S MOTION IS UNTIMELY AND CANNOT MEET ANY STANDARD FOR AMENDING THE COMPLAINT

Finally, even if vacating this Court's July 9 Order was warranted, which it is not, plaintiff's Motion still cannot meet the requisite standards for amending the complaint. Plaintiff's Motion seeks to amend the complaint to reassert class allegations after all relevant pre-trial deadlines have expired and summary judgment has been fully briefed on plaintiff's individual claims.  Since plaintiff's class allegations were stricken in July 2009, this case has been actively litigated as an individual action.  The deadline for adding parties or amending the pleadings expired on November 30, 2010.  Docket #51.  Discovery closed on December 16, 2010, and the deadline for filing all motions (other than motions in limine) expired on December 30, 2010.  *Id.*  Moreover, both plaintiff and Transamerica have sought summary judgment on plaintiff's individual claims.  After Transamerica filed its dispositive summary judgment motion (Docket ##76, 77), plaintiff responded by cross-moving for summary judgment on February 15, 2011 (Docket ##105, 106).  Summary judgment has been fully briefed since

March 11, 2011 (Docket #121).  Plaintiff's Motion is grossly untimely and unfairly prejudicial to

Transamerica and fails to satisfy any standard for amending his complaint at this late stage of the

litigation.

      **A.**      **Plaintiff's Motion Is Dilatory And Fails To Satisfy The "Good Cause"
Standard Required For Amending Pleadings Outside The Time Provided By
The Court's Final Scheduling Order**

Although plaintiff cites Rule 23(c)(1)(C) in support of his Motion (Mem. at 6-7), under

controlling Eighth Circuit law, plaintiff's Motion actually implicates Rules 15(a) and 16(b),

which govern amendments to the pleadings.[25]  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709,

715 (8th Cir. 2008) (ruling that the district court abused its discretion in allowing amendment of

pleading after deadline in scheduling order expired).  Because the November 30, 2010 deadline

for amending pleadings under the Amended Final Scheduling Order in this case has long

expired, the liberal amendment standards of Rule 15 are supplemented with a requirement that

plaintiff satisfy the "good cause" standard of Rule 16(b) for modification of the Court's

scheduling order.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good

cause and with the judge's consent.").  As the court explained in *Sherman*:

> When a party seeks to amend a pleading after the scheduling deadline for
> doing so, the application of Rule 16(b)'s good-cause standard is not
> optional.  To permit district courts to consider motions to amend pleadings
> under Rule 15(a) without regard to Rule 16(b) "would render scheduling

---

[25] Rule 23(c)(1)(C) allows the Court to alter or amend an order "that grants or denies
class certification" before final judgment. Fed. R. Civ. P. 23(c)(1)(C). This is not an appropriate
case in which to alter or amend the Court's prior order. This Court did not merely deny a motion
for class certification. Rather, the Court entered an order *striking* the class claims from this case
pursuant to Rule 23(d)(1)(D). *Hall*, 730 F. Supp. 2d at 946; *see also* Fed. R. Civ. P. 23(d)(1)(D)
(allowing the court to "require that the pleadings be amended to eliminate allegations about
representation of absent persons and that the action proceed accordingly"); *Whittum v. Saginaw
Cnty.*, 2005 WL 3271810, at *5-*6 (E.D. Mich. Nov. 22, 2005) (holding plaintiffs' motion to
amend, which amounted to a request to "take another run at class certification" was governed not
by Rule 23, but by federal rules providing the standards for amending the pleadings).

orders meaningless and effectively . . . read Rule 16(b) and its good cause
requirement out of the Federal Rules of Civil Procedure."

532 F.3d at 716 (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)); *see also In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999) ("When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order.").

Whether a party seeking leave to file a new complaint after expiration of the amendment deadline has satisfied Rule 16(b)'s good cause standard is primarily measured by the moving party's ***diligence*** in attempting to meet the scheduling order's requirements regarding the amendment of pleadings. *Sherman*, 532 F.3d at 716-17 (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); Fed. R. Civ. P. 16(b) advisory committee's note (1983)).

Plaintiff cannot satisfy this standard, and in fact, his actions in this case display an utter lack of diligence and disregard for the Court's schedule. Plaintiff filed the instant motion *nearly seven months after* the deadline for amending the pleadings expired on November 30, 2010 (Docket #51). Plaintiff failed to conduct any discovery in this action during the discovery period. He waited until all deadlines in the Court's Final Amended Scheduling Order expired and then, apparently, began requesting copies of document productions from other attorneys pursuing their own cases.[26] After he obtained those documents, he delayed for more than three months before appending them to a Motion to Renew the Class Allegations. Contrary to plaintiff's representations, the *Hege* opinion attached to his Motion is not a "recent opinion." Mem. at 1. The *Hege* opinion was issued on January 21, 2011, and plaintiff waited nearly *five*

---

[26] Even if his class claims were not barred, plaintiff's failure to engage in any discovery during the entirety of the discovery period prescribed by the Court's scheduling order would undeniably make plaintiff an inadequate class representative.

*months* to raise the opinion with this Court.  He cannot point to any change in the controlling law, newly discovery evidence, or other changed circumstances that credibly support amending the pleadings to re-assert his class allegations at this late stage of the litigation.[27]

As a matter of law, plaintiff's Motion does not demonstrate good cause and should be denied.  *See Davis v. City of St. John*, 182 F. App'x 626, 627 (8th Cir. 2006) (good cause to amend complaint did not exist where information plaintiffs sought to add had been in their possession, but they did not seek leave to amend until after the parties had completed discovery and defendants had moved for summary judgment); *Schenk v. Chavis*, 259 F. App'x 905, 907 (8th Cir. 2008) (plaintiff's "failure to recognize the need for amended claims at an earlier date did not constitute good cause to excuse the untimeliness of his motion to amend").

