# Exhibit 2

Case 4:12-cv-00086-BSM Document 172-2 Filed 07/21/11 Page 1 of 8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:09CV-00120-JHM**

**MICHAEL L. GOUGH and**                                                                              **PLAINTIFFS**
**CAROL GOUGH**

**VS.**

**TRANSAMERICA LIFE INSURANCE COMPANY**
**LIFE INVESTORS INSURANCE COMPANY OF AMERICA**                            **DEFENDANT**

**ORDER**

This matter is before the Court upon a motion by Plaintiffs, Micheal L. Gough and Carol

Gough, to alter, amend, and/or vacate the Court's March 17, 2011, Memorandum Opinion and Order

granting Defendant's motion for summary judgment [DN 57, DN 58]; on a notice by Plaintiffs of

newly discovered evidence [DN 62]; and on a motion by Plaintiffs to amend/correct the Complaint

[DN 63]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

On March 17, 2011, the Court issued a Memorandum Opinion and Order granting

Defendant's motion for summary judgment. The Court concluded that the Plaintiffs' claims are

barred by the final judgment approving a comprehensive Class Action Settlement entered in Runyan

v. Transamerica Life Insurance Co., Civil Action No. CV-09-2066-3 (Circuit Ct. Pulaski County,

Ark.). The Court accorded the Runyan Order full faith and credit finding that (1) the Runyan Court

complied with the minimum procedural protections guaranteed in the Due Process Clause; (2) the

Arkansas State Court had subject matter jurisdiction over the class action in Runyan; and (3) the

Runyan class action was fully contested in good faith. Because Plaintiff failed to opt out of the

Runyan class settlement and because the Plaintiffs' claims are the same as those litigated and

released in <u>Runyan</u>, the Court determined that those claims were barred pursuant to the doctrine of

*res judicata* by the <u>Runyan</u> Final Order.

Plaintiffs have now filed this motion to alter, amend, or vacate the March 17, 2011, Opinion

pursuant to Federal Rule of Civil Procedure 59(e). In support of their motion to reconsider,

Plaintiffs argue that summary judgment in favor of the Defendant was improper because (1) the

Court erroneously followed <u>Epstein v. MCA, Inc.</u>, 179 F.3d 641 (9th Cir. 1999); (2) the Court

should have adopted the decision in <u>Hege v. Aegon, USC, LLC</u>, ___ F. Supp. 2d ___, 2011 WL

206318 (D. S.C. Jan. 21, 2011); (3) the Court erroneously relied upon <u>Hunter v. Runyan</u>, ___

S.W.3d ___, 2011 WL 478594 (Ark. Feb. 9, 2011), in determining whether the Settlement

Agreement was enforceable; (4) the Court's Memorandum Opinion contains two factual

inaccuracies; and (5) the Court issued the Memorandum Opinion prior to the Plaintiffs' reply in

support of their motion for leave to file the opinion of <u>Hege v. Aegon</u> in the record. On May 3,

2011, Plaintiffs filed a Notice of Newly Discovered Evidence also requesting the Court to reconsider

the Memorandum Opinion based on that evidence. On the same day, Plaintiffs also filed a motion

to amend/correct the Complaint.

## II. STANDARD

Motions to alter or amend judgment may be "made for one of three reasons: (1) An

intervening change of controlling law; (2) Evidence not previously available has become available;

or (3) It is necessary to correct a clear error of law or prevent manifest injustice." <u>United States v.</u>

<u>Jarnigan</u>, 2008 WL 5248172, *2 (E.D. Tenn. Dec. 17, 2008)(citing Fed. R. Civ. P. 59(e); <u>Helton</u>

<u>v. ACS Group</u>, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); <u>see also</u> <u>GenCorp, Inc. v. Am. Int'l</u>

<u>Underwriters</u>, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate

issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence,

could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, *1 (E.D. Mich.

