**Exhibit 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

ANSEL O. BELUE, JOHNNY LITTLE, AS    )
THE DULY APPOINTED PERSONAL          )
REPRESENTATIVE OF THE ESTATE OF      )
LINDA GAIL LITTLE, JOEL J. HILL,     )
AND JAMES W. LYLE, JR., AS THE       )
DULY APPOINTED PERSONAL              )
REPRESENTATIVE OF THE ESTATE OF      )
PEGGY JEAN REYNOLDS,                 )
                                     )
            Plaintiffs,              )
                                     )
      vs.                            )   C.A. 7:08-3830
                                     )
AEGON USA, INC.; LIFE INVESTORS      )
INSURANCE COMPANY OF AMERICA;        )
AND TRANSAMERICA INSURANCE           )
CORPORATION,                         )
                                     )
            Defendants.              )   ANDERSON, SC
_____)   JULY 13, 2009
                                         10:00 A. M.

TRANSCRIPT OF MOTION HEARING

BEFORE THE HONORABLE G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

FOR PLAINTIFFS:          ANDREW J. JOHNSTON, ESQ.
                         ATTORNEY AT LAW
                         P O. BOX 3252
                         SPARTANBURG, SC 29304

                         GARY ELMORE CLARY, ESQ.
                         ATTORNEY AT LAW
                         111-2 HAMMOCK COURT
                         CENTRAL, SC  29630

                         PATRICK EUGENE KNIE, ESQ.
                         KNIE LAW FIRM
                         P. O. BOX 5159
                         SPARTANBURG, SC  29304

                              WILLIAM E. HOPKINS, JR., ESQ.
                              HOPKINS AND CAMPBELL
                              P. O. BOX 11963
                              COLUMBIA, SC  29211


FOR DEFENDANTS:               JULIANNA THOMAS MCCABE, ESQ.
                              JORDEN BURT
                              777 BRICKELL AVENUE, SUITE 500
                              MIAMI, FL  33131

                              KEVIN KENDRICK BELL, ESQ.
                              ROBINSON MCFADDEN AND MOORE
                              P. O. BOX 944
                              COLUMBIA, SC  29202


COURT REPORTER:               GERI DUNN KIRKLEY
                              U. S. COURT REPORTER
                              P. O. BOX 1752
                              ANDERSON, SC  29622
                              (864) 226-2034

These proceedings taken by machine shorthand and

transcribed by reporter.

1                    JULY 13, 2009

2            (COURT IN SESSION AT 10:00 A. M.)

