# Exhibit 6

No. 11-

IN THE

# Supreme Court of the United States

---

DANIEL CRAGER,

*Petitioner,*

*v.*

EDISON RUNYAN , et al. and
TRANSAMERICAN LIFE INSURANCE
COMPANY, et al.

*Respondents.*

ON PETITION FOR A WRIT OF CERTIORARI TO THE
SUPREME COURT OF ARKANSAS

# PETITION FOR A WRIT OF CERTIORARI

N. ALBERT BACHARACH, JR.
   *Counsel of Record*
N. ALBERT BACHARACH, JR. P.A.
   115 NE 6th Ave.
   Gainesville, FL 32601
   (352) 378-9859
   n.a.bacharach@att.net

FRANK H.G. TOMLINSON
   15 Richard Arrington, Jr. Blvd. N.
   Suite 302
   Birmingham, AL 35203
   (205) 326-6626

*Attorneys for Petitioner Daniel Crager*

236876



COUNSEL PRESS
(800) 274-3321 • (800) 359-6859

## QUESTION PRESENTED

Whether Petitioner CRAGER, who, after receiving notice and objected to the proposed settlement of a national class action, had standing to appeal the approval of the settlement by the Arkansas trial court because he had an interest in, and direct relationship to the settlement; and, the Arkansas Supreme Court's decision, that CRAGER lacked standing to appeal the trial court's approval, because he could have opted-out of the proposed settlement, conflicts with this Court's decision in *Devlin v. Scardelletti*, and opens the door to the approval of additional unappealable collusive national class action settlements by Arkansas trial courts?

*ii*

## PARTIES TO THE PROCEEDINGS BELOW

Petitioner Daniel A. Crager was an Objector/Appellant below.

The respondents in this Court, are both: the Plaintiff/ Appellees below, Edison Runyan, Dwight Pipes, Earl L. Purifoy, John Ross, as the Legal Representative of Elizabeth Ross, Mary Weidman, Durain Weidman, Marion Harris, and Van R. Nolan, Each Individually, and on Behalf of All Others Similarly Situated; and, the Defendant/Appellees below, Transamerican Life Insurance Company, Life Investors Insurance Company of America, Monumental Life Insurance Company, and Aegon USA, Inc.

Audrey Hunter and William Shepherd were the other Objector/Appellants named in the Arkansas Supreme Court's caption, neither of them are Petitioners or Respondents herein. They are being served as respondents herein.

*iii*

# TABLE OF CONTENTS

*Page*

QUESTION PRESENTED .................... *i*

PARTIES TO THE PROCEEDINGS BELOW.... *ii*

TABLE OF CONTENTS ..................... *iii*

TABLE OF APPENDICES .................... *v*

TABLE OF CITED AUTHORITIES ........... *vi*

PETITION FOR WRIT OF CERTIORARI...... 1

OPINIONS BELOW.......................... 1

JURISDICTION............................. 1

STATEMENT OF THE CASE ................ 2

REASONS FOR GRANTING THE PETITION.. 9

I.   THE DECISION OF THE ARKANSAS
     SUPREME COURT CONFLICTS WITH
     THIS COURT'S PRECEDENTS,
     UNDERMINES DUE PROCESS, AND
     RESTS ON FLAWED POLICY
     RATIONALES ....................... 10

*iv*

## Table of Contents

*Page*

II. POST *DEVLIN* THE CIRCUITS HAVE UNANIMOUSLY HELD OBJECTING CLASS MEMBERS HAVE STANDING TO APPEAL A TRIAL COURT'S APPROVAL OF A CLASS ACTION SETTLEMENT EVEN WHERE CLASS MEMBERS HAVE THE RIGHT TO OPT-OUT . . . . . . .   19

III. PETITIONER CRAGER RAISED THE ISSUE OF CONSTITUTIONAL DUE PROCESS IN THE ARKANSAS TRIAL COURT AND ADEQUATELY PRESERVED THIS ISSUE FOR APPELLATE REVIEW . . . . . . . . . . . . . . . .   20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

*v*

## TABLE OF APPENDICES

*Page*

APPENDIX A — OPINION OF THE SUPREME
COURT OF ARKANSAS, DATED FEBRUARY
9, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1a

APPENDIX B — FINAL ORDER AND
JUDGMENT IN THE CIRCUIT
COURT OF PULASKI COUNTY,
ARKANSAS THIRD DIVISION, DATED
DECEMBER 21, 2009 . . . . . . . . . . . . . . . . . . . . . . .   29a

APPENDIX C — ORDER OF THE CIRCUIT
COURT OF PULASKI COUNTY,
ARKANSAS, THIRD DIVISION, FILED
DECEMBER 8, 2009 . . . . . . . . . . . . . . . . . . . . . . . .   45a

APPENDIX D — ORDER OF THE CIRCUIT
COURT OF PULASKI COUNTY, ARKANSAS,
THIRD DIVISION, FILED APRIL 23, 2009
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   86a

APPENDIX E — PER CURIAM ORDERS
OF THE ARKANSAS SUPREME COURT,
DATED MARCH 31, 2011 . . . . . . . . . . . . . . . . . .  104a

# TABLE OF CITED AUTHORITIES

*Page*

## CASES

*Allred v. Life Investors Ins. Co. of America,*
    Case No. 09-cv-00407 (S.D. Miss.) . . . . . . . . . . . .    4

*Amchem Products, Incorporated v. Windsor,*
    521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . .    18

*Ballard v. Advance America,*
    349 Ark. 545, 79 S.W.3d 835 (Ark. 2002) . . . .  8, 14, 21

*Ballard v. Martin,*
    349 Ark. 564, 79 S.W.3d 838 (Ark. 2002) . . . . . . .    17

*Bell Atl. Corp. v. Bolger,*
    2 F.3d 1304 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . 14, 15

