**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ROBERT W. HALL**                                                                                          **PLAINTIFF**

v.                                    Case No. 4:11-CV-00086-BSM

**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                                                                     **DEFENDANTS**

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
SUBSTITUTED MOTION TO AMEND THE COMPLAINT**

Pursuant to Local Rule 7.2(b), defendants AEGON USA, Inc. (now known as AEGON USA, LLC) and Transamerica Life Insurance Company ("Transamerica") (collectively "Defendants") submit this response in opposition to "Plaintiff's Substituted Motion for Leave to File Revised Amended Complaint With Class Action Allegations" (Docket #173) (the "Substituted Motion"). On July 27, 2011, after Transamerica was forced to expend substantial resources preparing its response to plaintiff's "Motion for Leave to File Amended Complaint with Class Allegations" (Docket #154) (the "Motion to Renew Class Allegations") and his supporting memorandum (Docket #155) (the "Memorandum"), plaintiff withdrew that filing. The Substituted Motion, without legal authority, replaces plaintiff's Motion to Renew Class Allegations, withdraws plaintiff's Memorandum, and seeks entirely different but equally inappropriate relief. Plaintiff's Substituted Motion should be denied because it is legally unsupportable, futile, and unreasonably and vexatiously multiplies the proceedings and costs in this action.

**INTRODUCTION AND RELEVANT BACKGROUND**

In June of 2009, plaintiff "opted out" of a Class Action Settlement (the "Settlement")

pending in the Circuit Court of Pulaski County in *Runyan v. Transamerica Life Insurance Company*, Case No. CV-09-2066-3 (Ark. Circuit Ct., Pulaski County) ("*Runyan*"). Several months later, in November 2009, this case was filed as a "copycat" class action in which plaintiff duplicated the allegations of several prior class cases filed against Transamerica.

On March 11, 2010, this Court entered a Final Scheduling Order (Docket #19) in this case which set multiple deadlines, including a deadline of <u>May 9, 2010</u> to amend the pleadings, a discovery deadline of August 3, 2010, and a trial date beginning the week of November 1, 2010. The Court's Final Scheduling Order also determined that "[b]efore the parties may engage in class discovery, the issue of whether a class might be certified in view of *Runyan v. Transamerica Life Insurance Company* must be addressed. . . . If the Court grants [Defendants' motion to dismiss the class allegations], no class discovery will be permitted." *Id*.

On July 9, 2010, the Court entered a published Opinion and Order in this case (the "July 9 Order") (Docket #40), which granted Transamerica's motion to dismiss the class allegations from this action (Docket #24) and properly determined that plaintiff's class claims were "barred" by the *Runyan* Settlement. *See Hall v. Equity Nat'l Life Ins. Co.*, 730 F. Supp. 2d 936, 945-46 (E.D. Ark. 2010).

Approximately one year later, on June 10, 2011, after the parties had litigated this case to a near conclusion on plaintiff's individual claims, plaintiff filed his Motion to Renew Class Allegations, arguing that he "should be permitted to renew the class action allegations included in his original complaint." Memorandum at 1. Plaintiff's Motion to Renew Class Allegations ignored that this case had proceeded, as Judge Holmes specifically contemplated, as an individual action. *Hall*, 730 F. Supp. 2d at 946 ("Hall, of course, may proceed on his individual claim against the defendants."); *see also id*. at 944 n.6 (an individual who opts out of a class

2

action "receives the right to go it alone, not to launch a competing class action") (internal citations and quotations omitted).[1]

In light of his July 9 Order dismissing Hall's class claims, Judge Holmes entered an Amended Final Scheduling Order on August 2, 2010 (the "Amended Scheduling Order"). Docket #51. The Amended Scheduling Order established the deadlines under which the parties proceeded to litigate, including a November 30, 2010 deadline for amending the pleadings, a December 16, 2010 discovery deadline, a December 30, 2010 deadline for all motions except motions *in limine*, and a trial date of February 28, 2011. *See* Amended Scheduling Order (Docket #51) at 1.[2]

On December 21, 2010, at the conclusion of the scheduled thirteen month discovery period, Transamerica filed its Motion for Summary Judgment with respect to all of the plaintiff's remaining individual claims. Docket ##76-77. Plaintiff's individual dispute relates to the amount of benefits paid to plaintiff for a single surgery claim and a single anesthesia claim in 2007 under a supplemental cancer insurance policy. Plaintiff alleges his surgery and anesthesia

---

[1] Plaintiff's recently withdrawn Motion to Renew Class Allegations was his third attempt to reverse the July 9 Order. Plaintiff first filed a Motion for Reconsideration (Docket #46) on July 19, 2010, which was denied by Judge Holmes in an August 3, 2010 Order (Docket #53). Plaintiff then sought reconsideration in the Eighth Circuit Court of Appeals, where he filed a Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23 (Docket #54) (the "Petition"). The Eighth Circuit denied plaintiff's Petition on September 7, 2010 (Docket #55).

