IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT W. HALL**                                                                                          **PLAINTIFF**

v.                               Case No. 4:11-CV-00086-BSM

**EQUITY NATIONAL LIFE INSURANCE**
**COMPANY, et al.**                                                                                     **DEFENDANTS**

TRANSAMERICA LIFE INSURANCE COMPANY'S
MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927

Pursuant to 28 U.S.C. § 1927, Defendant Transamerica Life Insurance Company ("Transamerica") hereby respectfully moves for an Order awarding it attorneys' fees and costs incurred as a result of "Plaintiff's Motion for Leave to File Amended Complaint with Class Allegations" (Docket # 154) and supporting memorandum of law (Docket # 155) (collectively, the "Motion to Renew Class Allegations") and in support of its motion, states the following:

1. Section 1927 authorizes imposition of sanctions on an attorney who unreasonably and vexatiously multiplies the proceedings in any federal case. *See, e.g.*, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 723-24 (8th Cir. 2008). "Sanctions are proper under § 1927 'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001).

2. As detailed fully in the supporting Memorandum of Law filed contemporaneously with this motion, which Memorandum of Law is fully incorporated herein, plaintiff's Motion to Renew Class Allegations was legally frivolous, untimely, prejudicial, and unreasonably and

vexatiously multiplied the proceedings in this action causing substantial additional and unwarranted expense to Transamerica.

3. Plaintiff's request to "renew the class action allegations included in his original complaint," was objectively frivolous, as was his alleged justification that Judge Holmes' July 9, 2010 decision was "not with prejudice." *See* Plaintiff's Memorandum in Support of Motion for Leave to File Amended Complaint with Class Action Allegations at 1-2 (Docket # 155). In fact, Judge Holmes' decision unequivocally held that plaintiff's class allegations in the original complaint were "barred." *See Hall v. Equity Nat'l Ins. Co.*, 730 F. Supp. 2d 936, 946 (E.D. Ark. 2010) ("Because of the Full Faith and Credit Act, *res judicata*, and collateral estoppel, Hall's class allegations are barred by [the *Runyan* judgment]. Hall, of course, may proceed on his individual claim against the defendants.").

4. Plaintiff's Motion to Renew Class Allegations violated the legal standard imposed by Section 1927, and Transamerica is, therefore, entitled to recover its costs, expenses, and attorneys' fees reasonably incurred because of the Motion to Renew Class Allegations, including fees incurred in preparing this motion. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010) (holding that the costs, expenses, and attorneys' fees incurred in pursuing a sanctions award may also be recovered under 28 U.S.C. § 1927).

5. This motion is directed only at plaintiff's counsel, N. Albert Bacharach, Jr., because he was the only attorney who signed plaintiff's Motion to Renew Class Allegations. *See* 28 U.S.C. § 1927 (providing for sanctions against an "attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . .").

WHEREFORE, pursuant to 28 U.S.C. § 1927, Transamerica respectfully requests that the Court enter an Order (i) granting this motion and holding that Transamerica is entitled to its costs, expenses, and attorneys' fees reasonably incurred because of plaintiff's Motion to Renew Class Allegations, including the fees incurred in preparing this motion; (ii) granting Transamerica 10 days from its entry within which to file an affidavit detailing the amount of fees requested in this motion; (iii) providing for such further proceedings as the Court deems necessary to determine the amount of the award; and (iv) providing such other relief that the Court deems just and equitable.

|  |  |
|---|---|
| Markham R. Leventhal, Esq.<br>Farrokh Jhabvala, Esq.<br>Julianna Thomas McCabe<br>**JORDEN BURT LLP**<br>777 Brickell Avenue, Suite 500<br>Miami, Florida  33131<br>Telephone:  (305) 371-2600<br>Facsimile:  (305) 372-9928<br>ml@jordenusa.com<br>fj@jordenusa.com<br>jt@jordenusa.com | */s/  John Keeling Baker*<br>John K. Baker, Esq., Ark. Bar No. 97024<br>**MITCHELL, WILLIAMS, SELIG,**<br>  **GATES & WOODYARD, P.L.L.C.**<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas  72201<br>Telephone:  (501) 688-8800<br>Facsimile:  (501) 688-8807<br>jbaker@mwlaw.com<br><br>*Attorneys for Defendant Transamerica Life Insurance Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*

/s/  John K. Baker