IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT W. HALL**                                                                                         **PLAINTIFF**

v.                              Case No. 4:11-CV-00086-BSM

**EQUITY NATIONAL LIFE INSURANCE**
**COMPANY, et al.**                                                                                        **DEFENDANTS**

MEMORANDUM OF LAW IN SUPPORT OF
TRANSAMERICA'S MOTION FOR ATTORNEYS'
FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927

Pursuant to 28 U.S.C. § 1927, Defendant Transamerica Life Insurance Company ("Transamerica") hereby moves for an Order awarding it attorneys' fees and costs incurred as a result of "Plaintiff's Motion for Leave to File Amended Complaint with Class Allegations" (Docket # 154) and supporting memorandum of law (Docket # 155) (collectively, the "Motion to Renew Class Allegations" or "Motion").

**INTRODUCTION**

On June 10, 2011, plaintiff filed his wholly unjustifiable Motion to Renew Class Allegations which sought reversal of Judge Holmes' published opinion in *Hall v. Equity Nat'l Ins. Co.*, 730 F. Supp. 2d 936, 945-46 (E.D. Ark. 2010), and argued that plaintiff "should be permitted to renew the class action allegations included in his original complaint."[1] After Transamerica expended substantial time and resources responding to this Motion to Renew Class Allegations, plaintiff withdrew his Motion and substituted an entirely different (but equally

---

[1] Plaintiff's Memorandum in Support of Motion for Leave to File Amended Complaint with Class Action Allegations at 1 (Docket # 155) (hereinafter cited as "Pl. Mem.").

frivolous) motion.[2]   Because the Motion unreasonably and vexatiously multiplied the proceedings in this action, causing substantial additional and unwarranted expense to Transamerica, and because this Motion violated the legal standard imposed by Section 1927, Transamerica has moved to recover its expenses and attorneys' fees reasonably incurred because of plaintiff's Motion, including fees incurred in preparing this motion.[3]   This motion is directed only at plaintiff's counsel, N. Albert Bacharach, Jr., because he was the only attorney who signed plaintiff's Motion to Renew Class Allegations.[4]

## FACTS AND PROCEDURAL HISTORY

In June of 2009, plaintiff "opted out" of a Class Action Settlement (the "Settlement") pending in the Circuit Court of Pulaski County in *Runyan v. Transamerica Life Insurance Company*, Case No. CV-09-2066-3 (Ark. Circuit Ct., Pulaski County) (the "*Runyan* action"). Instead of pursuing his claims in an individual case, however, plaintiff essentially duplicated the class action allegations in the *Runyan* action and filed a "copycat" class action in this Court on November 3, 2009. At the same time plaintiff began pursuing his copycat class action in this

---

[2] On July 27, 2011 plaintiff filed a "Substituted Motion for Leave to File Revised Amended Complaint with Class Action Allegations" (Docket #173) (the "Substituted Motion"). Transamerica has incurred additional expense responding separately to this Substituted Motion.

[3] *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010) (holding that the costs, expenses, and attorneys' fees incurred in pursuing a sanctions award may also be recovered under 28 U.S.C. § 1927).

[4] Section 1927 does not impose liability on the client. It applies to "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . ."). 28 U.S.C. § 1927. References in this memorandum to "plaintiff's counsel" refer to Mr. Bacharach.

Court, his counsel was objecting to the *Runyan* Settlement in state court, and taking action in other courts to interfere with and derail the Settlement.[5]

On December 21, 2009, the Pulaski County Circuit Court entered a Final Order and Judgment ("Final Judgment") approving the Class Action Settlement in the *Runyan* action and dismissing with prejudice the claims of the Settlement Class members.[6] The Final Judgment also contained a comprehensive release of all claims relating to the cancer insurance policies owned by Settlement Class members. Pursuant to the doctrine of *res judicata*, the Final Judgment had the effect of extinguishing the claims of all members of the Settlement Class in *Runyan* and the duplicative class alleged in this case.

