IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT W. HALL**                                                                          **PLAINTIFF**

v.                            Case No. 4:11-CV-00086-BSM

**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                                **DEFENDANTS**

**TRANSAMERICA LIFE INSURANCE COMPANY'S
REPLY IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927**

Transamerica Life Insurance Company ("Transamerica") submits this reply memorandum in further support of its Motion for Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 (Docket #182)[1] and in response to plaintiff's Opposition to Transamerica's Motion for Attorneys' Fees and Costs (Docket #186) (the "Response").

**REPLY**

**I. PLAINTIFF DOES NOT DISPUTE THAT HIS MOTION TO RENEW CLASS ALLEGATIONS WAS VEXATIOUS, FRIVOLOUS, AND UNREASONABLE**

Transamerica's Motion for Fees established that plaintiff's Motion for Leave to File Amended Class Action Complaint with Class Allegations (Docket #154) and supporting Memorandum of Law (Docket #155) (collectively, the "Motion to Renew Class Allegations") vexatiously and unreasonably multiplied these proceedings as defined under 28 U.S.C. § 1927, intentionally and without justification. Transamerica's Motion for Fees demonstrated that:

---

[1] Transamerica's Motion and supporting Memorandum of Law (Docket #183) are referenced herein as the "Motion for Fees."

- Plaintiff's Motion to Renew Class Allegations was an improper *fourth* attempt to litigate the preclusive effect of the *Runyan* Final Judgment and *third* attempt to reverse Judge Holmes' July 9, 2010 Order in *Hall v. Equity Nat'l Ins. Co.*, 730 F. Supp. 2d 936 (E.D. Ark. 2010), which had dismissed all class allegations in this case;

- Plaintiff's argument in the Motion to Renew Class Allegations that Judge Holmes' July 9 Order was "not with prejudice" was wholly unsupportable given Judge Holmes' unequivocally holding that plaintiff's class allegations were "barred" by *res judicata* and the Full Faith and Credit Act (*Id*. at 944);

- Plaintiff's Motion to Renew Class Allegations ignored the Court's prior holding that because plaintiff opted out of the *Runyan* Settlement, he had "no standing to object to the *Runyan* settlement or appeal the *Runyan* judgment" (*Id*. at 944 n.6);

- Plaintiff's Motion to Renew Class Allegations argued the erroneous position that a South Carolina district court order was controlling over the Arkansas Supreme Court's decision affirming the *Runyan* final judgment in *Hunter v. Runyan*, 2011 Ark. 43 (2011); and

- Plaintiff's Motion to Renew Class Allegations was improperly filed without leave, months after the prior deadline for amending the pleadings had passed and after both parties had fully briefed summary judgment on plaintiff's individual claims.

*See* Motion for Fees at 7-12.

Plaintiff's Response does not dispute these facts and makes no serious effort to defend the Motion to Renew Class Allegations. Instead, plaintiff confuses the "safe harbor" provisions of Rule 11 with the independent attorneys' fees statute enacted as 28 U.S.C. § 1927. In addition, plaintiff relies on a general proposition that fee awards under Section 1927 should be granted "sparingly." Response at 3.

Ignoring all relevant Eighth Circuit case law affirming attorney fee awards under Section 1927, plaintiff refers to the standard for awarding fees under Section 1927 as an "'extreme standard' that is difficult to satisfy."[2] Contrary to plaintiff's characterization, however, Section

---

[2] Response at 3. Plaintiff cites *White v. American Airlines, Inc.*, 915 F.2d 1414 (10th Cir. 1990), a Tenth Circuit decision that is factually inapposite. In *White*, the Tenth Circuit determined that a district court did not abuse its discretion when it sanctioned the party who signed a motion which made unfounded factual allegations, but did not sanction that party's attorney who did not sign the motion. The appellate court concluded that the non-signing

*(footnote continued on next page)*

1927 authorizes the imposition of sanctions against an attorney who unreasonably and vexatiously multiplies the proceedings in any federal case. *See, e.g.*, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 723-24 (8th Cir. 2008) (affirming Section 1927 sanction based on party's untimely pleading of preemption defense which caused opposing party to incur unnecessary attorneys' fees). "Sanctions are proper under § 1927 'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001). Courts in this Circuit have awarded Section 1927 sanctions in situations similar to this, where a party has continued to press a demonstrably stale and unsupportable legal theory, and this Court has the discretion to do so in this case. *See, e.g.*, *Innovative Med. Sys., Inc. v. Augustine Med., Inc.*, 2007 WL 3121033, at *5 (D. Minn. Oct. 23, 2007) (awarding 28 U.S.C. § 1927 sanctions where counsel attempted to re-assert dismissed claims but "put forth no legal authority to support their position" that the claims were not barred); *see also* Motion for Fees at 13-17 (collecting cases).

