IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT W. HALL**                                                                                              **PLAINTIFF**

v.                                            Case No. 4:11-cv-00086-JLH

**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                                                                          **DEFENDANTS**

TRANSAMERICA LIFE INSURANCE COMPANY'S
RESPONSE IN OPPOSITION TO
PLAINTIFF'S "MOTION FOR ACCESS"

Defendant Transamerica Life Insurance Company ("Transamerica") submits this response in opposition to "Plaintiff's Motion for Access to the Recording of the Deposition of John A. Hartnedy, to be Taken on October 5, 2011" (Docket #193) (the "Motion to Compel" or "Motion"). For the reasons set forth below, plaintiff's Motion to Compel should be denied.

**INTRODUCTION**

Although entitled a "Motion for Access," plaintiff's Motion is actually nothing more than a premature motion to compel the production of a document that plaintiff never previously requested. Plaintiff's Motion seeks to compel Transamerica to produce a copy of a deposition transcript from a different case. Motion at 1 (requesting "a full and unredacted copy of the stenographic and audiovisual recording of the deposition of John A. Hartnedy, which is scheduled to be taken on October 5, 2011 in the case of *Transamerica Life Ins. Co. v. Moore*, Case No. 3:10-cv-0014-DCR (E.D. Ky.)"). Plaintiff has not served any document request for this deposition transcript. Indeed, at the time the Motion was filed, the deposition of Mr. Hartnedy had not yet occurred. Plaintiff made no attempt to meet and confer with Transamerica regarding production of the Hartnedy deposition transcript, and his inappropriate Motion was the

first notice to Transamerica that plaintiff was seeking production of the transcript from the *Moore* case pending in Kentucky. Because the Motion disregards Rules 34 and 37 of the Federal Rules of Civil Procedure, Local Rule 7.2(g), the Court's Amended Final Scheduling Order (Docket #174), and fundamental notions of judicial economy, it should be summarily denied. *See, e.g.*, *B&B Hardware v. Fastenal Co.*, 2011 WL 2115546, at *4 n.8 (E.D. Ark. May 25, 2011) (denying premature motion to compel, and holding it is "a colossal waste of client's money and this Court's time" for counsel to ignore the discovery rules and "anticipatorily create discovery disputes").

Plaintiff's Motion is also unnecessary and improper because, given the new scheduling order plaintiff requested, he is free to depose Mr. Hartnedy in this case at any time, and there is no reason for this Court to compel the production of a "full and unredacted" copy of a deposition transcript from another action which involves the insurance claims and confidential medical information of an unrelated insured. For these reasons and those set forth below, plaintiff's Motion to Compel should be denied.

## RELEVANT PROCEDURAL BACKGROUND

Hartnedy is a former employee of Transamerica's predecessor, Life Investors Insurance Company of America ("Life Investors"), who worked for Life Investors for two years from 1994 to 1996, and later worked for the Arkansas Department of Insurance. He was identified by the policyholder-defendants in *Moore* as an expert. *See Moore* Docket #29-1. Given his disclosure as a purported expert, Transamerica noticed Hartnedy's deposition in the *Moore* case. After several postponements by Hartnedy and the Moores, the Hartnedy deposition was finally taken on October 5, 2011.[1] Transamerica's deposition of Hartnedy in the *Moore* action lasted the

---

[1] Copies of Transamerica's subpoena and notice to Hartnedy re-setting his deposition for October 5, 2011 in *Moore* are attached hereto as Exhibit A.

entire day and will be continued on a future date for the Moores' cross-examination and Transamerica's re-direct.

On May 2, 2011, the same day Hartnedy was identified as an expert in the *Moore* action, plaintiff in this case obtained a copy of the Hartnedy declaration in *Moore* and filed it here. Plaintiff's counsel then began attempting to interfere with Transamerica's deposition of Hartnedy by repeatedly serving subpoenas and notices of deposition for the exact time and place as Transamerica's scheduled deposition of Hartnedy in the *Moore* action. Although this Court recently re-opened discovery at plaintiff's request, plaintiff has made no attempt to schedule his own deposition of Hartnedy in this action.

