# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

CIVIL ACTION NUMBER: 3:10-cv-00014-DCR

TRANSAMERICA LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

ARCHIE MOORE, Individually and as Co-Executor
of the Estate of Nancy Moore, and DONNA JANE
MOORE, as Co-Executor of the Estate of Nancy
Moore,

    Defendants.
_____/

### FIFTH NOTICE OF TAKING VIDEOTAPED DEPOSITION
(*DUCES TECUM*)

TO:    All Counsel of Record

PLEASE TAKE NOTICE that plaintiff Transamerica Life Insurance Company will take the deposition upon oral examination of John A. Hartnedy ("deponent") at the following date, time, and place:

| DEPONENT/WITNESS | DATE/TIME | LOCATION |
|---|---|---|
| John A. Hartnedy | Wednesday, October 5, 2011 10:00 a.m. | Fowler White Boggs, P.A. 50 North Laura Street, Suite 2800 Jacksonville, FL 32202 |

The deponent is commanded to produce at the deposition any and all of the documents described in Schedule "A" of the Subpoena served on the deponent.

The deposition shall be taken upon oral examination pursuant to Federal Rules of Civil Procedure 30 and 45, and the testimony shall be recorded by stenographic and audiovisual means pursuant to Rule 30(b)(3), before an officer duly authorized to take depositions in accordance with Rule 28 of the Federal Rules of Civil Procedure.

JORDEN BURT LLP

The deposition noticed herein is expected to last for the full seven (7) hours permitted by Rule 30(d)(1), without prejudice to plaintiff's right to seek additional time if needed for a fair and complete examination of the deponent, or if the deponent, any person, or other circumstance impedes or delays the examination. The deposition is being taken for the purpose of discovery, for use at trial, and for all other purposes permitted by law.

Dated: September 2, 2011.

Respectfully submitted,

/s/

Markham R. Leventhal (*pro hac vice*)
Irma Reboso Solares (*pro hac vice*)
Julianna Thomas McCabe (*pro hac vice*)
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, FL 33131
ml@jordenusa.com
is@jordenusa.com
jt@jordenusa.com
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

Scott T. Dickens
Jennifer Metzger Stinnett
**FULTZ MADDOX HOVIOUS & DICKENS PLC**
2700 National City Tower
101 South Fifth Street
Louisville, KY 40202-3116
sdickens@fmhd.com
jstinnett@fhmd.com
Tel: (502) 588-2000
Fax: (502) 588-2020

*Attorneys for Plaintiff Transamerica Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Fifth-Notice of Taking Videotaped Deposition was served by First Class U.S. Mail, postage prepaid, and electronic mail on this 2nd day of September, 2011 to the following attorneys of record:

Ron Parry
Robert R. Sparks
Parry Deering Futscher & Sparks, PSC
411 Garrard Street
P.O. Box 2618
Covington, Kentucky 41012-2618
Telephone: 859-291-9000
Facsimile: 859-291-9300
rparry@pdfslaw.com
rsparks@pdfslaw.com

David H. Abney, II
The Law Office of David H. Abney, II
304 Catfish Alley
Frankfort, Kentucky 40601
Telephone: 502-352-2450
Facsimile: 502-352-2451
dha@davidabneylaw.com

*Attorneys for Defendants*

Richard T. Donovan
Rose Law Firm, P.A.
120 East Fourth Street
Little Rock, Arkansas 72201
rdonovan@roselawfirm.com

*Attorney for John A. Hartnedy*

*#197688*

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| Transamerica Life Insurance Company | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:10-CV-00014-DCR-EBA |
| Archie E. Moore, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Kentucky  ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: John A. Hartnedy
1786 N. Central Avenue, Flagler Beach, Florida 32136

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Esquire Deposition Solutions<br>1301 Riverplace Tower, 1301 Riverplace Boulevard,<br>Suite 1609, Jacksonville, FL 32207 | Date and Time:<br>08/16/2011 10:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and audiovisual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A, attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/15/11

CLERK OF COURT

_____  OR  _____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Transamerica Life Insurance Company  , who issues or requests this subpoena, are:
Irma Reboso Solares, Esq.
Jorden Burt LLP, 777 Brickell Avenue, Suite 500, Miami, FL 33131
Tel: (305) 371-2600 / E-mail: is@jordenusa.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:10-CV-00014-DCR-EBA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   John A. Hartnedy
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __120.00__ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

### Documents to Bring With You to the Deposition

1. All documents supporting any statements made in your Declaration filed in this action, dated April 27, 2011.

2. All documents reviewed by you in preparing your Declaration.

3. All employment agreements with Life Investors Insurance Company of America, or an affiliate, and related documents.

196701