**B.      Plaintiff's Attempt To Renew His Class Allegations At This Late Date Is Unfairly Prejudicial Given The Expiration Of All Relevant Pre-Trial Deadlines And The Completion Of Briefing On Transamerica's Summary Judgment Motion**

Even if plaintiff could satisfy Rule 16(b)'s standard – which he cannot – amendment of the pleadings is also not warranted under Rule 15(a).  Rule 15(a) allows for amendment of pleadings more than 21 days after service "only with the opposing party's written consent or the court's leave" and provides that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  There is "no absolute right to amend a pleading."  *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003).

---

[27] Plaintiff has had the documents attached to his Motion for at least three months and opted to use them to support his cross-motion for summary judgment, long before filing the instant Motion.  *See* Docket #129 (Reply in Support of Cross-Motion for Summary Judgment, filed March 23, 2011); Docket ##139 & 140 (Motion for Leave to File Newly Discovered Evidence, filed May 2, 2011); Docket #150 (Motion for Leave to File Out of Time Newly Discovered Evidence, filed May 26, 2011).

A district court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Plaintiff's Motion fails on both grounds. Because plaintiff's class allegations are barred by *res judicata*, collateral estoppel, and the release in the *Runyan* Final Judgment, amendment of the Complaint to add class action allegations at this point would be futile.

Additionally, plaintiff's untimely attempt to reinvent this case as a class action at this late date is unfairly prejudicial to Transamerica. The Eighth Circuit has explained that "[w]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion" in denying a party's motion to amend its complaint. *Popoalii*, 512 F.3d at 497; *see also Hammer*, 318 F.3d at 844 ("Leave should be denied where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.") (internal quotation marks and citation omitted). Without justification or excuse, plaintiff's Motion would result in a tremendous waste of resources and would effectively move this $270 dispute back to the starting gate after 20 months of litigation and more than 150 docket entries. *See Popoalii*, 512 F.3d at 498 ("The district court did not abuse its discretion in denying the motion to amend given the potential prejudice to defendants that would result from the late addition of a new claim proposed after most of the discovery had been completed."); *In re Milk Prods.*, 195 F.3d at 438 ("Granting that motion would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)."); *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531-32 (8th Cir. 2010) (proposed

amendment unduly prejudiced non-movant because it required development of different facts and different discovery).

Moreover, Transamerica completed its discovery and prepared and briefed its summary judgment motion based on the Court's schedule and its direction in the July 9 Order requiring that plaintiff pursue his claims on an individual basis. The prejudice that flows from a request to amend the pleadings after the completion of briefing on summary judgment motions is undeniable. *See, e.g.*, *Hammer*, 318 F.3d at 844-45 (affirming denial of motion to amend filed after discovery had closed and defendant had moved for summary judgment on theories pled in current complaint); *Proctor v. Toney*, 53 F. App'x 793, 795 (8th Cir. 2002) (affirming denial of motion to amend where motion was filed after defendants' summary judgment motion and amending complaint would cause delay and add discovery); *Floyd v. State of Mo. Dep't of Social Servs., Div. of Family Servs.*, 188 F.3d 932, 939 (8th Cir. 1999) (affirming denial of motion to amend where several months elapsed between defendants' motion for summary judgment and plaintiff's motion to amend his complaint); *Sutherland v. Massa*, 2011 WL 2671931, at *1 (8th Cir. July 8, 2011) (per curiam) (affirming denial of motion to amend filed almost a year after amendment deadline and while dispositive motions were pending). Transamerica's dispositive summary judgment motion has been fully briefed for over three months. Transamerica has expended significant time and resources completing discovery, preparing its summary judgment motion, and responding to plaintiff's cross-motion for partial summary judgment. Plaintiff's attempt to reassert class action allegations has already caused undue delay and multiplication of the proceedings in this action, which is otherwise near resolution. *See Alpha Iota Omega Christian Fraternity v. Moeser*, 2006 WL 1286186, at *9 (M.D.N.C. May 4, 2006) ("The motion to amend should also be denied in the interest of preserving judicial resources and serving

efficient case management.").   Plaintiff's request for leave to file an amended complaint reasserting class allegations should be denied.

## CONCLUSION

For the reasons set forth above, Transamerica respectfully requests that the Court enter an Order denying plaintiff's Motion for Leave to File Amended Complaint with Class Action Allegations.

Respectfully submitted,

/s/ John K. Baker

| | |
|---|---|
| Markham R. Leventhal, Esq. | John K. Baker, Esq., Ark. Bar No. 97024 |
| Farrokh Jhabvala, Esq. | MITCHELL, WILLIAMS, SELIG, |
| Julianna Thomas McCabe |   GATES & WOODYARD, P.L.L.C. |
| JORDEN BURT LLP | 425 West Capitol Avenue, Suite 1800 |
| 777 Brickell Avenue, Suite 500 | Little Rock, Arkansas  72201 |
| Miami, Florida  33131 | Telephone:  (501) 688-8800 |
| Telephone:  (305) 371-2600 | Facsimile:  (501) 918-7850 |
| Facsimile:  (305) 372-9928 | jbaker@mwlaw.com |
| ml@jordenusa.com | |
| fj@jordenusa.com | *Attorneys for Defendant* |
| jt@jordenusa.com | *Transamerica Life Insurance Company* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*

_____/s/ John K. Baker_____