Jan. 7, 2009)(citation omitted).  See also Electric Ins. Co. v. Freudenberg-Nok, General Partnership,

487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)("Such motions are not an opportunity for the losing party

to offer additional arguments in support of its position."); Browning v. Pennerton, 2008 WL

4791491, *1 (E.D. Ky. October 24, 2008)("[A] motion for reconsideration is not a vehicle to re-hash

old arguments . . . .").  Motions to alter or amend a judgment pursuant to Rule 59(e) "are

extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, *2 (W.D. Ky. April

19, 2007).

### III. DISCUSSION

#### A.  Arguments Previously Advanced

Applying this standard to the current motion, the Court denies Plaintiffs' motion to

reconsider the merits of the case.  The majority of the arguments raised in Plaintiffs' motion to

reconsider were previously advanced by Plaintiffs and addressed by the Court or could have been

advanced in the Plaintiffs' original motion and response.  In fact, the bulk of Plaintiffs' thirty-seven

page memorandum in support of their motion to reconsider consists of the argument that the decision

of the South Carolina District Court in Hege v. Aegon, USC, LLC, 2011 WL 206318 (D. S.C. Jan.

21, 2011) should be "controlling" in this case. The Court reviewed Hege extensively prior to issuing

the decision and declined to follow its holding.  "A Rule 59(e) motion is not properly used as a

vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but

were not."  Gray v. Commissioner of Social Sec., 2006 WL 3825066, *2 (E.D. Mich. Dec. 13,

2006)(citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir.

1998)).  Plaintiffs may disagree with the Court's decision, but that is an issue for appeal, not

reconsideration.

### B.  Alleged Factual Inaccuracies

The Court also rejects Plaintiffs' argument that the Court's Memorandum Opinion contains

two factual inaccuracies.  First, Plaintiffs argue that the Court's Memorandum Opinion erroneously

stated that the district court in Hall v. Equity National Life Ins. Co., 730 F. Supp. 2d 936 (E.D. Ark.

2010), engaged in an analysis of the scope of collateral review of a state court's class action

judgment.  Contrary to Plaintiffs' argument, the Court in the Memorandum Opinion neither

represented that the court in Hall engaged in an analysis of the scope of collateral review, nor relied

upon Hall in discussing the scope of the collateral review.  Second, Plaintiffs argue that the Court

failed to consider that the Arkansas Supreme Court in Hunter v. Runyan, 2011 WL 478594 (Ark.

Feb. 9, 2011), stated that it will not allow a challenge of the adequacy of representation on an appeal

of a motion to intervene.  Plaintiffs misread Hunter.  The Arkansas Supreme Court held that a class

member has standing to appeal the denial of a motion to intervene and that "concerns raised about

the settlement by an objector who has been denied intervention are concerns that will receive

appellate review in the context of an appeal of the denial of the motion to intervene." Hunter, 2011

WL 478594.

### C.  Timing of the Memorandum Opinion

Plaintiffs complain that the Memorandum Opinion and Order was entered prior to the

receipt of Plaintiffs' reply to their "Motion to File Judge G. Ross Anderson, Jr.'s Memorandum

Opinion." [DN 47] The motion in question simply requested "an Order allowing the Plaintiffs to file

the attached opinion from the United States District Court, District of South Carolina, in further

support of Motions pending before this court" and moved "the Court for an Order finding the *Hege*

decision controlling in this action." (Id. at 1.)  The parties tendered an Agreed Order permitting

Defendant through March 1, 2011, to respond to the motion.  The Agreed Order did not mention the

filing of a reply by Plaintiffs.  After the response was filed pursuant to the Agreed Order, the Court

granted Plaintiffs' motion in part permitting the filing of the opinion and considered the Hege

opinion.  The Court was of the opinion that a reply was not contemplated by the parties.

Notwithstanding, the Court has now reviewed all of the arguments advanced by the Plaintiffs in their

intended reply and finds that none of the arguments set forth in the reply warrant reconsideration of

the Memorandum Opinion.

Additionally, in as much as Plaintiffs imply that the Court should have allowed them to

address Hunter v. Transamerican Life Insurance Company, 2011 WL 478594 (Ark. February 9,

2011), prior to issuing the Memorandum Opinion, neither party requested an extension of the

briefing schedule to address Hunter.  The Memorandum Opinion in the present case was issued on

March 17, 2011, over five weeks after the Arkansas Supreme Court issued its opinion in Hunter.