3            THE COURT:   ALL RIGHT, WHO IS THE MOVING

4    PARTY?

5            MR. BELL:   WE ARE, YOUR HONOR.  KEVIN BELL

6    WITH ROBINSON MCFADDEN ON BEHALF OF THE DEFENDANTS.  WITH

7    ME IS JULIANNA MCCABE WITH THE JORDEN BURT FIRM IN MIAMI

8    AND SHE WILL BE HANDLING THE ARGUMENT TODAY ON THE

9    DEFENDANT'S MOTION TO STAY THE CLASS RELATED PROCEEDINGS

10   IN THIS ACTION.

11           THE COURT:   YEAH, READING THESE PAPERS, I

12   GOT THE IDEA THAT SOMETHING WAS NOT QUITE RIGHT IN

13   ARKANSAS, SOME OF THOSE BUDDY SETTLEMENTS THAT WE HAVE TO

14   WATCH OUT FOR.  WHICH JUDGE HAS GOT THIS?

15           MS. MCCABE:   THE JUDGE'S NAME IS JAY MOODY,

16   YOUR HONOR.

17           THE COURT:   WHAT?

18           MS. MCCABE:   I'M SORRY.

19           THE COURT:   TELL ME HIS NAME.

20           MS. MCCABE:   JAY MOODY.

21           THE COURT:   I STILL CAN'T UNDERSTAND YOU.

22           MS. MCCABE:   MAY I APPROACH THE PODIUM?

23           THE COURT:   SURE.

24           MS. MCCABE:   GOOD MORNING, YOUR HONOR.  MY

25   NAME IS JULIE MCCABE.  YOUR HONOR, I COULD GIVE A LITTLE

1   BACKGROUND IF YOU'D LIKE, BUT THE JUDGE'S NAME IS JAY

2   MOODY.  THE CASE IS PENDING IN THE CIRCUIT COURT OF

3   PULASKI COUNTY, ARKANSAS.  THERE ARE ABOUT ---

4           THE COURT:    IT IS NOT IN A FEDERAL COURT?

5           MS. MCCABE:    NO, SIR.  THERE ARE

6   APPROXIMATELY ---

7           THE COURT:    WELL, IT STARTED OUT IN A

8   FEDERAL COURT, DIDN'T IT?

9           MS. MCCABE:    PARDON ME?

10           THE COURT:    YOU BETTER LET SOMEBODY TALK

11   THAT I CAN UNDERSTAND AND THAT UNDERSTANDS ME, BECAUSE I

12   AM HAVING A HELL OF A TIME UNDERSTANDING YOU.  WHERE ARE

13   YOU FROM?

14           MS. MCCABE:    I WORK IN MIAMI, FLORIDA.

15           THE COURT:    WELL, WHERE ARE YOU FROM?

16           MS. MCCABE:    OHIO.

17           THE COURT:    USUALLY THEY DON'T HAVE THAT BAD

18   OF AN ACCENT.

19           MS. MCCABE:    COULD YOU UNDERSTAND WHEN I SAID

20   THE JUDGE'S NAME, YOUR HONOR?  WOULD YOU LIKE FOR ME TO

21   REPEAT THAT?

22           THE COURT:    NO, I STILL DON'T KNOW WHO THE

23   JUDGE IS.

24           MS. MCCABE:    JUDGE JAY MOODY.

25           THE COURT:    ALL RIGHT.  AND WHO WAS THE

1    FEDERAL JUDGE THAT HAD THIS CASE?

2         MS. MCCABE:    WELL, YOUR HONOR, THERE ARE OVER

3    A DOZEN CASES PENDING WITH THAT PLAINTIFFS' GROUP OF

4    ATTORNEYS.  THEY HAVE SEVEN CASES.  ONE OF THE JUDGES IS

5    JUDGE SUSAN WEBBER WRIGHT IN THE DISTRICT COURT OF