*Belue v. Aegon USA, Life Investors Ins. Co. of
    Amer. and Transamerica Ins. Co.,*
    Case No. 7:08-cv-2318
    (D.S.C., Spartanburg Div'n) . . . . . . . . . . . . . . . . .  3, 4

*Belue v. Aegon USA, Inc.,*
    2009 WL 2257607 (D.S.C. 2009) . . . . . . . . . . . . . .    16

*Belue v. Leventhal,*
    2011 WL 1820121, — F.3d — (4th Cir. 2011) . . . .    16

*Bill's Printing, Inc. v. Carder,*
    357 Ark. 242, 161 S.W. 3d 803 (2004) . . . . . . . . . .    15

*vii*

## Cited Authorities

*Page*

*Blossom v. The Milwaukee Railroad,*
68 U.S. (1 Wall.) 655 (1863). . . . . . . . . . . . . . . . . 12, 13

*Brown v. Life Investors Ins. Co. of Amer.,*
Case No. 2:08-cv-00217
(N.D. Miss., Delta Div'n) . . . . . . . . . . . . . . . . . . . 3

*Butt v. Evans Law Firm, P.A.,*
351 Ark. 566, 98 S.W.3d 1 (2003) . . . . . . . . . . . . . 21

*Churchill Vill., L.L.C. v. Gen. Elec.,*
361 F.3d 566 (9th Cir.), *cert denied,* 543 U.S. 818,
125 S. Ct. 56, 160 L. Ed. 2d 26 (2004) . . . . . . . . . 19

*Dauzat v. Transamerica Life Ins. Co.,*
Case No. 09-cv-00001 (W.D. La.) . . . . . . . . . . . . . 4

*DeJulius v. Sumner,*
373 Ark. 156, 282 S.W.3d 753 (2008) . . . . . . . . . . . 21

*Devlin v. Scardelletti,*
536 U.S. 1, 122 S. Ct. 2005 (2002) . . . . . . . . . . . *passim*

*Fidel v. Farley,*
534 F.3d 508 (6th Cir. 2008) . . . . . . . . . . . . . . . . . 19

*Gooch v. Life Investors Ins. Co. of Am.,*
No. 1:07-CV-00016 (M.D. Tenn.) . . . . . . . . . . . . . . 3, 5

*viii*

## Cited Authorities

*Page*

*Gooch v. Life Investors Ins. Co. of Amer. and
  AEGON, USA, Inc.,*
  Case No. 07-cv-00016
  (M.D. Tenn., Columbia Div'n) ................ 5, 18

*Haberman v. Lisle,*
  317 Ark. 600, 884 S.W.2d 262 (1994) ...........   21

*Hall v. Equity National Life Ins. Co., et al,*
  Case No. 1:09-cv-00057
  (E.D. Ark., Batesville Div'n) ................    4

*Harris v. Transamerica Life Ins. Co.,*
  Case No. 09-cv-00013 (M.D.La.) ......... 3, 4, 15, 16

*Hege v. Aegon, USA LLC,*
  2011 WL 206318 (D.S.C. January 21, 2011) .....   16

*Henderson v.
  General American Life Insurance Co.,*
  536 U.S. 919 (2002) .........................    9

*Hunter v. Runyan,*
  2011 Ark. 43 (Ark. 2011).....................    7

*In re Integra Realty Res., Inc.,*
  354 F.3d 1246 (10th Cir. 2004)................   19

*Kaplan v. Rand,*
  192 F.3d 60 (2d Cir. 1999)....................   14

*ix*

*Cited Authorities*

*Page*

*Lindley v. Life Investors Ins. Co. of Amer.,*
    No. 08-cv-00379 (N.D. Okla., Tulsa Div'n) . . . . . .   3

*Matsushita Elec. Indus. Co. v. Epstein,*
    516 U.S. 367 (1996) . . . . . . . . . . . . . . . . . . . . . . . .  11

*Mitchell v. Life Investors Inc. Co. of America,*
    Case No. 4:07-cv-04084
    (W.D. Ark., Texarkana Div'n) . . . . . . . . . . . . . . .   3

*Mullane v.*
    *Central Hanover Bank and Trust Company,*
    339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . . . . . .  13

*National Ass'n of Chain Drug Stores v. New*
    *England Carptenters Health Benefits Fund,*
    582 F.3d 30 (1st Cir. 2009) . . . . . . . . . . . . . . . . . .  19

*Nolan v. Life Investors Ins. Co. of America,*
    *AEGON USA, Inc. and Transamerica Life*
    *Ins. Co.,*
    Case No. 3:08-cv-00839 (M.D.La.) . . . . . . . . . . . .   4

*Pearce v. Bankers United Life Assurance,*
    Case No. 08-cv-00809 (M.D. La.) . . . . . . . . . . . . .   4

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797 (1985) . . . . . . . . . . . . . . . . . . . . . 11, 13, 15

*x*

## Cited Authorities

*Page*

*Pipes v. Life Investors Ins. Co. of America,*
 Case No. 1:07-cv-35
 (E.D. Ark., Northern Div'n)................. 4

*Radol v. Thomas,*
 722 F.2d 244 (6th Cir. 1985)................. 17

*Reynolds v. Beneficial National Bank,*
 288 F.3d 277 (7th Cir. 2002)................. 17

*Runyan v. Transamerica Life Ins. Co.,*
 Case No. 6:08-cv-6034
 (W.D. Ark., Hot Springs Div'n)............. 4, 5, 16

*Securities Comm'n v. Chenery Corp.,*
 318 U.S. 80 (1943) ......................... 17

*Smith v. Life Investors Ins. Co. of America,*
 Case No. 2:07-cv-00681
 (W.D. Penn., Pittsburgh Div'n) .............. 3, 4