[2] On February 7, 2011, the Court entered an Order (Docket #102) which granted the parties' Joint Motion for 60 Day Continuance of Trial Setting (Docket ##100, 101) to allow adequate time for the completion of summary judgment briefing and for the Court's consideration of the parties' summary judgment motions prior to the trial which was scheduled to begin in just 21 days. In their Joint Motion, in order to avoid undue delay in rescheduling the trial date, the parties stipulated to a change of venue in this case to the Little Rock division of this Court. The Joint Motion did not contemplate or request, and Judge Holmes did not grant, an enlargement of any deadlines in the Amended Scheduling Order that had already expired, such as the November 30, 2010 deadline for amending the pleadings, or the December 16, 2010 discovery deadline. *See* Joint Motion (Docket ##100-101) and Order (Docket #102).

claims were underpaid by approximately $271.00. Complaint (Docket #1) ¶ 42. After requesting several extensions, plaintiff filed a partial summary judgment motion on February 15, 2011. Docket #105. The summary judgment motions are now fully briefed, and the Court's ruling on those motions may resolve the need, or narrow the issues remaining, for trial.[3]

It is undisputed that plaintiff never sought leave to amend his Complaint (Docket #1, filed November 3, 2009) after his class claims were stricken and prior to the expiration of the November 30, 2010 deadline for amending the pleadings or adding parties. Although this case has been pending since 2009 and involves an individual dispute of less than $300.00, plaintiff is now embarking on a campaign to drive up the costs of this action exponentially and delay the resolution of this litigation by filing successive, unsupportable motions for leave to revive class action allegations that were dismissed long ago.[4]

On June 10, 2011, plaintiff filed his Motion to Renew Class Allegations, asking to replead the same class action allegations that were dismissed a year ago by Judge Holmes in the

---

[3] Defendant AEGON USA, LLC is a holding company, not an insurance company, and is completely uninvolved in plaintiff's dispute over his insurance benefits. AEGON USA, LLC filed its Motion for Summary Judgment on November 24, 2010 (Docket ##59-60). That motion, like Transamerica's summary judgment motion, is fully briefed.

[4] To that end, without prior notice to the Defendants and without filing any motion to which Defendants could respond, plaintiff faxed a letter to the Court requesting and causing the Clerk to enter an entirely new amended final scheduling order which resets all deadlines, including deadlines which had expired and were not part of the Joint Motion filed by the parties. *See* Docket ##174, 175. Plaintiff's letter requested a new discovery deadline, but neglected to mention that neither the parties' Joint Motion nor Judge Holmes' February 7, 2011 Order contemplated an extension of deadlines that had previously expired. On August 11, 2011, the Court reinstated the August 10, 2011 Amended Final Scheduling Order (Docket # 176). Although this Order establishes a new deadline for the addition of parties and amendment of pleadings, the Court has discretion to deny the amendment where, as here, the relief sought by the plaintiff would result in prejudice and would be futile. *Greene v. Beaumont*, 2010 WL 2720958, at *2 (W.D. Ark. June 16, 2010) (court is "vested with sound discretion" to refuse a proposed amendment to the pleadings).

published opinion of July 9, 2010 (Docket #40). On July 21, 2011, Transamerica filed its Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint (Docket #172) (the "Response"), setting forth the multitude of reasons why plaintiff's Motion to Renew Class Allegations was legally unsupportable, contrary to the Arkansas Supreme Court's February 9, 2011 decision in *Hunter v. Runyan,* 2011 WL 478594 (Ark. Feb. 9, 2011), dilatory, unfairly prejudicial, and could not meet any standard for amending the pleadings. Response at 26-32.

Just six days after Transamerica filed its Response, plaintiff withdrew his Motion to Renew Class Allegations and filed the Substituted Motion. Plaintiff's Substituted Motion replaces the Motion to Renew Class Allegations, withdraws the supporting Memorandum, and seeks different (but equally untimely and prejudicial) relief raised for the first time in this litigation. Specifically, plaintiff now seeks leave to reassert class action claims on behalf of a class of insureds under a "Cancer Only Policy" who excluded themselves or "opted out" of the *Runyan* Settlement ("*Runyan* opt-outs"). *See* Substituted Motion, Exhibit A (Revised Amended Class Action Complaint) at ¶ 30. The Substituted Motion is not supported by citation to any legal rule or authority. Rather, it is the latest in a series of filings designed to reinvent claims and inflate litigation costs.[5]

Plaintiff's Substituted Motion is even more dilatory than his prior Motion to Renew Class Allegations. Even if seeking a mini-class of opt outs had any merit, which it does not, plaintiff could have moved to do so in the beginning of this action or in July of 2010 when Judge Holmes first barred the class allegations in this action. Plaintiff fails to offer any explanation in his

---

[5] As this Court is no doubt aware, since briefing on Transamerica's summary judgment motion closed on March 11, 2011, plaintiff has bombarded the docket with a seemingly endless series of filings. *See* Docket ## 122, 138, 139, 140, 141, 150.