On April 13, 2010, Transamerica filed in this case its Motion to Deny Class Certification and Eliminate Plaintiff's Class Allegations (Docket #24) (the "Motion to Strike Class Allegations"). On July 9, 2010, after extensive briefing, this Court granted Transamerica's motion, holding that "[b]ecause of the Full Faith and Credit Act, *res judicata*, and collateral estoppel, **Hall's class allegations are barred** by the Pulaski County Circuit Court's judgment in *Edison Runyan et al. v. Transamerica Life Ins. Co. et al.*, Case No. 09-2006-3." *Hall*, 730 F.

---

[5] Plaintiff's counsel represented Daniel Crager, an objector in the *Runyan* Settlement proceedings. In addition, "[t]wo days after Hall filed his complaint, his attorney also filed a series of motions in the *Pipes* litigation [that was pending but stayed before Judge Susan Webber Wright] . . . . Crager filed a motion to intervene, emergency motion for injunctive relief, and motion for expedited hearing," all of which were denied by Judge Wright. *Hall*, 730 F. Supp. 2d at 941; *see also Hunter v. Runyan*, 2011 Ark. 43, at 5, 2011 WL 478594 (Ark. Feb. 9, 2011) (affirming *Runyan* Settlement and noting that "counsel for other plaintiffs in competing class actions pending in other jurisdictions had filed requests to enjoin or otherwise delay the settlement or the final fairness hearing in this case") (a copy of *Hunter v. Runyan* is in the record at Docket #172-1).

[6] An authenticated copy of the *Runyan* court's Final Judgment (Docket # 24-2) and its Findings of Fact and Conclusions of Law ("Findings") (Docket # 24-3) were previously filed in the record.

Supp. 2d at 946 (emphasis added). The Court also held that, because plaintiff opted out of the *Runyan* Settlement, he "has no standing to object to the *Runyan* settlement or appeal the *Runyan* judgment." *Id.* at 944 n.6. The Court specifically directed that this case would proceed as an individual action. *Id.* at 946 ("Hall, of course, may proceed *on his individual claim* against the defendants.") (emphasis added).

On July 19, 2010, plaintiff filed a Motion for Reconsideration of the Court's July 9 Order barring his class allegations. Docket # 46. After additional briefing, on August 3, 2010, this Court denied plaintiff's Motion for Reconsideration. *See* Order, Docket #53. On August 17, 2010, plaintiff filed with the Eighth Circuit a petition for permission to appeal the Court's July 9 Order. Docket #54. On September 7, 2010, the Eighth Circuit denied plaintiff's petition for permission to appeal the July 9 Order dismissing the class action claims in this case. Docket # 55.

On February 9, 2011, the Supreme Court of Arkansas handed down its decision in *Hunter v. Runyan*, in which the Court addressed the appeals filed in the *Runyan* Settlement action, including an appeal filed by plaintiff's counsel on behalf of Daniel Crager, another Settlement Class Member. The Court rejected the appeals and affirmed the circuit court. *See Hunter v. Runyan*, 2011 Ark. 43, at 2 ("We find no error in the circuit court's orders and affirm."). After the state supreme court's decision, it was undeniable that the *Runyan* Final Judgment was fully enforceable under Arkansas law, and that Judge Holmes' decision dismissing the copycat class allegations based on *res judicata* and full faith and credit was entirely correct. *See, e.g.*, *Gough v. Transamerica Life Ins. Co.*, 2011 WL 995948, at *10 (W.D. Ky. Mar. 17, 2011) ("Considering the Arkansas Supreme Court's review of the *Runyan* final judgment, there can be no question

4

that Arkansas will fully enforce the judgment. Accordingly, the Court must give full faith and credit to the *Runyan* final judgment.").

Following the July 9 Order, Judge Holmes entered an Amended Final Scheduling Order, setting this action for trial on plaintiff's individual claims. Docket #51. The Amended Final Scheduling Order established numerous deadlines, including a deadline for amending the pleadings (November 30, 2010), a discovery deadline (December 16, 2010), and a deadline for all motions, except motions in limine (December 30, 2010). *See* Amended Final Scheduling Order at 1 (Docket #51).

On December 21, 2010, after the expiration of the Court's thirteen month discovery period, Transamerica filed its Summary Judgment Motion and supporting Memorandum. Docket ##76-77. After multiple extensions, on February 15, 2011, plaintiff responded to Transamerica's Summary Judgment Motion and filed a cross-motion for summary judgment on his individual claims. Docket ##105, 106. As of March 23, 2011, both parties' summary judgment motions were fully briefed.[7] Nearly three months later, on June 10, 2011, plaintiff inexplicably filed his Motion to Renew Class Allegations.