Several of the cases cited in plaintiff's Response also awarded or affirmed sanctions under Section 1927. For example in *Warger v. Shaurers*, 2010 WL 3701325 (D.S.D. Sept. 14, 2010), the court awarded sanctions where counsel "recklessly disregarded his to duty to comply with the court's" prior rulings. *Id*. at *10. The *Warger* court noted that counsel may not have intended to ignore the court's prior order, but found that "in his zeal, he recklessly violated the

---

attorney's conduct did not amount to a "serious and standard disregard for the orderly process of justice." *Id*. at 1426-27 (citation omitted). In *White*, unlike in this case, there was no indication that the non-signing counsel frivolously continued to pursue legal positions that had been conclusively resolved against his client. Here, it is undisputed that plaintiff's counsel Bacharach, signed the Motion to Renew Class Allegations, despite Judge Holmes' well-reasoned opinion dismissing the class claims, his subsequent order denying reconsideration, and the Eighth Circuit's denial of plaintiff's petition for permission to appeal. Attorney Bacharach's attempt to reassert barred claims in the Motion to Renew Class Allegations does, indeed, demonstrate a "disregard for the orderly process of justice." *White*, 915 F.2d at 1427.

court's" prior orders. *Id*. The court concluded that there was "no reasonable justification or excuse for [counsel's] lack of compliance with the court's" prior order and that counsel was "rash, careless, and lacking in caution . . . and [counsel] was indifferent to the consequences of his actions." *Id*. at *11; *see also Bowler v. U.S. I.N.S.*, 901 F. Supp. 597, 605-06 (S.D.N.Y. 1995) (awarding Section 1927 sanctions where counsel filed a "baseless" motion "which he continued to advocate improperly even after any reasonable inquiry would have led a practitioner acting in good faith to conclude that he or she had no legal or factual basis for their position"); *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1166-67, 1171 (7th Cir. 1969) (awarding Section 1927 sanctions where counsel's unreasonable litigation tactics resulted in additional proceedings).[3]

Plaintiff argues that the focus under Section 1927 should be the "course of conduct." Response at 3. Here, counsel's course of conduct is even more egregious than the conduct at issue in *Warger* and similar cases in which courts have allowed opposing parties to recover their attorneys' fees as a sanction. In filing the Motion to Renew Class Allegations, attempting for the fourth time to assert the very same class claims that were previously dismissed, counsel deliberately ignored this Court's prior holding that the class allegations were "barred," and that

---

[3] Plaintiff also cites *F.D.I.C. v. Calhoun*, 34 F.3d 1291 (5th Cir. 1994), which did not affirm the lower court's sanction award, but applied a standard not relevant here. The Fifth Circuit "requires a showing of improper purpose" to support a sanction award under Section 1927. *Id*. at 1300-01. The Eighth Circuit, unlike the Fifth, does not require a subjective finding of improper purpose to award attorneys' fees under Section 1927. *See Clark v. United Parcel Serv.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (expressly rejecting argument that Section 1927 requires a finding of subjective improper purpose). Rather, in the Eighth Circuit, the relevant inquiry is whether the attorney's conduct was objectively unreasonable. *See, e.g., Warger*, 2010 WL 3701325, at *10 (awarding sanctions where counsel's violation of court's prior order was reckless, even if counsel did not intend to violate the order). In any event, Transamerica's Motion included sufficient evidence that plaintiff's counsel filed the Motion to Renew Class Allegations for an improper purpose, thus satisfying even the Fifth Circuits' standard.

plaintiff lacked standing to challenge the *Runyan* Settlement. Because plaintiff's Motion to Renew Class Allegations was improperly filed and violated the legal standard imposed by Section 1927, the Court should award Transamerica its expenses and attorneys' fees reasonably incurred in responding to the Motion to Renew Class Allegations.