On September 26, 2011, Transamerica's counsel sent a letter to plaintiff's counsel explaining it would not be possible for plaintiff to take Mr. Hartnedy's deposition at the same time Hartnedy was being deposed in the *Moore* action. Transamerica requested dates from plaintiff when he would like to depose Mr. Hartnedy separately in this case:

> In sum, if you wish to depose Mr. Hartnedy in the *Hall* case, please provide us and Mr. Hartnedy's counsel with available dates so that we can schedule a mutually convenient date for a separate deposition in *Hall*.

*See* September 26, 2011 letter, attached hereto as Exhibit B.[2] On September 28, 2011, the parties conferred about the scheduling issues by e-mail, and plaintiff's counsel withdrew his conflicting deposition notice for Mr. Hartnedy's deposition on October 5, 2011. *See* September 28, 2011 e-mail correspondence between John Baker and Hilton Tomlinson, attached hereto as

---

[2] Transamerica's counsel informed plaintiff's counsel in this case that: (1) Transamerica expected its deposition of Hartnedy in the *Moore* case to take the full seven hours; (2) Hartnedy is subject to a confidentialty order entered by the *Moore* court; (3) plaintiff's subpoena *duces tecum* violated Rule 45(b)(1) because it was not served on Transamerica prior to being served on Hartnedy; and (4) plaintiff had no authority to set a deposition at the private law offices in Jacksonville, Florida where Hartnedy's deposition was taking place in the *Moore* case.

Exhibit C. Plaintiff's counsel, however, failed to provide any dates to take Hartnedy's deposition in this action, and to date, still has not done so. Instead, plaintiff inexplicably filed his Motion to Compel production of a deposition transcript in another case, without ever having requested a copy under Rule 34 or otherwise.

## ARGUMENT

Plaintiff's Motion to Compel should be denied because (1) the Motion is procedurally improper and seeks to compel production of material never requested in a document request pursuant to Rule 34 or otherwise; (2) the Motion violates Rule 37, this Court's Local Rule 7.2(g), and this Court's scheduling order; and (3) the Motion is unjustifiable and unnecessary because plaintiff is free to depose Hartnedy in this action but has failed to do so.

## I. PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED AS PROCEDURALLY IMPROPER AND PREMATURE

The Court should summarily deny plaintiff's Motion to Compel for failure to comply with the Federal Rules of Civil Procedure. Specifically, Rule 34 permits a party to serve an opposing party with a request to obtain documents or tangible things, such as a deposition transcript taken in another action. *See* Fed. R. Civ. P. 34. Plaintiff, however, has never served a discovery request seeking the production of the Hartnedy deposition transcript. Courts routinely deny motions to compel filed under such circumstances. *See, e.g., Williams v. Harmon*, 2009 WL 2207926, at *1 (E.D. Ark. July 21, 2009) (denying as premature, *pro se* plaintiff's motion to compel defendants to produce names and last known addresses where no discovery request had been served, and plaintiff had not "given defense counsel an opportunity to provide him with th[e] information"); *Chaffin v. Eichert*, 2009 WL 322950, at *1 (E.D. Ark. Feb. 9, 2009) (denying motion to compel as premature where opposing counsel had not refused any specific discovery request and there was, therefore, "nothing before the Court to show that a dispute

4

exists"); *Pierce v. Fremar, LLC*, 2010 WL 3420169, at *2 (D.S.D. Aug. 27, 2010) (denying motion to compel where there was "no evidence that [plaintiff] has refused to give defendants the information [sought], so there is no impasse for the court to resolve"); *Vick v. Medford*, 2007 WL 2904139, at *1 (W.D. Ark. Oct. 3, 2007) (denying motion to compel as "premature" where plaintiff had served discovery requests but filed a motion to compel prior to the discovery response deadline).

Plaintiff's decision to ignore the discovery procedures set forth in the Rules and to use the Court as a first strike discovery tool is improper and a waste of judicial resources. Accordingly, the Motion should be denied for this reason alone.