Thus, absent a request for an extension of the briefing schedule, the motions for summary judgment

were ripe, and the Court properly decided them.  Additionally, a review of the record reflects that

Plaintiffs filed a Notice of Recent Decisions in which they discuss both Hunter and Hege. [DN 51]

The Court considered Hunter in deciding present case, and any disagreement with the Court's

application of Hunter is properly addressed on appeal.

### D. Newly Discovered Evidence

After the time for filing motions under Fed. R. Civ. P. 59(e) had expired, Plaintiffs filed a

Notice of Newly Discovered Evidence.  The new evidence presented by Plaintiffs is the Declaration

of John H. Hartnedy, the 1994-1996 Chief Operating Officer of Aegon, who testified in part that

during his tenure at Aegon, "'actual charges' meant the original amount billed by the doctor,

hospital, or medical provider before any reductions to the billed amount." (John Hartnedy Depo. ¶

15.)

Because Plaintiffs filed the Hartnedy Declaration outside of the time period required

pursuant to Rule 59(e), the Court reviews the newly discovered evidence under the Rule 60(b)(2).

Under Rule 60(b)(2), Plaintiffs must demonstrate "(1) that [they] exercised due diligence in

obtaining the information and (2) that the evidence is material and controlling and clearly would

have produced a different result if presented before the original judgment." Simms v. McDowell,

2009 WL 4928037, *1 n.1 (W.D. Ky. Dec. 14, 2009); O'Bryan v. Consol Energy, Inc., 2010 WL

4053533, *1 (E.D. Ky. October 14, 2010). First, Plaintiffs have failed to put forth any argument that

they exercised reasonable diligence in obtaining the proffered evidence. Second, given the Court's

decision that Plaintiffs' claims are barred by the Full Faith and Credit Act and the doctrine of *res

judicata*, the Hartnedy Declaration provides no legitimate basis for setting aside the Memorandum

Opinion or the Judgment. Instead, the Hartnedy Declaration relates to the merits of the case which

this Court did not reach. Additionally, much of the information provided by the Hartnedy

Declaration is cumulative of evidence already in the record. For these reasons, the Court denies

Plaintiffs' motion to reconsider based on newly discovered evidence.

### IV. MOTION TO AMEND/CORRECT COMPLAINT

On March 17, 2011, this Court granted summary judgment and dismissed this action with

prejudice. It is well established that "'once judgment is entered[,] the filing of an amended

complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e)

or 60(b).'" <u>In re Ferro Corp. Derivative Litigation</u>, 511 F.3d 611, 624 (6th Cir. 2008)(quoting

<u>National Petrochemical Co. v. M/T Stolt Sheaf</u>, 930 F.2d 240, 244 (2d Cir. 1991)); <u>see also</u> <u>In re</u>

<u>Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.</u>, 174 F.R.D. 444, 446 (E.D. Mo. 1997) ("A

complaint cannot be amended after dismissal unless the court first re-opens the judgment under Rule

59 or 60, and then determines that amendment is warranted."). According to the Sixth Circuit,

"'[u]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend

the complaint under Rule 15(a) [of the Federal Rules of Civil Procedure].'" <u>In re Ferro Corp.</u>

<u>Derivative Litigation</u>, 511 F.3d at 624 (quoting <u>Acevedo-Villalobos v. Hernandez</u>, 22 F.3d 384, 389

(1st Cir.1994)). As discussed above, Plaintiffs have not satisfied the requirements necessary to set

aside or vacate the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). Thus, Plaintiffs' motion for

leave to file an Amended Complaint is denied.

### V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Plaintiffs

to alter, amend, and/or vacate the Court's March 17, 2011, Memorandum Opinion and Order

granting Defendant's motion for summary judgment [DN 57, DN 58, DN 62] is **denied**. **IT IS**

**FURTHER ORDERED** that the motion by Plaintiffs to amend/correct the Complaint [DN 63] is

**denied**.

Joseph H. McKinley, Jr., Judge
United States District Court

June 27, 2011

cc: counsel of record