6    ARKANSAS.  ANOTHER JUDGE IS --

7         THE COURT:    SHE'S THE ONE THAT ADVISED

8    CLINTON.  SHE WAS CLINTON'S NEMESIS.  SHE TAUGHT HIM LAW,

9    OR HE TAUGHT HER.  I THINK THAT WAS THE WAY IT WAS.  AND

10   I NEVER HAD ANY RESPECT FOR HER.

11        MS. MCCABE:    WELL, THE SETTLEMENT IS NOT

12   PENDING IN FRONT OF HER, JUDGE.

13        THE COURT:    THANK GOD, BECAUSE I'D FIND SOME

14   WAY TO OVERTURN IT.  THAT'S HOW MUCH RESPECT I'VE GOT FOR

15   THAT WOMAN.  SHE'S NOT FIT TO BE A JUDGE.  OKAY, GO

16   AHEAD.  GOT ANY OTHER JUDGES YOU WANT HACKED UP?

17        MS. MCCABE:    NO, THANK YOU.  IF I COULD JUST

18   EXPLAIN BRIEFLY SORT OF THE BACKGROUND ABOUT HOW WE

19   ARRIVED AT THE SETTLEMENT.  I THINK MAYBE I CAN ADDRESS

20   YOUR CONCERNS.

21        THE COURT:    YEAH.  I'VE GOT SOME REAL

22   CONCERNS.

23        MS. MCCABE:    OKAY.  THERE ARE OVER A DOZEN

24   CASES PENDING INVOLVING THIS ISSUE.  AND EARLY ON WE

25   TRIED TO GET AN MDL.  WE FILED A MOTION FOR AN MDL, BUT

1    THE MDL PETITION WAS DENIED BECAUSE THE PANEL FOUND

2    THAT -- THEY THOUGHT THAT THERE WOULDN'T BE ENOUGH

3    OVERLAPPING DISCOVERY TO WARRANT AN MDL.

4            HOWEVER, BEFORE THIS CASE WAS EVER FILED, WE

5    WERE LITIGATING SIX ACTIONS, INCLUDING FOUR CLASS ACTIONS

6    AGAINST THIS PARTICULAR GROUP OF PLAINTIFFS WITH WHOM

7    WE'VE ENTERED INTO THIS SETTLEMENT.  AND WE LITIGATED

8    WITH THEM FOR OVER TWO YEARS, YOUR HONOR.

9            WE HAD EXTENSIVE DISCOVERY; WE TOOK

10   DEPOSITIONS; WE HAD A LARGE E-DISCOVERY PROJECT; BRIEFED

11   CLASS CERTIFICATION, AND SO WE EVENTUALLY DECIDED TO TRY

12   TO MEDIATE AND ACHIEVE A GLOBAL RESOLUTION WITH THEM,

13   WHILE WE WERE STILL LITIGATING OTHER CASES AS WELL.

14           SO IN OCTOBER, WE MET WITH THEM AND WE DECIDED

15   THAT WE WOULD TRY TO MEDIATE.  SO IN NOVEMBER WE HAD A

16   TWO-DAY MEDIATION IN FRONT OF RETIRED DISTRICT JUDGE

17   NICHOLAS POLITAN OUT OF THE DISTRICT OF NEW JERSEY.  AND

18   THAT MEDIATION DIDN'T RESOLVE ALL OF OUR ISSUES, BUT WE

19   CONTINUED TO NEGOTIATE.  AND IN APRIL, WE FINALLY REACHED

20   AN AGREEMENT.

21           SO THIS SETTLEMENT WAS SIX MONTHS IN THE

22   MAKING.  IT PROVIDES US CASH RELIEF FOR PAST CLAIMANTS,

23   SOME OF WHOM ARE LIKE THE PLAINTIFFS HERE, ALTHOUGH THESE

24   PLAINTIFFS HAVE OPTED OUT.

25           THE COURT:    ARE YOU FAMILIAR WITH MY CLASS

1    SETTLEMENT IN ANOTHER CASE INVOLVING THIS SAME ISSUE?

2            MS. MCCABE:   IN AN ACTUAL CHARGES CASE?