*Weidman v. Life Investors Ins. Co. of America,*
 Case No. 2:08-cv-12870
 (E.D. Mich., Detroit Div'n)................. 4

*Williams v. Morgan,*
 11 U.S. 684 (1884) ......................... 12

*Wright v. Life Investors Ins. Co. of America,*
 Case No. 2:08-cv-00003
 (N.D. Miss., Delta Div'n) ................... 4

*xi*

*Cited Authorities*

*Page*

**STATUTES**

28 U.S.C.A. § 1257(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

Fed. R. Civ. P. 23(b)(2)  . . . . . . . . . . . . . . . . . . . . . . . . .   8, 14

Ark. R. Civ. P. 23(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . .   8, 14

Ark. R. Civ. P. 23(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Ark. R. Civ. P. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

**OTHER AUTHORITIES**

The Manual for Complex Litigation, Fourth (2004)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

*National Association of Consumer Advocates, Std.
& Guidelines*, no. 2.A . . . . . . . . . . . . . . . . . . . . . . . .   17

Steven Shavell, *The Appeals Process as a Means of
Error Correction*, 24 J. Legal Stud. 379 (1995)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

1

## PETITION FOR WRIT OF CERTIORARI

Petitioner DANIEL CRAGER respectfully petitions for a writ of certiorari to review the judgment of the Arkansas Supreme Court in this case.

## OPINIONS BELOW

Petitioner CRAGER (hereinafter CRAGER) seeks to appeal an Arkansas trial court judgment approving a national class action settlement. The orders of the Arkansas trial court denying CRAGER's motion to intervene, approving the settlement, and entering a final judgment are unpublished. The Arkansas Supreme Court's opinion (per *Corbin, Assoc. J.*) holding that CRAGER lacks standing to appeal the settlement because he had the right to opt-out of the class, as well as the Court's finding that CRAGER failed to preserve his claim to violation of his due-process rights by having to first intervene to obtain standing, is published at 2011 Ark. 43, --- S.W.3d ----, 2011 WL 478594 (2011). All of the decisions are set forth in the appendix hereto.

## JURISDICTION

The Arkansas Supreme Court entered its opinion on February 9, 2011; and denied the CRAGER's Motion for Rehearing on March 31, 2011. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1257(a).

2

## STATEMENT OF THE CASE

This petition arises out of a national class action lawsuit settled and filed in the Arkansas trial court. Respondents are the class plaintiffs as well as the named defendants. Respondents agreed among themselves to settle and file the suit. CRAGER is a member of the Plaintiff class. CRAGER timely filed objections to the settlement and, pursuant to Arkansas practice sought to intervene to establish standing to appeal any final judgment of the trial court. The Arkansas trial court denied CRAGER's motion to intervene, overruled CRAGER's objections, and approved the settlement. The question presented is whether Arkansas procedure which requires an objector to intervene to establish standing to appeal but leaves the granting of intervention to the discretion of the trial judge and thereby effectively precludes an objecting class member from appealing a trial court's approval of a class action settlement is unconstitutional. The Arkansas Supreme Court held that CRAGER, who had not successfully intervened, did not have standing to appeal in light of his right to opt-out of the settlement and that CRAGER had not preserved the Constitutional Due Process issue in the trial court.

1. The class action underlying this petition involves supplemental cancer insurance policies issued by Transamerican Life Insurance Company; Life Investors Insurance Company of America; Monumental Life Insurance Company; and Aegon USA, Inc. purchased by individuals between January 1, 2004 and April 23, 2009. CRAGER purchased a supplemental cancer policy during the relevant time and never missed a premium payment.

3

a. Prior to the events giving rise to this litigation, the supplemental cancer policies paid benefits in accordance with what the policyholder was charged for the service by the health care provider. Then, subsequently, in 2006 Transamerica and its co-Defendants unilaterally, without consent of the policyholder, reinterpreted the charges to mean what was actually the net cost to the policyholder. Life Investors Insurance Company of America, another defendant in the nationwide class action, changed its payment of "actual charges" benefits after it had calculated that doing so would save it between $209 million and $314 million over a ten-year period. *Smith vs. Life Investors Ins. Co. of America*, Case No. 2:07-cv-00681 Docket 227, Plaintiff's Reply Memorandum in support of motion for partial summary judgment, (W.D. Pa. 2009).

The Arkansas class action is one of 17 parallel class actions pending against the insurance company Respondents (hereinafter Insurance Companies). The first in time of these actions was *Gooch v. Life Investors Ins. Co. of Am.*, No. 1:07-CV-00016 (M.D. Tenn.), which was filed on March 30, 2007.[1]

---

1. The 16 other cases are: *Belue v. Aegon USA, Life Investors Ins. Co. of Amer. and Transamerica Ins. Co.*, Case No. 7:08-cv-2318(D.S.C., Spartanburg Div'n)(Judge G. Ross Anderson, Jr.); *Brown v. Life Investors Ins. Co. of Amer.*, Case No. 2:08-cv-00217(N.D.Miss., Delta Div'n)(Judge W. Allen Pepper); *Gooch v. Life Investors Ins. Co. of Amer. and AEGON, USA, Inc.*, Case No. 07-cv-00016(M.D.Tenn., Columbia Div'n)(Judge William J. Haynes, Jr.); *Harris v. Transamerica Life Ins. Co.*, Case No. 09-cv-00013(M.D.La.)(Judge John Parker); *Lindley v. Life Investors Ins. Co. of Amer.*, No. 08-cv-00379(N.D.Okla., Tulsa Div'n)(Judge Claire V. Egan); *Mitchell v. Life Investors Inc. Co. of America*, Case No. 4:07-cv-04084(W.D.Ark., Texarkana Div'n)(Judge Harry

In early 2009, without notifying any of the 16 U.S. District Courts or any of the other counsel involved in the class actions then pending in U.S. District Courts in Arkansas (4 cases), South Carolina (1 case), Mississippi (3 cases), Tennessee (1 case), Louisiana (4 cases), Oklahoma (1 case), Pennsylvania (1 case), and Michigan (1 case), the Insurance Companies negotiated and entered into a settlement agreement with counsel representing the class plaintiffs in six of those pending Federal cases: *Pipes, Runyan, Belue, Weidman, Harris* and *Nolan*. Then in March 2009, rather than submitting their settlement agreement to one of the six U.S. District Judges presiding over the aforementioned U.S. District Court cases; the Insurance Companies and class counsel filed the new *Runyan*, nationwide class action complaint in a new trial court, to wit, the Pulaski County Arkansas trial court.