Substituted Motion as to why he seeks to assert new class claims over a year later, after summary judgment briefing is complete, on behalf of individuals who excluded themselves from the *Runyan* Settlement more than two years ago.[6] The fact that plaintiff's counsel would prefer to drag this litigation out by any means necessary does not justify his Substituted Motion. Plaintiff's Substituted Motion is grossly untimely, unfairly prejudicial, and futile for the reasons set forth below. The Substituted Motion should be denied.

## ARGUMENT

I. **PLAINTIFF'S MOTION FAILS TO SATISFY THE STANDARD FOR AMENDING THE PLEADINGS UNDER RULE 15 BECAUSE THE PROPOSED AMENDMENT IS UNFAIRLY PREJUDICIAL AND FUTILE**

Plaintiff's Substituted Motion is not accompanied by a memorandum of law and cites no rule or authority that would allow the belated amendment he now seeks. *See* Substituted Motion (Docket #173). Under controlling Eighth Circuit law, plaintiff's Substituted Motion implicates Rule 15(a), which governs amendments to the pleadings.[7] The Substituted Motion should be

---

[6] *See* Notice of Proposed Class Action Settlement (Docket #24-19) ("Any Settlement Class member who wishes to opt-out and be excluded from the [*Runyan*] Settlement Class must mail a written request for exclusion . . . on or before **June 28, 2009** . . . .") (emphasis in original). The June 28, 2009 deadline for class members to opt-out and exclude themselves from the *Runyan* Settlement passed before the plaintiff filed his Complaint in this action on November 3, 2009. Plaintiff, and his counsel responsible for excluding him from the *Runyan* Settlement, were well aware of and complied with the *Runyan* deadline. Accordingly, if plaintiff intended to seek representation of a class of opt-outs, he could have drafted his original Complaint to plead claims on behalf of such a class. Instead, plaintiff's complaint sought to pursue representation of the exact same class that he knew had already been certified in *Runyan*.

[7] Plaintiff's Motion to Renew Class Allegations cited Rule 23(c)(1)(C), which allows the Court to alter or amend an order "that grants or denies class certification" before final judgment. Fed. R. Civ. P. 23(c)(1)(C). Plaintiff's Substituted Motion does not rely on Rule 23(c)(1)(C), nor could it. As Transamerica explained in its Response to Plaintiff's Motion to Renew Class Allegations (Docket #172), this is not an appropriate case in which to alter or amend the Court's prior order. This Court did not merely deny a motion for class certification. Rather, the Court entered an order ***striking*** the class claims from this case pursuant to Rule 23(d)(1)(D). *Hall*, 730 F. Supp. 2d at 946; *see also* Fed. R. Civ. P. 23(d)(1)(D) (allowing the court to "require that the
*(footnote continued on next page)*

denied because the amendment plaintiff seeks would result in unfair prejudice to Defendants, and because plaintiff's proposed amendment would be futile. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (under Rule 15(a), "[a] district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment'"); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (district court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile"). Rule 15(a) allows for amendment of pleadings more than 21 days after service "only with the opposing party's written consent or the court's leave," and leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice does not require allowing the dilatory amendment plaintiff seeks here with no justification or excuse. *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (There is "no absolute right to amend a pleading").[8]

---

pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly"); *Whittum v. Saginaw Cnty.*, 2005 WL 3271810, at *5-6 (E.D. Mich. Nov. 22, 2005) (holding plaintiffs' motion to amend, which amounted to a request to "take another run at class certification" was governed not by Rule 23, but by federal rules providing the standards for amending the pleadings).

[8] Moreover, at the time the Substituted Motion was filed, the deadline for amending the pleadings under the governing scheduling order had long since expired. Under such circumstances, the plaintiff was required to show "good cause" for the proposed amendment. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("Because Winco's motion to amend was filed more than seventeen months after the established scheduling deadline for amending pleadings, the district court was required to apply Rule 16(b)'s good-cause standard in ruling on Winco's motion."). Plaintiff's untimely filing fails that standard.