On July 21, 2011, Transamerica filed its response to plaintiff's Motion to Renew Class Allegations, establishing that plaintiff's motion was procedurally frivolous, legally unsupportable, and unreasonably and vexatiously multiplied the proceedings and costs in this action. *See* Docket #172. Six days later, plaintiff withdrew his Motion to Renew Class

---

[7] Plaintiff's Complaint alleged that one surgery and one anesthesia claim were underpaid. Complaint ¶ 42. Transamerica paid benefits of $1,854.58 for these claims. *See* Transamerica Life Insurance Company's Memorandum of Law in Support of its Motion for Summary Judgment at 4 (Docket #77). Plaintiff contends, however, that he should have been paid $1,700.00 for the surgery plus $425.00 for the anesthesia, for a combined total of $2,125.00. Complaint ¶ 42. Thus, the total amount in dispute in this action is $270.42.

5

Allegations and filed a "Substituted Motion for Leave to File Revised Amended Complaint with Class Allegations" (Docket #173) ("Substituted Motion"). The Substituted Motion seeks different but equally inappropriate relief.[8]

There is no question that plaintiff's Motion vexatiously and unreasonably multiplied these proceedings as defined under 28 U.S.C. § 1927, intentionally and without justification. Accordingly, Transamerica requests that the Court enter an order awarding its attorneys' fees, costs, and expenses incurred in responding to plaintiff's Motion.

## ARGUMENT

I. TRANSAMERICA IS ENTITLED TO ATTORNEYS' FEES AND EXPENSES FOR PLAINTIFF'S MOTION UNDER THE LEGAL STANDARD SET FORTH IN 28 U.S.C. § 1927

Section 1927 authorizes imposition of sanctions on an attorney who unreasonably and vexatiously multiplies the proceedings in any federal case. *See, e.g.*, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 723-24 (8th Cir. 2008). The statute provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927; *Clark v. United Parcel Serv.*, 460 F.3d 1004, 1011 (8th Cir. 2006) ("A court may require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct 'multiplies the proceedings in any case unreasonably and vexatiously.'"). "Sanctions are proper under § 1927 'when attorney conduct, viewed objectively,

---

[8] Transamerica was forced to incur additional unwarranted expense responding to this Substituted Motion. Transamerica filed a separate response to the Substituted Motion on August 15, 2011. Docket # 179. The fees and costs incurred in connection with the Substituted Motion are not part of this motion.

manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001). Eighth Circuit precedent is clear that Section 1927 does not require a showing of subjective bad faith in order to impose an award of sanctions. *See Clark*, 460 F.3d at 1011. Section 1927 sanctions are appropriate when an attorney vexatiously multiplies the proceedings with legally unsupportable filings. *See, e.g., Sherman*, 532 F.3d at 723-24; *Innovative Med. Sys., Inc. v. Augustine Med., Inc.*, 2007 WL 3121033, at *5 (D. Minn. Oct. 23, 2007) (awarding 28 U.S.C. § 1927 sanctions where counsel attempted to re-assert dismissed claims but "put forth no legal authority to support their position" that the claims were not barred); *Chalfy v. Turoff*, 804 F.2d 20, 23 (2d Cir. 1986) (28 U.S.C. § 1927 award proper where counsel's position "lacked any support in law or the record" and counsel "did not attempt seriously to weigh the merits of their various claims under" controlling precedents); *Mitchell v. Nat'l Mgmt. Serv., Inc.*, 12 F.3d 1105, 1993 WL 478892, at *1 (9th Cir. 1993) (affirming 28 U.S.C. § 1927 sanctions where arguments were "unsupported by legal authority . . . [and] misstated the law").