II. **PLAINTIFF'S WITHDRAWAL OF HIS FRIVOLOUS MOTION TO AVOID RULE 11 SANCTIONS DOES NOT EXCUSE OR IMMUNIZE HIS COUNSEL FROM A FEE AWARD UNDER SECTION 1927 TO REIMBURSE TRANSAMERICA FOR THE SUBSTANTIAL COST OF RESPONDING TO THE MOTION**

Although Transamerica's Motion for Fees was filed pursuant to 28 U.S.C. § 1927, and not pursuant to Federal Rule of Civil Procedure 11, plaintiff's 7-page Response mentions Rule 11 approximately twenty times. Plaintiff argues that Transamerica is "[u]nable to move for Rule 11 sanctions because Hall withdrew his motion," and accordingly, that "Transamerica is not entitled to fees and costs under 28 U.S.C. § 1927." Response at 7. There is no legal support for such an argument, and plaintiff has failed to cite any case holding that the withdrawal of a motion to avoid Rule 11 sanctions immunizes the attorney from a fee award under Section 1927. Plaintiff's attempt to conflate Rule 11 and 28 U.S.C. § 1927 is unfounded, and his counsel's withdrawal of the knowingly improper Motion to Renew Class Allegations <u>after</u> Transamerica incurred the expense of responding to the motion does not warrant the denial of Transamerica's request to recover its reasonable attorneys' fees incurred in responding to the unsupportable motion under Section 1927. The Motion to Renew Class Allegations should never have been filed in the first place.

The Eighth Circuit has made clear that Rule 11 and Section 1927 are distinct sources of authority. *See Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004) ("[W]hile Rule 11 and § 1927 overlap to some extent, they sanction different kinds of actions, require the

application of disparate standards of proof, permit the sanctioning of different persons, and differ in the procedures that the sanctioning court must follow."); *see also Heghmann v. Fermanian*, 2000 WL 1742122, at *2 (D. Me. Nov. 27, 2000) ("Section 1927 is completely separate from and independent of Rule 11. A party may . . . choose to seek sanctions under either or both."). Section 1927 does not require a party seeking sanctions to provide notice or the opportunity to withdraw to the offending party. *Ridder v. City of Springfield*, 109 F.3d 288, 297-98 (6th Cir. 1997) ("Unlike Rule 11 sanctions, a motion for excess costs and attorney fees under § 1927 is not predicated upon a 'safe harbor' period.").

Nevertheless, before responding to the Motion to Renew Class Allegations, Transamerica provided plaintiff with ample notice that it considered the motion both frivolous and vexatious. On June 24, 2011, Transamerica filed a motion for enlargement of time to respond to the Motion to Renew Class Allegations, which put plaintiff on notice of the fact that the Motion to Renew Class Allegations was objectively baseless; and the multiple reasons why it was baseless. Transamerica's motion for an enlargement explained:

> 3. ***Transamerica considers the Motion for Leave to be baseless and vexatious*** as it seeks to reverse Judge Holmes' July 9, 2010 decision on frivolous grounds. In the July 9, 2010 decision, after extensive briefing, this Court dismissed plaintiff's "copycat" class action allegations and held that, pursuant to the Full Faith and Credit Act, these class claims were barred by *res judicata,* collateral estoppel, and the release in the final judgment entered by the Pulaski County Circuit Court in *Runyan v. Transamerica Life Ins. Co. et al.,* Case No. 09-2006-3 (Ark. Circuit Ct., Pulaski County) (the "*Runyan*" action). *See Hall*, 730 F. Supp. 2d at 945-46.
>
> 4. This Court held further in its July 9, 2010 decision that because plaintiff opted out of the *Runyan* Settlement, "[he] has no standing to object to the *Runyan* settlement or appeal the *Runyan* judgment." 730 F. Supp. 2d at 944 n.6. This Court also denied plaintiff's Motion for Reconsideration of the July 9, 2010 decision (*see* Order, Docket #53), and the Eighth Circuit denied plaintiff's petition for permission to appeal pursuant to Rule 23(f). Docket #55.

6

> 5. Subsequently, on February 9, 2011, the Arkansas Supreme Court confirmed the validity of the *Runyan* final judgment when it rejected the appeals in *Runyan* and affirmed. *Hunter v. Runyan*, __ S.W.3d __, 2011 WL 478594 (Ark. Feb. 9, 2011) ("We find no error in the circuit court's orders and affirm.").
>
> 6. Given the above, **it is inconceivable that plaintiff would file a motion to reinstate the dismissed class action allegations in this case**. *See, e.g., Gough v. Transamerica Life Ins. Co.*, 2011 WL 995948, at *10 (W.D. Ky. Mar. 17, 2011) ("Considering the Arkansas Supreme Court's review of the *Runyan* final judgment, there can be no question that Arkansas will fully enforce the judgment. Accordingly, the Court must give full faith and credit to the *Runyan* final judgment.").