## II.  THE MOTION SHOULD BE DENIED FOR PLAINTIFF'S FAILURE TO COMPLY WITH RULE 37 AND THIS COURT'S LOCAL RULES

Plaintiff's Motion to Compel should also be denied because plaintiff failed to meet and confer with Transamerica in good faith prior to filing the Motion as required by Federal Rule of Civil Procedure 37, Local Rule 7.2(g), and this Court's Amended Final Scheduling Order (Docket #174). Federal Rule 37 requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure of discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, this Court's Local Rule 7.2(g) requires that "[a]ll motions to compel discovery and all other discovery-enforcement motions . . . shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court." *See* Local Rule 7.2(g) ("If any such motion lacks such a statement, *that motion may be dismissed summarily for failure to comply with this rule*.") (emphasis added). Finally, this Court's Amended Final Scheduling Order (Docket #174) provides that "[a] discovery motion

5

must not be filed until counsel has made a good faith effort to resolve the discovery dispute." Amended Final Scheduling Order ¶ 2. Plaintiff's Motion does not and cannot satisfy any of these directives and should be denied for this additional reason. *See, e.g.*, *B&B Hardware v. Fastenal Co.*, 2011 WL 2115546, *3 (E.D. Ark. May 25, 2011) (denying "preemptive" motion to compel where discovery responses were not yet due and motion was not first discussed with defense counsel). The Court in *B&B Hardware* discussed the meet-and-confer requirements of both Rule 37 and Local Rule 7.2(g):

> [C]ontrary to both Rule 37(a)(1) and Local Rule 7.2(g), [plaintiff's] attorneys did not confer in advance with [defendant's] attorneys about their intention to file the preemptive motion to compel and attempt to resolve the specific issues in dispute before resorting to the Court for assistance. Similarly, [plaintiff's] Motion to Compel does *not* contain either certification required by Rule 37(a)(1) or the mandatory statement required by Local Rule 7.2(g). The language in Rule 37(a)(1) and Local Rule 7.2(g) was there for an important reason: to require lawyers to make a good faith effort to work out their discovery problems *before* seeking judicial assistance. [Plaintiff's] Motion to Compel fails to Comply with the requirements of Rule 37(a)(1), Local Rule 7.2(g), and the Court's April 5 Order. Accordingly, the Motion to Compel is summarily denied.

*Id*. at *3-4 (footnotes omitted); *see also Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to compel where "the parties did not appear to have made an effort to resolve the issue informally prior to asking the court's assistance" as required by federal and local rule); *U.S. v. Howe*, 2010 WL 672822, at *1 (E.D. Ark. Feb. 23, 2010) (denying motion to compel pursuant to Local Rule 7.2(g) where moving party "has not included in its motion a statement that the parties have conferred in good faith on the issue or issues in dispute and are unable to resolve their disagreements without the intervention of the Court"); *Pennington v. Univ. of Ark.*, 2011 WL 3418395, at *1 (E.D. Ark. Aug. 4, 2011) (denying motion to compel that failed to comply with Local Rule 7.2(g)); *Hit Servs., L.P. v. Caddo Energy Co., LLC*, 2009 WL 185590, at *1 (W.D. Ark. Jan. 23, 2009) (denying motion to compel that failed to include Local Rule 7.2(g) statement).

Plaintiff's counsel in this case did not hold *any* conference with Transamerica's counsel regarding the Hartnedy deposition transcript prior to filing the Motion to Compel. Plaintiff's Motion states that "Hall's counsel attempted to contact counsel for the Defendants with regard to their position as to this Motion, but were unsuccessful." Motion at 3.[3] Plaintiff's statement fails to comply with both the letter and spirit of Local Rule 7.2(g). *See Clark v. Transamerica Life Ins. Co.*, Case No. 4:09-cv-00877-GTE-JJV (E.D. Ark. Jan. 19, 2011) (Docket #80) at 3 ("The purpose of [Local Rule 7.2(g)] is not to ensure that every motion to compel contains a boilerplate statement, but rather, to ensure that the parties have actually discussed in detail all specific issues in dispute and made an effort to resolve such issues before presenting only the unresolved disputes to the Court."); *B&B Hardware*, 2011 WL 2115546, at *3, n.5 ("Unlike Carnac the Magnificent, lawyers are not licensed to read minds.").