3            THE COURT:   YES.

4            MS. MCCABE:   NO, I'M NOT.

5            THE COURT:   Y'ALL ARE, AREN'T YOU?

6            MR. HOPKINS:   OF THE SETTLEMENT, YOUR HONOR?

7    WE'RE CERTAINLY AWARE OF THE VERDICT -- I MEAN, THE

8    OPINION FROM THE FOURTH CIRCUIT COURT OF APPEALS, BUT NOT

9    THE SETTLEMENT, YOUR HONOR.

10           THE COURT:   ALL RIGHT.  WELL, GO AHEAD.

11           MS. MCCABE:   IN ANY EVENT, YOUR HONOR, THE

12   SETTLEMENT PROVIDES CASH BENEFITS FOR PAST CLAIMANTS ---

13           THE COURT:   CHILDERS AGAINST CENTRAL UNITED

14   LIFE, 06-3194.

15           MS. MCCABE:   I BELIEVE MR. BELL IS FAMILIAR

16   WITH THAT CASE, YOUR HONOR.

17           MR. BELL:   YOUR HONOR, IS THAT DARYL

18   WILLIAMS' CASE ON BEHALF OF THE PLAINTIFFS?

19           THE COURT:   I DON'T KNOW EXACTLY.

20           MR. BELL:   OKAY, BECAUSE I'M PRETTY SURE I

21   AM FAMILIAR WITH THE SETTLEMENT THAT YOUR HONOR APPROVED

22   IN THAT CASE.

23           THE COURT:   ALL RIGHT, WHICH WAS

24   CONSIDERABLY MORE THAN THE ONE IN THIS CASE.  SAME

25   ISSUES.

1          MS. MCCABE:    WELL, YOUR HONOR, I'D LIKE TO

2     OUTLINE THE RELIEF FOR YOU, IF I COULD, ALTHOUGH ---

3          THE COURT:    DON'T REPEAT IT, JUST OUTLINE.

4          MS. MCCABE:    OKAY.  FOR PAST CLAIMANTS, WHICH

5     IS PEOPLE WHO HAVE CLAIMS WHO HAVE SUBMITTED CLAIMS UNDER

6     THEIR POLICIES AND WHO HAVE A DISPUTE WITH THE COMPANY,

7     THEY WOULD BE ENTITLED UNDER THE SETTLEMENT TO A CASH

8     PAYMENT OF UP TO $15,000.00.  THE CALCULATION WOULD BE 40

9     PERCENT OF THE AMOUNT IN DISPUTE, UP TO $15,000.00.

10          THE SETTLEMENT ALSO PROVIDES PREMIUM RATE

11     FREEZE AND THE COMPANY HAS AGREED NOT TO APPLY FOR ANY

12     PREMIUM RATE INCREASES FOR THE ENTIRE YEAR OF 2009, WHICH

13     IS A BIG ISSUE IN THE CASE.  IT CREATES A CONFLICT

14     BETWEEN CLASS MEMBERS IN A LITIGATED SETTLEMENT WHERE

15     PAST CLAIMANTS ARE ATTEMPTING TO SEEK RELIEF THAT WOULD

16     CAUSE PREMIUM RATES TO GO UP.  SO THROUGH THIS SETTLEMENT

17     WE THINK WE'VE ACHIEVED A BALANCE.

18          AND IN ADDITION, CERTAIN FORMER POLICYHOLDERS

19     WHO ARE NOT INVOLVED IN ANY OF THESE CASES, BUT WHO MAY

20     HAVE DROPPED THEIR POLICIES FOR WHATEVER REASON, WOULD BE

21     ENTITLED TO APPLY FOR SORT OF A FIRST OCCURRENCE BENEFIT,

22     EVEN THOUGH THEY DON'T HAVE A POLICY ANYMORE, WHICH WOULD

23     PROVIDE RELIEF TO THEM OF UP TO $1,000.00.  AND CERTAIN