---

F. Barnes); *Nolan v. Life Investors Ins. Co. of America, AEGON USA, Inc. and Transamerica Life Ins. Co.*, Case No. 3:08-cv-00839 (M.D.La.)(Judge James Brady); *Pipes v. Life Investors Ins. Co. of America*, Case No. 1:07-cv-35 (E.D.Ark., Northern Div'n) (Judge Susan Weber Wright); *Runyan v. Transamerica Life Ins. Co.*, Case No. 6:08-cv-6034(W.D. Ark., Hot Springs Div'n) (Judge Jim Larry Hendren); *Smith v. Life Investors Ins. Co. of America*, Case No. 2:07-cv-00681(W.D.Penn., Pittsburgh Div'n) (Judge Terrence F. McVerry); *Weidman v. Life Investors Ins. Co. of America*, Case No. 2:08-cv-12870(E.D.Mich., Detroit Div'n) (Judge Arthur J. Tarnow); *Wright v. Life Investors Ins. Co. of America*, Case No. 2:08-cv-00003(N.D.Miss., Delta Div'n)(Judge W. Allen Pepper); *Pearce v. Bankers United Life Assurance*, Case No. 08-cv-00809(M.D.La.)(Judge James Brady); *Allred v. Life Investors Ins. Co. of America*, Case No. 09-cv-00407(S.D.Miss.) (Judge Tom S. Lee); *Dauzat v. Transamerica Life Ins. Co.*, Case No. 09-cv-00001(W.D. La.)(Judge Dee Drell); *Hall v. Equity National Life Ins. Co., et al*, Case No. 1:09-cv-00057(E.D.Ark., Batesville Div'n)(Judge J. Leon Holmes).

5

The timing of *Gooch* and the *Runyan* Arkansas state case is highly significant, and highlights *Runyan* counsel's haste to secure a settlement at the expense of the class members' recovery. The very same day, December 21, 2009, that the U.S. District Court in *Gooch* certified a national class and granted class plaintiff's motion for partial summary judgment, the *Runyan* court entered a Final Order approving the *Runyan* settlement.

On April 20, 2009, shortly after filing the *Runyan* case in an Arkansas trial court, the parties executed a settlement and filed it with the Court. After the *Runyan* settlement received preliminary approval in the Arkansas trial court, and notice had been sent to absent class members, class counsel and the Insurance Companies filed motions to stay the parallel class action litigation pending in 16 Federal courts.[2]

b.  Pursuant to Ark.R.Civ.P. 23 (e), CRAGER received a notice, approved by the Arkansas trial court, directing class members to present all objections to the proposed settlement.[3] CRAGER filed timely objections. CRAGER

---

2.  The Arkansas trial court completely disregarded that, in the previously filed, parallel *Gooch* class action in the U.S. District Court in Tennessee, a motion to reinstate prior orders granting national class certification and partial summary judgment for the plaintiffs was pending. U.S. District Judge William J. Haynes, Jr. reinstated those prior, extremely favorable orders in *Gooch v. Life Investors Ins. Co. of Amer. and AEGON, USA, Inc.*, Case No. 07-cv-00016(M.D.Tenn., Columbia Div'n) on the same day the Arkansas trial court entered its own final settlement approval order.

3.  Arkansas Rule 23(e) provides, in pertinent part: "(e) Dismissal or Compromise. (1) The court must approve any

objected and moved to intervene in the case for the limited purpose of preserving his right to appeal if necessary.

CRAGER's motion to intervene was denied by the Arkansas trial court on December 8, 2009, (Appendix E) and the court, over CRAGER's objections, entered final approval of the settlement on December 21, 2009. (Appendix C)

CRAGER then appealed to the Arkansas Supreme Court, on February 9, 2011. After oral argument on *Devlin v. Scardelletti*, 536 U.S. 1, 122 S.Ct. 2005 (2002) and the Constitutional Due Process issue, CRAGER's appeal to the Arkansas Supreme Court was dismissed for lack of standing because the trial court denied his motion to intervene. The Arkansas Supreme Court also (erroneously) found that CRAGER had not preserved the Constitutional issues by raising them in the trial court. (Appendix A) CRAGER filed a motion for rehearing in the Arkansas Supreme Court, which demonstrated from the trial court record that the constitutional issue had been raised in the trial court, i.e., CRAGER refuted the Arkansas Supreme Court's finding that he failed to preserve his Constitutional arguments for appellate review, identifying specific parts of the record where CRAGER had argued those issues before the trial court.

---

settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class. The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise. The court may approve any such resolution that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate".