### A.     Plaintiff's Attempt To Assert New Class Allegations At This Late Date Is Unfairly Prejudicial Given The Completion Of Briefing On Transamerica's Summary Judgment Motion And The Long History of This Case

The November 30, 2010 deadline for amending pleadings under the Court's Amended Final Scheduling Order (Docket #51) in this case expired approximately *eight* months before plaintiff filed his Substituted Motion. Plaintiff's actions in this case display an utter lack of diligence and a complete disregard for the Court's scheduling orders. Plaintiff's Substituted Motion fails to acknowledge or provide any basis or justification for avoiding the Court's Amended Scheduling Order that had been in effect since August 2, 2010 (Docket #51). Plaintiff delayed in filing the Substituted Motion for thirteen months after the Court struck his original class claims in the July 9 Order, and inexcusably waited eight months after the deadline for amending the pleadings expired on November 30, 2010. If plaintiff believed that a class of *Runyan* opt-outs was appropriate, he could have and should have sought to amend his complaint immediately after his original class claims were dismissed and stricken. Plaintiff's Substituted Motion does not identify any circumstance that prevented him from doing so, nor does plaintiff identify any other explanation for his failure to timely seek leave to amend the pleadings. The only plausible explanation for plaintiff's Substituted Motion is further delay. The Court's recent entry of a second "Amended Final Scheduling Order" (Docket #174) does not excuse plaintiff's disregard of the Court's earlier scheduling order and the lack of diligence he has displayed in the action during the course of the last year.

Plaintiff's untimely attempt to reinvent this case as an opt-out class action at this late date should be denied because it is unfairly prejudicial to the Defendants. The Eighth Circuit has observed that unfair prejudice warrants the denial of a motion for leave to amend when "late tendered amendments involve new theories of recovery and impose additional discovery

requirements." *Popoalii*, 512 F.3d at 497; *see also Hammer*, 318 F.3d at 844 ("Leave should be denied where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.") (internal quotation marks and citation omitted); *Greene*, 2010 WL 2720958, at *4-6 (denying plaintiff's motion to amend the pleadings to add new defendants where the amendments would be an exercise in futility and would cause undue delay, and because the plaintiff was dilatory in seeking to add the new defendants).

With no possible justification, plaintiff's proposed amended complaint would result in unfair prejudice to the Defendants by reopening this case to an entirely new legal theory and costly and unwarranted class action discovery after twenty months of litigation, more than 150 docket entries, and the completion of discovery and summary judgment briefing – all premised on the plaintiff's individual claims. *See Popoalii*, 512 F.3d at 498 (affirming district court's denial of motion to amend "given the potential prejudice to defendants that would result from the late addition of a new claim proposed after most of the discovery had been completed."); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) ("Granting th[e] motion would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)."); *Hammer*, 318 F.3d at 844 (denying motion to amend filed 15 months after filing of original complaint, after discovery, and after defendant had moved for summary judgment on the pleaded claims); *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531-32 (8th Cir. 2010) (proposed amendment unduly prejudiced non-movant because it required development of different facts and different discovery); *Burgie v. Golden*, 2011 WL 1774761, at *2 (E.D. Ark. Apr. 21, 2011) (applying Rule 15(a) and ruling that because the case had been pending for almost two years and the defendants had filed a motion for

summary judgment, it would be unfairly prejudicial to allow plaintiff to add additional claims and defendants at such a late date); *Sexton v. Hutton*, 2008 WL 621077, at *4 (E.D. Ark. Mar. 4, 2008) (allowing motion to amend complaint filed by plaintiffs in conjunction with their response to defendants' summary judgment motion would unduly prejudice the Defendants); *accord Alpha Iota Omega Christian Fraternity v. Moeser*, 2006 WL 1286186, at *9 (M.D.N.C. May 4, 2006) ("The motion to amend should also be denied in the interest of preserving judicial resources and serving efficient case management.").

The Court's July 9, 2010 Order instructed plaintiff to pursue his claims on an individual basis. All parties completed summary judgment briefing on this basis. Pursuant to precedent in this Circuit, this Court should deny plaintiff's motion for leave to amend under these circumstances. *See Proctor v. Toney*, 53 F. App'x 793, 795 (8th Cir. 2002) (affirming denial of motion to amend where motion was filed after defendants' summary judgment motion and amending complaint would cause delay and add discovery); *Floyd v. State of Mo. Dep't of Social Servs., Div. of Family Servs.*, 188 F.3d 932, 939 (8th Cir. 1999) (affirming denial of motion to amend where several months elapsed between defendants' motion for summary judgment and plaintiff's motion to amend his complaint); *Sutherland v. Massa*, 2011 WL 2671931, at *1 (8th Cir. July 8, 2011) (per curiam) (affirming denial of motion to amend filed almost a year after amendment deadline and while dispositive motions were pending); *see also Durham v. Lindus Constr./Midwest Leafguard, Inc.*, 675 F. Supp. 2d 936, 938 (W.D. Wis. 2009) (applying Rule 15(a) and stating that "[e]xcept in unusual circumstances, it is too late for a plaintiff to seek to amend his complaint once a case has been fully briefed on a motion for summary judgment. Granting leave to amend at that point prejudices the defendant."). Because it is unfairly prejudicial to the Defendants, plaintiff's dilatory Substituted Motion should be denied.