II. PLAINTIFF'S MOTION TO RENEW CLASS ALLEGATIONS WAS VEXATIOUS, OBJECTIVELY FRIVOLOUS, AND VIOLATED 28 U.S.C. § 1927

Plaintiff's Motion to Renew Class Allegations was vexatious and legally frivolous for multiple reasons. First, the Motion was so untimely, prejudicial, and unsupportable under governing law that it could not possibly have been filed in good faith. The Motion was filed *over six months after* the Court's deadline for amending the pleadings had expired, six months *after* the discovery period had ended, five and one-half months *after* the deadline for all motions,

and months *after* both parties had filed and fully briefed motions for summary judgment.[9] Governing law holds that motions filed under such circumstances are untimely,[10] and those filed after a party has already moved for summary judgment are prejudicial as a matter of law.[11]

Second, plaintiff's Motion to Renew Class Allegations was his fourth "bite at the apple" and his *third* attempt to reconsider or reverse Judge Holmes July 9, 2010 decision.[12] An obvious

---

[9] Under the Court's Amended Final Scheduling Order, the deadline for amending the pleadings in this action expired on November 30, 2010; the discovery period closed on December 16, 2010; and the deadline for filing *all* motions, except motions in limine expired on December 30, 2010. *See* Amended Final Scheduling Order ¶¶ 2, 3, 5 (Docket #51). The Court's Order states that "Motions submitted after the deadline may be denied solely on that ground." *Id.* ¶ 5. The Motion to Renew Class Allegations was not filed until June 10, 2011. Docket #154.

[10] *See*, *e.g.*, *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844-45 (8th Cir. 2003) (affirming district court's denial of leave to amend where the motion for leave to amend "was filed after discovery had closed and the City had moved for summary judgment on the pleaded theories") (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224-25 (8th Cir. 1994) (no abuse of discretion in denying motion for leave to amend filed 14 months after filing of original complaint and six days after the discovery period ended)); *Floyd v. State of Mo. Dept. of Soc. Servs., Div. of Family Servs.*, 188 F.3d 932, 939 (8th Cir. 1999) (affirming denial of plaintiff's motion for leave to amend filed after defendants' motion for summary judgment); *Martin v. Agric. Productivity*, 2009 WL 2870613, *5 (E.D. Ark. Sept. 3, 2009) (denying motion for leave to amend where, as here, "Plaintiff has waited until the amendment, the discovery, and the dispositive motion deadlines have passed" and until after the defendant filed a motion for summary judgment).

[11] *See*, *e.g.*, *Sexton v. Hutton*, 2008 WL 621077, *4 (E.D. Ark. Mar. 4, 2008) (addressing motion to amend filed by plaintiffs in connection with their response to defendants' summary judgment motion and stating: "Under these circumstances, the Court should adopt the rationale adopted by those other circuits which have confronted similar situations and conclude that to permit these Plaintiffs to amend their complaint at this stage would unduly prejudice the Defendants. 'To grant [Plaintiff] leave to amend is potentially to undermine [Defendants'] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint.... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.'" (citations omitted)).

[12] Plaintiff's first bite at the apple was his briefing in connection with the original motion to deny class certification and to eliminate the class allegations from this case. Plaintiff filed his first Motion for Reconsideration on July 19, 2010. Docket #46. The Court denied this motion on August 3, 2010. Docket #53. Next, on August 17, 2010, plaintiff filed with the Eighth
*(footnote continued on next page)*

consequence of the Motion was that it would harass and cause a needless increase in the costs of this litigation. As purported justification, the Motion mischaracterized Judge Holmes' July 9, 2010 decision as "not with prejudice" (Pl. Mem. at 2), when in fact the decision held plaintiff's class allegations were "barred" by *res judicata* and the Full Faith and Credit Act, and the decision was clearly intended as a final order on the issue whether plaintiff could pursue class allegations in this case. *See Hall*, 730 F. Supp. 2d at 946 ("Because of the Full Faith and Credit Act, *res judicata*, and collateral estoppel, Hall's class allegations *are barred* by [the *Runyan* judgment]. Hall, of course, *may proceed on his individual claim* against the defendants.") (emphasis added).