Motion for Enlargement at 1-2 (Docket #162) (emphasis added; footnotes omitted). Transamerica filed this motion for enlargement on June 24, 2011, yet plaintiff waited thirty-three (33) days before withdrawing the Motion to Renew Class Allegations on July 27, 2011, after Transamerica was forced to prepare and file a responsive brief. Contrary to plaintiff's position, it is not Transamerica's responsibility to police plaintiff's filings with Rule 11 letters. *Ridder*, 109 F.3d at 298-99 (reversing Rule 11 sanctions but *affirming* sanctions award under Section 1927, based on counsel's "persistent assertion of meritless claims, conduct that amounted to unreasonable and vexatious multiplication of the proceedings").

Plaintiff fails to cite any authority supporting his contention that the Court should deny Section 1927 sanctions in this case simply because he withdrew the Motion to Renew Class Allegations to avoid Rule 11 sanctions. In fact, plaintiff's own authority demonstrates that Section 1927 sanctions are proper in cases where sanctions would not be available under Rule 11. In the *Bowler* case (cited in plaintiff's Response at 3), for example, the court denied a motion for Rule 11 sanctions on procedural grounds, but awarded sanctions under Section 1927. *See Bowler*, 901 F. Supp. at 604-05; *see also Ridder*, 109 F.3d at 298-99 (reversing rule 11 sanctions but affirming Section 1927 sanction).

Plaintiff's eventual withdrawal of the Motion to Renew Class Allegations, only after Transamerica was forced to send a Rule 11 letter and file a responsive brief does not alter the fact that plaintiff's Motion to Renew violated Section 1927.

### III. PLAINTIFF'S CONTENTION THAT HIS MOTION WAS TIMELY IS ENTIRELY WITHOUT MERIT

Plaintiff's contention that his Motion to Renew Class Allegations was timely because "at the time the original Class Allegations Motion was filed, the parties were awaiting a new scheduling order" is baseless and disingenuous. Response at 5. Even if the prior deadline for amending the pleadings in this case had not expired when the Motion to Renew Class Allegations was filed, the motion was frivolous. Moreover, plaintiff's "timeliness" argument is based on the parties' Joint Motion for 60 Day Continuance of Trial (Docket ##100, 101) (the "Joint Motion"), the very text of which demonstrate that plaintiff's position is untenable.

The February 4, 2010 Joint Motion was filed less than *four* weeks prior to the scheduled trial in this case, for the sole purpose of requesting an enlargement of the trial-related deadlines that had not yet expired:

> Because briefing on the [parties' pending summary judgment] motions is not due to be completed until after the February 28, 2011 trial setting and so as to ensure that the Court has ample time to fully study and act on all of the parties' motions for summary judgment, the parties respectfully request that ***their trial setting be continued for 60 days*** and that all ***pretrial*** deadlines from the Court's Amended Final Scheduling Order [Doc. 51] (***none of which has expired***) be calibrated to the new trial date in the same number of days from the trial date as they were in said Order.

Joint Motions at 2 (emphasis added). The deadline for amending the pleadings had expired on November 30, 2010, and neither party mentioned or intended for the court to reinstate such a deadline. Nor did Judge Holmes enter any Order indicating that he intended to re-open the pleadings. Judge Holmes' granted the parties' Joint Motion in a February 7, 2011 Order, in

8

which he stated simply that "[a] new trial date and scheduling deadlines will be entered separately." Docket #102. The parties were awaiting a new trial date and deadlines attendant to the trial date. The parties were not awaiting any new deadline for amending the pleadings, which had long since expired. Plaintiff's timeliness argument is erroneous and, in any event, does not justify the filing of a vexatious and unreasonable motion in violation of Section 1927.

## CONCLUSION

For the reasons set forth in Transamerica's Motion for Fees and those set forth above, Transamerica respectfully requests that the Court enter an Order granting the Motion for Fees and providing such other relief that the Court deems just and equitable.

Respectfully submitted,

/s/ John K. Baker

| | |
|---|---|
| Markham R. Leventhal, Esq.<br>Farrokh Jhabvala, Esq.<br>Julianna Thomas McCabe<br>**JORDEN BURT LLP**<br>777 Brickell Avenue, Suite 500<br>Miami, Florida 33131<br>Telephone: (305) 371-2600<br>Facsimile: (305) 372-9928<br>ml@jordenusa.com<br>fj@jordenusa.com<br>jt@jordenusa.com | John K. Baker, Esq., Ark. Bar No. 97024<br>**MITCHELL, WILLIAMS, SELIG,**<br> **GATES & WOODYARD, P.L.L.C.**<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas 72201<br>Telephone: (501) 688-8800<br>Facsimile: (501) 688-8807<br>jbaker@mwlaw.com<br><br>*Attorneys for Defendant Transamerica Life Insurance Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 6th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*

/s/  John K. Baker