The Motion does not explain why plaintiff was unable to contact any of Transamerica's multiple attorneys of record in this case, and indeed, no such excuse exists. Plaintiff's Motion was filed on September 30, 2011, five days before the Hartnedy deposition was scheduled to take place. There was no emergency that required plaintiff to file his Motion to Compel without first serving a discovery request, much less without conferring with Transamerica's counsel. *Johnese v. Ashland*, 2007 WL 3232079 (E.D. Ark. Oct. 31, 2007) (plaintiff failed to satisfy his meet and confer requirement where he sent a letter to opposing counsel and waited only one day before filing the motion to compel); *Hit Servs., L.P.*, 2009 WL 185590, at *1 (one letter and one email demanding production "does not amount to a good faith effort to resolve a discovery dispute").

---

[3] Plaintiff's counsel was, in fact, in contact with Transamerica's counsel on September 28, 2011, just two days before plaintiff filed the Motion to Compel. *See* September 28, 2011 email correspondence, Exhibit C. There is no reason that plaintiff's counsel could not have inquired about the possibility of obtaining a copy of the deposition transcript prior to filing the Motion to Compel.

Because he failed to confer in good faith regarding the subject of his Motion, plaintiff's Motion to Compel should be denied.[4]

### III. THE MOTION SHOULD BE DENIED BECAUSE PLAINTIFF CAN DEPOSE HARTNEDY IN THIS CASE AND HAS NO NEED FOR AN UNREDACTED DEPOSITION TRANSCRIPT IN ANOTHER ACTION INVOLVING AN UNRELATED INSURED

Plaintiff's Motion is also unjustifiable because he is free to depose Hartnedy in this case and has no need to obtain a "full and unredacted copy" of Hartnedy's deposition transcript in an unrelated case. Hartnedy was deposed in the *Moore* case because the policyholder identified him as an expert and filed his declaration. *Moore* involves a different policy, a different policyholder, and different state law. Moreover, plaintiff's request for an "unredacted" copy of the Hartnedy deposition in *Moore* is inappropriate because the *Moore* case is governed by a Protective Order that limits the use and disclosure of confidential information obtained in discovery in that case. Transamerica's counsel has repeatedly requested that plaintiff's counsel provide available dates to separately schedule Hartnedy's deposition in this case, but plaintiff's counsel has failed to do so. *See, e.g.*, Exhibit B (September 26, 2011 Letter from Transamerica's counsel to plaintiff's counsel); Exhibit C (September 28, 2011 E-mail from Transamerica's counsel to plaintiff's counsel). Because there is nothing preventing plaintiff from taking Hartnedy's deposition in this case, his Motion should be denied.

---

[4] Plaintiff cites no rule or authority permitting this Motion and failed to support the Motion with any memorandum of law. Instead, plaintiff states that he "is prepared to tender supporting documents to this Motion upon the Court's request." Motion at 3. Plaintiff's tactic of withholding his supporting brief is improper under Local Rule 7.2(a), and his Motion should be denied for this additional reason. *See* Local Rule 7.2(a) ("All motions except those mentioned in paragraph (d) shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law.").

**CONCLUSION**

For the reasons set forth above, Transamerica respectfully requests that the Court deny "Plaintiff's Motion for Access to the Recording of the Deposition of John A. Hartnedy, to be Taken on October 5, 2011" (Docket #193).

Respectfully submitted,

*/s/ John K. Baker*

| | |
|---|---|
| Markham R. Leventhal, Esq. | John K. Baker, Esq., Ark. Bar No. 97024 |
| Farrokh Jhabvala, Esq. | **MITCHELL, WILLIAMS, SELIG,** |
| Julianna Thomas McCabe, Esq. | **GATES & WOODYARD, P.L.L.C.** |
| **JORDEN BURT LLP** | 425 West Capitol Avenue, Suite 1800 |
| 777 Brickell Avenue, Suite 500 | Little Rock, Arkansas 72201 |
| Miami, Florida 33131 | Telephone: (501) 688-8800 |
| Telephone: (305) 371-2600 | Facsimile: (501) 918-7850 |
| Facsimile: (305) 372-9928 | jbaker@mwlaw.com |
| ml@jordenusa.com | |
| fj@jordenusa.com | *Attorneys for Defendant* |
| jt@jordenusa.com | *Transamerica Life Insurance Company and AEGON USA, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, FL 32601

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 6th Avenue
Gainesville, FL 32601

*Attorneys for Plaintiff*



　　　　　　　　　　　*/s/ John K. Baker*