24     FORMER CANCER POLICYHOLDERS, IF DIAGNOSED WITH CANCER,

25     WOULD ALSO BE ENTITLED TO A CASH BENEFIT IF THEY FILE A

1    CLAIM.

2            THAT'S PRETTY MUCH A SUMMARY OF THE MONETARY

3    BENEFITS OF THE SETTLEMENT, YOUR HONOR.  AND OF COURSE,

4    ALL THOSE ISSUES ARE BEING DECIDED IN THE ARKANSAS COURT

5    WHERE THESE ATTORNEYS HAVE OBJECTED ON BEHALF OF OTHER

6    CLASS MEMBERS THAT THEY REPRESENT.  BUT THE PLAINTIFFS IN

7    THIS CASE HAVE OPTED OUT OF THAT CASE.  SO THAT CASE IS

8    NOT REALLY RELEVANT TO THEM ANYMORE.

9            AND IT IS OBVIOUSLY IN THIS COURT'S DISCRETION

10   TO STAY THE CLASS PROCEEDINGS.

11           THE COURT:    EXCUSE ME JUST A MINUTE.  HAVE

12   Y'ALL OPTED OUT OF ARKANSAS?

13           MR. HOPKINS:   YES, SIR, YOUR HONOR.  WE HAVE

14   OPTED OUT.

15           THE COURT:    WELL, WHY DO YOU COME TO ME TO

16   WANT TO STOP THE SETTLEMENT?

17           MR. HOPKINS:   YOUR HONOR, BECAUSE THIS

18   SETTLEMENT WILL AFFECT TENS OF THOUSANDS OF POLICYHOLDERS

19   IN SOUTH CAROLINA THAT WE WOULD SEEK TO REPRESENT IN THIS

20   COURT AS A CLASS ACTION ---

21           THE COURT:    Y'ALL HAVEN'T ASKED FOR

22   CERTIFICATION.

23           MR. HOPKINS:   NO, SIR, YOUR HONOR.  WE HAVE

24   NOT YET FILED OUR CERTIFICATION ---

25           THE COURT:    WELL, WHEN ARE YOU GOING TO DO

1   IT?

2          MR. HOPKINS:   WELL, YOUR HONOR, WE DIDN'T FILE

3   BECAUSE OF THIS PENDING MOTION TO STAY.  BUT AS SOON AS

4   YOUR HONOR RULES ON THE MOTION TO STAY, WE HAVE BOTH A

5   MOTION FOR CERTIFICATION AND A MOTION FOR PARTIAL SUMMARY

6   JUDGMENT READY TO BE FILED, YOUR HONOR.

7          THE COURT:   TECHNICALLY, Y'ALL DON'T HAVE

8   STANDING AT THIS TIME.

9          MR. HOPKINS:   YOUR HONOR, OUR CLASS

10  REPRESENTATIVES, WHILE THEY'VE OPTED OUT OF THAT, WE

11  STILL SEEK TO GO FORWARD ON THE CLASS CASE.  THEY ARE

12  SEEKING TO STOP OUR PLAINTIFFS FROM PROCEEDING ON A CLASS

13  BASIS IN SOUTH CAROLINA, TO REPRESENT THOSE UNNAMED

14  PARTIES IN THE STATE.  AND WE'D LIKE TO DO THAT, YOUR

15  HONOR.

16         THE COURT:   WELL, I'D LIKE TO SEE HOW A

17  STATE ACTION WOULD PRECLUDE A FEDERAL ACTION.  THAT STATE

18  COURT DOES NOT HAVE JURISDICTION OVER A FEDERAL QUESTION.

19         MS. MCCABE:   THAT'S CORRECT, YOUR HONOR.  THE

20  STATE COURT DOES NOT HAVE JURISDICTION OVER THIS COURT

21  AND THESE PLAINTIFFS HAVE OPTED OUT.  SO THE STATE COURT

22  NO LONGER HAS JURISDICTION OVER THEM.  BUT THE STATE

23  COURT DOES HAVE JURISDICTION OVER THE CLASS MEMBERS WHO