7

CRAGER's Motion for Rehearing was denied on March 31, 2011. (Appendix D)

2. On CRAGER's appeal from the Arkansas trial court's final judgment, the Arkansas Supreme Court held (i) that the trial court properly denied CRAGER's motion to intervene and denied as moot petitioner's further motions that depended on his status as a formal party, and (ii) that CRAGER lacked standing to appeal the trial court's approval of the settlement.

a. The Arkansas Supreme Court did not hold that CRAGER did not have standing to appeal the denial of his motion to intervene, but instead found that he had waived the right to appeal this issue as his brief did not raise the issue of the denial of his motions to intervene. This holding ignores the reality that because the standard of review in opt-out class actions of denial of intervention is an abuse of discretion, no one can successfully appeal an Arkansas trial court Order denying intervention in an opt-out class action. Hence, the Arkansas Supreme Court affirmed the trial court's order denying CRAGER's co-appellants' Hunter's and Shepherd's motions to intervene. The Court acknowledged that in such an appeal, he would receive appellate review of the issues related to the settlement that he seeks. *Hunter v. Runyan,* 2011 Ark. 43 (Ark. 2011). There was no basis for the Arkansas Supreme Court's finding that CRAGER failed to raise Due Process arguments in the trial court and thus waived his right to appeal the issue of whether his due-process rights are violated by Arkansas' requirement that he first successfully intervene to obtain standing to appeal the settlement.

Despite the finding that CRAGER had waived his right to argue Due Process violations by failing to address these issues in the trial court, the Court proceeded to reject CRAGER's Constitutional arguments on the merits. The Court based it's holding; *inter alia,* on its prior decision in *Ballard v. Advance America,* 349 Ark. 545, 79 S.W.3d 835 (Ark. 2002) in which it discussed *Devlin v. Scardelletti, supra,* wherein the U.S. Supreme Court determined that unnamed class members, who have timely objected to the settlement at the fairness hearing, can bring an appeal of the approval of the settlement without first intervening. The *Ballard* court distinguished *Devlin* in that it had differing facts and law. *Devlin* involved a mandatory class action certified under Federal Rule of Civil Procedure 23(b)(2) in which unnamed class members have no right to notice or opportunity to opt-out of a class certified under Federal Rule 23(b)(2). Such a mandatory class does not exist in Arkansas by operation of Arkansas Rule 23(c)(2), which requires opt-out rights in all class actions. Since *Devlin* was a mandatory class, it did not provide unnamed class members with the option to exclude themselves from the class. After distinguishing *Devlin,* the *Ballard* court went on to conclude that unnamed class members who fail to intervene are precluded from appealing a class settlement.

Thus, the Arkansas Supreme Court found that by attempting to intervene rather than opting out of a settlement, CRAGER undertook the risk that his motion to intervene would be denied for failure to satisfy the requirements of Rule 24 of the Arkansas Rule of Civil Procedure, and that he would then be bound by the settlement as approved by the trial court. In other words, CRAGER's election not to opt out of the settlement class has left him without standing to pursue an appeal of the settlement. *Id.*

9

Following the Court's dismissal of his appeal, CRAGER filed a Motion for Rehearing in the Arkansas Supreme Court on February 28, 2011. CRAGER provided ample transcript evidence that he had preserved his Constitutional Due Process issues in the trial court. The Court denied his Motion for Rehearing on March 31, 2011. This petition followed.

## REASONS FOR GRANTING THE PETITION

The Arkansas Supreme Court's decision conflicts with this Court's holding in *Devlin v. Scardelletti, supra* that objecting non-named class members are quasi-parties with rights to appeal a trial court's approval of a class action settlement, as well as this Court's prior holdings on standing. In *Devlin* and *Henderson v. General American Life Insurance Co.,* 536 U.S. 919 (2002), this Court has held that persons with a direct relationship to and interest in a trial court's judgment have a recognized right to participate in the case, and those who do participate are parties with standing to appeal, and that "quasi-parties" - persons with a direct relationship to and interest in a district court judgment, who have a recognized right to participate in the case, and who do in fact participate - have standing to appeal. This Court's precedents also recognize that class members have a Due Process interest in having an avenue to appeal a settlement that directly affects their rights, and the decision of the Arkansas Supreme Court conflicts with those precedents.

Post *Devlin,* the First, Ninth and Tenth Circuits have held that a class member's right to appeal under *Devlin* should apply to opt-out classes as well as mandatory, non-opt-out classes. The Arkansas Supreme Court stands alone in limiting *Devlin* to non-opt-out classes. Among courts that have explicitly ruled on this issue only the

Arkansas Supreme Court has limited *Devlin* to class actions involving non opt-out classes.

Petitioner CRAGER raised the issue of Constitutional Due Process in the Arkansas trial court and adequately preserved this issue for appellate review, i.e., the Due Process implications of the Arkansas rule predicating standing to appeal the approval of a class action settlement upon successful intervention were raised a number of times before the trial court. In the hearing on September 16, 2009 on CRAGER's Motion to Intervene, CRAGER's counsel engaged in a discussion with the trial judge regarding Arkansas law and U.S. Supreme Court law regarding intervention and appeals of class action settlements.

## I.   THE DECISION OF THE ARKANSAS SUPREME COURT CONFLICTS WITH THIS COURT'S PRECEDENTS, UNDERMINES DUE PROCESS, AND RESTS ON FLAWED POLICY RATIONALES

The Arkansas trial court's final judgment approving the settlement in this case binds CRAGER through *res judicata;* thus undeniably having a substantial personal impact on him. Because CRAGER properly appeared in the Arkansas trial court and voiced objections to the settlement, this Court's precedents deem him a party to the litigation with the concomitant right to appeal. CRAGER also has standing to appeal in light of this Court's precedents which recognizes the Due Process right of class members to protect their interests in class action litigation by contesting a proposed settlement. The Arkansas Supreme Court's contrary holding, which rests entirely on the ability of CRAGER to opt-out,

11

misinterprets the public policy expressed in this Court's decisions. Among other things, the Arkansas Supreme Court's analysis fails to appreciate the substantial benefits of appeals by non-named class members, including their value in deterring collusive class action settlements among the named parties.