### B. Plaintiff's Substituted Motion Should Be Denied Because His Proposed Amendment To Add New Class Claims Is Futile

Even if his Substituted Motion were not grossly untimely, plaintiff's proposed amended complaint should be disallowed because plaintiff could not possibly meet the class certification requirements of Rule 23, and allowing the amended complaint would be futile. *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 993 (8th Cir. 2010) (affirming district court's denial of motion for leave to amend because amendment would be futile); *Nickson v. Schweiker*, 98 F.R.D. 656, 657 (E.D. Pa. 1983) (denying motion for leave to amend to add class claims because plaintiff's inability to satisfy Rule 23 typicality requirement made amendment futile).

#### 1. Plaintiff Cannot Meet the Adequacy Requirement of Rule 23(a) Because He Has a Conflict of Interest with Other Class Members

Plaintiff's proposed amendment to assert new class claims would be futile because he no longer owns a policy and he has an irreconcilable conflict with premium-paying members of the proposed class. Plaintiff's individual breach of contract and declaratory relief claims create a conflict because plaintiff seeks higher claim payments for himself and a minority of others to the detriment of current policyholders who wish to maintain affordable insurance. *See* Substituted Motion, Exhibit A (Revised Amended Class Action Complaint ¶14). Unlike the policyholders in his proposed class who are current policyholders, plaintiff is not concerned about premium rates because his Policy lapsed in October 2010 and he no longer makes premium payments.[9] Judge Susan Webber Wright previously addressed this identical issue and denied class certification in a similar case involving these same policies. *See Pipes v. Life Investors Ins. Co. of Am.*, 254 F.R.D. 544 (E.D. Ark. Nov. 21, 2008) (the *Pipes* case).

---

[9] *See* Declaration of James A. Byrne ¶ 18 (Docket #76-3); Deposition of Robert W. Hall at 186 ("Hall Dep.") (Docket #121-1).

As this Court summarized its July 9 Order dismissing plaintiff's original class allegations, "[b]y order dated November 21, 2008, the Honorable Susan Webber Wright denied the plaintiff's motion for class certification [in *Pipes*] because the named plaintiff could not act as an adequate class representative where his interests conflicted with other class members." *Hall*, 730 F. Supp. 2d at 939. One of the class representatives in *Pipes*, like plaintiff Hall in this case, was not a current policyholder, and his interest in maximizing his monetary relief directly conflicted with the interests of other premium-paying policyholders. *Pipes*, 254 F.R.D. at 549-50. After her review of the extensive evidence and class certification briefing submitted by the parties in *Pipes*, Judge Wright denied class certification and held:

> Named plaintiffs cannot fairly and adequately protect the interest of the class they seek to represent if the claim they pursue is antagonistic to the interests of other class members. *See Hansberry v. Lee*, 311 U.S. 32, 44-45, 61 S.Ct. 115, 119, 85 L.Ed. 22 (1940). The conflict identified by Life Investors goes to the very heart of this litigation because Pipes's claim for monetary relief impacts the economic interests of current policyholders who want affordable insurance rates. The Court agrees that Pipes's interests conflict with other class members and disqualify him as an adequate class representative.

*Id*. at 550 (denying motion for class certification). Just as in *Pipes*, plaintiff's conflict of interest here with premium-paying policyholders prevents him from ever satisfying the adequacy prerequisite of Rule 23(a)(4) necessary to maintain this case as a class action, rendering plaintiff's proposed amendment futile.

### 2. Plaintiff Cannot Meet the Adequacy Requirement of Rule 23(a) Because He Has Failed to Timely and Diligently Pursue the Claims of the Proposed Class

Plaintiff is also inadequate under Rule 23(a)(4) because he has failed to timely and diligently pursue the claims of the class members he now seeks to represent. This case was originally filed November 3, 2009, almost 20 months before plaintiff filed the Substituted

Motion seeking leave to amend the complaint to add claims on behalf of the newly defined class of *Runyan* opt-outs. The deadline for class members to opt-out and exclude themselves from the *Runyan* Settlement expired on June 28, 2009, more than five months before plaintiff filed his ***original*** Complaint in this case. Plaintiff's original class claims were held barred on July 9, 2010, and plaintiff could have sought leave to amend his Complaint to pursue class claims on behalf of the *Runyan* opt-outs at that time. Plaintiff's Substituted Motion provides no justification or explanation for his delay of more than two years in seeking to pursue claims on behalf of this new class.[10] Plaintiff's failure to timely seek class treatment is an absolute bar to any finding that he could serve as an adequate class representative. *Rattray v. Woodbury Cnty., IA*, 614 F.3d 831, 836 (8th Cir. 2010) (denying motion for class certification upon finding that plaintiff's failure to "move to certify with alacrity undermines confidence in the zeal with which she would represent the interests of absent class members"); *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 404-05 (1977) (the named plaintiff's failure to move for certification "surely bears strongly on the adequacy of the representation that those class members might expect to receive").