Third, a motion for leave to amend filed out of time under a court's Rule 16 scheduling order requires a showing of "good cause" and "diligence," but the Motion failed completely to acknowledge the applicable legal standard and presented nothing to meet the standard. *See Davis v. City of St. John*, 182 F. App'x 626, 627 (8th Cir. 2006) ("We have held that a district court may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under the court's Rule 16 pretrial scheduling order. The primary measure of whether good cause exists is the moving party's diligence ....") (citations omitted); *see also Sherman,* 532 F.3d at 716. The Motion lacked any basis to establish good cause or due diligence for the additional reason that it purported to be based on a decision by a South Carolina district court that was decided on January 21, 2011, nearly *five months before* the Motion was

---

Circuit a petition for permission to appeal the Court's July 9, 2010 decision. Docket #54. The Eighth Circuit denied this petition on September 7, 2010. Docket #55.

9

filed.[13] The Motion mischaracterized this South Carolina order as a "recent opinion." *See* Pl. Mem. at 1.

Plaintiff's Motion to Renew Class Allegations was also legally unsupportable in that it relied on the erroneous January 21 South Carolina opinion in *Hege* that had been effectively overruled by the Arkansas Supreme Court's subsequent decision in *Hunter v. Runyan*, 2011 Ark. 43.[14] The Motion argued that *Hege* established that the *Runyan* Final Judgment "is not entitled to full faith and credit, nor preclusive effect, and Hall should be permitted to renew the class action allegations included in his original complaint." Pl. Mem. at 1. At the time the Motion was filed, however, the Arkansas Supreme Court had already rejected the arguments, adopted by *Hege*, that the *Runyan* court lacked "subject matter jurisdiction" and there was no "adversity" between the parties in *Runyan*.[15] Yet plaintiff continued to assert these same arguments in his Motion, requiring Transamerica to incur unwarranted costs and expenses in response. *Compare Schepers v. Babson-Smith*, 2008 WL 246086, at *6-7 (D. Minn. Jan. 28, 2008) (awarding 28

---

[13] *See Hege v. AEGON USA, LLC*, 2011 WL 206318 (D.S.C. Jan. 21, 2011) ("*Hege*").

[14] The Motion is untimely and plaintiff lacks diligence for the additional reason that the arguments on which *Hege* was based could have been raised to this Court even before *Hege* was decided, but plaintiff failed to raise those arguments in a timely manner.

[15] For example, plaintiff argued that "*Runyan* was not based on proper jurisdiction, nor was it contested in good faith" (Pl. Mem. at 11), despite that the Arkansas Supreme Court had definitively resolved these issues. *See Hunter v. Runyan*, 2011 Ark. 43, at 13 (finding that "the record in this case demonstrates that the parties were adverse" and that "circuit court had jurisdiction of the subject matter in this case"). Plaintiff's argument was even more frivolous because Judge Holmes previously held that the *Runyan* Settlement was litigated in good faith. *See Hall*, 730 F. Supp. 2d at 944 (*Runyan* action "was fully contested in good faith"). Plaintiff also argued that "Arkansas law denies class members the right to appeal" (Pl. Mem. at 8), notwithstanding the Arkansas Supreme Court's rejection of this argument and its holding that settlement class members desiring to appeal need only move to intervene, and "the concerns raised about the settlement by an objector who has been denied intervention are concerns that will receive appellate review in the context of an appeal of the denial of the motion to intervene." *Hunter v. Runyan*, 2011 Ark. 43, at 23.

U.S.C. § 1927 fees because "there [wa]s little or no support for a claim in fact or law" and because counsel should have abandoned the suit in light of parallel state court decision); *Burda v. M. Ecker Co.*, 2 F.3d 769, 777-78 (7th Cir. 1993) (28 U.S.C. § 1927 award proper where counsel "ignored all of the cogent legal authority establishing that the suit was frivolous" and suit was filed to "bully" a settlement).