24  ARE IN THE CLASS.  AND IT IS A NATIONWIDE CLASS ACTION

25  SETTLEMENT THAT THE COURT WILL BE DETERMINING THE

1  FAIRNESS OF.  AND AS I STATED ---

2          THE COURT:    YOU ARE TRYING FOR A NATIONWIDE

3  SETTLEMENT?

4          MS. MCCABE:    IT IS APPROXIMATELY 46 STATES,

5  YOUR HONOR.

6          THE COURT:    NOBODY IN SOUTH CAROLINA?

7          MS. MCCABE:    IT INCLUDES CLASS MEMBERS IN

8  SOUTH CAROLINA.

9          THE COURT:    OH, WELL, NOBODY IS GOING TO LET

10  YOU DO THAT IN A STATE COURT.  AND I'M NOT EITHER.

11          MS. MCCABE:    YOUR HONOR, THERE ARE CASES

12  WHICH HOLD THAT THERE'S NO BAR TO RESOLVING A NATIONAL

13  CLASS ACTION IN A STATE COURT.

14          THE COURT:    GOT ANY FOURTH CIRCUIT CASE THAT

15  SAYS THAT?

16          MS. MCCABE:    IF YOU'LL BEAR WITH ME A MOMENT,

17  LET ME LOOK AT MY BRIEF.

18          THE COURT:    ARKANSAS STATE COURT DOES NOT

19  HAVE JURISDICTION OVER A SOUTH CAROLINA RESIDENT.  THAT

20  ISSUE HAS BEEN ARGUED AND RULED ON BY ME.  NOT ARKANSAS,

21  BUT ANOTHER STATE.  AND YOU CAN'T RUN -- AND THE REASON

22  FOR THAT IS, A DEFENDANT CAN'T RUN TO A STATE COURT WHERE

23  HE'S GOING TO RECEIVE FAVORABLE TREATMENT TO EXCLUDE OUR

24  CITIZENS.

25          MS. MCCABE:    YOUR HONOR, THERE ARE ---

1           THE COURT:    IF I PASS ON THE FAIRNESS OF IT,

2    I WOULD.

3           MS. MCCABE:    THERE ARE NAMED PLAINTIFFS IN

4    THAT CASE FROM BASICALLY -- NUMEROUS STATES, INCLUDING

5    MISSISSIPPI, MICHIGAN.  THERE IS NOT A PLAINTIFF FROM

6    SOUTH CAROLINA BECAUSE THOSE PARTICULAR PLAINTIFFS'

7    LAWYERS, WHO ARE SIMILARLY SITUATED TO THESE PARTICULAR

8    LAWYERS, DID NOT HAVE A SOUTH CAROLINA PLAINTIFF.  BUT

9    THEY HAVE PLAINTIFFS IN MISSISSIPPI, MICHIGAN, ARKANSAS,

10   AND LOUISIANA -- FOUR DIFFERENT STATES.  AND THEY HAVE

11   SIX ACTIONS PENDING.  AND THE ARKANSAS STATE COURT ACTION

12   SIMPLY CONSOLIDATES ALL OF THEIR ACTIONS INTO ONE CASE.

13          THE COURT:    HOW DID AN ARKANSAS JUDGE GET

14   JURISDICTION OVER THOSE PEOPLE?

15          MS. MCCABE:    THEY FILED A COMPLAINT THERE,

16   YOUR HONOR.

17          THE COURT:    THEY FILED A COMPLAINT THERE?

18          MS. MCCABE:    YES, SIR.

19          THE COURT:    THAT'S THE REASON THIS WHOLE

20   THING SMELLS.

21          MS. MCCABE:    WELL, ARKANSAS, YOUR HONOR, IS

22   WHERE THE COMPANY IS LOCATED.

23          THE COURT:    UH-HUH.  AND THAT'S WHERE Y'ALL

24   WANTED EVERYBODY.  IT DOESN'T PASS THE SMELL TEST.