a. There is no question that respondents' settlement of this suit, approved by the Arkansas trial court, over CRAGER's objections, directly and substantially affects CRAGER's personal interests. The notice of the proposed settlement approved by the Arkansas trial court, however, advised CRAGER that any objections to the settlement would be waived if not put forward at the court's fairness hearing. CRAGER properly filed timely objections and appeared at the fairness hearing to press those objections. When the trial court approved the settlement, that judgment became binding upon all of the class members, including CRAGER, by operation of *res judicata.* See the trial court's Final Order and Judgment approving the settlement, Page 9 at ¶ 9 (Appendix B) *Matsushita Elec. Indus. Co.* v. *Epstein,* 516 U.S. 367 (1996); *Phillips Petroleum Co.* v. *Shutts,* 472 U.S. 797 (1985).

b. The Arkansas Supreme Court's decision that CRAGER lacks standing to appeal the settlement conflicts with this Court's decision in *Devlin v. Scardelletti, supra,* which held that non-named class members are "parties" for purposes of appeal, as well as this Court's other precedents, which have recognized that standing to appeal exists not only for named parties but also for "quasi-parties" – *viz.,* persons who, like CRAGER, are not named as formal parties to the litigation but (i) have a direct stake in the outcome, (ii) have a recognized right

12

to participate in the case, and (iii) do in fact participate. For example, in *Blossom v. The Milwaukee Railroad*, 68 U.S. (1 Wall.) 655 (1863), Blossom had requested that the district court complete a foreclosure sale in which he had bid on the property, but the district court refused. When Blossom subsequently sought to appeal that ruling, the respondents objected that he was not a formal party to the case. This Court answered the question "[i]s the appellant so far a party to the original suit that he can appeal" in the affirmative, explaining that Blossom was entitled to appeal with respect to the part of the case in which he had properly participated. The Court found it clear that Blossom could not "appeal from the original decree of foreclosure, nor from any other or decree of the court made prior to his bid." 68 U.S. (1 Wall.) at 655. But the Court found it equally "well settled, that decree adjudicating certain rights between the parties to a suit, other person having no previous interest in the litigation may become connected with the case, in the course of the subsequent proceedings, in such a manner as to subject them to the jurisdiction of the court, and render them liable to its orders; and that they may in like manner acquire right in regard to the subject-matter of the litigation, which the court is bound to protect." *id.* at 655-56. The Court cited as examples appeal by "sureties, signing appeal bonds, stay bonds, delivery bonds, and receptors under writs of attachment," all of who "became quasi-parties to the proceeding, and subject themselves to the jurisdiction of the court." *Id.*

This Court has also held that a district court order approving fees for a trustee could be appealed by objectors who had appeared in the trial court but had not formally intervened. *Williams v. Morgan*, 11 U.S. 684 (1884). The

13

Court cited *Blossom* and its progency as sustaining quasi-parties' right "to come into this court, or to be brought here on appeal, when a final decision of their right or claim has been made by the court below." *Id.* at 699. The Court accordingly concluded that the objectors "had such an interest in the trustee charges, and were so situated in the cause, that they had a right, by leave of the court, to except and object to the charges an allowance presented by the trustees and receivers, and that they had a right to appeal from the decree of the Circuit Court to this court." *Id.* at 700.

Under *Devlin* and this Court's longstanding precedents recognizing the right of "quasi-parties" to appeal, CRAGER was entitled to appeal the Arkansas trial court's approval of the settlement of this case. CRAGER has a direct stake in the settlement, and did put his objections forward. Each member of the class in a class action is properly regarded as a "party," for each is fundamentally subject to the judgment as a matter of *res judicata*.

c. CRAGER's standing to appeal is also supported by precedents recognizing that class members have a Due Process right to contest a settlement that may affect their interests. In *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985) this Court held that the Fourteenth Amendment's Due Process Clause guarantees all class members the right to "receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel." 472 U.S. at 811-12. *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (A class action must "afford [absent class members] an opportunity to present their objections".)

Due Process concerns are only heightened in the context of this national class action. A premise of class action litigation at the trial court level is that the named Plaintiffs will represent the interests of the absent class members. However, upon settlement, the named class representatives obviously will not appeal. And in fact are obligated to defend the settlement. "It is no secret that in 'seeking court approval of their settlement proposal, plaintiffs' attorneys' and defendants' interests coalesce and mutual interest may result in mutual indulgence.'" *Kaplan v. Rand,* 192 F.3d 60 at 67 (2nd Cir 1999) (quoting *Bell Atl. Corp.* v. *Bolger,* 2 F.3d at 1310).

d. The Arkansas Supreme Court's holding that objectors in an opt-out class action, lack standing to appeal a district court's approval of a settlement incorrectly distinguishes *Devlin* to be limited to mandatory class actions certified under Federal Rule of Civil Procedure 23(b)(2) in which unnamed, absent class members have no right to notice or an opportunity to opt-out. 2011 Ark. 43, at 15-16. The national class in the instant case was certified under Arkansas Rule 23(c)(2) which requires opt-out rights in all class actions. As a result, the Arkansas Supreme Court affirmed by relying on its prior post *Devlin* holding in *Ballard v. Advance Am.,* 349 Ark. 545, 79 S.W.3d 835, 837 (2002) limiting, under state law, the right of class members to appeal because "[u]nlike the petitioner in Devlin, appellants had the ability to opt-out of the settlement and avoid being bound by it."

The Arkansas Supreme Court failed to appreciate that a rule which precludes objectors from appealing collusive class action settlements such as this one concomitantly fails to protect the interests of all unnamed class members.

15

*Bell Atl. Corp.* v. *Bolger, supra.* The attorneys for the class representatives will be more likely to structure a settlement to benefit the entire class if they know that class members' objections will receive a thorough review, including an appeal if necessary. In addition, the appeals process "induc[es] trial court judges to make fewer errors because of their fear of reversal." Steven Shavell, *The Appeals Process as a Means of Error Correction,* 24 J. LEGAL STUD. 379, 408-11, 425-26 (1995).