In *Rattray*, the Eighth Circuit affirmed the district court's denial of plaintiff's motion for class certification because plaintiff was aware that a potential class existed when she filed her

---

[10] Plaintiff has also invited an improper "one-way intervention" by requesting that the Court enter a partial summary judgment in this case on his individual breach of contract claim, before even filing the Substituted Motion. The principle underlying one-way intervention is that putative class members should not be able to await favorable merits rulings before deciding to join a class. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). Rule 23 was revised in 1966 to eliminate one-way interventions and Rule 23(c)(1)(A) now requires determination of whether a case will proceed as a class action "at an early practicable time." *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1070 (D. Minn. 2008). In his July 9, 2010 Order, Judge Holmes clearly determined that this case would not proceed as a class action, and any "early practicable time" for consideration of an alternative class has now passed.

complaint, yet she waited approximately eight months to file leave to amend her complaint, and an additional six months to move for certification. The Court explained:

> [O]ver fourteen months passed between the filing of the initial complaint and the motion to certify. [Plaintiff's] failure to move to certify with alacrity undermines confidence in the zeal with which she would represent the interests of absent class members. A failure of the putative class representative to assure the court that it will vigorously pursue the interests of class members is a sufficient basis to deny certification.

614 F.3d at 836 (citation omitted). Just as in *Rattray* and as explained in the U.S. Supreme Court's decision in *East Texas Motor Freight*, plaintiff's failure to assert claims on behalf of the new class invented for the first time in his Substituted Motion demonstrates an inability to adequately and vigorously represent a proposed class.

Plaintiff's inadequacy is also demonstrated by his decision not to engage in any discovery during this case, even on his individual claim, and by the fact that plaintiff has repeatedly failed to observe basic Federal Rules and Court orders.[11] For example, plaintiff surreptitiously obtained a third-party declaration on March 17, 2011, *more than three months* after the Court ordered discovery deadline expired in this case, without providing notice to Transamerica, and inappropriately disclosed the declaration only as a filing in support of his summary judgment reply brief (Docket #129-2).[12] Since briefing on Transamerica's summary judgment motions

---

[11] Plaintiff failed entirely to respond to Transamerica's interrogatories and requests for production for more than four months, forcing Transamerica to file a Motion to Compel. *See* Transamerica's Motion to Compel (Docket #57). This Court granted Transamerica's Motion to Compel (November 8, 2010 Order (Docket #58)), yet plaintiff still failed to respond to Transamerica's document requests. Although the Court's November 8 Order required that responses to Transamerica's requests for production "must be served on or before November 18, 2010," Transamerica's counsel was forced to expend further resources sending multiple letters to plaintiff's counsel to obtain compliance. *See* November 19, 2010 and December 7, 2010 correspondence (Docket #133-4).

[12] *See J.S. & A.S. v. E. End Sch. Dist.*, 2007 WL 1029559, at *1 n.2 (E.D. Ark. April 3, 2007) (refusing to consider summary judgment exhibits submitted for the first time on reply).

14

closed on March 11, 2011 (Docket #121), plaintiff has filed *four separate* requests for leave to submit additional, previously undisclosed purported "evidence" in opposition to Transamerica's Summary Judgment Motion. Docket ##138, 139, 141, and 150. These materials were not timely identified by plaintiff under the disclosure requirements of Rule 26 or within the pretrial deadlines then in place. Similarly, plaintiff did not produce any of these documents in response to Transamerica's discovery requests, despite that this Court *ordered* plaintiff to respond to Transamerica's discovery requests. *See* November 8, 2010 Order (Docket #58).

### 3. Plaintiff Cannot Meet the Adequacy Requirement of Rule 23(a) Because He is Disinterested in Pursuing Class Claims

Plaintiff's own testimony in this case further confirms that he is not an adequate class representative. Plaintiff testified at his deposition that he had no intention of representing a class when he was solicited by a lawyer to file this lawsuit. Hall Dep. at 60-61 ("Q: Did you have any intention of representing any other people other than yourself when you spoke to him initially? A: No, ma'am."). Plaintiff was not even certain that his case was filed as a class action. *Id*. at 61 ("Q: Do you understand that your lawsuit was filed as a class action? A: I may have - - I mean, I have heard the word class action, but I don't know."). Plaintiff is an Alabama resident who did not participate in the decision to file this action in Arkansas, and has no idea why this action was filed in Arkansas. *Id*. at 60 ("Q: Was it your decision to file the case in Arkansas? A: I think that was my lawyer's - - I left that to my lawyer. . . . Q: Do you have any idea why your attorney made the decision to file this case in Arkansas? A: No, ma'am."). Plaintiff was not even aware that he is represented in this action by any Arkansas attorneys. *Id*. at 56 ("Q: Do you have any other attorneys representing you in this case besides Mr. Hutsler and Mr. Tomlinson? A: No, ma'am. Q: Are you aware of any attorneys in Arkansas who are representing you? A: No, ma'am. Q: Have you ever spoken to any attorneys in Arkansas? A: No, ma'am."). Plaintiff also