Plaintiff's argument was also legally frivolous because it was directly contrary to well established U.S. Supreme Court precedent holding that, under the Full Faith and Credit Act, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments *whenever the courts of the State from which the judgments emerged would do so*." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982) (emphasis added) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).  Given the Arkansas Supreme Court's review and approval of the *Runyan* proceedings, there could be no question that Arkansas courts will fully enforce the *Runyan* Final Judgment and afford it *res judicata* effect.  *Gough*, 2011 WL 995948, at *10 ("Considering the Arkansas Supreme Court's review of the *Runyan* final judgment, there can be no question that Arkansas will fully enforce the judgment.  Accordingly, the Court must give full faith and credit to the *Runyan* final judgment.").  The Motion also violated well established Supreme Court precedent by arguing that this Court could essentially reverse a state court's findings, for example findings that class counsel adequately represented the settlement class and that the class notice satisfied due process.[16]  *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*,

---

[16] *See*, *e.g.*, Final Judgment ¶7 (finding the eight named plaintiffs in *Runyan* were adequate class representatives); *id.* ¶6 (finding Class Counsel "are experienced in class action litigation and have fully and adequately represented the Plaintiffs and Class members in negotiating and implementing the Settlement and have satisfied the requirements of Ark. R. Civ. P. 23"); Findings at 14 ("The Court finds that the Parties are represented by experienced class action counsel who worked diligently negotiating the Settlement at arms' length in an adversarial
*(footnote continued on next page)*

398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions."); *Cleveland Surgi-Center, Inc. v. Jones*, 2 F.3d 686, 691 (6th Cir. 1993) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings. [Federal r]eview of such judgments may be had only in [the Supreme] Court.") (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Atl. Coast Line R.R.*, 398 U.S. at 286 (under the Constitution and Judiciary Act of 1789, lower federal courts "were not given any power to review directly cases from state courts, and they have not been given such powers since that time.").

Finally, the Motion attempted to re-litigate the preclusive effect of the *Runyan* Final Judgment despite this Court's prior holding that because plaintiff opted out of the *Runyan* Settlement, he "has no standing to object to the *Runyan* settlement or appeal the *Runyan* judgment." *Hall*, 730 F. Supp. 2d at 944 n.6 The Motion fails to even address plaintiff's lack of standing and cites no legal authority supporting standing. Plaintiff's untimely and legally unjustifiable attempt to relitigate claims for which he lacks standing is sanctionable under Section 1927. *See, e.g., Hughes v. Hoffman*, 750 F.2d 53, 55 (8th Cir. 1984) (awarding 28 U.S.C. § 1927 sanctions where counsel was "attempting to relitigate a matter which ha[d] been litigated and closed" and his position was "without merit and legally frivolous"); *Elsman v. Standard Fed. Bank*, 238 F. Supp. 2d 903, 909 (E.D. Mich. 2003) (awarding 28 U.S.C. § 1927 fees where counsel "simply sought to re-litigate issues already conclusively decided by the Michigan [state] courts, including the Michigan Supreme Court").

---

setting to ensure the Settlement Agreement was fair, reasonable, and adequate .... The Court finds further that the Settlement was negotiated in good faith and there was no collusion or 'reverse auction' of any kind ...."); *id.* at 58-61 (reviewing Class Counsel's work and approving reasonableness of attorneys' fee); *id.* at 19-21 (class notice fully satisfied the requirements of due process).

III. **LEGAL PRECEDENT SUPPORTS AN AWARD OF ATTORNEYS' FEES PURSUANT TO SECTION 1927 IN THIS CASE**

Plaintiff's unjustifiable Motion is precisely the type of conduct that 28 U.S.C. § 1927 was intended to deter. The Motion was objectively frivolous and directly multiplied these proceedings in a way that knowingly caused a needless increase in litigation costs. Given that the Motion sought to reinstate national class action allegations, counsel knew or should have known that such a motion would need to be taken seriously by the opposing party and would cause the opposing party to incur substantial litigation defense costs.

This case has been pending for more that a year and half and has over 150 docket entries. At the time plaintiff filed the Motion to Renew Class Allegations, all of the relevant pre-trial deadlines in this Court's Amended Final Scheduling Order had long since passed. *See supra* note 9; Amended Final Scheduling Order ¶¶ 2, 3, 5 (Docket #51). Both parties' summary judgment motions were fully briefed. Plaintiff's Motion, which was subsequently withdrawn six days after Transamerica responded, resulted in a tremendous waste of resources and substantial, unnecessary defense costs for Transamerica. Plaintiff's Motion vexatiously and unreasonably multiplied these proceedings in violation of Section 1927.