25          MS. MCCABE:    WE COULD PROVIDE SUPPLEMENTAL

1  BRIEFING, YOUR HONOR, ON THE ISSUE OF ---

2          THE COURT:    I DON'T NEED IT.

3          MS. MCCABE:    OKAY.

4          THE COURT:    Y'ALL OPTED OUT?

5          MR. HOPKINS:    THESE FOUR PLAINTIFFS HAVE OPTED

6  OUT, YOUR HONOR.  WE OPTED THEM OUT.

7          THE COURT:    ALL RIGHT.  NOW, Y'ALL BETTER

8  GET OFF YOUR TAILS, BOYS, OR YOU ARE GOING TO GET CAUGHT.

9  I CAN TELL YOU THAT RIGHT NOW.

10          MR. HOPKINS:    YES, SIR.

11          MS. MCCABE:    YOUR HONOR, MAY I MENTION ONE

12  MORE THING?

13          THE COURT:    YEAH.

14          MS. MCCABE:    THERE ARE SOUTH CAROLINA

15  OBJECTORS IN THE RUNYAN SETTLEMENT REPRESENTED BY THESE

16  SAME ATTORNEYS WHO HAVE NOT OPTED OUT, WHO OPTED TO STAY

17  IN THE SETTLEMENT AND FILE THEIR OBJECTIONS.  AND THOSE

18  OBJECTIONS -- BY FILING THOSE OBJECTIONS, THEY HAVE

19  BASICALLY SUBMITTED THEMSELVES TO THE JURISDICTION.

20

21          THE COURT:    THEY HAVE SUBMITTED THEMSELVES

22  TO THE JURISDICTION.

23          MS. MCCABE:    THAT'S CORRECT.  SO THEIR

24  OBJECTIONS WILL BE HEARD ON BEHALF OF SOUTH CAROLINA

25  POLICYHOLDERS.

```
 1              THE COURT:    IN A STATE WHERE THE INSURANCE

 2   COMPANY IS INCORPORATED.

 3              MS. MCCABE:    WELL, IT IS NOT INCORPORATED

 4   THERE, BUT THE MAIN OFFICE WHERE MOST OF THE DOCUMENTS

 5   AND THINGS ARE LOCATED IS THERE.

 6              THE COURT:    ALL RIGHT.  GOT ANYTHING ELSE?

 7              MS. MCCABE:    I WOULD SIMPLY REQUEST THAT TO

 8   PROVIDE -- TO PRESERVE JUDICIAL RESOURCES, THAT THIS

 9   COURT WOULD STAY THE CLASS ALLEGATIONS IN THIS CASE,

10   PENDING THE COURT'S FAIRNESS HEARING IN THAT CASE.

11              THE COURT:    NO.  I DENY THAT MOTION STRAIGHT

12   UP.

13              MS. MCCABE:    THANK YOU, YOUR HONOR.

14              THE COURT:    YES, MA'AM.  NOW, WHAT ARE Y'ALL

15   GOING TO DO WITH YOUR FOUR PEOPLE THAT ARE OUT THERE?

16              MR. HOPKINS:    YOUR HONOR, WE INTEND TO MOVE

17   FORWARD IN THIS LAWSUIT.

18              THE COURT:    YOU BETTER MOVE QUICK.

19              MR. HOPKINS:    YES, SIR.

20              THE COURT:    I'M TALKING ABOUT TODAY.

21              MR. HOPKINS:    YES, SIR.  WE'VE ALREADY FILED

22   OUR MOTION FOR RELIEF UNDER THE ALL WRITS ACT, AS I'M

23   SURE YOUR HONOR KNOWS.  WE FILED THAT LAST WEEK.

24              THE COURT:    YEAH.

25              MR. HOPKINS:    WE'LL FILE OUR MOTION FOR CLASS
```