The timing of the filing of the Arkansas state action and settlement while 16 Federal class actions were pending, provides strong evidence of collusion between the settling parties. On April 20, 2009, shortly after filing this matter in Arkansas, the settlement was executed and filed with the trial court. Additionally, one of the representative plaintiffs in the Arkansas trial court class action is Marion Harris, who is also the representative plaintiff in *Harris v. Transamerica Life Insurance Company, et al.,* a parallel national class action case pending in the Middle District of Louisiana. Yet inexplicably, plaintiff Harris and his counsel chose not to submit the proposed settlement to U.S. District Judge John Parker of the Middle District of Louisiana in the *Harris v. Transamerica Life Ins. Co.* class action.

"Due process of laws is grounded in the concept of fundamental fairness." *Bill's Printing, Inc. v. Carder,* 357 Ark. 242, 253, 161 S.W. 3d 803, 810 (2004). In class actions, Due Process requires that the named plaintiff(s) adequately represent the interests of absent class members at all times, in order for the class members to be bound by any judgment issued. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985). It is hard to imagine

that Plaintiff Harris and his counsel could "adequately represent" the interests of absent class members while at the same time they were failing to inform 16 different U.S. District Courts about the existence of a "global" settlement pending final approval by the Arkansas trial court. Only after the *Runyan* settlement received preliminary approval by the Arkansas trial court, and notice had been sent to absent class members, did class counsel and Defendant file motions to stay the parallel class action litigation pending in 16 U.S. Federal Courts.

The *Runyan* action was settled and filed before a much more favorable pending Partial Summary Judgment was reinstated by the U.S. District Court in Tennessee. This haste to settle prior to the re-entry of Partial Summary Judgment on Liability in Tennessee raises substantial issues about the *Runyan* settlement's fairness.[4] "Settling

---

4. In one of the 16 federal cases, Judge Anderson stated,"When the parties in Runyan refiled their class action settlement, they chose to avoid the Eastern District of Arkansas] courtroom and file their multi-million dollar nationwide class action settlement in Arkansas state court. No explanation was offered for this unusual procedure." *Belue v. Aegon USA, Inc.*, 2009 WL 2257607, *1, 4 (D.S.C. 2009), vacated on other grounds by *Belue v. Leventhal*, 2011 WL 1820121, — F.3d — (4th Cir. 2011). Identifying a conflict of interest between class counsel and South Carolina class members, the court held that class counsel did not provide adequate representation, that class counsel was aligned with the defendant and the settlement, including a 3.5 million dollar attorney's fee to class counsel, had been entered into prior to the filing of the action *Hege v. Aegon, USA LLC*, 2011 WL 206318(D.S.C. January 21, 2011, p. 16*-17*. In another of the 16 Federal cases, one of the representative plaintiffs in the Arkansas trial court class action is Marion Harris, who is also the representative plaintiff in *Harris v. Transamerica Life Ins. Co.*, Case No. 09-cv-00013(M.D.La.) (Judge John Parker), a parallel national class action case pending

17

class actions when other similar cases are pending raises unique issues such as coordination of settlement discussion, reverse auctions, differing geographic issues, the substantive scope of the class, and pending or potential individuals lawsuits." *National Association of Consumer Advocates, Std. & Guidelines, no. 2.A. See also Reynolds v. Beneficial National Bank*, 288 F .3d 277 (7th Cir. 2002). In approving a class action settlement, "the trial court is accorded deference, but that deference is accompanied by a duty to act as a fiduciary who must serve as guardian of the rights of absent class members." *Ballard v. Martin*, 349 Ark. 564, 575, 79 S.W. 3d 838, 844 (Ark. 2002).

Therefore, a class plaintiff should "exercise of the care, skill and diligence of a man of ordinary prudence dealing with his own property as a general rule fulfills a duty of a fiduciary." *Radol v. Thomas*, 722 F .2d 244, 256 (6th Cir. 1985). "We reject a lax view of fiduciary obligations and insist upon their scrupulous observance. But to say that a man is a fiduciary only begins analysis; it gives direction to further inquiry. To whom is he a fiduciary? What obligations does he owe as a fiduciary? In what respect has he failed to discharge these obligations? And what are the consequences of his deviation from duty?" *Securities Comm'n v. Chenery Corp.*, 318 U.S. 80, 86 (1943) (internal citations omitted)

---

in the Middle District of Louisiana. On April 23, 2009, the same day the trial court preliminarily approved the settlement agreement, plaintiff Harris and defendant Transamerica filed a joint, disingenuous, Status Report in Harris, stating that the parties had made no settlement efforts.(Harris Status Report, Docket 17, p. 6) Then, on May 15, 2010, the day the parties were required to give notice to the national class in this matter, the parties filed a motion to stay the Harris action. Harris Mot to Stay, Docket 21.

The Manual for Complex Litigation, *Fourth* (2004) in § 20.14 suggests certain procedural steps to increase coordination among related cases, especially where parallel cases are pending simultaneously in Federal and State courts. Steps that may be taken include: the special assignment of a judge; deciding on a lead case; joint conferences and orders; the joint appointment of experts; and, the coordination of discovery. All these steps help ensure fair and reasonable class settlements. Yet, none of these safeguards were present in the Arkansas class action settlement approved by the trial court. And, in fact, the existence of settlement negotiations and the proposed settlement was kept secret from the 16 U.S. District Judges involved until notice to the class was required under the Arkansas trial court's Preliminary Approval Order.

Furthermore, on the same day the Arkansas trial court entered its unappealable final settlement approval U.S. District Judge William J. Haynes, Jr. reinstated his prior, extremely favorable orders in *Gooch v. Life Investors Ins. Co. of Amer. and AEGON, USA, Inc.*, Case No. 07-cv-00016(M.D.Tenn., Columbia Div'n).