affirmatively expressed his desire *not* to personally participate in any proceedings in this Court. *Id*. at 64 ("Q: Are you planning to travel to Arkansas at all to participate in this case? A: I hope not. I'm not planning, no ma'am.").[13]

One of the central purposes behind Rule 23(a)'s adequacy requirement is to prevent situations in which the named plaintiffs are "simply lending their names to a suit controlled entirely by the class attorney." 7A Charles A. Wright et al., *Federal Practice and Procedure* § 1766 (3d ed. 1998); *see Kelley v. Mid-America Racing Stables, Inc.*, 139 F.R.D. 405, 409 (W.D. Okla. 1990) ("Class certification has thus been properly denied when 'the class representatives had so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys.'") (citation omitted). In addition to the conflict and other adequacy issues identified above, plaintiff's testimony demonstrates that he has turned control of this action entirely over to a group of attorneys, and he cannot adequately represent a class. Thus, the amendment now sought would be futile.

### 4. Plaintiff's Proposed Amendment Does Not Meet the Superiority Requirement of Rule 23(b)(3)

Even if plaintiff could serve as an adequate class representative in this case, which, as demonstrated above, he cannot, his proposed amendment would be futile because the class action device is not a superior method for adjudicating any claims of the *Runyan* opt-outs.[14] As the

---

[13] "A named plaintiff who lacks the desire to 'vigorously pursue' the interests of potential class members is not a fair and adequate representative of the class." *In re In re Milk Prods.*, 195 F.3d at 437 (affirming decision that plaintiff was not an adequate class representative where she testified that she did not seek to represent the interests of the entire class).

[14] Although plaintiff's Substituted Motion alleges "upon information and belief" that his proposed class of *Runyan* opt-outs exceeds 1,000 members, the Circuit Court in *Runyan* expressly found that the Settlement Administrator received approximately 476 timely forms
*(footnote continued on next page)*

Eighth Circuit has made abundantly clear, class action plaintiffs seeking to certify a class for monetary damages "must meet all requirements of Rule 23(a) and fall within one of the categories of Rule 23(b) to certify their . . . claims as a class action." (citation omitted). *Blades v. Monsanto*, 400 F.3d 562, 568-69 (8th Cir. 2005). Rule 23(b)(3)'s "superiority" requirement mandates that a class action must be "better than, and not merely as good as, other methods of adjudication." *See* 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.46[1] (3d ed. 1997) (collecting cases). In this case, plaintiff cannot demonstrate that the class action device is superior to allowing individuals to control their individual claims.[15]

Each individual who opted out of the *Runyan* Settlement has already expressed a willingness to take action on their own behalf to preserve their own, individualized interests. *See, e.g.*, *Harper v. Trans Union, LLC.*, 2006 WL 3762035, at *10 (E.D. Pa. Dec. 20, 2006) ("[T]he policy rationale behind plaintiff's argument is eroded by the independent decision of each putative class member to opt-out of class treatment . . . . In other words, plaintiffs,

---

requesting exclusion. *See* Docket #24-3 (*Runyan* Findings of Fact and Conclusions of Law with Regard to Proposed Class Action Settlement, p. 21 ¶ 6); Docket #24-19 (Affidavit of Robert Oseas ¶ 14). The *Runyan* Findings were filed with Transamerica's Motion to Dismiss the Class Allegations in this case. Docket #24. There is no reason why plaintiff needed to allege the number of *Runyan* opt-outs "upon information and belief" and his failure to complete the simple task of reviewing the *Runyan* Findings to make a well-founded allegation is further evidence of his inadequacy to serve as a representative of any class.