Numerous cases support an award of fees here. In *Sherman*, the Eighth Circuit affirmed an award of fees under Section 1927 resulting from an attorney's untimely motion to amend an answer several months after the deadline for amending the pleadings had expired. The Eighth Circuit reversed the district court's order granting leave to amend the pleadings because the defendant had not been diligent in pursuing the amendment and therefore could not show "good cause" as required by Rule 16. 532 F.3d at 717-18. The Eighth Circuit also affirmed an award of fees incurred as result of the untimely motion to amend: "[defendant's] untimely pleading of the preemption defense after the scheduling deadline without cause to do so, still caused the

13

[plaintiffs] to incur fees unnecessarily." *Id*. at 724.[17]  Similarly, here, plaintiff sought leave to amend to re-file dismissed class allegations months after the November 30, 2010 deadline for amending the pleadings, and like *Sherman*, plaintiff failed to demonstrate any "good cause" for his untimely Motion.  Plaintiff's unjustifiable attempt to re-plead class allegations that were barred by *res judicata* caused Transamerica to "incur fees unnecessarily."[18]  Under Eighth Circuit precedent, Transamerica is entitled to its attorney's fees, costs, and expenses pursuant to Section 1927.

In *Perkins v. General Motors Corp.*, 965 F.2d 597 (8th Cir. 1992), the Eighth Circuit affirmed an award of sanctions where "[r]ather than devoting her efforts to the just, speedy, and inexpensive determination of this case, plaintiff's counsel engaged in abusive litigation tactics that delayed the processing of the case and increased the expense for both parties and the judicial system."  *Id*. at 600 (citation omitted).  The Eighth Circuit cited multiple violations that supported sanctions under Section 1927, including the attorney "falsely stating" that "she did not discover until recently" certain facts that were cited as a basis for filing a motion to amend the complaint.  *Id*. at 601.  Similarly, here, plaintiff's Motion to Renew Class Allegations mischaracterized the *Hege* opinion as a "recent" development, when it was actually issued *five*

---

[17] The Eighth Circuit reversed a portion of the district court's award to the plaintiffs allocable to an expert whose testimony once again became useful to plaintiffs as a result of the Court's reversal of the order allowing leave to amend. *Id*. at 723.

[18] The fact that plaintiff withdrew his Motion to Renew Class Allegations six days after Transamerica filed its response further demonstrates that the Motion to Renew was unreasonable and vexatious. *See, e.g.*, *Lee*, 236 F.3d at 445 (affirming sanctions where plaintiffs' counsel "unreasonably and vexatiously multiplied the proceedings" by pursuing class claims "before abandoning the class claims without explanation").

months before plaintiff filed the Motion.[19] In addition, plaintiff argued that certain documents were "recently discovered" evidence, when in fact these documents had been produced by Transamerica in multiple other actions, in some instances *more than two and a half years ago*. Declaration of Irma Reboso Solares ¶4 (Docket #172-3). None of this could possibly meet the legal standard for "newly discovered evidence," which requires reasonable diligence, so plaintiff referred to the documents as "*recently* discovered evidence," a misleading and legally irrelevant term.[20] Plaintiff's attempt to justify the timing of his Motion was objectively frivolous, and sanctions under Section 1927 are appropriate.

The *Perkins* court further found that sanctions were warranted because the plaintiff filed an "untimely" motion to recuse which "contained no legal authority even *suggesting* that recusal was appropriate[,]" and because the motion was filed to delay the resolution of the case. *Perkins*, 965 F.2d at 601-602. Similarly, plaintiff's Motion to Renew Class Allegations failed to provide *any* legal authority suggesting that plaintiff could re-plead class allegations that were held barred by *res judicata*, or that he could reinstate class allegations after he had already moved for summary judgment on his individual claims. Indeed, plaintiff's Motion did not even cite the legal standard for amendment of the pleadings under Rules 15 or 16. Plaintiff's Motion was entirely void of legal merit and served only to obstruct the efficient and inexpensive resolution of this action.

---

[19] The *Hege* opinion was issued on January 21, 2011. *See Hege v. AEGON USA, LLC*, 2011 WL 206318 (D.S.C. Jan. 21, 2011).