1  CERTIFICATION AND PARTIAL SUMMARY JUDGMENT, YOUR HONOR.

2          THE COURT:     WHEN?

3          MR. HOPKINS:   YOUR HONOR, TOMORROW AT NOON AT

4  THE LATEST.  I'LL TRY TO GET IT DONE TONIGHT.

5          THE COURT:     WHAT IF THEY HAVE A HEARING IN

6  ARKANSAS BEFORE THEN?

7          MR. HOPKINS:   THAT HEARING IS SCHEDULED FOR

8  MONDAY, THE 27TH.  SO WE'LL MAKE SURE IT'S FILE PROMPTLY,

9  YOUR HONOR.

10          THE COURT:     Y'ALL BETTER GET OFF YOUR BUTTS,

11  I CAN TELL YOU THAT.

12          MR. HOPKINS:   YES, SIR.  WE WILL MAKE SURE

13  IT'S FILED IN LESS THAN 24 HOURS.

14          THE COURT:     YOU ARE GOING TO RUN INTO A RES

15  JUDICATA QUESTION.  ALL RIGHT, ANYTHING ELSE?

16          MR. HOPKINS:   NOTHING, YOUR HONOR.

17          MR. KNIE:      MAY IT PLEASE THE COURT, PAT

18  KNIE FROM SPARTANBURG.  YOUR HONOR, THIS EMERGENCY RELIEF

19  THAT WE FILED THAT BILL HOPKINS ALLUDED TO, I DON'T KNOW

20  -- I KNOW THE COURT'S NORMAL DEADLINES FOR RESPONDING,

21  BUT WE MAY NEED TO ASK THE COURT TO SHORTEN THOSE

22  DEADLINES TO ACTUALLY HAVE THAT MATTER HEARD BEFORE THE

23  27TH, WHEN THE ARKANSAS ---

24          THE COURT:     YEAH, Y'ALL HAVE BEEN SITTING ON

25  YOUR TAILS, BOYS.

1          MR. KNIE:     WELL, IT HAS MOVED ON US RATHER

2    QUICKLY, YOUR HONOR.

3          THE COURT:     NO, IT HASN'T.  IT HAS BEEN

4    PENDING TWO YEARS.

5          MR. KNIE:     WELL, WE WERE ONLY RECENTLY

6    SERVED WITH A MOTION TO STAY, WHICH WAS, OF COURSE, THE

7    ONLY RELIEF BEFORE THE COURT TODAY.

8          THE COURT:     OKAY.  THE LAW CLERK TELLS ME

9    THE MOTION WAS FILED IN LATE MAY.

10          MR. HOPKINS:  YES, SIR, THAT'S THE MOTION TO

11    STAY.  THAT'S CORRECT, YOUR HONOR.  THE MOTION TO STAY

12    WAS.

13          THE COURT:     ALL RIGHT.

14          MR. HOPKINS:  AND WE DID NOT WANT TO --

15    THEY'VE ALREADY ACCUSED US, YOUR HONOR, OF VIOLATING THIS

16    ORDER IN ARKANSAS BY OPPOSING THIS MOTION TO STAY.  AND

17    THEY'VE ASSERTED THAT BASICALLY, AS WE SAID IN OUR

18    BRIEF ---

19          THE COURT:     OH, THEY'LL ACCUSE YOU OF

20    EVERYTHING.

21          MR. HOPKINS:  YES, SIR.  THEY'VE ACCUSED US BY

22    TAKING ANY CLASS-RELATED ACTIONS, THAT WE ARE VIOLATING

23    THIS ORDER IN ARKANSAS.

24          THE COURT:     WELL, THEY WILL FIND OUT REAL

25    QUICK.

1          MS. MCCABE:   YOUR HONOR, MAY I ADDRESS THAT

2    BRIEFLY?  I BELIEVE THAT THE MOTION TO ENJOIN VIOLATES

3    THE ANTI-INJUNCTION ACT.  AND OF COURSE, OUR RESPONSE

4    ISN'T DUE YET, BECAUSE IT WAS ONLY JUST FILED, DESPITE

5    THAT THEY WERE NOTIFIED OF THE CLASS ACTION SETTLEMENT IN

6    MID-MAY.

7          NOW, WE FILED A NOTICE OF NON-COMPLIANCE IN

8    ARKANSAS BECAUSE THEY WERE MAKING OBJECTIONS IN THIS

9    COURT BEFORE THEY HAD OPTED OUT.  WE DIDN'T ASK FOR ANY

10   RELIEF, BUT WE BASICALLY HAD TO FILE SOME SORT OF NOTICE.

11   ALL WE DID WAS FILE A NOTICE.

12         THEY HAVE SINCE OPTED OUT, SO THEY HAVE NO

13   STANDING TO SEEK TO ENJOIN THE ARKANSAS SETTLEMENT.  WE

14   BELIEVE THAT MOTION IS ENTIRELY WITHOUT MERIT.

15         THE COURT:   WELL, I'M NOT GOING TO ENJOIN

16   THE SETTLEMENT.

17         MS. MCCABE:   THANK YOU, YOUR HONOR.

18         THE COURT:   I DON'T THINK I HAVE

19   JURISDICTION.

20         MR. HOPKINS:   AND YOUR HONOR, WE ONLY SOUGHT

21   TO ENJOIN THE SETTLEMENT AS IT RELATES TO SOUTH CAROLINA

22   RESIDENTS.  THEY ARE WELCOME TO GO FORWARD WITH THEIR

23   SETTLEMENT.

24         THE COURT:   YOU DON'T REPRESENT THE SOUTH

25   CAROLINA RESIDENTS.  THAT'S WHAT I'M TRYING TO TELL YOU.

1            MR. HOPKINS:   YES, SIR.  WE'RE GOING TO TRY TO

2    RESOLVE THAT, YOUR HONOR.

3            THE COURT:    YOU SHOULD HAVE DONE IT LONG

4    BEFORE NOW.  ALL RIGHT, THAT'S ALL.

5            MS. MCCABE:    THANK YOU, YOUR HONOR.

6            MR. HOPKINS:   THANK YOU, YOUR HONOR.

7            (END OF HEARING)

8                        CERTIFICATE

9    I, GERI DUNN KIRKLEY, U. S. COURT REPORTER FOR THE

10   DISTRICT OF SOUTH CAROLINA, DO HEREBY CERTIFY TO THE BEST

11   OF MY ABILITY AND KNOWLEDGE THAT THE FOREGOING PAGES

12   CONSTITUTES A TRUE AND CORRECT TRANSCRIPT OF THE

13   PROCEEDINGS IN THE WITHIN-CAPTIONED CASE.

14

15

16

17

18                        UNITED STATES COURT REPORTER

19

20

21

22

23

24

25

19

1