The Arkansas Supreme Court failed to recognize that Objectors can play an important role on appeal in identifying flaws in a proposed settlement, and the courts of appeals' rulings can themselves provide important guidance for later cases. A prime example is this Court's seminal decision in *Amchem Products, Inc.* v. *Windsor*, 521 U.S. 591 (1997) (holding that settlement-only class actions must satisfy all requirements of Fed. R. Civ. P. 23). The *Amchem* respondents, who successfully challenged the named parties' settlement on appeal, were permitted

19

to press their objections in the Third Circuit only because that circuit granted objectors standing to appeal.

## II. POST *DEVLIN* THE CIRCUITS HAVE UNANIMOUSLY HELD OBJECTING CLASS MEMBERS HAVE STANDING TO APPEAL A TRIAL COURT'S APPROVAL OF A CLASS ACTION SETTLEMENT EVEN WHERE CLASS MEMBERS HAVE THE RIGHT TO OPT-OUT

Post *Devlin* decisions addressing the standing issue by the U.S. Circuit Courts hold that *Devlin* should apply to all class actions, including opt-out classes. *National Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30 (1st Cir. 2009); *Fidel v. Farley*, 534 F.3d 508, 512–13 (6th Cir. 2008); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 572–73 (9th Cir.), cert denied, 543 U.S. 818, 125 S.Ct. 56, 160 L.Ed.2d 26 (2004); *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257 (10th Cir.2004).

Among courts who have explicitly ruled on this issue. The Arkansas Supreme Court stands alone in holding that *Devlin* only applies to mandatory, non-opt out class actions.

In *Devlin v. Scardelletti*, this Court stated that "[a trial court's] approval of the settlement – which binds petitioner as a member of the class – amounted to a 'final decision of [petitioner's] right or claim' sufficient to trigger his right to appeal." 536 U.S. at 9. Like the appellant in *Devlin*, CRAGER's right to appeal cannot be exercised through the named class representatives, because the parties reached an apparently collusive

inadequate settlement, which was approved over his objections. "What is most important to this case is that non-named class members are parties to the proceedings in the sense of being bound by the settlement. It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing." *Id.* at 10. "Just as a class action procedure allows non-named class members to object to a settlement at the fairness hearing without first intervening ... it should similarly allow them to appeal the District Court's decision to disregard their objections." *Id.* at 14.

An unnamed class member such as CRAGER may have the ability to opt-out of a class action settlement, but that does not substitute for the right to object and, if warranted, appeal.

## III. PETITIONER CRAGER RAISED THE ISSUE OF CONSTITUTIONAL DUE PROCESS IN THE ARKANSAS TRIAL COURT AND ADEQUATELY PRESERVED THIS ISSUE FOR APPELLATE REVIEW

The Arkansas Supreme Court dismissed CRAGER's appeal for lack of standing. (2011 Ark. 43 at 2). The Court also found that CRAGER did not raise the Constitutional Due Process argument before the trial court. (2011 Ark. 43 at 17) The Court's finding is in error – as the issue of Constitutional Due Process was raised before the trial court. i.e., the Due Process implications of the Arkansas rule predicating standing to appeal the approval of a class action settlement upon successful intervention were raised a number of times before the trial court. In the hearing on September 16, 2009 on CRAGER's Motion

21

to Intervene, Randy Coleman, Esq. spoke on behalf of CRAGER. Mr. Coleman engaged in a discussion of Arkansas law and U.S. Supreme Court law regarding intervention and appeals of class action settlements, including *Haberman v. Lisle*, 317 Ark. 600, 884 S.W.2d 262 (1994), *Butt v. Evans Law Firm, P.A.*, 351 Ark. 566, 98 S.W.3d 1 (2003), *Ballard v. Advance America*, 349 Ark. 545, 79 S.W.3d 835 (2002), *DeJulius v. Sumner*, 373 Ark. 156, 282 S.W.3d 753 (2008), and *Devlin v. Scardelletti*, *supra*. Specifically, Mr. Coleman highlighted the fact that in *Butt v. Evans Law Firm, P.A.*, the Arkansas Supreme Court had acknowledged the effect of the U.S. Supreme Court case of *Devlin*, and had acknowledged that part of the common law foundation for the decision in *Haberman* had been eroded. Mr. Coleman went on to discuss the holding in *DeJulius*, that because the class member had the opportunity to opt-out, the class member had no interest to protect by intervention. Mr. Coleman laid out clearly the dilemma a class member dissatisfied with the settlement is faced within Arkansas: such a class member cannot appeal absent successful intervention, and there is no intervention as of right in Arkansas where the class member has a right to opt-out. Finally, Mr. Coleman asserted that such a dilemma is not good law in light of the *Devlin* case and the Arkansas Supreme Court's suggestion in *Butt* that the foundations of its rule against appealing a settlement absent successful intervention were undermined by *Devlin*. Mr. Coleman affirmed that there was a significant issue that needed a record.

The record below demonstrates that the Constitutional Due Process issue was raised before the trial court; that Judge Moody gave them full consideration; and, that CRAGER properly preserved the issue for appeal.

22

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Certiorari should be granted.

Respectfully submitted,

N. ALBERT BACHARACH, JR.
   *Counsel of Record*
N. ALBERT BACHARACH, JR. P.A.
   115 NE 6th Ave.
   Gainesville, FL 32601
   (352) 378-9859
   n.a.bacharach@att.net

FRANK H.G. TOMLINSON
   15 Richard Arrington, Jr. Blvd. N.
   Suite 302
   Birmingham, AL 35203
   (205) 326-6626

*Attorneys for Petitioner Daniel Crager*

June 29, 2011