[15] Because plaintiff cancelled his Policy in October 2010, plaintiff lacks standing to pursue injunctive or declaratory relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("[a]bsent a sufficient likelihood that he will again be wronged in a similar way," the plaintiff did not have standing to pursue injunctive relief); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (plaintiff did "not have standing to seek declaratory relief" where he was no longer subject to conditions at issue). Plaintiff therefore cannot represent a Rule 23(b)(2) class seeking injunctive and declaratory relief. *See, e.g.*, *Elizabeth M. v. Montenez*, 458 F.3d 779, 784-85 (8th Cir. 2006) (former patients lacked standing to pursue injunctive relief and therefore could not represent a class seeking declaratory and injunctive relief); *In re Milk Prods.*, 195 F.3d at 437 (plaintiff that was no longer subject to the conduct at issue lacked standing for injunctive relief and was not adequate class representative). Amendment of plaintiff's complaint to assert a Rule 23(b)(2) class in this case would be futile.

possessed of the opportunity to take advantage of class treatment, expressly rejected it."); *In re Phillips Petroleum Sec. Litig.*, 109 F.R.D. 602, 609 (D. Del. 1986) (observing that "a class member's decision to opt out of one class action" may be seen as "a decision to forsake the class-action vehicle entirely in favor of individual litigation"). Many *Runyan* opt-outs have no dispute with Transamerica.[16] Moreover, the claims of any *Runyan* opt-outs who <u>do</u> have a dispute with Transamerica are not "negative value" claims where the costs of litigation would so exceed any expected individual recovery that, absent a class action, injured class members would be without a remedy. *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 748 (5th Cir. 1996) (explaining the "most compelling rationale for finding superiority" in a class action exists in the so-called "negative value suit"). Here, any policyholder who has a genuine dispute with Transamerica over insurance benefits is perfectly capable of filing an individual action.[17] Indeed, most states provide a statutory right to attorneys' fees and costs in an individual action for breach of an insurance contract. *See, e.g.*, Ark. Code § 23-79-208. Hall cannot demonstrate that his proposed class action represents a superior method for adjudicating the claims of any *Runyan* opt-outs and

---

[16] Class members exclude themselves from class action litigation for many reasons, including when they have no disagreement with the class action defendant or do not want to be involved in any lawsuit. At a minimum, every *Runyan* class member who took the time to submit a timely request for exclusion clearly expressed a desire to control their own interests and destiny.

[17] The opt-out lawsuits that have already been filed and, in many cases, resolved, demonstrate that these are not negative value claims. *See, e.g.*, *Smith v. Life Investors Ins. Co. of Am.*, No. 2:07-cv-00681 (W.D. Pa.) (2 opt opts); *Lindley v. Life Investors Ins. Co. of Am.*, No. 4:08-cv-00379 (N.D. Okla.) (1 opt out); *Gooch v. Life Investors Ins. Co. of Am.*, No. 1:07-cv-00016 (M.D. Tenn.) (1 opt out); *Clark v. Transamerica Life Ins. Co.*, No. 4:09-cv-00877 (E.D. Ark.) (1 opt out); *Lucas v. Transamerica Life Ins. Co.*, No. 5:10-cv-00076 (E.D. Ky.) (3 opt outs); *Wright v. Life Investors Ins. Co. of Am.*, No. 2:08-cv-00003 (N.D. Miss.) (3 opt outs). Transamerica estimates that approximately 50 *Runyan* opt-outs known to Transamerica have hired counsel and have either pursued individual litigation or successfully resolved any dispute they had with Transamerica without litigation.

for this additional reason his proposed amendment would be futile.[18]

## CONCLUSION

For the reasons set forth above, Transamerica respectfully requests that the Court enter an Order denying plaintiff's Substituted Motion.

Dated: August 15, 2011.

Respectfully submitted,

/s/ Markham R. Leventhal

| | |
|---|---|
| John K. Baker, Esq., Ark. Bar No. 97024 | Markham R. Leventhal, Esq. |
| **MITCHELL, WILLIAMS, SELIG,** | Farrokh Jhabvala, Esq. |
| **GATES & WOODYARD, P.L.L.C.** | Julianna Thomas McCabe |
| 425 West Capitol Avenue, Suite 1800 | **JORDEN BURT LLP** |
| Little Rock, Arkansas 72201 | 777 Brickell Avenue, Suite 500 |
| Telephone: (501) 688-8800 | Miami, Florida 33131 |
| Facsimile: (501) 918-7850 | Telephone: (305) 371-2600 |
| jbaker@mwlaw.com | Facsimile: (305) 372-9928 |
| | ml@jordenusa.com |
| | fj@jordenusa.com |
| | jt@jordenusa.com |

*Attorneys for Defendant Transamerica Life Insurance Company*

---

[18] There are many other problems that would prevent certification of Hall's proposed class, including Hall's lack of standing to pursue claims on behalf of the "sub-classes" defined in his Complaint, other problems with Hall's class definitions, the application of many different state laws, and Hall's inability to establish commonality, typicality, predominance, cohesiveness, and manageability. A complete discussion of the defects in the proposed class is beyond the scope of this filing. Defendants reserve their right to assert additional defenses to class certification if necessary.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*

/s/  Markham R. Leventhal