[20] If any of these documents were "recently discovered" by plaintiff, the only possible explanation would be plaintiff's failure to engage in any affirmative discovery during the thirteen month discovery period established by Judge Holmes. This utter lack of diligence disqualifies plaintiff from claiming "newly discovered evidence." *See Griffin v. Fed. Deposit Ins. Corp.*, 831 F.2d 799, 802 (8th Cir. 1987) (newly discovered evidence requires that "the movant used due diligence to discover the evidence").

In *Kansas Public Employees Retirement System v. Reimer & Kroger Assoc.*, 165 F.3d 627 (8th Cir. 1999), the plaintiff received an unfavorable ruling in the district court and shortly thereafter filed an action in state court against several of the same defendants in order to obtain a favorable ruling on the same issue. The defendants filed a motion to enjoin the state court action and a motion for sanctions under Section 1927, both of which were granted. The Eighth Circuit affirmed the Section 1927 award, explaining that, viewed objectively, plaintiff's attempt to re-litigate the unfavorable ruling in state court was unreasonable and in bad faith. *Id*. at 629. Further, the Eighth Circuit explained: "by filing the [state] case, [plaintiff] unreasonably and vexatiously delayed the processing of this case. Filing the [state] case distracted both the other parties in this case and the court from our efforts to resolve the issues in this case in an efficient and expeditious manner." *Id*. at 630.

Here, plaintiff has engaged in the same type of unreasonable and vexatious conduct by attempting to re-litigate the class action issues decided in Judge Holmes' July 9, 2010 Order for the *fourth* time without any legitimate basis. *See supra* note 12. Plaintiff's Motion to Renew Class Allegations was effectively a third attempt at reconsideration. Plaintiff's repeated briefing of claims extinguished by *res judicata* "unreasonably increase[ed] the expense of the defense of this case." *Kansas Pub. Emps.*, 165 F.3d at 630. Moreover, plaintiff's Motion has further distracted from resolving this case and the pending summary judgment motions in "an efficient and expeditious manner." *Id*.

There is no question that plaintiff's counsel unreasonably and vexatiously multiplied the proceedings in this action causing Transamerica substantial and unwarranted litigation expense. Plaintiff's counsel knew or reasonably should have known that his Motion to Renew Class Allegations was frivolous, and plaintiff's counsel knew or reasonably should have known that

the Motion would needlessly obstruct the efficient resolution of this $300 breach of contract case in which summary judgment had been fully briefed. Counsel's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Lee*, 236 F.3d at 445. Pursuant to 28 U.S.C. § 1927, the Court should award Transamerica its reasonable attorneys' fees and expenses incurred as a result of plaintiff's Motion to Renew Class Allegations. *See, e.g., Sherman*, 532 F.3d at 724.

## CONCLUSION

For the reasons set forth above, Transamerica respectfully requests that the Court enter an Order (i) granting this motion and holding that Transamerica is entitled to its costs, expenses, and attorneys' fees reasonably incurred because of plaintiff's Motion to Renew Class Allegations, including the fees incurred in preparing this motion; (ii) granting Transamerica 10 days from its entry within which to file an affidavit detailing the amount of fees requested in this motion; (iii) providing for such further proceedings as the Court deems necessary to determine the amount of the award; and (iv) providing such other relief that the Court deems just and equitable.

Respectfully submitted,

| | |
|---|---|
| Markham R. Leventhal, Esq. | */s/ John Keeling Baker* |
| Farrokh Jhabvala, Esq. | John K. Baker, Esq., Ark. Bar No. 97024 |
| Julianna Thomas McCabe | **MITCHELL, WILLIAMS, SELIG,** |
| **JORDEN BURT LLP** | **GATES & WOODYARD, P.L.L.C.** |
| 777 Brickell Avenue, Suite 500 | 425 West Capitol Avenue, Suite 1800 |
| Miami, Florida  33131 | Little Rock, Arkansas  72201 |
| Telephone:  (305) 371-2600 | Telephone:  (501) 688-8800 |
| Facsimile:  (305) 372-9928 | Facsimile:  (501) 688-8807 |
| ml@jordenusa.com | jbaker@mwlaw.com |
| fj@jordenusa.com | |
| jt@jordenusa.com | *Attorneys for Defendant Transamerica Life Insurance Company* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*

/s/  John K. Baker